1  Bruce D. Praet SBN 119430
   FERGUSON, PRAET & SHERMAN
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California  92705
   (714) 953-5300 telephone
4  (714) 953-1143 facsimile
   Bpraet@aol.com
5

6  Attorneys for Defendants

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  EMILY GARCIA, et al.                    )  NO. 8:22-cv-00131 SPG KES
                                            )
12              Plaintiffs,                 )  **JOINT APPENDIX OF FACTS**
                                            )  **re JOINT MOTION FOR**
13         v.                               )  **SUMMARY JUDGMENT**
                                            )
14  CITY OF TUSTIN, ESTELLA SILVA, et       )  *[Filed Concurrently with Notice*
    al.                                     )  *of Motion and Joint Motion for*
15                                          )  *Summary Judgment; Joint*
                Defendants.                 )  *Appendix of Evidence; Joint*
16  _____        )  *Appendix of Objections; Notice*
                                            )  *of Lodging/Manual Filing of*
17  Consolidated with WENDY LORENA          )  *Exhibit "I"; Notice of Lodging*
    GALACIA RAMIREZ, et al.,                )  *[Proposed] Judgment;*
18                                          )  *[Proposed] Judgment]*
                Plaintiffs,                 )
19                                          )  **DATE:  December 20, 2023**
           v.                               )  **TIME: 1:30 p.m.**
20                                          )  **CTRM: 5C**
    CITY OF TUSTIN, et al.                  )
21                                          )
                Defendants.                 )
22                                          )
    _____        )
23

24

25       Pursuant to the Court's Standing Order re Motions for Summary Judgment,

26  the parties submit the following single statement of undisputed and disputed facts:

27

28  *///*

                                    1

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| 1 | On August 9, 2021, Tustin Police received a 911 call of a male, Caucasian, blond hair who had been waving a steak knife on the previous day and was now hiding in the bushes outside the Saddleback Mobile Home Park. | BWC video lodged as exhibit "1" to declaration of Bruce D. Praet [hereinafter "Praet Decl."], JAE Tab 2 | Disputed to the extent that Mr. Garcia did not meet the description of the subject identified in the call.\n\nDeposition of Estela Silva ("Silva Depo."), attached as "Exhibit A" to the Declaration of Renee Masongsong ("Mas. Decl.") at 32:6-8, 34:1-7, JAE Tab 8\n\nDeclaration of Scott DeFoe ("DeFoe Decl."), attached as "Exhibit E" to Mas. Decl. at ¶ 6, JAE Tab 12.\n\nDisputed to the extent that the reporting party did not see the subject with a knife on the date of the incident and did not see the subject swinging the knife the day prior to the incident.\n\nSilva Depo., "Ex. A," JAE Tab 8; DeFoe Decl., "Ex. E," JAE Tab 12. | Disputed to the extent that the caller informed that a neighbor saw a man the day before walking around talking to himself, male white, blond hair. Disputed Mr. Garcia did not meet the description.\n\nDeposition of Estela Silva at 43:3-8, attached as "Exhibit A" to the Declaration of Jesus Eduardo Arias. JAE Tab 14. |
| 2 | Tustin Officer Silva was | BWC video, exhibit "1" to | Undisputed. | Undisputed. |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| | assigned to the call with Officers Yuhas and Frias as back up. | Praet Decl., JAE Tab 2 | | |
| 3 | Initially observing the individual (Garcia) sleeping in the bushes, Officer Silva asked him to wake up and come out with his hands up. | BWC video at 3:05, exhibit "1" to Praet Decl., JAE Tab 2; Silva deposition, RT:40, Praet Decl., exhibit "2", JAE Tab 3 | Undisputed. | Undisputed. |
| 4 | Officer Silva recognized Garcia, telling him "Come on, I know you". | BWC video at 3:13, exhibit "1" to Praet Decl., JAE Tab 2. | Undisputed. | Defendants agree and therefore it will never disputed the fact that Officer Silva knew Mr. Garcia, and even sometimes referred to him by his first name "Manuel". Deposition of Estela Silva at 114:16-24, attached as "Exhibit A" to the Declaration of Counsel Jesus Eduardo Arias. JAE Tab 14  "Exhibit B", video of Estella Silva bodycam on 11/13/20. JAE Tab 15 |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | | "Exhibit C" video of Joseph Cossack bodycam on 5/6/21. JAE Tab 16 |
| 5 | Officer Silva had contacted, but did not arrest, Garcia in 2020 after he was reportedly brandishing a knife. | Silva deposition, RT:43-44, exhibit "2" to Praet Decl., JAE Tab 3 | Objection: Relevance. Disputed to the extent that Mr. Garcia was generally calm and cooperative with Silva during Silva's prior contacts with Mr. Garcia. Silva Depo., "Ex. A," at 110:1-7, 111:10-112:17, JAE Tab 8. Disputed to the extent that Silva did not see Mr. Garcia with a weapon during any prior incident. Silva Depo., "Ex. A," at 49:24-50:2, JAE Tab 8. | Disputed to the extent that Mr. Garcia was generally calm and cooperative with Silva during Silva's prior contacts with Mr. Garcia. Silva Depo., "Ex. A," at 110:1-7, 111:10-112:17, JAE Tab 8. Decl. of Renee Masongsong |
| 6 | Officer Silva's next contact with Garcia was in 2020 when he was arrested for a robbery in Santa Ana during which he had knocked the street vendor victim | Silva deposition, RT:45 and 49, exhibit "2" to Praet Decl., JAE Tab 3 | Objection: Relevance. Disputed to the extent that Mr. Garcia was generally calm and cooperative with Silva during Silva's prior contacts | Objection: Relevance. Disputed to the extent that on 11/13/20 Officer Silva spent 43 minutes speaking with Mr. Garcia |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | unconscious. | | with Mr. Garcia.<br><br>Silva Depo., "Ex. A," at 110:1-7, 111:10-112:17, JAE Tab 8.<br><br>Disputed to the extent that Silva never observed Mr. Garcia physically fighting with anyone during any prior incident.<br><br>Silva Depo., "Ex. A," at 49:11-23, JAE Tab 8. | while waiting for the arresting officer to arrive. At no point during this time, Mr. Garcia needed to be even handcuffed to maintain Silva's safety.<br><br>On the contrary, he followed the orders, standing down with his hands on his back. At all times he denied to have committed any crime and he was release subsequently - never charged.<br><br>"Exhibit C", video of Estella Silva bodycam on 11/13/20. (provided by Defendant's initial disclosures) JAE Tab 15 |
| 7 | Thereafter, Officer Silva arrested Garcia on a felony warrant for assault with a deadly weapon and possession of methamphetamine. | Silva deposition, RT:46, exhibit "2" to Praet Decl., JAE Tab 3. | Objection: Relevance.<br><br>Disputed to the extent that Mr. Garcia was generally calm and cooperative with Silva during Silva's prior contacts with Mr. Garcia.<br><br>Silva Depo., | Objection: Vague as to time, as to the term "thereafter" thereafter when?<br><br>Disputed to the extent that Mr. Garcia was calm and cooperative with Silva. Mr. |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | "Ex. A" to Mas. Decl. at 110:1-7, 111:10-112:17, JAE Tab 8.<br><br>Disputed to the extent that Silva had no information that Mr. Garcia had a weapon on the date of the August 9, 2021 incident or was under the influence of any substances on the date of the August 9, 2021 incident.<br><br>Silva Depo., "Ex. A," at 33:3-6, JAE Tab 8; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 11. | Garcia spent nearly 20 minutes following orders from Silva without need of any restraint or handcuffs.<br><br>"Exhibit C" to Jesus Eduardo Arias Declaration; video of Joseph Cossack bodycam on 5/6/21. JAE Tab 16 (provided by Defendant's initial disclosures) (no weapons no drugs were found on Mr. Garcia) Disputed to the extent that Silva had no information that Mr. Garcia had a weapon on the date of the August 9, 2021 incident or was under the influence of any substances on the date of the August 9, 2021 incident.<br><br>Silva Depo., "Ex. A," at 33:3-9. JAE Tab 14 |
| 8 | After telling Garcia several times (in | BWC video at 3:25, exhibit "1", Praet Decl., JAE | Objection: Compound. | Objection: Compound. |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
|  | Spanish and English) to keep his hands up and come out, Officer Silva holstered her gun and backed up to allow Garcia room to exit the bushes. | Tab 2. | Disputed that Silva gave Mr. Garcia enough room to exit the bushes. <br><br> Video from Joshua Yuhas' Body-Worn Camera ("Yuhas BWC Video"), submitted as "Exhibit D" to Mas. Decl. at 0:55-1:40, JAE Tab 11. | Disputed that Silva gave Mr. Garcia enough room to exit the bushes. <br><br> Video from Joshua Yuhas' Body-Worn Camera submitted jointly as submitted as "Exhibit D" to Mas. Decl. at 0:55-1:40, JAE Tab 11. |
| 9 | Garcia kept making excuses and refused to exit or show his hands. | BWC video at 3:25, exhibit "1" to Praet Decl., JAE Tab 2. | Disputed. In response to Silva's commands to show his hands, Mr. Garcia said that he was showing his hands. <br><br> DeFoe Decl. at ¶ 9, "Ex. E," JAE Tab 12; Yuhas BWC Video, "Ex. D" to Mas. Decl. at 00:59-1:03, JAE Tab 11. <br><br> Disputed. In response to Silva's commands to come out of the bushes, Mr. Garcia said, "okay, let me get out" and "I'm gathering recyclables." <br><br> Silva Depo., "Ex. A," at | Disputed. Mr. Garcia actually is observed trying to exit from the bushes, while telling the officers "let me out," "I'm gathering recyclables," "I am showing you my hands," and "why are you going to hit me?" <br><br> Deposition of Estela Silva "Ex A" to Mas-Decl. at 52:13-20, 59:20-23, JAE Tab 8 <br><br> Disputed. Mr. Garcia did exit the bush. <br><br> Video from Joshua Yuhas' Body-Worn Camera s jointly |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
|     |      |                     | 52:13-20, 59:20-23, JAE Tab 8; Yuhas BWC Video at 1:10-1:22, "Ex. D," JAE Tab 11. | submitted in JAE Tab 11 |
|     |      |                     | Disputed. Mr. Garcia did exit the bush. |   |
|     |      |                     | Yuhas BWC Video, "Ex. D," at 1:41, JAE Tab 11. |   |
| 10 | When Officers Silva and Yuhas reached into the bushes to try to remove the non-compliant Garcia, he attempted to jab Silva with a 5 ft wooden pole. | Silva deposition, RT:66, exhibit "2" to Praet Decl., and Yuhas deposition, RT:28, exhibit "3" to Praet Decl, JAE Tabs 3 and 4, respectively. | Objection: Compound. Disputed that Mr. Garcia was non-compliant. In response to Silva's commands to show his hands, Mr. Garcia said that he was showing his hands. In response to Silva's commands to come out of the bushes, Mr. Garcia said, "okay, let me get out" and "I'm gathering recyclables." DeFoe Decl. at ¶ 9, "Ex. E," JAE Tab 12; Yuhas BWC Video at 1:10-1:22, "Ex. D," at 00:59-1:03 and 1:10-1:22, JAE Tab 11; Silva Depo., "Ex. A," at | Objection: Compound. Disputed that Mr. Garcia was "non-compliant". In response to Silva's commands to show his hands, Mr. Garcia said that he was showing his hands. In response to Silva's commands to come out of the bushes, Mr. Garcia said, "okay, let me get out" and "I'm gathering recyclables." Silva Depo., "Ex. A," at 52:13-20, 59:20-23; Tab JAE 8 Yuhas BWC Video at 1:10-1:22, "Ex. F," at 00:59-1:03 and 1:10- |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | 52:13-20, 59:20-23, JAE Tab 8.<br><br>Disputed that Mr. Garcia attempted to jab Silva with a wooden pole. As reflected on the video, after Mr. Garcia exited the bushes with the stick, he held the stick vertically with his hands at chest level.<br><br>Yuhas BWC Video, "Ex. D," at 1:40-1:42, JAE Tab 11.<br><br>Mr. Garcia never swung the stick at anyone.<br><br>Silva Depo., "Ex. A," at 28:15-21, 30:8-13, 81:2-6, JAE Tab 8; Deposition of Joshua Yuhas ("Yuhas Depo."), attached as "Exhibit B" to Mas. Decl. at 28:7-12, JAE Tab 9; Yuhas BWC Video, "Ex. D," at 00:01-1:45, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>Prior to firing either shot, Silva never saw Mr. | 1:22. Tab JAE 11<br><br>Disputed that Mr. Garcia "attempted to jab" Silva with a wooden pole. As reflected on the video, after Mr. Garcia exited the bushes with the stick, he held the stick vertically with his hands to his chest.<br><br>Yuhas BWC Video, "Ex. D," at 1:40-1:42. JAE Tab 11<br><br>Mr. Garcia never swung the stick at anyone.<br><br>Silva Depo., "Ex. A," at 28:15-21, 30:8-13, 81:2-6, JAE Tab 8; Deposition of Joshua Yuhas ("Yuhas Depo."), attached as "Exhibit B" to Mas. Decl at 28:7-12, JAE Tab 9; Yuhas BWC Video, "Ex. D," at 00:01-1:45.JAE Tab 11<br><br>Prior to firing either shot, Silva never saw Mr. Garcia |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
|     |      |                     | Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick. | assault, strike, or make physical contact with any person, including not striking anyone with the stick. |
|     |      |                     | Silva Depo., "Ex. A," at 28:23-28, 73:14-74:3, 80:18-20, JAE Tab 8; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Silva Depo., "Ex. A," at 28:23-25, 73:14-74:3, 80:18-20, JAE Tab 8; Yuhas BWC Video, "Ex. D" at 00:01-1:42. JAE Tab 11 |
|     |      |                     | The stick never came down towards Silva from a raised position before the shots. | The stick never came down towards Silva from a raised position before the shots. |
|     |      |                     | Silva Depo., "Ex. A," at 81:7-9, JAE Tab 8; Yuhas Depo., "Ex B," at 29:19-30:2, JAE Tab 9; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Silva Depo., "Ex. A," at 81:7-9; JAE Tab 8 Yuhas Depo., "Ex B," at 29:19-30:2; JAE Tab 9 Yuhas BWC Video, "Ex. D" at 00:01-1:42. JAE Tab 11 |
|     |      |                     | Silva never told her fellow officers that Mr. Garcia jabbed or attempted to "jab" her. | Silva never told her fellow officers that Mr. Garcia jabbed or attempted to "jab" her. |
|     |      |                     | Silva Depo., "Ex. A to Mas. | Silva Depo., "Ex. A" at 71:13-15. To |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| | | | Decl.," at 71:13-15, JAE 8. | Mas. Decl. JAE Tab 8 |
| 11 | When Garcia said "Come at me" (in Spanish), Officer Yuhas yelled a warning that "He's got a stick" as both officers backed away. | BWC video at 4:20, exhibit "1" to Praet Decl., JAE Tab 2. | Objection: Compound.<br><br>Disputed that Mr. Garcia said, "come at me." The correct translations are "why are you going to hit me" and "why are you taking me?"<br><br>Yuhas BWC Video, "Ex. D" to Mas. Decl. at 1:08-1:17 and 1:31-1:39, JAE Tab 11. | Objection: Compound.<br><br>Disputed that Mr. Garcia said, "come at me." The correct translations are "why are you going to hit me" and "why are you taking me?"<br><br>Yuhas BWC Video, "Ex. D" to Mas. Decl. at 1:08-1:17 and 1:31-1:39, JAE Tab 11. |
| 12 | As Garcia began to emerge from the bushes with the wooden pole, Officer Silva backed away, drew her handgun and yelled "Get your hands up". | BWC video at 4:22, exhibit "1" to Praet Decl., JAE Tab 2. | Objection: Vague as to distance. | Objection: Vague as to time and distance.<br><br>Disputed to the extent that officer "Silva backed away" Yuhas BWC video "Ex. D" 1:09 – 1:39 JAE Tab 11. |
| 13 | At the same time, Officer Yuhas deployed his less-than-lethal Taser. | BWC video at 4:26, exhibit "1" to Praet Decl., JAE Tab 2. | Objection: Vague as to time. | Objection: Vague as to time.<br><br>Disputed to the extent that officer Yuhas at the same time deployed his les tan letal taser. "same time to |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|--------------------|-----------------|------------------|
| | | | | what" BWC video "Ex. D" 1:09 – 1:39 JAE Tab 11. |
| 14 | The Taser application had no intended/desired disabling effect on Garcia. | BWC video at 4:26, exhibit "1" to Praet Decl., JAE Tab 2. | Disputed. It should have been apparent to Silva that the taser was effective and caused Mr. Garcia's body to lock up. Mr. Garcia screamed when he was being Tased, and Silva fired both shots within the five-second Taser cycle. Yuhas BWC Video, "Ex. D," at 1:40-1:44, JAE Tab 11; Silva Depo., "Ex. A" at 27:1-19, 64:13-19, JAE Tab 8; Yuhas Depo., "Ex. B" to Mas. Decl., at 26:7-9, JAE Tab 9. | Disputed. It should have been apparent to Silva that the taser was effective and caused Mr. Garcia's body to lock up. Mr. Garcia screamed when he was being Tased, and Silva fired both shots within the five-second Taser cycle. Yuhas BWC video "Ex. D" video 1:39-1:40 taser gun was shot and 1:41-1:42 fire gun was shot. Joint JAE Tab 11 |
| 15 | Garcia advanced to within 2-3 ft. of Officer Silva with the 5ft. solid wooden pole raised over his head. | BWC video at 4:27, exhibit "1" to Praet Decl., JAE Tab 2; Screenshot, exhibit "4" to Praet Decl.; JAE Tab 5 | Objection: Compound. Disputed that Mr. Garcia "advanced." Mr. Garcia was complying with Silva's command to exit the bushes, and any movement was in response | Objection: Compound. Disputed that Mr. Garcia "advanced." Mr. Garcia was complying with Silva's command to exit the bushes, and any movement was |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | to the Taser deployment.<br><br>Yuhas Depo., "Ex. B," at 34:25-35:7, JAE Tab 9; Yuhas BWC Video, "Ex. D," at 1:41, JAE Tab 11.<br><br>Disputed that Mr. Garcia ever raised the wooden pole over his head. After Mr. Garcia exited the bushes with the stick, he held the stick vertically with his hands at chest level.<br><br>Yuhas BWC Video, "Ex. D," at 1:40-1:42, JAE Tab 11.<br><br>The stick never came down towards Silva from a raised position before the shots.<br><br>Silva Depo., "Ex. A," at 81:7-9, JAE Tab 8; Yuhas Depo., "Ex B," at 29:19-30:2, JAE Tab 9; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>Mr. Garcia | in response to the Taser deployment.<br><br>Yuhas BWC Video "Ex. D" 1:38-1:43 JAE Tab 11 Yuhas depo "Ex. B" 34;25 – 35;7  JAE Tab 9<br><br>Disputed that Mr. Garcia ever raised the wooden pole over his head. After Mr. Garcia exited the bushes with the stick, he held the stick vertically with his hands at chest level and then dropped the stick after the shots.<br><br>Yuhas BWC video "Ex. D" video 1:39-1:44 JAE Tab 11 Yuhas depo "Ex. B" 35;14-17 JAE Tab 9<br><br>The stick never came down towards Silva from a raised position before the shots.<br><br>Yuhas BWC Video "Ex. D" 1:38-1:43 JAE Tab 11<br><br>Silva depo "Ex A" 81;7-12 |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
|  |  |  | never swung the stick at anyone.<br><br>Silva Depo., "Ex. A," at 28:15-21, 30:8-13, 81:2-6, JAE Tab 8; Yuhas Depo., "Ex. B," at 28:7-12, JAE Tab 9; Yuhas BWC Video, "Ex. D," at 00:01-1:45, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>Prior to firing either shot, Silva never saw Mr. Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick.<br><br>Silva Depo., "Ex. A" to Mas. Decl. at 28:23-28, 73:14-74:3, 80:18-20, JAE Tab 8; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E" to Mas. Decl., JAE Tab 12. | JAE Tab 8<br><br>Mr. Garcia never swung the stick at anyone.<br><br>Yuhas BWC Video "Ex. D" 1:38-1:44 JAE Tab 11<br><br>Silva depo "Ex. A" 28;15-25, 30;8-13, 81;2-12 JAE Tab 8<br><br>Yuhas depo "Ex. B" 28;7-12 JAE Tab 9<br><br>DeFoe Decl. "Ex. E" at ¶ 6 JAE Tab 12<br><br>Prior to firing either shot, Silva never saw Mr. Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick<br><br>Silva Depo., "Ex. A" to Mas. Decl. 28;23-25, 73;14-74;3, 80;18-20, JAE Tab 8<br><br>Yuhas depo "Ex. B" 28;7-12 JAE Tab 9<br><br>Yuhas BWC Video "Ex. D" JAE Tab 11. |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| | | | | 1:38-1:45 <br><br> DeFoe Decl. "Ex. E" to Mas. Decl. at ¶ 6 <br><br> JAE Tab 12 |
| 16 | Officer Silva fired a single shot in self-defense in response to her reasonable belief that Garcia presented an immediate threat of serious bodily injury or death. | BWC video at 4:27, exhibit "1" to Praet Decl., JAE Tab 2; Silva deposition, RT:79, exhibit "2" to Praet Decl., JAE Tab 3. | Disputed that Silva had an objectively reasonable belief that Mr. Garcia posed an immediate threat of death or serious bodily injury to any person at the time of either of Silva's two shots. <br><br> The stick never came down towards Silva from a raised position before the shots. <br><br> Silva Depo., "Ex. A," at 81:7-9, JAE Tab 8; Yuhas Depo., "Ex B," at 29:19-30:2, JAE Tab 9; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. <br><br> Mr. Garcia never swung the stick at anyone. <br><br> Silva Depo., "Ex. A," at | Disputed that Silva " fired a single shot " <br><br> Silva depo "Ex. A" to Jesus Eduardo Arias Decl. at 16;12-19,  JAE Tab 14 <br><br> Prior to firing either shot, Silva never saw Mr. Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick. <br><br> Silva Depo., "Ex. A" 28;23-25, 73;14-74;3, 80;18-20, JAE Tab 8 <br><br> Yuhas depo "Ex. B" 28;7-12, JAE Tab 9 <br><br> Yuhas BWC Video "Ex. D" 1:38-1:42, JAE Tab 11 DeFoe Decl. "Ex. E" at ¶ 6 JAE Tab 12 <br><br> A reasonable |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
|     |      |                     | 28:15-21, 30:8-13, 81:2-6, JAE Tab 8; Yuhas Depo., "Ex. B," at 28:7-12, JAE Tab 9; Yuhas BWC Video, "Ex. D," at 00:01-1:45, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>Prior to firing either shot, Silva never saw Mr. Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick.<br><br>Silva Depo., "Ex. A," at 28:23-28, 73:14-74:3, 80:18-20, JAE Tab 8; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>A reasonable police officer would have determined that Mr. Garcia was homeless and mentally ill or experiencing a mental crisis.<br><br>DeFoe Decl. at ¶ 13, "Ex. E," JAE Tab 10. | police officer would have determined that Mr. Garcia was homeless and mentally ill or experiencing a mental crisis.<br><br>Defoe Decl. "Ex. E" at ¶ 10, 11 and 13, JAE Tab 12 |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | From the standpoint of police practices and basic police training, Officer Silva's use of deadly force was contrary to Peace Officer Standards and Training ("POST"), improper, inappropriate, excessive, and unreasonable, including for the following reasons: (1) there was no immediate defense of life situation; (2) Mr. Garcia made no verbal threats; (3) Silva could not shoot Mr. Garcia for fleeing; (4) Mr. Garcia committed no crime involving the infliction of serious injury or death; (5) Silva could not justify shooting at someone simply because they had a stick, or even a weapon, in their hand; (6) there were other reasonable alternative measures available, including redeploying the Taser; (7) this was not the direst of | |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| | | | circumstances; (8) Silva gave no verbal warning prior to using deadly force; (9) police officers are trained that subjective fear is insufficient to justify a use of deadly force; (10) Silva showed no reverence for human life; (11) at a minimum, Silva overreacted when she used deadly force, which is a use of excessive force. DeFoe Decl. at ¶ 13, "Ex. E," JAE Tab 12. | |
| 17 | Officer Silva rapidly fired a second shot as Garcia turned toward Officer Frias out of defense of others. | BWC video at 4:27, exhibit "1" to Praet Decl., JAE Tab 2; Silva deposition, RT:79, exhibit "2" to Praet Decl., JAW Tab 3. | Disputed that Mr. Garcia ran toward Officer Frias. After he was Tased, Mr. Garcia ran southbound, away from the Taser, the video indicates that Mr. Garcia had no awareness of Officer Frias' location, and at the time of the second shot, Mr. Garcia was approximately ten feet away from Officer Frias. Silva Depo. at | Disputed that Mr. Garcia ran toward Officer Frias. After he was Tased, Mr. Garcia ran southbound, away from the Taser, the video indicates that Mr. Garcia had no awareness of Officer Frias' location, and at the time of the second shot, Mr. Garcia was approximately ten feet away from Officer Frias. Silva Depo. |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | 81:10-12; Yuhas Depo. at 29:19-30:2; Yuhas BWC Video, "Ex. D," at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>The stick never came down towards Frias from a raised position before the shots.<br><br>Silva Depo., "Ex. A," at 81:7-9, JAE Tab 8; Yuhas Depo., "Ex B," at 29:19-30:2, JAE Tab 9; Yuhas BWC Video, "Ex. D" at 00:01-1:42, JAE Tab 11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12.<br><br>Under the facts of this case, Silva could not justify shooting at Mr. Garcia simply because Mr. Garcia was running away and holding a wooden stick, and Silva could not shoot at Mr. Garcia under the fleeing felon theory.<br><br>DeFoe Decl. at ¶ | "Ex. A" 81:10-12, JAE Tab 8<br><br>Yuhas Depo "Ex. B" 29:19-30;2 JAE Tab 9<br><br>Yuhas BWC Video, "Ex. D" 1:38-1:45 JAE Tab 11<br><br>DeFoe Decl. at ¶ 6, "Ex. E" JAE Tab 12<br><br>The stick never came down towards Frias from a raised position before the shots.<br><br>Silva Depo. "Ex. A" 81;7-12, JAE Tab 8<br><br>Yuhas Depo "Ex. B" 29:19-30;2, JAE Tab 9<br><br>Yuhas BWC Video, "Ex. D" 1:38-1:45, JAE Tab 11<br><br>DeFoe Decl. at ¶ 6, "Ex. E", JAE Tab 12<br><br>Under the facts of this case, Silva could not justify shooting at Mr. Garcia simply because Mr. Garcia was running away and holding a wooden stick, |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | 7, "Ex. E," JAE Tab 12.<br><br>Disputed that Silva had an objectively reasonable belief that Mr. Garcia posed an immediate threat of death or serious bodily injury to any person at the time of either of Silva's two shots. From the standpoint of police practices and basic police training, Officer Silva's use of deadly force was contrary to POST, improper, inappropriate, excessive, and unreasonable, including for the following reasons: (1) there was no immediate defense of life situation; (2) Mr. Garcia made no verbal threats; (3) Silva could not shoot Mr. Garcia for fleeing; (4) Mr. Garcia committed no crime involving the infliction of serious injury or death; (5) Silva could not justify shooting at someone simply because they | and Silva could not shoot at Mr. Garcia under the fleeing felon theory.<br><br>Defoe Decl. "Ex. E" at ¶ 7 and 13, JAE Tab 12<br><br>Disputed that Silva had an objectively reasonable belief that Mr. Garcia posed an immediate threat of death or serious bodily injury to any person at the time of either of Silva's two shots.<br><br>Defoe Decl. "Ex. E" at ¶ 13<br><br>Yuhas BWC Video, "Ex. D" 0:01-1:45, JAE Tab 12 |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|---|---|---|---|---|
| | | | had a stick, or even a weapon, in their hand; (6) there were other reasonable alternative measures available, including redeploying the Taser; (7) this was not the direst of circumstances; (8) Silva gave no verbal warning prior to using deadly force; (9) police officers are trained that subjective fear is insufficient to justify a use of deadly force; (10) Silva showed no reverence for human life; (11) at a minimum, Silva overreacted when she used deadly force, which is a use of excessive force.<br><br>DeFoe Decl. at ¶ 13, "Ex. E," JAE Tab 12. | |
| | **As to Claim of Lack of Medical Care and State Claim of Negligent Medical Care** | | | |
| 18 | Officer Silva and other officers promptly applied first aid until relieved by medics. | BWC video at 4:35, exhibit "1" to Praet Decl., JAE Tab 2. | Disputed to the extent that there was an approximate seven-minute delay between the shooting and | Disputed to the extent that there was an approximate seven-minute delay between the shooting |

| No. | Fact | Supporting Evidence | Garcia Response | Galicia Response |
|-----|------|---------------------|-----------------|------------------|
| | | | paramedics contacting Mr. Garcia.<br><br>Deposition of Robert Handy ("Handy Depo."), attached as "Exhibit C" to Mas. Decl. at 62:2-24, JAE Tab 10; Yuhas BWC Video, "Ex. D," at 1:44-10:50, JAE Tab 11. | and paramedics contacting Mr. Garcia.<br><br>Yuhas BWC Video, "Ex. D" at 1:44-8:55, JAE Tab 11<br><br>Robert Handy Depo "Ex. C" to Mas. Decl. 62:2-24, JAE Tab 10 |
| | **As to Monell Claim for Failure to Train and State Claim of Negligent Training** | | | |
| 19 | Officer Silva met or exceeded all required training standards. | Silva Training records, exhibit "5" to Praet Decl., JAE Tab 6. | Disputed to the extent that the record shows that The City of Tustin Police Department failed to properly train Silva with respect to Crisis Intervention Techniques, including de-escalation techniques such as talking slowly, having more patience, asking the subject questions, and recognizing the signs of mental illness.<br><br>DeFoe Decl. at ¶ 11, "Ex. E," JAE Tab 12. | Disputed to the extent that the record shows that The City of Tustin Police Department failed to properly train Silva with respect to Crisis Intervention Techniques, including de-escalation techniques such as talking slowly, having more patience, asking the subject questions, and recognizing the signs of mental illness.<br><br>DeFoe Decl. "Ex. E" at ¶ 11 and 13, JAE Tab 12 |

///

# GARCIA PLAINTIFFS' ADDITIONAL FACTS

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| 20. | Mr. Garcia did not meet the description of the subject identified in the call. | Deposition of Estela Silva ("Silva Depo."), attached as "Exhibit A" to the Declaration of Renee Masongsong ("Mas. Decl.") at 32:6-8, 34:1-7, JAE Tab 8; Declaration of Scott DeFoe ("DeFoe Decl."), attached as "Exhibit E" to Mas. Decl. at ¶ 6, JAE Tab 12. | Objection: Relevance.<br><br>It is entirely undisputed that officers contacted the correct individual.<br><br>The 911 caller pointed officers directly to Mr. Garcia as the correct subject.<br><br>(Silva depo, RT:36:4-17 as exh "2", JAE, Tab 3)] | Undisputed. |
| 21. | Silva was wearing a bullet proof vest at the time of the shooting. | Deposition of Joshua Yuhas ("Yuhas Depo."), attached as "Exhibit B" to Mas. Decl. at 28:21-23, JAE Tab 8. | Undisputed, but immaterial since a bullet resistant vest would provide no protection to a blow to the head. | Undisputed. |
| 22. | The officers had no information that Mr. Garcia was under the influence at the time of the incident. | Silva Depo., "Ex. A," at 33:3-6, JAE Tab 8; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Undisputed that officers initially received no information Garcia was under the influence.<br><br>However, Silva had previously arrested Garcia for | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | | methamphetami ne. [See: JAF7] | |
| 23. | The officers had no information that Mr. Garcia had physically injured or attacked anyone. | Silva Depo., "Ex. A," JAE Tab 8, at 33:11-13, 88:13-18; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 36:6-16; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Undisputed that officers were not told that Garcia had injured or attacked anyone that day. However, Silva was aware of Garcia's violent propensities based on her two prior arrests of him for armed robbery and assault with a deadly weapon. [See; JAF6 and 7] | Undisputed. |
| 24. | Prior to contacting Mr. Garcia, Silva had no information that Mr. Garcia had verbally threatened anyone. | Silva Depo., "Ex. A," JAE Tab 8, at 89:7-11; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Undisputed that officers were not told that Garcia had threatened anyone on that day. | Undisputed. |
| 25. | The reporting party did not see Mr. Garcia with a knife on the date of the incident and did not see Mr. Garcia waving a knife around the day prior to the incident. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 36:21-37:9; DeFoe Decl. at ¶ 7, "Ex. E" to Mas. Decl., JAE Tab 12. | Undisputed, but immaterial. | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| 26. | Before the date of the incident, Silva never saw Mr. Garcia physically fighting with anyone. | Silva Depo., "Ex. A," JAE Tab 8, at 49:11-23. | Undisputed, but immaterial. | Undisputed. |
| 27. | Prior to firing her shots, including on the date of the incident and before the date of the incident, Silva never saw a gun or knife in Mr. Garcia's hands or on his person. | Silva Depo., "Ex. A," JAE Tab 8, at 19:16-18, 19:23-25, 20:1-5, 49:24-50:2; Yuhas Depo. "Ex. B" to Mas. Decl., JAE Tab 9, at 35:25-36:5. | Undisputed, but immaterial as Silva never claimed to have used force in response to a knife or a gun. | Undisputed. |
| 28. | Mr. Garcia was generally calm and cooperative during his prior contacts with Silva. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 110:1-7, 111:10-112:17. | Disputed. Objection: The cited record is addressing Garcia's general cooperation during a prior arrest and not on the date of this incident. | Undisputed. |
| 29. | Silva did not discuss a tactical plan with her partner officer prior to contacting Mr. Garcia. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 37:17-19; Yuhas Depo. "Ex. B" to Mas. Decl., JAE Tab 9, at 15:3-5. | Undisputed that officers did not "discuss" at "tactical plan" prior to contact, but it is clear that each officer was well aware of their role and that such tactical discussions continued to occur | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | | throughout the event. [See e.g. BWC video as exhibit "1", JAE Tab 2 at 3:40, at 4:05 and at 4:20] Silva depo, RT:38:21-39:9 and RT:94:10-14 as exh "2", JAE, Tab 3 | |
| 30. | When Silva first contacted Mr. Garcia on the date of the incident, he was sleeping. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 40:22-41:21. | Undisputed. | Undisputed. |
| 31. | Silva formed the impression that Mr. Garcia was homeless. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 54:11-23, 87:20-24. | In addition to Silva's knowledge of Garcia's violent history [JAF 6 and 7], it undisputed that she also believed he may be homeless. | Undisputed. |
| 32. | In response to Silva's commands to show his hands, Mr. Garcia said that he was showing his hands. | DeFoe Decl. at ¶ 9, "Ex. E," JAE Tab 12; Video from Joshua Yuhas' Body-Worn Camera ("Yuhas BWC Video"), submitted as "Exhibit D" to Mas. Decl. at 00:59-1:03, JAE Tab 11. | Undisputed that this is what Garcia said. However, it is also undisputed that Garcia in fact failed to actually show his hands when ordered. [See: JAF 9; Silva depo, RT:52:1-11 and RT:55:5-18 as exh "2", JAE, Tab 3] | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | | | |
| 33. | In response to Silva's commands to come out of the bushes, Mr. Garcia said, "okay, let me get out" and "I'm gathering recyclables." | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 52:13-20, 59:20-23; Yuhas BWC Video, "Ex. D," at 1:10-1:22, JAE Tab 11. | Undisputed that this is what Garcia said, but not what he did. | Undisputed. |
| 34. | Before the shooting, Mr. Garcia asked the officers, "why are you going to hit me?" | Yuhas BWC Video, "Ex. D," at 1:31-1:39, JAE Tab 11. | Objection: The cited evidence is in Spanish and Plaintiffs have provided no evidence to support this inaccurate translation.<br><br>The actual translation is: "Come on" or "Let's go" which Silva interpreted as a verbal challenge. [Silva depo, RT:20:6-13 as exh "2", JAE, Tab 3] | Undisputed. |
| 35. | When Silva grabbed Mr. Garcia while he was in the bushes, Mr. Garcia stated, "why are you taking me?" | Yuhas BWC Video, "Ex. D," at 1:08-1:17, JAE Tab 11; Yuhas Depo. at 21:18-22. | Objection: The cited testimony does not support this represented fact. | Undisputed. |
| 36. | Mr. Garcia complied with | Yuhas Depo., "Ex. B" to Mas. | Objection: Misleading in | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | the commands to come out of the bushes. | Decl., JAE Tab 9, at 34:25-35:7; Yuhas BWC Video, "Ex. D," at 1:41, JAE Tab 11. | that Garcia refused orders to come out for over a minute. BWC video 3:12 to 4:16, as exhibit "1", JAE Tab 2. | |
| 37. | After Mr. Garcia exited the bushes with the stick, he held the stick vertically with his hands at chest level. | Yuhas BWC Video, "Ex. D," at 1:40-1:42, JAE Tab 11. | Undisputed that Garcia held the stick vertically, but undisputed that it was clearly raised above his head. | Undisputed. |
| 38. | Prior to the shooting, Yuhas verbalized to Silva that Mr. Garcia had a stick. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 21:13-15; Yuhas BWC Video, "Ex. D," at 1:35-1:36, JAE Tab 11; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 23:24-24:15 | Undisputed. | Undisputed. |
| 39. | At the time of the shooting, Silva knew that Mr. Garcia was being Tased. | Yuhas BWC Video, "Ex. D," at 1:39-1:42, JAE Tab 11. | Objection: Undisputed that Silva knew that a Taser had been deployed, but it is undisputed that the Taser had no intended effect of disabling Garcia.  JAF14 | Undisputed. |
| 40. | Mr. Garcia screamed when he was being Tased. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 27:1-19, 64:13- | Undisputed that Garcia said "AH" when first Tased. However, | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | 19; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 26:7-9; Yuhas BWC Video, "Ex. D," at 1:40-1:44, JAE Tab 11. | it is also undisputed that Garcia continued his advance in spite of the Taser. JAF14. | |
| 41. | Based on her training, Silva understands that the Taser has a five-second cycle. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 24:5-25:4. | Undisputed. | Undisputed. |
| 42. | Silva fired both shots within the five-second Taser cycle. | Yuhas BWC Video, "Ex. D," at 1:40-1:42, JAE Tab 11. | Undisputed that Silva fired both shots within five seconds of the ineffective Taser deployment. | Undisputed. |
| 43. | It should have been apparent to Silva that the taser was effective and caused Mr. Garcia's body to lock up. | Yuhas BWC Video, "Ex. D," at 1:40-1:42, JAE Tab 11. | Objection: Pure speculation and in complete contradiction to the actual evidence (BWC) that Garcia's body never locked up. | Undisputed. |
| 44. | After he was Tased, Mr. Garcia ran southbound, away from the Taser. | Yuhas BWC Video, "Ex. D," at 1:40-1:44, JAE Tab 11; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 42:10-17 | Undisputed that Garcia continued to run southbound in spite of the Taser and being shot once. | Undisputed. |
| 45. | Mr. Garcia never swung the | Silva Depo., "Ex. A" to Mas. Decl., | Undisputed that Garcia never | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | stick at anyone. | JAE Tab 8, at 28:15-21, 30:8-13,81:2-6; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 28:7-12; Yuhas BWC Video at 00:01-1:45; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | swung the stick after he raised it over his head toward Officer Silva. | |
| 46. | Prior to firing either shot, Silva never saw Mr. Garcia assault, strike, or make physical contact with any person, including not striking anyone with the stick. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 28:23-28, 73:14-74:3, 80:18-20; Yuhas BWC Video at 00:01-1:42; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Undisputed, that Garcia's effort to strike Officer Silva was interrupted by her shots in self-defense. | Undisputed. |
| 47. | The stick never came down towards Silva from a raised position before the shots. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 81:7-9; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 29:19-30:2; Yuhas BWC Video at 00:01-1:42; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | Undisputed that Silva did not wait to have her skull crushed before firing in self-defense. | Undisputed. |
| 48. | The stick never came down towards Frias from a raised position before the shots. | Silva Depo.. "Ex. A" to Mas. Decl., JAE Tab 8, at 81:10-12; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 29:19-30:2; Yuhas | Undisputed that the stick never came down from its raised position before Garcia was shot. | Undisputed. |

30

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | BWC Video at 00:01-1:42; DeFoe Decl. at ¶ 6, "Ex. E," JAE Tab 12. | | |
| 49. | Silva never gave Mr. Garcia a command to drop the stick. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 71:8-17; Yuhas BWC Video at 00:01-1:42. | Undisputed that Silva only had time to order Garcia to "get your hands up" JAF 12 | Undisputed. |
| 50. | Silva never told her fellow officers that Mr. Garcia jabbed or attempted to "jab" her. | Silva Depo. at 71:13-15. | Undisputed. | Undisputed. |
| 51. | Prior to shooting, Silva failed to give Mr. Garcia a verbal warning that deadly force would be used. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 16:25-17:2; Yuhas Depo., "Ex. B" to Mas. Decl., JAE Tab 9, at 27:4-6; Yuhas BWC Video at 00:01-1:42. | Undisputed that Silva only had time to order Garcia to "get your hands up" JAF 12 | Undisputed. |
| 52. | Silva did not give any commands between her first shot and her second shot. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 81:13-15; Yuhas BWC Video at 1:40-1:42. | Undisputed that no commands were given during the one second between shots. | Undisputed. |
| 53. | At the time of the second shot, Mr. Garcia was approximately ten feet away from Officer | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 80:7-11; Yuhas BWC Video at 1:40-1:42. | Undisputed that Garcia was advancing toward Officer Frias with a raised stick from | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|-----|------------------------------|---------------------|----------------------|------------------------------|
| | Frias. | | approximately ten feet at the second shot. | |
| 54. | When she fired her two shots, Silva was aiming at center mass. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 74:10-13. | Undisputed. | Undisputed. |
| 55. | Silva is aware, based on her training, that shooting someone center mass is likely to cause death or serious bodily injury. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 74:10-13. | Undisputed. | Undisputed. |
| 56. | After the shooting, Silva learned that one of her shots struck Mr. Garcia in the back. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 19:10-15, 85:6-8. | Objection: Hearsay. There is no evidence that Garcia was shot in the back. On the contrary, the evidence reflects that Silva only saw a likely exit wound to the back. | Undisputed. |
| 57. | After the shooting, it was determined that Mr. Garcia had no weapons on him. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 90:3-9 | Undisputed that no weapons were found on Garcia after he had dropped the stick. | Undisputed. |
| 58. | Silva was the only officer who used lethal force during this | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 31:18-20. | Undisputed. | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | incident. | | | |
| 59. | There was a delay of approximately seven minutes between the shooting and the time that the medics treated Mr. Garcia. | Deposition of Robert Handy ("Handy Depo."), attached as "Exhibit C" to Mas. Decl. at 62:2-24, JAE Tab 10; Yuhas BWC Video, "Ex. D" to Mas. Decl. at 1:44-10:50, JAE Tab 11. | Undisputed that it took medics approximately seven minutes to arrive and take over treatment which had been provided by officers immediately after the shooting. | Undisputed. |
| 60. | Silva admits that, based on her training, a police officer cannot shoot a person just for them having a weapon or stick in their hand, for that fact alone. | Silva Depo. at 72:18-73:3; DeFoe Decl. at ¶ 13(e), "Ex. E" to Mas. Decl., JAE Tab 12. | Undisputed, but not the facts in this case. | Undisputed. |
| 61. | Police officers are trained that deadly force is the highest level of force an officer can use. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 74:14-16; DeFoe Decl. at ¶ 5(a), "Ex. E," JAE Tab 12. | Undisputed. | Undisputed. |
| 62. | Police officers are trained that deadly force can only be used when there is an immediate threat of death or serious bodily injury. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 74:17-75:1; DeFoe Decl. at ¶ 5(f), "Ex. E," JAE Tab 12. | Objection; Misstatement of the law and training by omitting that the correct standard is a "reasonable belief" of an imminent threat. *Graham v. Connor* | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | | | | |
| 63. | Police officers are trained that if they do not reasonably believe that there is an immediate threat of death or serious bodily injury, then they should use less-lethal options rather than using deadly force. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 75:12-19. | Undisputed. | Undisputed. |
| 64. | Police officers are trained to give a verbal warning before using deadly force, when feasible. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 75:20-22; DeFoe Decl. at ¶ 5(d), "Ex. E," JAE Tab 12. | Undisputed. | Undisputed. |
| 65. | Police officers are trained that they must justify every shot they fire when using deadly force. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 75:23-25; DeFoe Decl. at ¶ 5(h), "Ex. E," JAE Tab 12. | Undisputed. | Undisputed. |
| 66. | Police officers are trained that subjective fear alone is insufficient to justify a use of deadly force. | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 91:7-11; DeFoe Decl. at ¶ 5(e), "Ex. E," JAE Tab 12. | Undisputed. | Undisputed. |
| 67. | Police officers are trained to control their anger and not | Silva Depo., "Ex. A" to Mas. Decl., JAE Tab 8, at 90:23-91:6, | Undisputed, but immaterial as there is no evidence Silva | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | overreact when using deadly force. | 91:12-18; DeFoe Decl. at ¶ 5(i), 13(k), "Ex. E," JAE Tab 12. | was "angry" or "overreacting" | |
| 68. | Under the facts of this case, Silva could not justify shooting at Mr. Garcia simply because Mr. Garcia was running away and holding a wooden stick, and Silva could not shoot at Mr. Garcia under the fleeing felon theory. Police officers are trained that they can only shoot a fleeing felon where (1) the officer has information that the suspect has committed an atrocious felony involving the infliction of serious injury or death, and (2) the suspect poses an immediate threat of death or serious bodily injury, and a verbal warning must be given when feasible. None of those factors were present in the incident | DeFoe Decl. at ¶ 7, "Ex. E" to Mas. Decl., JAE Tab 12. | Objection: Plaintiff's expert is not entitled to render legal opinions or whether Garcia posed an imminent threat to Frias. *SF v. Sheehan, 135 S.Ct. 1765, 1777 (2015)* <br><br> Immaterial as Silva never claimed to have fired her second shot to stop a fleeing felon. | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | involving Mr. Garcia. | | | |
| 69. | From the standpoint of police practices and basic police training, Officer Silva's use of deadly force was contrary to Peace Officer Standards and Training ("POST"), improper, inappropriate, excessive, and unreasonable, including for the following reasons: (1) there was no immediate defense of life situation; (2) Mr. Garcia made no verbal threats; (3) Silva could not shoot Mr. Garcia for fleeing; (4) Mr. Garcia committed no crime involving the infliction of serious injury or death; (5) Silva could not justify shooting at someone simply because they had a stick, or even a weapon, in their hand; (6) there were other reasonable | DeFoe Decl. at ¶ 13, "Ex. E" to Mas. Decl., JAE Tab 12. | Objection: Plaintiff's expert cannot render opinions as to the reasonableness of the officer's actions. *SF v. Sheehan, 135 S.Ct. 1765, 1777 (2015)*<br><br>Moreover, even Plaintiffs' expert acknowledges that POST only provides general guidelines, with no mandatory tactics. Mr. DeFoe further acknowledges that officers are necessarily granted a wide range of discretion. [DeFoe depo, RT:27:2-14 | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| | alternative measures available, including redeploying the Taser; (7) this was not the direst of circumstances; (8) Silva gave no verbal warning prior to using deadly force; (9) subjective fear is insufficient to justify a use of deadly force; (10) Silva showed no reverence for human life; (11) at a minimum, Silva overreacted when she used deadly force, which is a use of excessive force. | | | |
| 70. | Silva failed to consider her backdrop or background when she fired, as she could have shot and killed Officer Frias, who was positioned in Silva's background or backdrop. | DeFoe Decl. at ¶ 12, "Ex. E" to Mas. Decl., JAE Tab 12. | Objection: Pure speculation and immaterial since (1) both shots were fired with the bushes/block wall as a backdrop and (2) Frias was never in the line of fire. [See: BWC video at 4:27, exh "1", JAE, Tab 2] | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|---|---|---|---|---|
| 71. | The City of Tustin Police Department failed to properly train Silva with respect to Crisis Intervention Techniques, including de-escalation techniques such as talking slowly, having more patience, asking the subject questions, and recognizing the signs of mental illness. | DeFoe Decl. at ¶ 11, "Ex. E" to Mas. Decl., JAE Tab 12. | Disputed: Silva's training records in fact reveal that she not only met, but exceeded, proper training, including a specific course on Tactical Communications [JAF 19] | Undisputed. |
| 72. | A reasonable police officer would have determined that Mr. Garcia was homeless and mentally ill or experiencing a mental crisis. | DeFoe Decl. at ¶ 10, "Ex. E," JAE Tab 12. | Objection: Immaterial and improper for Plaintiff's expert to opine on what a reasonable officer might have perceived. *SF v. Sheehan, 135 S.Ct. 1765, 1777 (2015)* | Undisputed. |
| 73. | The officers escalated the situation, including by reaching into the bush to grab Mr. Garcia and by failing to give Mr. Garcia time to comply with the commands and the Taser. | DeFoe Decl. at ¶ 9, "Ex. E," JAE Tab 12. | Objection: Immaterial and improper for Plaintiff's expert to opine on what a reasonable officer might have perceived. *SF v. Sheehan, 135 S.Ct. 1765, 1777 (2015)* | Undisputed. |

| No. | Fact and Supporting Evidence | Supporting Evidence | Defendants' Response | Galicia Plaintiffs' Response |
|-----|------------------------------|---------------------|----------------------|------------------------------|
| | | | | |
| 74. | Silva failed to take a position of cover or move to a position of cover to establish time and distance for Mr. Garcia to comply with the commands. | DeFoe Decl. at ¶ 9, "Ex. E" to Mas. Decl. JAE Tab 12. | Objection: Plaintff's expert cannot create issues to oppose summary judgment. *SF v. Sheehan, 135 S.Ct. 1765, 1777 (2015)*<br><br>It is further misleading as the undisputed evidence shows that Silva in fact backed up into bushes in an effort to avoid Garcia's attack. [BWC at 4:20, exh "1', JAE, Tab 2] | Undisputed. |

DATED: October 30, 2023          FERGUSON, PRAET & SHERMAN
                                 A Professional Corporation

                           By:     /s/   Bruce D. Praet
                                 Bruce D. Praet, ATTORNEYS FOR
                                 DEFENDANTS

DATED: October 30, 2023          CARRILLO LAW FIRM, LLP
                                 LAW OFFICES OF DALE K. GALIPO

                           By:     /s/ Renee V. Masongsong
                                 Dale K. Galipo
                                 Renee V. Masongsong
                                 Michael S. Carrillo
                                 ATTORNEYS FOR THE GARCIA
                                 PLAINTIFFS

DATED: October 30, 2023

By: _____/s/ Jesus Eduardo Arias_____

Jesus Eduardo Arias,
ATTORNEYS FOR THE GALICIA
PLAINTIFFS