Luis A. Carrillo, Esq. (SBN 70398)
*Lac4justice@gmail.com*
Michael S. Carrillo, Esq. (SBN 258878)
*mc@carrillofirm.com*
**CARRILLO LAW FIRM, LLP**
1499 Huntington Dr., Ste. 402
South Pasadena, CA 91030
Tel: (626) 799-9375 / Fax: (626) 799-9380

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

*Attorneys for Plaintiffs Emily Garcia and C.G.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>    Defendants. | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OR REFERENCE TO DECEDENT'S DRUG AND ALCOHOL USE**<br><br>[(Proposed) Order *filed concurrently herewith*]<br><br><u>Pretrial Conference</u><br>Date: April 1, 2026<br>Time: 3:00 p.m.<br><br><u>Trial</u><br>Date: April 14, 2026<br>Time: 8:30 a.m. |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2  　　PLEASE TAKE NOTICE that Plaintiffs Emily Garcia and C.G., by and

3  through their guardian *ad litem* Rosalia Becerra, hereby submit this motion *in limine*

4  No. 1 for an order, pursuant to Federal Rules of Evidence 401-404, 801, and 802,

5  precluding any party from offering any evidence of, eliciting any testimony

6  regarding, or making any argument regarding or reference to Decedent's drug and/or

7  alcohol use.

8  　　Pursuant to Local Rule 7-3, this Motion is made after a conference of counsel

9  during which no agreement could be reached.

10  　　This Motion is based on this Notice of Motion, the attached Memorandum of

11  Points and Authorities, the records and files of this Court, and upon such other oral

12  and documentary evidence as may be presented at the time of the hearing.

13

14  　DATED: March 4, 2026　　　　**LAW OFFICES OF DALE K. GALIPO**

15  　　　　　　　　　　By:　*/s/ Renee V. Masongsong*

16  　　　　　　　　　　　　Dale K. Galipo

17  　　　　　　　　　　　　Renee V. Masongsong
　　　　　　　　　　　　*Attorneys for Plaintiffs* Emily Garcia and C.G.

18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1
TO EXCLUDE EVIDENCE OF OR REFERENCE TO DECEDENT'S DRUG AND ALCOHOL USE

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3        This civil rights and state tort case arises from the use of deadly force by City

4    of Tustin Police Department Officer Estela Silva against Luis Garcia ("Decedent")

5    on August 9, 2021.  The key issue in this case is whether Officer Silva's use of

6    deadly force against Decedent was excessive and unreasonable under federal and

7    state law.  By way of this motion in limine, Plaintiffs seek to exclude any evidence

8    of or reference to Decedent's drug and/or alcohol use, including but not limited to:

9        1.  The post-mortem toxicology report showing that methamphetamine

10            was present in Decedent's blood at the time of the shooting;

11       2.  Evidence of Decedent's prior drug-related offenses;

12       3.  Testimony by any party regarding Decedent's drug and or alcohol use,

13            including but not limited to: testimony from the toxicologist regarding

14            whether Decedent was under the influence at the time of the incident;

15            testimony from any plaintiff regarding Decedent's history of substance

16            abuse; testimony from Officer Silva regarding her prior arrest of

17            Decedent for possession of methamphetamine; testimony by

18            Defendants' expert Robert Handy regarding this prior arrest and any

19            other prior drug-related crimes or intoxication at the time of the

20            incident;

21       4.  Text messages between plaintiffs regarding Decedent's drug use;

22       5.  Hearsay statements regarding Decedent's drug and/or alcohol use in

23            any police reports or medical records.

24       Officer Silva testified at her deposition that at the time of the shooting, she

25    had no information as to whether Decedent was under the influence of drugs or

26    alcohol. (*See* "Exhibit A" to Declaration of Renee V. Masongsong (Silva Depo.) at

27    33:3-9, filed concurrently herewith). Nonetheless, Defendants have indicated that

28    they seek to introduce evidence of Decedent's drug use at trial, including the post-

PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1
TO EXCLUDE EVIDENCE OF OR REFERENCE TO DECEDENT'S DRUG AND ALCOHOL USE

mortem toxicology report. This evidence has no bearing on whether the shooting was excessive and unreasonable and only serves to detract the jury from the key issue in the case and paint Decedent and his heirs as undeserving of redress. Further, any argument that the methamphetamine in Decedent's system at the time of the shooting caused Decedent to act a certain way during the incident is purely speculative, as Defendants have not retained any expert to make any opinions about Decedent's drug use, tolerance, behavior, or the level of methamphetamine indicated in the post-mortem blood draw.

Plaintiffs seek to exclude the above-listed evidence on the following grounds: First, this evidence is irrelevant pursuant to Federal Rules of Evidence ("FRE"), Rules 401 and 402, because this evidence is immaterial to the issues to be decided by the jury. In particular, information that Decedent was under the influence of methamphetamine at the time of the incident is irrelevant because it was unknown to Officer Silva at the time of the incident, and the toxicology report is inadmissible hindsight evidence. Second, this evidence should be excluded under FRE 403 on the grounds that it would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under FRE 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this evidence constitutes improper character evidence under FRE 404. Finally, any reports containing this evidence, including the post-mortem toxicology report, police reports, or medical records, constitute hearsay for which there is no exception under FRE 801, 802.

## II.    ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under FRE 402.

FRE 402 states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272,

275 (4th Cir. 2011) (noting district court's decision that the plaintiff's "criminal history and possession of illegal narcotics . . . are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff]"); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

Evidence of Decedent's drug use—both at the time of the incident and prior to the incident—is irrelevant to the question of whether it was objectively reasonable for Officer Silva to use deadly force against Decedent. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Officer Silva testified at her deposition that at the time of the shooting, she had no information as to whether Decedent was under the influence of drugs or alcohol. (*See* "Exhibit A" to Declaration of Renee V. Masongsong (Silva Depo.) at 33:3-9, filed concurrently herewith). Use of the post-mortem toxicology results is the very essence of "20/20 hindsight" vision and should be excluded on that basis. Obviously, Officer Silva could not have known the results of the toxicology screening at the time of the shooting. The post-shooting drug evidence also does not help to resolve any disputed factual issue. The central dispute in this case is whether Decedent posed an immediate threat of death or serious bodily injury to Officer Silva or any other person at the time of the shooting. Decedent's drug use—both past drug use and drug use at the time of the incident—does not help resolve this dispute. Officer Silva does not claim to have shot Decedent because he thought he was under the influence. Although Officer Silva may have had some very limited knowledge of Decedent's drug use prior to the incident, which appears to be limited to one prior arrest of Decedent for possession of methamphetamine, information regarding Decedent's prior drug use is irrelevant

1    for the same reasons.

2        Further, no party has retained any expert to examine the level of
3    methamphetamine in Decedent's system at the time of the shooting or to opine on
4    Decedent's drug tolerance or the impact of Decedent's drug intoxication on his
5    behavior during the incident. Therefore, any argument that Officer Silva's version of
6    the events is more likely to be true because Decedent was under the influence of
7    drugs at the time of the shooting, or that Decedent acted a certain way because he
8    was under the influence of drugs at the time of the incident, is purely speculative
9    and lacks foundation.

10        Drug evidence is also irrelevant to damages. As to survival damages, which
11    include Decedent's pre-death pain and suffering and loss of life, Defendants have
12    not retained any expert to discuss the impact of drug use on Decedent's life
13    expectancy or quality of life. Defendants also have not retained any expert to opine
14    that Decedent did not endure pre-death pain and suffering after he was shot because
15    he was on methamphetamine. To the contrary, the video evidence shows that
16    Decedent was in extreme pain during and after the shooting. With respect to
17    Plaintiffs' wrongful death damages, there is no reasonable argument that the
18    Plaintiffs loved Decedent any less or suffered any less of a loss because Decedent
19    was on drugs at the time of the incident or used drugs in the past.

20    **B. This Evidence Is Unduly Prejudicial and Should be Excluded Under**
21    **FRE 403.**

22        Alternatively, drug evidence should be excluded under FRE 403. It is
23    axiomatic that evidence of drug or alcohol use has a strong potential for unfair
24    prejudice. Meanwhile, its probative value in this case is, as explained above, is nil.
25    Accordingly, this evidence should be excluded under FRE 403.  FRE 403 excludes
26    even relevant evidence "if its probative value is substantially outweighed by the
27    danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by
28    considerations of undue delay, waste of time, or needless presentation of cumulative

1   evidence." "Unfair prejudice" means "undue tendency to suggest decision on an

2   improper basis, commonly, though not necessarily, an emotional one." *United*

3   *States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*,

4   946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the

5   jury if it tends to evoke a juror's anger or punitive impulses).

6       Evidence of drug use can only serve to unjustly inflame a jury's passions and

7   prejudices against Decedent and is highly likely to mislead the jury into reaching a

8   verdict that reflects its consideration of Decedent's drug use to justify the use of

9   force or limit Plaintiffs' damages on an improper basis. *See Gregory v. Oliver*, 2003

10  WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion in limine in an

11  excessive force case to exclude drug paraphernalia the officers discovered after the

12  alleged excessive force occurred, because it was irrelevant and unduly prejudicial

13  under FRE 403 and stating, "In today's climate, any evidence as to a litigant's use of

14  drugs has an obvious potential for being extraordinarily prejudicial—for creating the

15  prospect of deflecting the factfinders' attention from the matters that are really at

16  issue in the case to everyone's universally-shared concerns as to the problems that

17  drug usage is creating for our society"); *Kunz v. DeFelice*, 538 F.3d 667, 676-77

18  (7th Cir. 2008) (affirming district court's ruling that barred "use of the word

19  'heroin,' because at the time of the arrest, the officers did not know the nature of the

20  drug or Kunz's usage and because mention of heroin would be more prejudicial than

21  helpful"); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9,

22  2011) ("Allowing evidence of the illegal items seized from the Plaintiff on October

23  22, 2011 would undermine the protections of the Fourth Amendment by permitting

24  the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer

25  justify the Defendant's use of force against him."); *Wisler v. City of Fresno*, 2008

26  WL 2954179, at *5 (E.D. Cal. 2008) (excluding evidence of marijuana use on

27  grounds it was unduly prejudicial because not known by Defendants); *Wiersta v.*

28  *Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a

-5-
PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1
TO EXCLUDE EVIDENCE OF OR REFERENCE TO DECEDENT'S DRUG AND ALCOHOL USE

syringe and hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.").

Admission of drug evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (en banc); *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Refuting the inferences that Defendants may attempt to raise regarding Decedent's drug use will necessitate a mini-trial on collateral issues.

### C. This Evidence Constitutes Impermissible Character Evidence Under FRE 404

Alternatively, this evidence should be excluded under FRE 404. FRE 404(a) provides that "Evidence of a person's character or a trait of a character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Under FRE 404, evidence of drug use cannot be used to show Decedent's character or that he acted or would have acted in conformity with any negative character trait in the future. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ."). This is particularly pertinent here, where Plaintiffs anticipate that Defendants will argue that because Officer Silva had arrested Decedent for possession of methamphetamine in the past, she made assumptions about Decedent's conduct during this incident.

Lurking behind Defendants' anticipated argument about Decedent's drug use is an impermissible inference about his character—that people who use drugs are bad, Decedent had methamphetamine in his system at the time of the shooting and previously was previously convicted of drug offenses, therefore he is a bad person,

-6-

and he must have been attempting to strike Officer Silva with the wooden stick. Because evidence of drug use requires an inference of Decedent's character to make it relevant, it should alternatively be excluded on this ground. Moreover, Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Accordingly, this evidence should alternatively be excluded under Rule 404.

### D. This Evidence Is Hearsay Under FRE 801 and 802.

Finally, any reports containing this information, including the toxicology report, defense expert Robert Handy's Rule 26 Report, and any police reports or medical records, constitute hearsay under FRE 801 and 802. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, any documents containing information regarding Decedent's drug use would be hearsay and should also be excluded on this ground.

## III.    CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and issue an order excluding any evidence of Decedent's drug and/or alcohol use in any form.

DATED: March 4, 2026                    **LAW OFFICES OF DALE K. GALIPO**

By:    */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.