Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants City of Tustin, Officer Estella Silva

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, <br><br> Defendants. | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES) <br><br> Assigned to: <br> *Honorable Sherilyn Peace Garnett* <br> *Magistrate Karen E. Scott* <br><br> **DEFENDANTS' LIMINE MOTION NO. 1 RE : PLAINTIFFS' EXPERT ROGER CLARK** <br><br><br><br> **Pre-Trial Conference: April 1, 2026** <br> **TRIAL DATE: April 14, 2026** |

-1-
DEFENDANTS' LIMINE MOTION NO. 1 RE
PLAINTIFFS' EXPERT ROGER CLARK

## 1. **PREFATORY STATEMENT.**

If the Court is not already familiar with Plaintiffs' police practices expert, Roger Clark, he has been retained in over 2300 cases but reluctantly admits that he's testified close to 99.9% of the time that the involved officers have acted improperly. [Clark depo., RT:13, L17-25 attached as exhibit "1"]. While his bias and lack of expertise will certainly be highlighted to the jury at trial, Mr. Clark is also notorious for offering opinions on virtually any subject regardless of his complete lack of qualifications to do so. However, now that the scope of this case has been narrowed to strictly focus on the actions of the sole remaining defendant, Officer Silva, Mr. Clark cannot be permitted to ramble and pontificate on subjects which are no longer relevant or on which he is completely unqualified. For example, Mr. Clark cannot be permitted to opine or even comment on:

- Whether Officer Silva's use of force was objectively reasonable (a determination reserved solely for the jury).
- The tactics or appropriateness of any non-defendant officers including, but not limited to, Officer Yuhas' use of the Taser.
- As one who has consistently been barred by other courts from testifying with regard to any Taser issues due to a lack of qualifications, including:
  - The (in)appropriate application of the Taser, and,
  - Any opinions regarding Monell issues such as Tustin PD policy, training, findings (ratification), etc. now that these claims are gone.
  - Whether OC Pepper spray would or would not have been an appropriate option.
- Any speculation as to decedent's subjective intent (including whether he could reasonably be perceived as a threat).
- Any opinions regarding Monell issues such as Tustin PD policy, training, findings (ratification), etc. now that these claims are gone.

While most experts hopefully appreciate and understand the limitations on the scope of their testimony, experience dictates that a limine order to Mr. Clark is necessary as he has



twice been held in contempt by federal judges for violating court orders. [Clark depo, RT:14, L7-14]

## 2. THE COURT SERVES A CRITICAL ROLE AS GATEKEEPER TO EXCLUDE IMPROPER TESTIMONY.

The Court is certainly given discretion with respect to *limine* motions and resolving such motions at the pre-trial stage serves a critical role in neutralizing potential taint by preventing prejudicial evidence from ever being presented to the jury. *Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003)*. With respect to evaluating expert testimony, the district court must act as a "gatekeeper" to assure that the proffered expert testimony both rests on reliable foundation and is relevant to the issues at hand. *Primiano v. Cook, 598 F3d 558, 564 (9th Cir. 2010)*.

When offering a potential expert witness, the burden rests with the offering party to show that the expert's testimony meets the conditions of *FRE, Rule 702. Cooper v. Brown, 510 F3d 870, 942* (*9th Cir. 2007*). *Rule 702* permits expert testimony only if:

(a) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training or education,

(b) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(c) the testimony is based on sufficient facts or data;

(d) the testimony is the product of reliable principles and methods; and,

(e) the expert has reliably applied the principles and methods to the facts of the case.

With respect to the reliability of an expert's opinions, the Supreme Court has instructed that several factors should be analyzed: (1) whether a theory or technique can be tested, (2) whether it has been subjected to peer review and published, (3) the known or potential error rate of the theory or technique, and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community. *Daubert v. Merrell Dow, 509 U.S. 579, 592-94 (1993)* The reliability of an expert's opinion is necessary to avoid unsubstantiated speculation and subjective beliefs [*Cooper, 510 F3d at 942*] or the impermissible introduction



**DEFENDANTS' LIMINE MOTION NO. 1 RE PLAINTIFFS' EXPERT ROGER CLARK**

of unreliable conjecture. *Estate of Barabin v. Asten Johnson, 740 F3d 457, 463 (9th Cir. 2014).*

While Roger Clark, may (or may not) be able to qualify as an expert with respect to very limited aspects of police procedures, his attempt to render opinions on virtually every aspect of police conduct is so broad as to be devoid of meaning. As the Court in *Berry v. Detroit, 25 F3d 1342,1352 (6th Cir 1994)* noted, permitting a fraud investigator to opine on use of force issues would be akin to permitting a divorce lawyer to opine on patent law. In fact, "it would be a mistake for a trial judge to declare anyone to be generically an expert." *Id.* In *Lippe v Howard, 287 F.Supp.3d 1271, 1280 (W.D. Ok.2018),* the Court excluded an alcoholic beverage investigator from testifying on use of force issues since the purported expert had never testified as a use of force expert and had written no peer reviewed literature relating to use of force.

Given Mr. Clark's well established propensity to try to expand his opinions and responses far beyond the scope of his expertise or permitted subjects, it is respectfully urged that the Court make clear the limitations imposed from the outset of trial.

### 3. <u>ROGER CLARK MUST BE GIVEN CLEAR PARAMERTERS ON THE SCOPE OF HIS PERMISSABLE TESTIMONY.</u>

#### A. <u>Clark May Not Testify or Opine on the Reasonableness of Force Used.</u>

Despite several courts having already expressly barred Roger Clark from attempting to invade the exclusive role of the jury to determine the "reasonableness" of the force used [e.g. *A.B. v. Cty of San Diego, 2020 U.S. Dist. LEXIS 136761 (S.D. Cal. 2020); Godinez v. Huerta, 2018 U.S. Dist. LEXIS 73623 (S.D. Cal. 2018)*], Mr. Clark's equivocal answers at his deposition [Clark depo, RT: 29-34] and his statement in his Rule 26 report opining that "Officer Silva's use of deadly force was unreasonable" [See: Rule 26 report, p.23 attached as exhibit "2"], make it clear that he must once again be expressly ordered to avoid any such opinions at trial. FRE, Rule 702.

/ / /

/ / /

/ / /



### B. **Clark May Not Testify Regarding the Tactics or Force Used By Non-Defendant Officers.**

From the outset of this case, Officer Silva has always been and remains the only individually named defendant. Correspondingly, the jury's focus (and Roger Clark's opinions) must be narrowly limited to her use of force and perhaps pre-shooting tactics. Yet, Roger Clark clearly intends to try to render opinions regarding Officer Yuhas' deployment of the Taser [See: Clark Rule 26 report, p. 22 and 24] Mr. Clark has also attempted to offer opinions regarding his perception that Officer Yuhas somehow had a duty to intervene with respect to Officer Silva. [See: Clark depo, RT:83, L12-25[1]].

Allowing Mr. Clark to offer opinions about or even critique the tactics or force used by any officer other than Officer Silva is not only irrelevant but would distract and confuse the jury sole function is to determine the reasonableness of only one officer, Estela Silva. Similarly, even suggesting that the overall conduct of the Tustin police officers on scene was somehow improper would be unduly prejudicial to Officer Silva. FRE, Rule 403.

### C. **Roger Clark is NOT Qualified To Opine on The Use of the Taser or Its Effects.**

Not only is the use of the Taser by Officer Yuhas (a non-defendant) not relevant to the actions of Officer Silva, but Roger Clark is completely unqualified to opine or comment on any Taser related issues. Having never carried or deployed a Taser as a deputy, Mr. Clark's sole basis for his "expertise" is that a retired friend of his qualified him with a Taser and, never witnessing a Taser actually deployed in the field, he's watched several YouTube videos. [Clark depo, RT:17, L11 - 20, L4] Yet, he clearly intends to opine on the timing and reaction Officer Silva "should have" allowed when the Taser was deployed while further suggesting that it was the Taser which somehow caused decedent to raise the pole just prior to the shooting. [Clark depo, RT:50, L24- 52, L25] Reinforcing the absurdity of his opinions, he has even gone so far as to offer a completely unsupported opinion that Officer Silva was somehow "required" (or "it would have been reasonable") for Officer Silva to wait to see if the Taser would be effective. [Clark depo, RT:60, L20-25].

---

[1] Roger Clark is not even qualified to opine on the use of a Taser. *Infra.*



- 5 -
**DEFENDANTS' LIMINE MOTION NO. 1 RE
PLAINTIFFS' EXPERT ROGER CLARK**

Although Mr. Clark will claim that he's been permitted to testify as a Taser expert in court, the court rulings are to the contrary:

*Voltierra v. Los Angeles*, 99 F.Supp.3d 1190, 1197 (C.D. Cal. 2015) - Clark not qualified to testify as an expert on the use or effects of a Taser.

*Godinez v. Huerta*, 2018 U.S. Dist LEXIS 73623, *10 (S.D. Cal. 2018 - Clark precluded from testifying as a "purported" expert on Tasers.

*A.G.1 v. Fresno*, 2023 U.S. Dist. LEXIS 95659, *15-16 (E.D. Cal. 2023) - Judge Thurston ruled "Mr. Clark will not be permitted to testify as to Tasers."

Given Mr. Clark's propensity to put himself out as an expert on virtually anything and everything if not restricted by a limine order, Defendants respectfully urge this Court to follow the guidance of other courts in prohibiting him from opining on Tasers.

### D. Roger Clark Cannot Testify Regarding OC Pepper Spray.

Like the Taser, Mr. Clark is forced to admit that he, although he may have carried a completely different aerosol tool (i.e. Mace) back in the 1960's, he has never carried or used OC Pepper Spray. [Clark depo, RT:65, L24 - 66, L14]. Yet, it is anticipated that Mr. Clark may attempt to offer an opinion that Officer Silva "should have" attempted to deploy OC Pepper Spray at some point prior to being forced to defend herself with deadly force. [Clark depo, RT:72, L8-14] As Judge Thurston noted in A.G.1 (*supra*, *16):

> "Moreover, of course, [the officer] was not obligated "to choose the 'most reasonable' action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence." *Hayes v. Cnty. of San Diego*, 622, 632 (2013)

By now, the Court can see that it must aggressively maintain its role as "gatekeeper" in order to keep Mr. Clark from tainting the jury with the false impression that he is an expert on virtually all aspects of police work in spite of his lack of qualifications.

/ / /

/ / /



### E. Roger Clark Cannot Testify or Speculate as to Decedent's Intent.

As he often does, Mr. Clark has already indicated that he will attempt to speculate as to the "intent" of decedent as he emerged from the bushes with pole in hand - "it looked to me like he was just trying to get away." [Clark depo, RT:91, L2-6]. Once again, however, several courts have found it necessary to expressly preclude the completely unqualified Mr. Clark from attempting to influence and usurp the jury's role with his pure speculation as to decedent's intentions:

*Olson v. City of Burnet*, 2021 U.S. Dis. LEXIS 69851, *9-10 (W.D. Tx. 2021) - "[Mr. Clark's] credentials do not place him in a better position than the jury to evaluate (someone's) state of mind."

*Valiavicharska v. Celeva*, 2012 U.S. Dist. LEXIS 8191, *14 (N.D. Cal. 2012) - Mr. Clark is no more qualified than any juror in this regard and his unqualified speculation as to the state of mind of Raymond Gonzalez would not be helpful to the jury.

*A.G.1 v. Fresno*, 2023 U.S. Dist. LEXIS 95659, *12 (E.D. Cal. 2023) - Not only was Mr. Clark "not qualified" to opine as to decedent's state of mind, but this is not beyond the capacity of lay jurors.

### F. Clark Cannot Comment on Any Agency (Monell) Issues.

While Defendants trust that Plaintiffs' counsel will instruct Mr. Clark that all Monell claims against the City of Tustin have been dismissed, an abundance of caution would dictate that Mr. Clark must be ordered by the Court to avoid any opinions, comments or inferences regarding the City or police department. FRE, Rule 402, 403. In his Rule 26 report, Mr. Clark attempted to opine that the Tustin Police Department somehow "endorsed out-of-policy tactics". [See: Clark Report, p. 25. Given Mr. Clark's documented history of violating federal court orders, it is respectfully requested that he be formally ordered to avoid any and all direct or indirect critique of the non-party City.

/ / /

/ / /

/ / /



- 7 -
DEFENDANTS' LIMINE MOTION NO. 1 RE
PLAINTIFFS' EXPERT ROGER CLARK

### 4. CONCLUSION.

Having cross-examined Roger Clark in many previous trials, it is unfortunate that it has become necessary to secure a court order precluding him from testifying about issues for which he is either not qualified or which are far beyond the scope of permissible expert testimony. On the other hand, in an effort to avoid frequent objections during trial and attempting to keep Mr. Clark on track, Defendants respectfully ask the Court to grant this limine motion on all issues outlined above.

DATED: March 4, 2026                                   JONES MAYER

                                                By:   /s/Bruce D. Praet
                                                      Bruce D. Praet, Attorneys for
                                                      DEFENDANTS

