Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

*Attorneys for Plaintiffs Emily Garcia and C.G.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest to LUIS GARCIA<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendants.<br><br>(Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. CITY OF TUSTIN, et al.) | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF LUIS GARCIA'S CRIMINAL HISTORY**<br><br>[(Proposed) Order *filed concurrently herewith*]<br><br><u>Pretrial Conference</u><br><u>Date: April 1, 2026</u><br><u>Time: 3:00 p.m.</u> |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Emily Garcia and C.G., by and through their guardian *ad litem* Rosalia Becerra, hereby submit this motion *in limine* No. 2 for an order, pursuant to Federal Rules of Evidence 401-404, 801, and 802, precluding any party from offering evidence or argument of the decedent, Luis Garcia's, criminal history, including any prior contacts with law enforcement, detentions and arrests, convictions, and incarcerations on the grounds that such

evidence is irrelevant, confusing, misleading to the jury, will waste valuable time, and is impermissible to show that Mr. Garcia had a propensity to commit such acts.

Pursuant to Local Rule 7-3, this Motion is made after a conference of counsel during which no agreement could be reached.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: March 4, 2026  **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort case arises from the use of deadly force by City of Tustin Police Department Officer Estela Silva ("Silva") against Luis Garcia ("Mr. Garcia") on August 9, 2021. The key issue in this case is whether Mr. Garcia posed an immediate threat of death or serious bodily injury to any person at the time of Officer Silva's shots. Plaintiffs anticipate that Defendants will seek to present evidence and argument at trial pertaining to Mr. Garcia's criminal history, including: (1) Mr. Garcia's detentions, arrests, and other contacts with law enforcement prior to this incident; (2) videos of Mr. Garcia's prior contacts with law enforcement produced by Defendants during discovery; (3) Mr. Garcia's criminal history report or "RAP sheet"; (4) Mr. Garcia's criminal convictions; and (5) Mr. Garcia's periods of incarceration. By way of this Motion, Plaintiffs seek to exclude the foregoing evidence from the trial of this matter, including any argument regarding or reference to this evidence.

Plaintiffs acknowledge that Officer Silva had three prior contacts with Mr. Garcia prior to the shooting incident. Officer Silva's first two contacts with Mr. Garcia occurred in 2020 and did not result in any arrest or conviction. ("Exhibit B" to the Declaration of Renee V. Masongsong (Silva Depo) at 104:14-105:7). With respect to her two encounters with Mr. Garcia in 2020, Silva was provided with hearsay statements from reporting parties but did not observe Mr. Garcia committing any of the acts reported in the calls for service. For example, during Silva's first encounter with Mr. Garcia, she never saw him waving a knife, did not see him with a knife, and did not have any information that he had injured anyone. ("Exhibit B" to Masongsong Decl. (Silva Depo) at 48:9-24). During Officer Silva's second encounter with Mr. Garcia, she also did not find any weapons on Mr. Garcia. ("Exhibit B" to Masongsong Decl. (Silva Depo) at 49:8-10). In fact Officer Silva has never seen Mr. Garcia with a knife or other weapon, including on the date of the

incident, and never saw Mr. Garcia physically fight with any person. ("Exhibit B" to Masongsong Decl. (Silva Depo) at 20:1-5, 49:3-50:2). In 2021, Silva arrested Mr. Garcia for assault with a deadly weapon and drug possession, but Mr. Garcia also did not have a weapon on him at the time of that arrest. ("Exhibit B" to Masongsong Decl. (Silva Depo) at 49:14-16).

Despite Officer Silva's prior contacts with Mr. Garcia, this Court should exclude evidence of Mr. Garcia's criminal history for the following independent reasons. First, this evidence is irrelevant pursuant to Federal Rules of Evidence ("FRE") 401 and 402, because this evidence is immaterial to the key issue to be decided by the jury in the instant case—whether Mr. Garcia posed an immediate threat of death or serious bodily injury at the time of the shots. Second, this evidence should also be excluded under FRE 403 on the grounds that it would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under FRE 403, and such prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this evidence should be excluded under FRE 404 because it is impermissible character evidence. Fourth, any reports or documents pertaining to this evidence should be excluded because such reports or documents would be hearsay for which there is no exception under FRE 801 and 802.

## II.   ARGUMENT

### A. Evidence of Mr. Garcia's Criminal History is Irrelevant

"[E]vidence of other crimes or wrong acts is not looked upon with favor, and must be carefully scrutinized to determine probative value." *United State v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Although Officer Silva recognized Mr. Garcia during the shooting incident from her three prior contacts with Mr. Garcia described above, she had very limited information about Mr. Garcia's criminal history. Officer Silva had no information regarding Mr. Garcia's prior encounters with other law enforcement officers, Mr. Garcia's convictions, or

1  periods of incarceration. Aside from what she learned during her third encounter
2  with Mr. Garcia, Officer Silva had no information regarding Mr. Garcia's arrests or
3  drug use. Officer Silva's information regarding Mr. Garcia's criminal history is
4  limited to what she observed first-hand during her three prior encounters with him.
5  As indicated above, her first two encounters with Mr. Garcia did not result in an
6  arrest or conviction, and she did not observe Mr. Garcia engage in any criminal
7  activity during those two prior encounters. Rather, Silva was provided with limited
8  hearsay statements from reporting parties regarding the call for service, including
9  notes from dispatch. Officer Silva did not see Mr. Garcia with a weapon or fighting
10 with anyone during any of her three prior encounters with Mr. Garcia.

11      Beyond these three prior encounters, Mr. Garcia's criminal history includes a
12 host of negative information that was unknown to Officer Silva at the time of the
13 incident and that has no bearing on whether the shooting was excessive and
14 unreasonable. For example, Mr. Garcia's criminal history includes a 2014 arrest for
15 domestic violence (corporal injury) against the mother of the Garcia Plaintiffs, as
16 well as a 2014 conviction for providing false identification to a police officer. Mr.
17 Garcia had also previously been arrested for disturbing the peace, being under the
18 influence of and possessing a controlled substance, trespassing, being drunk in
19 public, making criminal threats, false imprisonment, robbery, exhibiting a deadly
20 weapon, vandalism, burglary, and assault with a deadly weapon.

21      Mr. Garcia's criminal history outside of Officer Silva's three encounters with
22 Mr. Garcia is undisputedly irrelevant to the *Graham* analysis. The primary dispute
23 in this case is whether Officer Silva's use of deadly force against Mr. Garcia was
24 "'objectively reasonable' in light of the facts and circumstances confronting [her]."
25 *See Graham v. Connor*, 490 U.S. 386, 397 (1989). In other words, the relevant
26 inquiry is limited to information known to Officer Silva at the time of the use of
27 force. *Id.* at 396; *see Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir.
28 2013) ("[W]e can only consider the circumstances of which [the officers] were

aware when they employed deadly force."). Therefore, any criminal history unknown to Officer Silva at the time of the incident should be excluded under *Graham.*

However, Plaintiffs' instant Motion also seeks to exclude or significantly limit even Mr. Garcia's criminal history that was known to Officer Silva, which would include only Officer Silva's three prior encounters with Mr. Garcia described above, on the basis that this information is irrelevant to whether her use of force against Mr. Garcia was excessive and unreasonable. On the date of the incident, Officer Silva did not have any information that Mr. Garcia had attacked, threatened, or injured anyone, did not have any information that the subject of the call was in fact Mr. Garcia (as he did not remotely fit the description of the subject of the call), and did not see Mr. Garcia with any weapon. Mr. Garcia's prior criminal history does not make a fact that is of consequence in determining this action more or less probable. *See* FRE 401(a). Therefore, this evidence and any related arguments should be excluded (or at the very least, significantly limited) as irrelevant under FRE 401, 402.

Evidence of Mr. Garcia's criminal history is also irrelevant to damages. As to survival damages, there is no evidence that Mr. Garcia's criminal history prevented his from enduring pre-death pain and suffering and loss of life. With respect to Plaintiffs' wrongful death damages, there is no evidence that the Plaintiffs loved Decedent any less because he had a criminal history.

### B. This Evidence Should be Excluded under FRE 403 as Unfairly Prejudicial and a Waste of Time

Even if the foregoing evidence had some speculative probative value, which Plaintiffs contend it does not, it should be excluded under FRE 403 because it is unfairly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). "[W]hen the propensity of the evidence [is] to prove only criminal disposition," the probative value of prior criminal acts is outweighed by unfair prejudice. *Aims Back*, 588 F.2d at 1285 (improper to admit evidence of other crimes or acts having no probative value as to an essential element of claim).

As set forth above, there is no probative value to evidence regarding Mr. Garcia's criminal history, particularly Mr. Garcia's criminal history that was unknown to Officer Silva at the time of the incident. Mr. Garcia's criminal history described above "certainly possesse[s] the potential for unfair prejudice. It [is] thus within the discretion of the trial court to exclude the evidence under [Rule] 403." *Williams v. Union Carbide Corp.*, 790 F.2d 552, 555 (6th Cir. 1986) (finding evidence of the plaintiff's prior criminal conduct a collateral issue in a civil action where such evidence could not be used to rebut any of the plaintiff's claims) (citing *All Am. Life and Casualty Co. v. Oceanic Trade Alliance Council Int'l, Inc.*, 756 F.2d 474, 479 (6th Cir. 1985)); *United States v. Brady*, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979); *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993) ("Although a district judge has broad discretion in ruling on the admissibility of evidence, especially when balancing intangibles as Rule 403 requires . . . the limits of permissible judgment were exceeded" in allowing the introduction of "inflammatory evidence," including prior murder convictions "having little or no relevance" to Plaintiff's claims).

Allowing the jury to hear evidence or argument of Mr. Garcia's criminal history is highly likely to arouse the jury's anger or punitive impulses by painting Mr. Garcia as a criminal and Plaintiffs as undeserving of redress for the injuries he suffered. *See, e.g.*, *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses). The instant motion *in limine*, therefore, will enable Plaintiffs to avoid the obviously futile attempt to "unring the bell" when highly prejudicial

1  evidence is offered and then stricken at trial. *See McEwen v. City of Norman*, 926
2  F.2d 1539, 1548 (10th Cir. 1991).

3      Additionally, discussion of Mr. Garcia's criminal history would detract from
4  the main issue in the case—whether Officer Silva's use of deadly force was
5  excessive and unreasonable—and would be a waste of time. Allowing evidence of
6  Mr. Garcia's prior bad acts and criminal history will require Plaintiffs to use the
7  jurors' time to explain and mitigate such evidence, thus distracting the jurors from
8  the main inquiry. For example, allowing any party to play videos of Mr. Garcia's
9  prior encounters with Silva or allowing Defendants to call a witness to discuss Mr.
10 Garcia's RAP sheet would be an undue consumption of time. Accordingly,
11 Plaintiffs respectfully request that the Court alternatively exclude this evidence
12 under Rule 403.

### C. This Evidence Should be Excluded as Impermissible Character Evidence Under FRE 404

15     Under FRE 404, evidence of Mr. Garcia's criminal history and/or prior bad
16 acts cannot be used to prove that Mr. Garcia acted in some general "bad character"
17 on the day in question. FRE 404(a) provides, "[e]vidence of a person's character or
18 a trait of a character is not admissible for the purpose of proving action in
19 conformity therewith on a particular occasion." Any reference to Mr. Garcia's
20 criminal history or prior bad acts at trial would suggest an improper inference based
21 on character evidence, to the extent that the jury might infer from the fact that Mr.
22 Garcia may have engaged in bad conduct on another occasion that Mr. Garcia
23 posed an immediate threat of death or serious bodily injury at the time of the
24 shooting. *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985) ("The federal
25 rules bar the use of any circumstantial evidence that requires an inference of a
26 person's character to make it relevant . . . .").

27     Ninth Circuit case law is clear that "'[c]haracter evidence' is normally not
28 admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir.

1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted, which is not the case here. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). In the instant case, character is not an essential element of any of Plaintiffs' claims. Because any evidence of Mr. Garcia's criminal history would require an inference as to Mr. Garcia's character to make it relevant, it should be excluded from evidence at the time of trial. Accordingly, this evidence should alternatively be excluded under FRE 404.

### D. Reports Containing this Evidence Should be Excluded as Hearsay Under Federal Rules of Evidence, Rules 801 and 802

Finally, any police reports, criminal case filings, or other documents pertaining to Mr. Garcia's arrests, convictions or incarcerations, including his RAP sheet, would constitute hearsay under FRE 801 and 802 and should alternatively be excluded on this ground. Any hearsay statements provided to Officer Silva regarding her three prior encounters with Mr. Garcia, including notes about the events before she responded, should also be excluded. "Hearsay evidence" is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. Even if a hearsay statement falls under an exception to the rule, it is not admissible if such statement consists of one or more statements that are themselves hearsay. Accordingly, this evidence should also be excluded on these grounds.

## III. CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and issue an order excluding or significantly limiting evidence and argument at trial pertaining to Mr. Garcia's criminal history as described above.

DATED: March 4, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.