LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:  (818) 347-4118

Attorneys for Plaintiffs C.G. and EMILY GARCIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE ANY FINDINGS BY ANY AGENCY THAT THE SHOOTING WAS "WITHIN POLICY" OR "NOT CRIMINAL"**<br><br>*[proposed order filed concurrently herewith]*<br><br>Pretrial Conference<br>Date: April 1, 2026<br>Time: 3:00 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs hereby move *in limine* for an order excluding the following:

(1) Any evidence, testimony, argument, or reference at trial to the California Department of Justice's conclusion that Officer Silva's use of deadly force against Mr. Garcia was justified, reasonable, and/or not criminal;

(2) Any evidence, testimony, argument, or reference at trial to the District

-i-
PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3

Attorney's and/or California Department of Justice's decision not to press charges against Officer Silva, including any reference (whether implicit or explicit) to the fact that the California Department of Justice and/or the District Attorney reviewed the shooting incident;

(3) Any evidence, testimony, argument, or reference at trial to any findings by the City of Tustin that Officer Silva's use of deadly force against Mr. Garcia was reasonable, justified, within policy, and/or did not require any discipline or retraining.

Plaintiffs make this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case.  This Motion is also made on the grounds that the conclusions by the California Department of Justice, as well as the City of Tustin Police Department's findings with respect to the shooting, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

<u>Statement of Local Rule 7-3 Compliance</u>:  This Motion is made following a conference of counsel during which no resolution could be reached.

Dated: March 4, 2026

LAW OFFICES OF DALE K. GALIPO

By: *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiffs C.G. and
EMILY GARCIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort case arises from the use of deadly force by City of Tustin Police Department Officer Estela Silva ("Silva") against Luis Garcia ("Mr. Garcia") on August 9, 2021. After the shooting, the California Department of Justice investigated the shooting and, in March 2024, issued a written report that there was insufficient evidence to support a criminal prosecution of Officer Silva. By way of this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or reference at trial to the conclusion by the California Department of Justice (or any other agency, including the Orange County District Attorney's Office) that Officer Silva' use of deadly force against Luis Garcia was any of the following: (1) not criminal/did not warrant filing criminal charges against Officer Silva; (2) reasonable; and/or (3) justified. Also by way of this Motion, Plaintiffs seek to exclude any findings by the City of Tustin Police Department (or any other agency) that the shooting was any of the following: (1) within policy; (2) reasonable; and/or (3) justified. Along these lines, Plaintiffs also seek to exclude any evidence or argument that Officer Silva was not disciplined or required to undergo any retraining relating to her conduct during the shooting incident. While this Motion does seek to exclude the post-shooting findings of these investigations, this Motion does <u>not</u> seek to exclude any investigation materials such as the scene photographs, autopsy photographs, interviews of Officer Silva and the percipient witness officers.

This Motion *in Limine* is based on several independent rationales. First, this evidence is irrelevant pursuant to Federal Rules of Evidence, Rule 402, because this evidence is immaterial to the issues to be decided by the jury in the instant case. Second, this evidence usurps the jury's role, and should be excluded under Federal Rules of Evidence, Rule 403 on the grounds that this evidence would confuse the issues, mislead the jury, cause undue delay, and waste this Court's time. Further, such evidence would be unduly prejudicial to Plaintiffs under Rule 403, and such

prejudicial effect would greatly outweigh any possible probative value of this evidence. Third, this Motion is also made on the grounds that the California Department of Justice's Report on the Investigation into the Death of Luis Garcia on August 9, 2021, as well as the Tustin Police Department's findings, are hearsay for which there is no exception under Federal Rules of Evidence, Rules 801 and 802.

## II. ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under Federal Rules of Evidence, Rule 402.

Federal Rules of Evidence, Rule 402, states in part that evidence which is not relevant is not admissible. Under *Graham v. Connor*, 490 U.S. 385, 397 (1989), evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *See also Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."). This includes the post-shooting findings of the City of Tustin Police Department, as well as the conclusions of the California Department of Justice and any other agency. At trial, the jury must determine whether Officer Silva used unreasonable force and was negligent when she shot Mr. Garcia. What the Tustin Police Department investigators, the California Department of Justice and/or the District Attorney purport to determine or conclude *ex post facto* about the reasonableness of the shooting does not bear on any disputed fact or on any element of any claim or defense in this case.

Indeed, the subsequent findings of the Tustin Police Department, as well as the subsequent conclusions of the California Department of Justice, are in no way probative of the factual circumstances confronting Officer Silva at the time of the shooting incident. Accordingly, this evidence is irrelevant as to questions of Defendants' liability for the violations of Mr. Garcia's rights under federal and state law. Because evidence of the Tustin Police Department's findings and the California

Department of Justice's conclusions are not probative of any fact of consequence to the determination of the action, this evidence should be excluded. This includes the Tustin Police Department's decision not to discipline or retrain Officer Silva for her conduct during the shooting incident.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

Even if the foregoing evidence had some speculative probative value, which Plaintiffs contend it does not, it should be excluded under Federal Rules of Evidence, Rule 403 because it is highly prejudicial, poses a significant risk of confusing the jury, and would cause undue delay and waste of time. The danger presented by these administrative "findings" and "conclusions" is that they usurp the jury's role to independently weigh the evidence and reach its own conclusion based on the facts and the law. The jury should decide the case based on its own evaluation of the evidence presented, and not based on what some authority figure has supposedly already decided. The danger presented by this kind of testimony is acute. Determining the reasonableness of Officer Silva's actions is a task for the jury, and there is a significant risk that the jury might give undue deference to the findings of the Tustin Police Department, as well as the conclusions of the California Department of Justice. On the basis of the testimony of authority figures or official-sounding determinations by high-ranking officials, the jury might be tempted to disregard the evidence presented at trial and the law and the jury instructions, and instead decide that the shooting of Mr. Garcia was justified simply because an authority figure already purported to have determined that the shooting was justified. The jury might feel bound to abide by the conclusions of the California Department of Justice and/or the findings of the Tustin Police Department rather than reaching its own independent conclusions based on all of the evidence.

1    Moreover, the California Department of Justice (as well as the District
2 Attorney's office) makes a finding with an eye toward criminal prosecution. This
3 review and determination is based on a criminal "beyond a reasonable doubt"
4 standard, as opposed to the civil "preponderance of the evidence" standard that is
5 applicable in this case. Therefore, informing the jury that the California Department
6 of Justice reviewed this shooting and opted not to criminally prosecute Officer Silva
7 will likely (and improperly) persuade the jury to reach a civil finding based on a
8 criminal standard of liability. In fact, even informing the jury—either implicitly or
9 explicitly—that the California Department of Justice reviewed the incident carries
10 the same risk, as the jury is likely to infer that criminal charges were not brought
11 against Officer Silva. When balanced against the substantial risk that the California
12 Department of Justice's conclusions or the findings of the Tustin Police Department
13 may influence the jury to reach a verdict based on an improper legal standard and
14 thus invite juror error, this evidence should be excluded pursuant to Rule 403.

**C. This Evidence Is Hearsay Under Federal Rules of Evidence, Rules 801 and 802.**

17    Any entity's determination—including the California Department of Justice's
18 Report on the Investigation into the Death of Luis Garcia on August 9, 2021, and the
19 Tustin Police Department's findings—that the shooting was "justified," "within
20 policy," "lawful," and/or "not criminal" would constitute hearsay under Federal
21 Rules of Evidence, Rules 801 and 802. "Hearsay evidence" is evidence of a
22 statement that was made other than by a witness while testifying at the hearing and
23 that is offered to prove the truth of the matter stated. Even if a hearsay statement
24 falls under an exception to the rule, it is not admissible if such statement consists of
25 one or more statements that are themselves hearsay. First, the Tustin Police
26 Department's findings and the California Department of Justice's conclusions
27 themselves are hearsay if offered at trial to prove that Officer Silva's conduct was
28 reasonable. If documentation of the findings and/or conclusions are proffered at

trial, such as the California Department of Justice's Report, then this would be hearsay as well. Insofar as those findings and conclusions are based on statements by law enforcement witnesses, investigators, detectives, supervisors, or other officials as to what happened during the shooting, the findings and conclusions would constitute or incorporate multiple hearsay. Furthermore, the California Department of Justice's Report and the Tustin Police Department's internal investigation reports contain a host of inadmissible evidence that this Court may order excluded based on Plaintiffs' other motions *in limine*. Accordingly, Plaintiffs contend that such written determinations, findings, and/or conclusions would be hearsay and are inadmissible on this ground.

### III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and issue an order excluding the foregoing post-shooting findings, including any findings by any agency that the shooting was "within policy," "not criminal," and did not warrant filing criminal charges against Officer Silva.

Dated: March 4, 2026                           LAW OFFICES OF DALE K. GALIPO

                                            By:   *s/ Renee V. Masongsong*
                                                Dale K. Galipo
                                                Renee V. Masongsong
                                                Attorneys for Plaintiffs C.G. and Emily Garcia