LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiffs C.G. and EMILY GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>                    Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF OR SPECULATION REGARDING DECEDENT'S IMMIGRATION STATUS AND/OR ALIENAGE**<br><br>*[proposed order filed concurrently herewith]*<br><br><u>Pretrial Conference</u><br>Date: April 1, 2026<br>Time: 3:00 p.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs hereby move *in limine* for an order excluding Decedent's immigration status. Plaintiffs make this Motion under Federal Rules of Evidence, Rules 402 and 403 and on the grounds that this evidence is immaterial to the issues to be decided by the jury in the instant case. Pursuant to Local Rule 7-3, this Motion is made following a conference of counsel during which no resolution could be reached.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Dated: March 4, 2026               LAW OFFICES OF DALE K. GALIPO

                                 By:   *s/ Renee V. Masongsong*
                                       Dale K. Galipo
                                       Renee V. Masongsong
                                       Attorneys for Plaintiffs C.G. and
                                       EMILY GARCIA

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>INTRODUCTION</u>**

3        This case arises from Officer Estela Silva's use of deadly force against Luis

4    Garcia ("Decedent") on August 9, 2021. Decedent was born in Mexico. He was

5    buried in Mexico and spent time living in Mexico. At the time of the incident, he

6    was homeless and living in California. Decedent had lived in California for several

7    years, where he raised his daughters C.G. and Emily Garcia. In the last several

8    years, the subject of immigration as it concerns the border between the United States

9    and Mexico has divided this country. In recent years, there has also been a rise in

10    widely disseminated political rhetoric characterizing Mexican immigrants as

11    criminals, or worse. Given the current political climate in the United States,

12    immigration from Mexico is a highly inflammatory topic about which many citizens

13    hold passionate views. The issue in this case has nothing to do with immigration or

14    the immigration status of any of the parties. Rather, the issue in this case is whether

15    Officer Silva used excessive and unreasonable force when she shot Decedent.

16    Neither the rights nor the standing of the Decedent or any of the plaintiffs in this

17    case are affected by their immigration status or citizenship. Therefore, by way of

18    this Motion, Plaintiffs seek to exclude any evidence, testimony, argument, or

19    reference at trial to Decedent's immigration status and/or alienage on the grounds

20    that such information is irrelevant and would be unduly prejudicial to the Plaintiffs

21    at trial.

22    **II.    ARGUMENT**

23        **A. This Evidence Is Irrelevant and Should be Excluded Under Federal**

24            **Rules of Evidence, Rule 402.**

25        Federal Rules of Evidence, Rule 402, states in part that evidence which is not

26    relevant is not admissible. Decedent's immigration status and/or alienage, including

27    whether he is a U.S. citizen, has no relevance to whether Officer Silva's use of

28    deadly force against him was excessive and unreasonable. This information is also

-1-

irrelevant to whether his heirs, who are the plaintiffs in this case, are entitled to recover damages for Decedent's death. While Defendants contend that Officer Silva had information regarding Decedent's immigration status through her prior contacts with Decedent, it is unclear specifically what information she had. Decedent's immigration status is not at issue in this case and was not explored during discovery.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under Federal Rules of Evidence, Rule 403.

In addition, since this type of evidence is not relevant to the jury's excessive force determination, any probative value would be substantially outweighed by the risk of unfair prejudice. Federal Rules of Evidence, Rule 403, excludes evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. Information regarding Decedent's immigration status and/or alienage, including whether he is a U.S. citizen, is likely to raise suspicion that Decedent's presence in the United States was unlawful, that he was not a law abiding person, and that he (and the Plaintiffs) are undeserving of redress in U.S. courts for the violation of their rights. Unless evidence of and speculation regarding Decedent's immigration status is excluded, jurors prone to such suspicion and bias would simply not extend Plaintiffs a fair trial.

## III.   CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and exclude any evidence of or speculation regarding Decedent's immigration status and/or alienage.

Dated: March 4, 2026                    LAW OFFICES OF DALE K. GALIPO

                                        By:   *s/ Renee V. Masongsong*
                                              Dale K. Galipo
                                              Renee V. Masongsong

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4