Luis A. Carrillo, Esq. (SBN 70398)
*Lac4justice@gmail.com*
Michael S. Carrillo, Esq. (SBN 258878)
*mc@carrillofirm.com*
**CARRILLO LAW FIRM, LLP**
1499 Huntington Dr., Ste. 402
South Pasadena, CA 91030
Tel: (626) 799-9375 / Fax: (626) 799-9380

Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

*Attorneys for Plaintiffs Emily Garcia and C.G.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendants.<br><br>(Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al.) | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE INFORMATION UNKNOWN TO OFFICER SILVA AT THE TIME OF THE SHOOTING**<br><br>[(Proposed) Order *filed concurrently herewith*]<br><br>Pretrial Conference<br>Date: April 1, 2026<br>Time: 3:00 p.m.<br><br>Trial<br>Date: April 14, 2026<br>Time: 8:30 a.m. |

-i-
PLAINTIFFS EMILY GARCIA AND C.G.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE INFORMATION UNKNOWN TO OFFICER SILVA AT THE TIME OF THE SHOOTING

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Emily Garcia and C.G., by and through their guardian *ad litem* Rosalia Becerra, hereby submit this motion *in limine* No. 5 for an order, pursuant to Federal Rules of Evidence 401-404, 801, and 802, precluding any party from offering any evidence of, eliciting any testimony regarding, or making any argument regarding or reference to information unknown to Officer Silva at the time of the shooting.

Pursuant to Local Rule 7-3, this Motion is made after a conference of counsel. Although Defendants' counsel indicated during the meet and confer that Defendants do not intend to proffer evidence of the knife found after the shooting, Plaintiffs bring this Motion addressing that item of evidence in the abundance of caution, as no stipulation on that issue has been filed.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: March 4, 2026                **LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort case arises from the use of deadly force by City of Tustin Police Department Officer Estela Silva against Luis Garcia ("Decedent") on August 9, 2021. The key issue in this case is whether Officer Silva's use of deadly force against Decedent was excessive and unreasonable under federal and state law. By way of this motion in limine, Plaintiffs seek to exclude any evidence of or reference to information unknown to Officer Silva at the time of the shooting, including: Decedent's criminal history and drug use, as briefed in Plaintiffs' Motions in Limine Nos. 1 and 2, filed concurrently herewith; the knife found after the shooting, as seen in scene photographs; 911 calls preceding the incident and hearsay statements within the 911 calls (as opposed to the dispatch tape reflecting what Officer Silva heard). Plaintiffs reserve the right to identify additional specific items of evidence under the rationale set forth in this Motion.

Plaintiffs contend that no objectively reasonable officer in Silva's position would have believed that Decedent posed an immediate threat of death or serious bodily injury warranting the use of deadly force. In this case, Officer Silva was not responding to a serious or violent crime, had no information that Decedent had injured anyone, and never saw Decedent with a weapon. When Officer Silva contacted the homeless Decedent, he was asleep in a bush. Decedent was unarmed and had only a wooden stick, which he identified clearly that he used for collecting recycled cans. Decedent never contacted anyone with the stick on the date of the incident, Decedent was not attacking or attempting to attack anyone at the time of either of Officer Silva's two shots, and Officer Silva failed to issue a verbal warning that she was prepared to use deadly force prior to shooting. At the time of both shots, Decedent was being tased and was screaming in pain and moving away from the active taser deployment. Officer Silva escalated the situation with Decedent, and she should have recognized that Decedent was mentally ill and/or experiencing a

mental health crisis.

## II. ARGUMENT

### A. This Evidence Is Irrelevant and Should be Excluded Under FRE 402.

Since the United States Supreme Court first elucidated the Fourth Amendment reasonableness standard in police shooting-death cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions made in uncertain and often dangerous circumstances." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). The Ninth Circuit Model Instruction for excessive force claims further informs the jury, "You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight." Ninth Circuit Model jury Instruction 9.27; *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). In light of how the jury will be instructed and given the great weight of Supreme Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and circumstances that Officer Silva was not confronted with or that were otherwise unknown to her at the time she made the decision to use deadly force against Decedent would be improper. In addition, because this type of evidence is not relevant to the jury's reasonableness determination, any probative value would be substantially outweighed by the risk of unfair prejudice that the jury would rest its decision on an improper basis and judge the shootings with 20/20 hindsight.

In this case, Officer Silva had information prior to responding to the incident that the subject (who was described as a white male with blond hair) had been seen the previous day in possession of a knife. However, Officer Silva did not receive any information that Decedent was seen on the date of the incident with a knife, and Decedent, who is Hispanic with dark hair, did not match the description of the

subject. Officer Silva testified at her deposition that she had never seen Decedent with a knife, including on the date of the incident. ("Exhibit B" to the Declaration of Renee V. Masongsong (Silva Depo) at 20:1-5). Scene photographs taken after the shooting do show a knife at the scene, and this knife was taken into evidence after the shooting. Given that Officer Silva never saw that knife, does not claim to have shot Decedent because she thought he had a knife, and did not receive any information that Decedent was seen with a knife on the date of the incident, this information should be excluded as irrelevant. Additionally, Plaintiffs seek to exclude the 911 calls (as opposed to the dispatch tape heard by Officer Silva), which include statements regarding the knife. Several of these statements are hearsay statements, wherein the reporting parties relayed information that neighbors had told the reporting parties that they had seen a subject with a knife. These hearsay statements and the 911 calls should be excluded as information unknown.

### B. This Evidence Is Unduly Prejudicial and Should be Excluded Under FRE 403.

Alternatively, this evidence should be excluded under Federal Rule of Evidence, Rule 403 because it is unduly prejudicial, confusing, and a waste of time. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses).

As discussed above, the evidence that Plaintiff seeks to exclude was unknown to Officer Silva at the time of the shooting, and it therefore has no probative value to

the key issues in the case. By contrast, this evidence is highly likely to prejudice the jury against Plaintiffs and Decedent, depriving Plaintiffs of a fair trial. This evidence could also lead to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Indust.*, 972 F.2d 507, 516 (3d Cir. 1992), and may also mislead the jury into reaching a verdict that reflects its consideration of this irrelevant evidence as an improper reason for justifying Officer Silva's use of deadly force.

### III. CONCLUSION

For the reasons stated above, this Court should grant Plaintiffs' instant Motion *in Limine* and issue an order excluding evidence unknown to Officer Silva at the time of the incident pursuant to *Graham v. Connor*, 490 U.S. 386, 396 (1989). Plaintiffs reserve the right to identify additional specific items of evidence under the rationale set forth above.

DATED: March 4, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.