1  Bruce D. Praet, SBN 119430
   **JONES MAYER**
2  3777 North Harbor Boulevard
   Fullerton, CA 92835
3  Telephone: (714) 446-1400
   Facsimile: (714) 446-1448
4  bpraet@aol.com

5  Attorney for Defendants City of Tustin, Officer Estella Silva

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, <br><br> Defendants. | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES) <br><br> Assigned to: *Honorable Sherilyn Peace Garnett* *Magistrate Karen E. Scott* <br><br> **DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE** <br><br><br> **HEARING DATE: April 1, 2026** <br> **TRIAL DATE: April 14, 2026** |

-1-
**DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE**

1    PLEASE TAKE NOTICE that one April 1, 2026, in courtroom 5C of the above-entitled
2 Court, Defendants, CITY OF TUSTIN and ESTELLA SILVA bring this Motion to Bifurcate
3 Liability from Damage Phase for the reasons set forth below.

DATED: February 27, 2026                         JONES MAYER

                                        By:    /s/Bruce D. Praet
                                               Bruce D. Praet, Attorneys for
                                               DEFENDANTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PREFATORY STATEMENT.

As the Court is aware, this case stems from the fatal officer-involved shooting of Luis Garcia by Tustin Police Officer Estela Silva on August 9, 2021, the entire incident captured on body worn camera (BWC). Following summary judgment and a ruling from the Ninth Circuit, the theories of potential liability have now been essentially narrowed to whether the officer used reasonable force and/or whether Officer Silva (or decedent) were somehow negligent. The witnesses addressing liability issues will be limited to three percipient police officers and three police practices experts who can likely be completed in three days or less.

However, as the Court is further aware, this case involves two separate (consolidated) lawsuits brought by four respective individual Plaintiffs. Decedent's two biological daughters, Emily and Camila Garcia, are represented by Attorney Dale Galipo. Decedent's wife, Wendy Galicia, and his adult son, Kevin Galicia, do not speak English and are represented by Attorney Jesus Arias. None of these Plaintiffs are percipient witnesses and they have zero evidence to offer relevant to questions of liability but would instead be testifying solely on issues of damages, if any, should liability be established. Moreover, the Galicia Plaintiffs will require a certified Spanish-English interpreter. Although Plaintiffs have suggested that the testimony of each of these four individuals might be "brief", experience and the duration of their respective depositions would indicate that their combined testimony on direct and cross-examination would require a full additional day of trial.

In addition to the potentially unnecessary consumption of valuable court time, it is predictable that the inevitably emotional testimony of these individuals would be highly prejudicial to Officer Silva and unduly distract the jury from focusing on the factual evidence relevant to determining the reasonableness of the officer's conduct. For these reasons and, as more fully set forth below, Defendants respectfully urge this Court to bifurcate issues of liability from damages, if any.[1]

---

[1] **Error! Main Document Only.** During the pre-trial meet and confer process, it is believed that the issue of punitive damages, if at all, will be bifurcated regardless of the Court's ruling on this motion.



- 3 -
**DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE**

## 2. LIABILITY SHOULD BE BIFURCATED FROM DAMAGES.

*F.R.Civ.P., Rule 42(b)* permits the Court to bifurcate a trial to "avoid prejudice or to expedite or economize." Bifurcation of trial of liability and damage issues is well within the scope of the trial court's discretion. *DeAnda v. Long Beach, 7 F3d 1418, 1421 (9th Cir. 1993)* Here, bifurcation will achieve both purposes of Rule 42(b).

Having tried many cases with Mr. Galipo's office, defense counsel is reasonably confident that this trial could be completed in four dates (i.e. Tuesday through Friday) subject to unpredictable jury deliberations. However, with the addition of Attorney Arias to cross-examine each witness as well as presenting his own police practices expert, completing any liability phase within four days will be an optimistic, but hopefully not unrealistic, challenge. In other words, a trial on liability issues should be completed by the end of the first week. Even if the jury needed to thereafter deliberate into the following week, a verdict on liability would likely be reached without the need to extend trial testimony into a second week. Of course, in the event of a defense verdict, there would be no need for the presentation of any evidence into a second week.

If, on the other hand, all four Plaintiffs testify in a single phased trial, including the use of a Spanish-English interpreter, it is highly likely that the presentation of evidence would necessarily carry over into the following week (i.e. Tuesday and beyond). Thus, in the interest of judicial economy alone, bifurcation of liability from damages, if any, would serve the purpose of Rule 42(b) to economize for the Court, jurors and all parties.

Equally, if not more importantly, bifurcation would minimize the risk of undue prejudice to Officer Silva. As the Court is well aware, the grieving testimony of non-percipient family members is inevitably highly emotional and inescapably tears at the heartstrings of jurors who are then likely to consciously or subconsciously influence their verdict based on sympathy notwithstanding the Court's instruction to avoid sympathy [Ninth Circuit Model Instruction 1.2]. While Plaintiffs are obviously entitled to sit through any liability phase and even be introduced to the jury by counsel, they have zero evidence to offer on the issues of liability.

Here, Officer Silva is entitled to have her conduct judged solely by the evidence relevant to her actions on August 9, 2021 [*Graham v. Connor*, 490 U.S. 386 (1989); FRE, Rule 402] without the risk of distracting, confusing or unduly influencing the jury with emotional testimony from grieving family members. The only fair and practical way to at least minimize such a risk and to keep the jury properly focused on the officer's conduct is to simply bifurcate liability into phase one of trial. Thereafter, if and only if the jury renders a verdict in favor of Plaintiffs, they may introduce relevant damages on the issue of damages.

### 3. <u>CONCLUSION.</u>

In the interest of judicial economy and providing all parties with a fair trial, Defendants respectfully request that the Court bifurcate the trial into a liability phase to be followed, if necessary, by a separate damage phase.

DATED: February 27, 2026                                JONES MAYER

                                                By:  */s/Bruce D. Praet*
                                                     Bruce D. Praet, Attorneys for
                                                     DEFENDANTS



**DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE**