Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
LAW OFFICES OF JESUS EDUARDO ARIAS
18000 Studebaker Rd. Suite 700
Cerritos California 90703
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez, and
Kevin Josue Galicia Ramirez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al.<br>                  Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>                  Defendant(s) | Case No: **8:22-cv-00131 SPG KES**<br><br>**GALICIA PLAINTIFFS'<br>MEMORANDUM OF<br>CONTENTIONS OF FACT AND<br>LAW**<br><br>Jury Trial Date: April 14, 2026<br>Time: 8:30 am |
| Consolidated with WENDY LORENA<br>GALICIA RAMIREZ, et al.,<br>                  Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>                  Defendants | |

Pursuant to the Court's Scheduling Order in re Pretrial and Trial Procedures, Plaintiffs WENDY LORENA GALICIA RAMIREZ and KEVIN JOSUE GALICIA RAMIREZ " THE GALICIA PLAINTIFFS" , hereby present Memorandum of Contention of Facts and Conclusions of Law in compliance with requirements of Local Rule 16.

## I.   <u>INTRODUCTION</u>

This is a civil rights case. The matter arises from the unreasonable use of deadly force by Defendant Police Officer Estella Silva, who on August 9, 2021, shot and killed Mr. Luis Garcia Areas. ("Garcia Areas"). The Galicia Plaintiffs are wife and son of the Decedent. The Galicia Plaintiffs seek compensatory damages, punitive damages, reasonable attorney's fees and costs, under 42 U.S.C. §1988, as well as other relief the Court deems proper.

## II.   <u>PLAINTIFFS' CLAIMS</u>

### A) Summary statement of the claims presented by Plaintiffs

<u>Claim 1:</u> Unreasonable use of Deadly Force – Defendant SILVA used excessive and unreasonable deadly force against Mr. Garcia. The use of excessive force caused his death. ( Fourth Amendment—42 U.S.C. § 1983).

<u>Claim 2:</u> Negligent use of deadly force by peace officer– (Pre shooting tactics). Defendant Silva, failed to use reasonable care. (Wrongful Death under CA Law, Gov. Code §815.2 (a) and California Common Law.
"[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

<u>Claim 3:</u> Battery – Defendant SILVA willfully and unlawfully used unreasonable, unjustified, unnecessary, and excessive deadly force against Garcia. (Under Cal. Govt. Code §820 and California Common Law).

**Claim 4:** Violation of Tom Bane Civil Rights Act – Defendant SILVA used objectively unreasonable lethal force against Mr. Garcia in deliberate interference for the exercise or enjoyment of his fundamental rights and freedoms. (Under Cal. Civil Code §52.1, 52 51.7 51.9)

The Galicia Plaintiffs bring these claims both as Mr. Garcia's successors in interest and seek survival damages under this claim, including pre-death pain and suffering and loss of life. Plaintiffs also seek punitive damages, attorney's fees, and a multiplier pursuant to Cal. Civil Code § 52 et seq.

### B) Elements required to establish each of Plaintiffs' claims.

Claim 1: Excessive use of Force

    i.    Estela Silva acted under color of Law ( Stipulated)

    ii.    Defendant SILVA used excessive force against Mr. Garcia

    iii.    The excessive force used by Defendant SILVA caused the death of Mr. Garcia.

***Source:*** *Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, Last Updated May 2023), No. 9.25 (modified); Mattos v. Agarano, 661 F.3d 433, 441-42 (9th Cir. 2011) (prioritizing the factors of Graham v. Connor, 490 U.S. 386 (1989)).*

Claim 2: Negligence Use of Deadly Force by a Peace Officer

    i.    Defendant Silva used deadly force against Mr. Garcia.

    ii.    Defendant Silva's use of deadly force was negligent.

    iii.    Mr. Garcia was injured – killed.

    iv.    Defendant's negligence was a substantial factor in causing Mr. Garcia's Death, and therefore his death was wrongful under law.

***Source:*** *Ninth Circuit Manual of Model Civil Jury Instructions §6.2, 6.3 (2017) & Judicial Council of California Civil Jury Instructions §400 (2024).*

Claim 3: Battery by Peace Officer

    i.    Defendant SILVA caused Mr. Garcia's body to be struck with fire gun bullets with intent to harm and or intent to kill.

    ii.    Defendant SILVA acts were not necessary to defend human life.

    iii.    Mr. Garcia was fatally harmed by defendant's SILVA conduct; and

    iv.    A reasonable person in Mr. Garcia's situation would have been harmed or offended with Defendant's intent to cause serious harm or death.

***Source:*** *Judicial Council of California Civil Jury Instructions §1300 (2024). Battery by Peace Officer (Deadly Force); Yount v. City of Sacramento, 43 Cal. 4th 885, 902 (2008); Munoz v. City of Union City, 120 Cal. App. 4th 1077, 1102 n.6 (2004).*

Claim 4: Violation of Tom Bane Civil Rights Act;

   i.   Defendant SILVA acted under color of law
   ii.  Defendant SILVA intended to deprive Mr. Garcia from his enjoyment
        of life and freedom which are interests protected by constitutional
        right. She did so acting violently against him shooting him to death.
   iii. Defendant SILVA's conduct was a substantial factor in causing the
        harm.

**Source:** *Judicial Council of California Civil Jury Instructions §3066 (2024)*.
See Reese v. County of Sacramento, 888 F.3d 1030 (9th Cir. 2018) (quoting
United States v. Reese, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the
defendants to have been 'thinking in constitutional or legal terms at the time of the
incidents, because a reckless disregard for a person's constitutional rights is
evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030
(9th Cir. 2018)).

**C) Brief description of Plaintiff's evidence in support of Plaintiffs'
    claims.**

   1. Testimony of Plaintiff Kevin Galicia
   2. Testimony of Plaintiff Wendy Galicia
   3. Testimony of Defendant Estela Silva
   4. Testimony of Tustin Police Officer Joshua Yuhas
   5. Testimony of Tustin Police Officer Hector Frias
   6. Testimony of Tustin Police Officer Taylor Babb
   7. Testimony of the responding Fire Department paramedics
   8. Testimony of the medical examiner
   9. Testimony of Expert Roger A Clark

10. Testimony of Expert Scott A. DeFoe

11. Testimony of Plaintiff C.G.

12. Testimony of Plaintiff Emily Garcia

13. Testimony of Rosalia Becerra (GAL)

14. Videos from the body-worn camera of the Officers involved in the Incident, including clips and stills

15. Photographs related to the Incident

16. Autopsy photograph

17. Incident Dispatch tape

18. Incident CAD event log

19. City of Tustin Police Department policies on the use of force, the use of Tasers, and handling situations involving mentally ill individuals

20. Paramedic records

21. Statement of funeral goods and services

22. Peace Officer Standards and Training ("POST") Learning Domain 20

23. Photos of Decedent with the Galicia Plaintiffs

24. Videos of the wedding of Decedent and Plaintiff Wendy Galicia

## D) ANTICIPATORY EVIDENTIARY ISSUES.

1. Motion in Limine No. 1 - To exclude any argument regarding Decedent's paternity of Plaintiff Kevin Josue Galicia Ramirez.

2. Plaintiff Wendy Galicia will appear to testify in person. As to Plaintiff Kevin Galicia we are in the Process of a Petition for a VISA for trial. In the event that we are unable to obtain the VISA, the Galicia Plaintiffs will file a motion for the Court to allow Plaintiff Kevin Galicia to testify remotely.

**E) ISSUES OF LAW**

1. Whether Defendant Estela Silva used excessive and unreasonable force.
2. Whether Defendant Estela Silva use of deadly force was not necessary to defend human life.
3. Whether Defendant Silva was negligent in this deadly shooting incident.
4. Whether Defendant Silva acted with reckless disregard for Mr. Garcia's right to be free from excessive use of force.
5. Whether Plaintiffs are entitled to recover punitive damages, and the amount of punitive damages for which Estela Silva shall be liable.
6. The amount of wrongful death damages.
7. And amount of survival damages.

**F) BIFURCATION OF ISSUES:** Galicia Plaintiffs submit that liability, compensatory damages, and all  issues subject to adjudication, should be all be tried in a single phase. [ One Trial ]

**G) TRIAL BY JURY:** The adjudicative proceedings of this matter are triable to a jury as a matter of right. A timely demand for a jury trial has been made.

**H) ATTORNEY FEES:**   Reasonable attorney's fees are respectfully requested pursuant to 42 U.S.C. §1988, as well as under state law pursuant to California Civil Code §52.1, §52 (The Bane Act), and §1021.5, *et seq*.

**I) ABANDONMENT OF ISSUES:** Plaintiffs do not abandon any of their remaining claims at this time.

1
2
3
4    Date 03/05/2026                       Respectfully Submitted by:
5                                       /S/ Jesus E. Arias
6                                     Jesus Eduardo Arias LL.M. Esq.
7                                     Attorney for Galicia Plaintiffs
8                                     Jearias@jesuseduardoarias.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28