Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
LAW OFFICES OF JESUS EDUARDO ARIAS
1150 S. Olive St. Floor 6th Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia, and
Kevin Galicia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al.<br>　　　　Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>　　　　Defendant(s) | **Case No:** 8:22-cv-00131 SPG KES<br><br>**GALICIA PLAINTIFFS' OPPOSITION TO DEFENSE MOTION TO BIFURCATE** |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>　　　　Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>　　　　Defendants | Trial Date: April 14, 2026<br>Time : 8:30 a.m.<br>Hon. Sherilyn Peace Garnett<br>United District Court Judge<br>Magistrate Karen E. Scott |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEY OF RECORD; PLEASE TAKE NOTICE that Plaintiffs WENDY LORENA GALICIA RAMIREZ and KEVIN GALICIA RAMIREZ by undersigned counsel, oppose.

## I. INTRODUCTION

Defendants seek to bifurcate this case into separate liability and damages phases, claiming judicial economy and avoidance of prejudice. However, Defendants' motion rests on flawed premises and mischaracterizes both the nature of the evidence and the minimal impact of interpreter's participation at trial. Further, the request for bifurcation conspicuously pre charges a Jury of being unable to follow the Court's Jury Instructions.

Bifurcation is neither necessary nor appropriate in this case and would, in fact, prejudice Plaintiffs by artificially severing their unified presentation of the case and potentially requiring witnesses to testify twice on overlapping issues.[1]

Trial is scheduled to commence on April 14, 2026, in this Court.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) permits a court to order separate trials for convenience, to avoid prejudice, or to expedite and economize. 42 (b). However, bifurcation is discretionary and should not be granted where it would create inefficiency, require duplicative testimony, or unfairly prejudice a party's presentation of their case. The party seeking bifurcation bears the burden of demonstrating that the requirements of the rule are satisfied.

---

[1] The Galicia Plaintiffs do not seek Punitive Damages in this matter. Thus, no need of any 2nd phase of this case is required.

## III.   ARGUMENT

**A) The court should deny Defendant's request for Bifurcation, because the motion at hand fails to provide sufficient basis to sustain a finding of prejudice to the moving party, or otherwise proper necessity consistent with FRCP 42 (b).**

Defendant contends that testimony from grieving family members will unduly prejudice the jury and distract them from the factual evidence regarding Officer Silva's conduct. This argument lacks merit for several reasons; first, it wrongfully assumes that the jury will not follow the Court's Jury Instructions. Thus there are no basis to support such speculative proposition. No law and no precedent support the Defendant's future trial assumption that the jury will decide all the issues of this matter, such as liability and damages, based only on their perception of the Plaintiffs' testimony.

On the contrary, Courts have recognized that the overlapping of these issues are basis not to grant the bifurcation. *Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99 (1992).*, *Miller v. Fairchild Indus., Inc., 885 F.2d 498 (9th Cir. 1989)*

Second, the Court possesses ample tools short of bifurcation to manage any legitimate concerns about the scope or presentation of the damages testimony. USCS Fed Rules Evid R 403. The Court can limit the duration of testimony, exclude cumulative evidence, provide appropriate limiting instructions to the jury etc.

These less drastic appropriate measures can address any concerns without the inefficiency and unfairness of bifurcation if applied to this matter.

The second stated reason for Defendant's motion refers purportedly to some sort of future delays caused by the use of an interpreter to translate for the Galicia Plaintiffs. This fails to meet the burden of judicial necessity to bifurcate for the following reasons as well.

a) An interpreter will not be required at each and every day of trial. Rather it will be only necessary when the plaintiffs Wendy Galicia, and Kevin Galicia, (wife and son of Decedent) testify at trial. [2]

b) As usual for any court proceedings of this nature, to the extend an interpreter is used for purposes to translate to either plaintiff, the interpretation does not require the interpreter to speak on the record, however, only to translate with a device to our client. Thus there is no delay in the proceedings in any way caused by participation of an interpreter.

c) There is no law, nor precedent that supports the proposition that participation of an interpreter sporadically during trial, could be the basis for the radical judicial process of bifurcation.

**B) Certain witnesses will necessarily testify on both liability and damages issues. If bifurcation would be granted, rather than facilitating the expedience of the process, it creates unnecessary burden on the court, to the jury and it is not in the interest of justice.**

Three percipient police officers whom Defendants identify as liability witnesses also possess critical evidence regarding damages, specifically as to survival damages related to the decedent's pre-death pain and suffering. These

---

[2] It is anticipated that Galicia Plaintiffs will not be present at all times of trial. Only for the times when they appear an interpreter will be used.

officers observed the decedent during the incident and in the moments before his death, their testimony regarding their perception is directly relevant to establish the nature and extent of the decedent's conscious pain and suffering prior to death.

If the case is bifurcated, the officers will need to testify twice: once during the liability phase regarding the circumstances of the shooting, and again during a damages phase regarding their observations of the decedent's suffering. This duplicative testimony not only wastes judicial resources and jury time rather than conserving it, but it creates confusion and uncertainty to the jury and their required time to serve. *Pinal Creek Group v. Newmont Mining Corp., 218 F.R.D. 652 (2003)*.

The Defendants' assumption that a liability-only phase could be completed promptly and efficiently is something that we actually agree. However not only liability but also the damages portion of this trial can be concluded promptly and efficiently. Without need any other second phase[s]. Adding a separate damages phase thereafter would likely result in a longer overall trial rather than a shorter unified case with all issues to adjudicate by the jury in a concise and organized customary court process. That is Opening, Evidence, Closing, Deliberation, Verdict.

Furthermore, the United States Court of Appeals for the Ninth Circuit has established that where the questions sought to be bifurcated are so interwoven that the one cannot be submitted to the jury independently of the other without confusion and uncertainty, bifurcation is unconstitutional. *Arthur Young & Co. v. United States Dist. Court, 549 F.2d 686, 687 (9th Cir. 1977)*

**C) Bifurcation is not being legitimately pursued by Defense for justifiable reasons. Instead, the disguised essence of this request seeks to prejudice plaintiffs by preventing them from presenting a complete and unified narrative of the matter that the jury needs to decide.**

Having addressed the lack of basis - prejudice to the Defense in presenting liability and damages in one trial to the jury, the question now is whether Bifurcation would result in prejudice to the plaintiffs. Galicia plaintiffs submit that it would, since it would impair their ability to present their case effectively. *Kansas v. Colorado, 1994 U.S. LEXIS 8986 (1994)*.

The court and all counsel are aware of how current times and circumstances of society make it more difficult than in the past, to have Jurors fully & readily available to serve in our court system.

Inevitably every jury trial now has issues in *voir dire* stage, where jurors struggle to accommodate to the trial schedule because of personal, medical, work, etc. reasons. The court and the parties should aim to present a case in the most expeditious and concise manner. Not in a prolonged and continued different phases' manner; separating the trial would result in undue delay, expense, inconvenience, and prejudice, and would ultimately interfere with efficient judicial administration. *Park Plaza Condo. Ass'n v. Travelers Indem. Co. of Am., No. CV 17-112-GF-JTJ, 2018 U.S. Dist. LEXIS 45613, at *8 (D. Mont. Mar. 20, 2018)*

Bifurcation of liability and compensatory damages in this case, would result in prejudice but exclusively to the Plaintiffs. The jury may be inclined to consider whether it is best to decide the case for the Defense in order <u>not to return</u> for any other week of more *or similar* evidence and for more deliberation. That situation of having jurors being forced to decide for one side for reasons other than the evidence, is a risk of miscarriage of justice that this court should not allow.

## V. CONCLUSION

Defendants have failed to meet their burden of demonstrating that bifurcation is necessary and appropriate under Federal Rule of Civil Procedure 42(b). USCS Fed Rules Civ Proc R 42. Bifurcation will not promote judicial economy but will instead create inefficiency by requiring duplicative testimony from witnesses who possess evidence relevant to both liability and damages. Bifurcation will not avoid unfair prejudice to Defendants but will prejudice Plaintiffs by preventing them from presenting a unified case to the jury. The Court possesses adequate tools short of bifurcation to manage the presentation of evidence and ensure a fair trial for all parties. In one single expeditious jury trial. For these reasons, the Plaintiffs respectfully request that this Court should deny Defendants' Motion to Bifurcate Liability from Damage Phase in its entirety.

Respectfully submitted,

Date 03/12/2026

Respectfully Submitted by:
/S/ Jesus E. Arias
Jesus Eduardo Arias LL.M. Esq.
Attorney for Galicia Plaintiffs
Jearias@jesuseduardoarias.com