Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
*Law Office of Jesus Eduardo Arias APC*
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia, and
Kevin  Galicia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al.<br>　　　　　Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>　　　　　Defendant(s)<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯<br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>　　　　　Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>　　　　　Defendants<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | **Case No:** 8:22-cv-00131 SPG KES<br><br>**PLAINTIFFS' OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 1 [ Exclude Expert's Testimony]**<br><br>Trial Date: April 14, 2026<br>Time : 8:30 a.m.<br>Hon. Sherilyn Peace Garnett<br>United States District Judge<br><br>Magistrate Karen E. Scott |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEY OF RECORD; PLEASE TAKE NOTICE that Plaintiffs WENDY LORENA GALICIA RAMIREZ and KEVIN GALICIA RAMIREZ by undersigned counsel, pursuant to

OPPOSITION TO DEFENSE MOTION IN LIMINE NO. 1

Federal Rules of Evidence 702, and this Court's inherent authority to control evidentiary proceedings,  hereby Oppose Defendant's Motion in Limine No. 1.

## I.    INTRODUCTION

Defendant's motion is overbroad, premature and not based on any law or good basis. Defendant's counsel appears to have personal reasons against Mr. Clark, based on unrelated matters not part of this docket, thus not relevant for court's review.

A motion in limine of expert testimony, asserting that such expert "*rambles*" or because in other proceedings courts have made other rulings impacting the scope of the witness testimony, -*in other cases*- does not support a request for blanket - orders in limine. Thus the motion should be denied.

Any concerns  by Defendant's counsel with respect to the witnesses' testimony should be addressed through the appropriate objections at trial, rather than granting  a premature one sided  blanket evidentiary improper motion.

## II.    LEGAL ARGUMENT

**A. Mr. Roger A. Clark is Qualified as an Expert to Opine on the Reasonableness of the use of force of the case at hand.**

The Courts have recognized that expert testimony on police policies, training, and professional standards of practice is admissible to help the jury assess whether the use of force was reasonable or not.  <u>Smith v. City of Hemet,</u> 394 F.3d 689 (2005).

Here, Defendants seek to essentially exclude the testimony of Mr. Clark, who is a well known recognized expert in police practices and the use of force, with approximately 50 years of experience. His experience which originated within the Los Angeles County Sheriff's Department, is the basis that many Courts have consistently upheld the admissibility of his testimony in police practice cases.

As established in Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005), such testimony is admissible when it is grounded in the expert's experience as a police officer and familiarity with training and police practice's standards.

Furthermore, California district courts have affirmed that Mr. Clark's testimony and expertise is relevant regarding police practices, and for the evaluation of the reasonableness of the force used. *Godinez v. Huerta, No. 16-cv-0236-BAS-NLS, 2018 U.S. Dist. LEXIS 73623, at \*7-8 (S.D. Cal. May 1, 2018)*

The admissibility of Mr. Clark's testimony is therefore clearly supported by Rule 702. The Rules acknowledge that "the measure of intellectual rigor will vary by the field of expertise." However, nothing in the law provides support for Defense's request to proceed with the exclusion of testimony *a priori* of trial.

The Defense appears to recognize the expertise of Mr. Clark; thus, they do not argue for his inadmissibility. Rather the Defendants seek to obtain a blanket court - form of protection, by having the court issuing a custom designed and convenient evidentiary order. This in order to advance their particular interests and goals at trial. The request is not supported by the law, and it would only result in prejudicial effects to one set of the litigants before the trial proceedings commence. This in addition to confusion to the jury and all counsel. The court should decline to follow such path.

Finally, in Valtierra v. City of L.A., 99 F. Supp. 3d 1190, 1197 (C.D. Cal. 2015) Mr. Clark provided opinions concerning the appropriateness of force used in light of the training received by the defendant officers. The Court there determined that [h]is insights into whether the decedent's behavior justified the use of physical force, are very well within his areas of expertise. Valtierra v. City of L.A.

All cases cited by Defense support Mr. Clarks' qualifications. Thus, the motion should be denied, and the parties shall have the right to any applicable objections to form as provided by law.

**B. Courts have ruled that Mr. Roger A. Clark can testify regarding the tactics and force used by non-Defendant officers.**

Mr. Clark is an expert with more than 50 years of experience in law enforcement. He holds a California Peace Officer Standards and Training ("POST") Advanced Certificate and has graduated from the POST Command College. His extensive experience has led multiple courts to recognize that Mr. Clark is indeed qualified as expert in police training standards and policies. For instance, in <u>Day v. Cnty. of Contra Costa,</u> No. C 07-4335 PJH, 2008 U.S. Dist. LEXIS 93487 (N.D. Cal. Nov. 10, 2008), the court states as follow:

> "Mr. Clark's CV and Rule 26 report establish that he is generally qualified to testify as to police procedures." The absence of published materials did not impact his qualifications." <u>Day v. Cty Contra Costa</u>

The court in <u>Godinez v. Huerta,</u> Case No. 16-cv-0236-BAS-NLS (Southern District Court of California),  similarly affirmed that Mr. Clark's background as a police officer and familiarity with police practices and training qualifies him as an expert in these matters, despite Defense's attempt to criticize Mr. Clark's expertise for not having publishing experience in this field.

> "Defendant contends make Mr. Clark's testimony generally unreliable are in fact his experience regarding police training standards and policies. Mr. Clark is a twenty-seven-year veteran of the Los Angeles County Sheriff's Department, who retired in 1993 holding a California Peace Officer Standards and Training ("POST") Advanced Certificate and having graduated the POST Command College. (Clark Report at 19.) This experience has led other courts to find that Mr. Clark is

qualified as an expert in police training standards and policies". See, e.g., Day v. Cty. of Contra Costa, No. C 07-4335 PJH, 2008 U.S. Dist. LEXIS 93487, 2008 WL 4858472, at *20 (N.D. Cal. Nov. 10, 2008).

"Mr. Clark's CV and Rule 26 report establish that he is generally qualified to testify as to police procedures. The court does not find the lack of published books or other materials to be significant."); Baldauf, 2007 U.S. Dist. LEXIS 53925, 2007 WL 2156065, at *6. The Court similarly finds that Mr. Clark's experience as a police officer and with police practices and training qualifies him as an expert in such matters. *Supra*

Furthermore, in the 9th circuit court it is long established that an expert can opine on the appropriateness of specific tactics, such as the use of a firearm versus a Taser, in order to assist the jury in evaluating the officer's actions. *Hughes v. Kisela, 862 F.3d 775 (2017)*.

Mr. Clark both in his report and on deposition testimony does not attempt in any way to state the law, correctly or otherwise; rather, Mr. Clark is opining that, in light of the objective reasonable standard of care applicable to the defendant officer, the circumstances did not justify the use of lethal force. And Mr. Clark is qualified to provide such an opinions. Valtierra v. City of L.A., 99 F. Supp. 3d 1190, 1197 (C.D. Cal. 2015)

**C. Testimony on the Use of Taser, Pepper Spray and or any less lethal force is permitted when the testimony rests on the pre-shooting tactics.**

Defendants contend that Mr. Clark is unqualified to testify in anything regarding tasers and pepper spray. However, what the Courts have clarified, in the very same cases cited by the Defense, is that Mr. Clark *can* opine on the appropriateness of use of these tools as they pertain to law enforcement standards. See Valtierra v. City of L.A., 99 F. Supp. 3d 1190, 1197 (C.D. Cal. 2015). In Valtierra, the Court noted as follow;

> "Clark may opine on whether tasers may cause bodily injury and when taser deployment is an appropriate use of force," provided that his testimony is rooted in his expertise in POST and other law enforcement standards". Valtierra at 1197.

Unlike argued by Defendants, the Courts have actually permitted Mr. Clark to testify on the use of taser and pepper spray as pre-shooting tactics. What Courts have been wary of; is allowing Mr. Clark to opine on medical matters such as the effects these strategies have on the human body.

Here, Mr. Clark obviously will not be asked by counsel to testify about any medical consequences of any taser application to a human being (such as to the decedent), nor he will provide expert knowledge testimony regarding the taser product itself. However, the use of taser along with any other less lethal device [s] is pertinent to his analysis whether lethal force was necessary. And that is allowed under the law.

Thus, Defendants' disproportionate request to exclude any testimony of Clark regarding taser is inappropriate and unsupported by law. It should be denied.

**D. The use of a motion in limine to try to prevent a witness from testifying at all in substance areas is a misuse of the motion.**

The Motions in Limine are designed to exclude evidence from trial that is inherently prejudicial, irrelevant or that does not comply with scientific standards. The Defense has failed to prove either of these and yet relies solely on the fact that according to counsel, Mr. Clark tends to *"ramble"*. However, as stated in Daubert, *"Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."* Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993).

Similarly, in United States v. Holguin, the court reiterated that Rule 702 provides district courts with broad latitude to structure proceedings concerning expert testimony, emphasizing that challenges to expert testimony can be addressed through various mechanisms, including voir dire and cross-examination at trial, rather than exclusively through pretrial motions such as motions in limine. United States v. Holguin, 51 F.4th 841 (2022).

Additionally, in *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, the court reflects on the scope or reliability of expert testimony are best addressed during trial through adversarial processes, rather than pretrial exclusion. Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960 (2013), Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 709 F.3d 872 (2013).

Finally, in Elosu v. Middlefork Ranch Inc., 26 F.4th 1017 (2022). the court clarified that the role of the trial court is to act as a gatekeeper to ensure expert testimony meets the thresholds of relevance and reliability. While recognizing that challenges to the weight or credibility of the testimony are within the province of the jury and should be addressed through cross-examination and competing evidence, not by excluding the testimony preemptively . Elosu v. Middlefork Ranch Inc., 26 F.4th 1017 (2022).

Here, the Defendant has failed to prove that the Testimony of expert Mr. Clark is prejudicial to the Defendants or to the case; they have no reasons whatsoever to exclude the testimony nor to prevent the Jury from evaluating it at trial, the only evidentiary issue here is the conspicuous dislike of Defendant's counsel against Mr. Clark and his expert's profile and opinions.

### III.   CONCLUSION

For all of above, the Defendant's Motion in Limine No. 1 should be denied.

Date 03/18/2026                          Respectfully Submitted by:
                                          /S/ Jesus E. Arias
                                         Jesus Eduardo Arias LL.M. Esq.
                                          Attorney for Galicia Plaintiffs
                                          Jearias@jesuseduardoarias.com