LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Luis A. Carrillo, Esq. (SBN 70398)
Lac4Justice@gmail.com
Michael S.Carrillo, Esq. (SBN 258878)
mc@carrillofirm.com
CARRILLO LAW FIRM, LLP
1499 Huntington Dr., Suite 402
South Pasadena, CA 91030
Tel:   (626) 799-9375
Fax:   (626) 799-9380

*Attorneys for Plaintiffs*, EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA and C.G., by and through
her guardian ad litem, Rosala Becerra,
individually and as successors-in-interest
to LUIS GARCIA (Garcia Plaintiffs),

Plaintiffs,

vs.

CITY OF TUSTIN and ESTELA
SILVA,

Defendants.

Case No. 8:22-cv-00131-SPG-KES

*Consolidated with*
Case No. 8:22-cv-01619-SPG-KES

Assigned to:
*District Judge Sherilyn Peace Garnett*
*Magistrate Judge Karen E. Scott*

**GARCIA PLAINTIFFS' AMENDED[1] OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE**

---

[1] Plaintiffs are filing this amended opposition to indicate dismissal of punitive damages.

-1-
PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises from the use of deadly force by Officer Estela Silva ("Silva") of the Tustin Police Department against Luis Garcia ("Decedent") on August 9, 2021. Plaintiffs request that this Court deny Defendants' Motion and conduct the trial in a single phase. Contrary to Defendants' assertions in their Motion, Defendants will not suffer any prejudice if the liability is not bifurcated from compensatory damages. Rather, it is Plaintiffs who would suffer prejudice if compensatory damages were bifurcated into a separate phase from liability. Crucially, bifurcating compensatory damages runs the risk that the jury may be tempted to render a defense verdict simply in order to avoid a second phase of trial.

Also contrary to Defendants' arguments, judicial economy does not favor having two trials instead of one. In this case, neither side has retained any expert witnesses on damages, and cause of death is not at issue. The only witnesses who will testify solely with respect to damages are the four Plaintiffs, and Plaintiffs' counsel anticipates that their testimonies will be very brief, approximately fifteen to twenty minutes each. Plaintiffs also intend to call the medical examiner, a paramedic, and three percipient witness officers to testify on issues that go toward both liability and damages, and it certainly would not be efficient or in the interest of judicial economy to call those witnesses to testify twice in this trial. Likely, it would consume more Court time to finalize two separate verdict forms, bring the jury in and out for two separate phases, present additional closing arguments on damages, read the jury separate damages instructions, and send the jury back for a second round of deliberations than it would to conduct the entire presentation on damages.

//

-2-

## II. ARGUMENT

### A. DEFENDANTS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT BIFURCATION AT TRIAL IS WARRANTED BASED ON THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE CASE.

"A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (quoting *Miller v. Am. Bonding Co.*, 257 U.S. 304, 307 (1921)). The Ninth Circuit has not favored bifurcating compensatory damages from liability absent extraordinary or unusual circumstances. *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498 (9th Cir. 1989) (separate trials of liability and damages issues would tend to create "confusion and "uncertainty"); *United Air Lines, Inc. v. Wiener*, 286 F.2d 302, 302 (9th Cir. 1961) (damages and liability issues "were not so distinct and separable that separate trial of damages issues could be had without injustice").

Here, Defendants, as the moving parties, bear the burden of demonstrating why bifurcation of the action is appropriate. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *DeVito v. Barrant*, 2005 WL 2033722 at 11 (E.D.N.Y. 2005). Generalized assertions will not suffice. Defendants must make a detailed offer of proof which indicates the need for bifurcation. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990). Defendants' Motion makes no such showing. Instead, Defendants argue in conclusory fashion that the Court should bifurcate trial into two phases to (1) promote judicial economy; and (2) to minimize

the risk of undue prejudice to Officer Silva. *See* Defs.' Mot. at 4:18-22 (Dkt. 111). As explained below, neither of these justifications warrants bifurcation in this case.

Defendants' argument that bifurcation will promote judicial economy because the testimony of all four plaintiffs will require a full additional day of trial is not accurate. Plaintiffs certainly do not intend to put on a full day of testimony on damages. The only witnesses who will testify solely with respect to damages are the four Plaintiffs[2]. Plaintiffs' counsel anticipates that their testimonies will be very brief, approximately fifteen to twenty minutes each. The only way that the damages presentation would take a full day is if the trial were bifurcated. In the event that this trial were bifurcated, Plaintiffs may need to call the medical examiner the paramedic, and three percipient witness officers back to the stand to testify with respect to Decedent's pre-death pain and suffering, which goes to survival damages. Testimony by these witnesses will have significant overlap between liability and damages and would be duplicative if the trial were bifurcated.

This is not a case where trying damages apart from liability is necessary based on extraordinary or unusual circumstances, such as, for example, cases where it makes sense not to put multiple defendants "through the expense and difficulty of a complicated allocation proceeding without knowing precisely which parties will face financial responsibility. . ." *Pinal Creek Group v. Newmont Mining Corp.*, 218 F.R.D. 652, 655 (D. Ariz. 2003). Here, Officer Silva is the only individual defendant. The damages issues in this case are not complicated or time consuming in a way that would justify bifurcation of compensatory damages into a separate phase, including because cause of death is not at issue.

---

[2] Plaintiffs have put the guardian ad litem, Ms. Becerra, on the witness list in the event that her testimony becomes necessary, but Plaintiffs do not presently intend to call her to testify at trial.

PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE

## B. DEFENDANTS WOULD NOT SUFFER PREJUDICE IF THE CASE WERE NOT BIFURCATED.

Additionally, Defendants have not shown there is any specific risk of undue prejudice to Officer Silva, aside from generalized assertions that the "grieving testimony of non-percipient family members" would somehow distract, confuse or unduly influence the jury. Defs' Mot. at 4:22-23, 5:1-4 (Dkt. 111). Defendants do not specifically state how Plaintiffs' testimony and the testimony of minor C.G.'s guardian ad litem would distract, confuse or unduly influence the jury, or how such testimony would unduly prejudice Officer Silva. As with any wrongful death case, this case inherently has emotional elements. The multiple gunshot wounds will be discussed during the liability presentation at trial. That the violent shooting death of Decedent captured on video, may evoke a sympathetic response from jurors, does not establish prejudice to Defendants.

Because Defendants have failed meet their burden, their motion should be denied[3].

## C. BIFURCATION OF LIABILITY AND DAMAGES WOULD PREJUDICE PLAINTIFFS.

One of the factors for this Court to consider in ruling on Defendants' motion for separate trials under Federal Rule of Evidence, 42(b) includes "whether the party opposing the severance will be prejudiced if it is granted." The clear prejudice to Plaintiffs of bifurcating compensatory damages from liability is that the jury will be tempted to render a defense verdict simply in order to avoid a second phase of trial. Jury duty can have significant financial and personal hardship, and Plaintiffs have a valid concern that if compensatory damages are bifurcated from liability, then jurors

---

[3] Plaintiffs also note that Defendants' motion requesting bifurcation was filed on March 5, 2026, one day after the deadline to file motions in limine.

PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE LIABILITY FROM DAMAGE PHASE

may feel pressured to render a defense verdict for self-motivated reasons rather than based on the evidence and the law. Further, as indicated above, trying this case in two separate phases would cause Plaintiffs—as well as this Court—to incur additional time and expense.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' motion to bifurcate the phases of the trial and instead conduct the trial in a single phase. Although Plaintiffs contend that liability and compensatory damages should be tried in a single phase for each of the foregoing reasons, Plaintiffs are open to revisiting the idea of bifurcation of liability from compensatory damages if the Court is inclined to admit evidence that is extremely prejudicial to Plaintiffs and which the Court determines is relevant only to damages, such as Decedent's criminal history and/or drug use. *See* Plaintiffs' Motions in Limine Nos. 1 and 2 (Dkt. 103, 106); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016) (holding that it is an abuse of discretion for the trial court to admit inflammatory evidence of the plaintiff's/decedent's background unknown to defendants, and that if such evidence is relevant and admissible to damages, the required remedy is bifurcation between liability and damages).

DATED: March 18, 2026

LAW OFFICES OF DALE K. GALIPO

By:   *s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
Attorneys for Garcia Plaintiffs