Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest, <br><br> Plaintiff(s), <br> vs. <br><br> CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive, <br> Defendant(s) <br><br> Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES <br><br> Assigned to: <br> *District Judge Sherilyn Peace Garnett* <br> *Magistrate Judge Karen E. Scott* <br><br> **JOINT AGREED UPON JURY INSTRUCTIONS (REDLINED)** <br><br> FPTC: April 1, 2026 <br> Trial: April 14, 2026 |

**1**

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**PLEASE TAKE NOTICE** that the Parties hereby submit the following Joint Agreed Upon [Proposed] Jury Instructions for the Trial of this matter.  The redlined portions reflect the changes to the model instructions.


DATED: March 18, 2026                    **JESUS EDUARDO ARIAS ESQ., LL.M.**

                                By:   */s/ Jesus Eduardo Arias*
                                Jesus Eduardo Arias, Esq.
                                *Attorney for Plaintiffs* Wendy Lorena
                                Galicia Ramirez and Kevin Josue Galicia
                                Ramirez in related case No. 8:22-cv-01619-
                                SPG-KES

DATED: March 18, 2026                    **JONES-MAYER**

                                By:   */s/ Bruce D. Praet*
                                Bruce D. Praet
                                *Attorneys for City of Tustin and Estella
                                Silva*

DATED: March 18, 2026                    **LAW OFFICES OF DALE K. GALIPO**
                                **CARRILLO LAW FIRM, LLP**
                                By:  */s/ Renee V. Masongsong*
                                Luis A. Carrillo
                                Michael S. Carrillo
                                Dale K. Galipo
                                Renee V. Masongsong
                                *Attorneys for Plaintiffs* Emily Garcia and C.G.

**2**

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| **Opening Instructions** | | | |
| 1. | Duty of Jury | 9th Cir. 1.2 | 5 |
| 2. | Outline of Trial | 9th Cir. 1.21 | 6 |
| 3. | Claims and Defenses | 9th Cir. 1.5 | 7 |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.6 | 8 |
| 5. | What is Evidence | 9th Cir. 1.9 | 9 |
| 6. | What is Not Evidence | 9th Cir. 1.10 | 10 |
| 7. | Direct and Circumstantial Evidence | 9th Cir. 1.12 | 11 |
| 8. | Ruling on Objections | 9th Cir. 1.13 | 12 |
| 9. | Credibility of Witness | 9th Cir. 1.14 | 13 |
| 10. | Conduct of Jury | 9th Cir. 1.15 | 15 |
| 11. | No Transcript Available to Jury | 9th Cir. 1.17 | 17 |
| 12. | Taking Notes | 9th Cir. 1.18 | 18 |
| 13. | Questions to Witnesses By Jurors | 9th Cir. 1.19 | 19 |
| 14. | Bench Conferences and Recesses | 9th Cir. 1.20 | 20 |
| 15. | Expert Opinion | 9th Cir. 2.13 | 21 |
| 16. | Stipulations of Fact | 9th Cir. 2.2 | 22 |

**3**

| | **Claims** | | |
|---|---|---|---|
| 17. | Section 1983 Claim – Introduction Instruction | 9th Cir. 9.1 | 23 |
| 18. | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | 9th Cir. 9.3 | 24 |
| 19. | Excessive Force | 9th Cir. 9.25 | 25 |
| 20. | Battery by Peace Officer (Deadly Force) | CACI 1305B | 27 |
| 21. | Negligent Use of Deadly Force by Peace Officer | CACI 441 | 30 |
| 22. | Comparative Fault of Decedent | CACI 401, 407 | 33 |
| 23. | Causation – Substantial Factor | CACI 430 | 34 |
| 24. | Damages | 9th Cir. 5.1, 5.2; CACI 3921 | 35 |
| | **Closing Instructions** | | |
| 25. | Duty of Jury | 9th Cir. 1.4 | 37 |
| 26. | Duty to Deliberate | 9th Cir. 3.1 | 38 |
| 27. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.2 | 39 |
| 28. | Communication with Court | 9th Cir. 3.3 | 41 |
| 29. | Readback or Playback | 9th Cir. 3.4 | 42 |
| 30. | Return of Verdict | 9th Cir. 3.5 | 43 |

4

**COURT'S INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.2 (2025 Ed.).

**5**

**COURT'S INSTRUCTION NO. 2**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 1.21 (2025 Ed.),.

**6**

## COURT'S INSTRUCTION NO. 3

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of the fatal officer-involved shooting of Luis Garcia by Tustin police officer Estela Silva, which took place in the City of Tustin on August 9, 2021.

The Plaintiffs are Emily Garcia, C.G., Kevin Galicia and Wendy Galicia.  The Plaintiffs claim that Officer Silva used excessive and unreasonable deadly force against Luis Garcia and was negligent. The Plaintiffs are seeking damages as permitted by law.

The defendants in this case are the City of Tustin and Estela Silva. Defendants contend that the use of force against decedent Luis Garcia was reasonable under the totality of the circumstances and that Luis Garcia was comparatively negligent.

Authority: Ninth Circuit Manual of Model Jury Instructions, No. 1.5 (2025 Ed.).

**COURT'S INSTRUCTION NO. 4**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.6 (2025 Ed.).

**8**

**COURT'S INSTRUCTION NO. 5**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consist of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.9 (2025 Ed.).

## COURT'S INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.10 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.12 (2025 Ed.).

**11**

## COURT'S INSTRUCTION NO. 8

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit may be received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means when you are deciding the case, you must not consider the evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 1.13 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

**13**

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 1.14 (2025 Ed.).

**14**

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 10

## CONDUCT OF JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it [,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.15 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 11

### NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 1.17 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 12**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.18 (2025 Ed.).

Joint agreed upon [proposed] Jury Instructions

# COURT'S INSTRUCTION NO. 13

## QUESTIONS TO WITNESSES BY JURORS

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 1.19 (2025 Ed.).

**19**

## COURT'S INSTRUCTION NO. 14

### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit No. 1.20 (2025 Ed.).

## COURT'S INSTRUCTION NO. 15

### EXPERT OPINION

You will hear testimony from Robert Handy, Roger Clark, and Scott DeFoe, who will testify about their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Authority:</u> Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.13 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 16

## STIPULATIONS OF FACT

The Parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

1.  The shooting occurred on August 9, 2021.

2.  Mr. Garcia died as result of the shooting.

3.  At the time of the incident, Officer Silva was acting under the color of state law.

4.  At the time of the incident, Officer Silva was acting in the course and scope of her employment with the City of Tustin.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit, No. 2.2 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 17**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiffs bring one of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: Manual of Model Jury Instructions for the Ninth Circuit No. 9.1 (2025 Ed.).

**23**

**COURT'S INSTRUCTION NO. 18**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against Officer Silva, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.  Officer Silva acted under color of state law; and

2. Officer Silva deprived Luis Garcia and/or Plaintiffs of their rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties have stipulated that Officer Silva was acting under color of state law.

If you find that Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under Instructions ___, your verdict should be for Plaintiffs on this claim.  If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Officer Silva on that claim.

Authority: Manual of Model Jury Instructions for the Ninth Circuit, No. 9.3 (2025 Ed.).

**24**

**COURT'S INSTRUCTION NO. 19**

**FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON— EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending herself and/or others [and] [or] in attempting to stop a fleeing or escaping suspect]. Therefore, to establish an unreasonable seizure by excessive force in this case, the Plaintiffs must prove by a preponderance of the evidence that Officer Silva used excessive force.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Officer Silva are relevant to your inquiry, Officer Silva's subjective intent or motive is not relevant to your inquiry.

In determining whether Officer Silva used excessive force in this case, consider all of the circumstances known to Officer Silva at the time of the incident, including:

1.    The nature of the circumstances known to Officer Silva at the time the force was applied;

2.    Whether Luis Garcia posed an immediate threat of death or serious bodily injury to Officer Silva or to others;

3.    Whether Luis Garcia was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time Officer Silva had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

**25**

5.      The relationship between the need for the use of force and the amount of force used;

6.      The extent of Luis Garcia's injury;

7.      Any effort made by the officer to temper or to limit the amount of force;

8.      The severity of the security problem at issue;

9.      The availability of alternative methods to take Luis Garcia into custody;

10.     The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11.     Whether it was practical for Officer Silva to give warning of the imminent use of force, and whether such warning was given;

~~Whether the officers were responding to a domestic violence disturbance~~

12.     Whether it should have been apparent to Officer Silva that Luis Garcia was emotionally disturbed;

13.     Whether a reasonable officer would have or should have accurately perceived a mistaken fact.

~~Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm; and]~~

~~["Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.] [and]~~

Authority:  Ninth Circuit Manual of Model Jury Civil Instructions, No. 9.27 (2025 Ed.).

**26**

## COURT'S INSTRUCTION NO. 20

## BATTERY BY PEACE OFFICER (DEADLY FORCE)

A peace officer may use deadly force only when necessary in defense of human life. Plaintiffs claim that Officer Silva unnecessarily used deadly force against Luis Garcia. To establish this claim, Plaintiffs must prove all of the following:

1.      That Officer Silva intentionally shot Luis Garcia;

2.      That Officer Silva used deadly force against Luis Garcia;

3.      That Officer Silva's use of deadly force was not necessary to defend human life;

4.      That Luis Garcia was harmed and/or killed; and

4.      That Officer Silva's use of deadly force was a substantial factor in causing Luis Garcia's harm and/or death.

Officer Silva's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Silva at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Silva or to another person.

[to apprehend a fleeing person for a felony, when all of the following conditions are present:

i. The felony threatened or resulted in death or serious bodily injury to another;

ii. [Name of defendant] reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

iii. If practical under the circumstances, [name of defendant] made reasonable efforts to identify [himself/herself/nonbinary pronoun] as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.]

[A peace officer must not use deadly force against persons based only on the danger

~~those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.]~~

A person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Silva and Luis Garcia leading up to the use of deadly force.  In determining whether Officer Silva's use of deadly force was necessary in defense of human life, you must consider Officer Silva's tactical conduct and decisions before using deadly force on Luis Garcia and whether Officer Silva used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Officer Silva knew or had reason to know that Luis Garcia was suffering from a physical, mental health, developmental, or intellectual disability that may have affected his ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat.  A peace officer

does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance.  A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

Authority: Judicial Council of California Civil Jury Instructions ("CACI") 1305B (2025 Ed.).

**29**

## COURT'S INSTRUCTION NO. 21

## NEGLIGENT USE OF DEADLY FORCE BY PEACE OFFICER—

## ESSENTIAL FACTUAL ELEMENTS

A peace officer may use deadly force only when necessary in defense of human life.  Plaintiffs claim that Officer Silva was negligent in using deadly force against Luis Garcia. To establish this claim, Plaintiffs must prove all of the following:

1.  That Officer Silva was a peace officer;

2.  That Officer Silva used deadly force against Luis Garcia;

3.  That Officer Silva's use of deadly force was not necessary to defend human life;

4.  That Luis Garcia was harmed and/or killed; and

5.  That Officer Silva's use of deadly force was substantial factor in causing Luis Garcia's harm and/or death.

Officer Silva's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Silva at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Silva or any other person.

[to apprehend a fleeing person for a felony, when all of the following conditions are present:

i. The felony threatened or resulted in death or serious bodily injury to another;

ii. [Name of defendant] reasonably believed that the person fleeing would cause death or serious bodily injury to another unless immediately apprehended; and

iii. If practical under the circumstances, [name of defendant] made reasonable efforts to identify [himself/herself/nonbinary pronoun] as a peace officer and to warn that deadly force would be used, unless the officer had objectively reasonable grounds to believe the person is aware of those facts.]

[A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.]

A person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

"Totality of the circumstances" means all facts known to or perceived by Officer Silva at the time of the shooting, including the conduct of Officer Silva and Luis Garcia leading up to the use of deadly force. In determining whether Officer Silva's use of deadly force was necessary in defense of human life, you must consider Officer Silva's tactical conduct and decisions before using deadly force against Luis Garcia and whether Officer Silva used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer. You must also consider whether Officer Silva knew or had reason to know that the person against whom she used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officers.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist.

31

Tactical repositioning or other de-escalation tactics are not retreat.  A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance.

Authority: CACI 441 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 22**

**COMPARATIVE FAULT OF DECEDENT**

Defendants claim that Luis Garcia's own negligence contributed to his death. To succeed on this claim, Defendants must prove both of the following:

1. That Luis Garcia was negligent; and,

2. That Luis Garcia's negligence was a substantial factor in causing his death.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

If Defendants prove the above, plaintiffs' damages on the negligence claim are reduced by your determination of the percentage of Luis Garcia's responsibility. I will calculate the actual reduction.

Authority: CACI 401 and 407 (2025 Ed.) (Modified).

**33**

## COURT'S INSTRUCTION NO. 23

## CAUSATION – SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Source</u>: CACI 430 (2025 Ed.).

## COURT'S INSTRUCTION NO. 24

### DAMAGES

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and/or Luis Garcia for any injury you find was caused by the defendants.

You should consider the following as to Luis Garcia's damages:

1.  The nature and extent of the injuries;

2.  Luis Garcia's loss of life and loss of enjoyment of life; and

3.  The mental, physical, and emotional pain and suffering experienced prior to his death.

You should consider the following as to the Plaintiffs' damages:

1.  The loss of Luis Garcia's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

2.  Funeral and burial expenses;

In determining Plaintiffs' loss, do not consider:

1.  Plaintiffs' grief, sorrow or mental anguish;

2.  The pain and suffering of Luis Garcia;

3.  The poverty or wealth of Plaintiffs.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Manual of Model Jury Civil Instructions Nos. 5.1, 5.2; CACI 3921 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 25

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Civil Jury Instructions for the Ninth Circuit 1.4 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 26**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.1 (2025 Ed.).

**38**

## COURT'S INSTRUCTION NO. 27

## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence

**39**

that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions No. 3.2 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 28

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote county or otherwise, until after you have reached a unanimous verdict or have been discharged.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 3.3 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 29

## READBACK OR PLAYBACK

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions 3.4 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS

**COURT'S INSTRUCTION NO. 30**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

<u>Authority</u>:  Ninth Circuit Manual of Model Civil Jury Instructions 3.5 (2025 Ed.).

JOINT AGREED UPON [PROPOSED] JURY INSTRUCTIONS