LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Garcia Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**DISPUTED JURY INSTRUCTIONS (CLEAN)**<br><br>Pretrial Conference: April 1, 2026<br>Trial:    April 14, 2026 |

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** the Parties hereby submit their proposed Disputed Jury Instructions. The Parties reserve their right to amend this set of instructions.

DATED: March 18, 2026          **JESUS EDUARDO ARIAS ESQ., LL.M.**

By: */s/ Jesus Eduardo Arias*
Jesus Eduardo Arias, Esq.
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez in related case No. 8:22-cv-01619-SPG-KES

DATED: March 18, 2026          **JONES-MAYER**

By: */s/ Bruce D. Praet*
Bruce D. Praet
*Attorneys for City of Tustin and Estella Silva*

DATED: March 18, 2026          **LAW OFFICES OF DALE K. GALIPO**
                                    **CARRILLO LAW FIRM, LLP**

By: */s/ Renee V. Masongsong*
Luis A. Carrillo
Michael S. Carrillo
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

2
DISPUTED JURY INSTRUCTIONS

**INDEX**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1. | Bane Act | CACI No. 3066 (2023 Ed.); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). | 4 |
| 2. | Vicarious Liability | CACI 3703 | 6 |

# COURT'S INSTRUCTION NO. 1

## BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)

## (PROPOSED BY PLAINTIFFS)

Plaintiffs claim that Officer Silva intentionally interfered with Luis Garcia's civil rights by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1.  That Officer Silva used excessive force against Luis Garcia;

2.  That Officer Silva intended to deprive Luis Garcia of his constitutional right to be free from excessive force, which is demonstrated by a reckless disregard for Mr. Garcia's constitutional right to be free from excessive force;

3.  That Luis Garcia was harmed, and

4.  That Officer Silva's conduct was a substantial factor in causing Luis Garcia's harm.

Authority: CACI No. 3066; *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).

4

DISPUTED JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 1
## BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)
## (PROPOSED BY DEFENDANTS)

Plaintiffs claim that Officer Silva intentionally interfered with Luis Garcia's civil rights by using excessive force against him.

To establish this claim, Plaintiffs must prove all of the following:

1. That Officer Silva used excessive force against Luis Garcia in violation of his constitutional rights;

2. That Officer Silva intended to deprive Luis Garcia of his constitutional right to be free from excessive force;

3. That Luis Garcia was harmed, and

4. That Officer Silva's conduct was a substantial factor in causing Luis Garcia's harm.

Authority: CACI No. 3066 (2024 Ed.)

5

DISPUTED JURY INSTRUCTIONS

## COURT'S INSTRUCTION NO. 2

## VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED

## (PROPOSED BY PLAINTIFFS)

In this case, Officer Silva was an employee of the City of Tustin.

If you find that Officer Silva was acting within the scope of her employment when the incident occurred, then the City of Tustin is responsible for any harm caused by Officer Silva's wrongful conduct.

The parties have stipulated that Officer Silva was acting within the scope of her employment during this incident.

Authority:  CACI 3703, (2025 Ed.).

DISPUTED JURY INSTRUCTIONS