LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Garcia Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**DISPUTED JURY INSTRUCTIONS (REDLINED)**<br><br>Pretrial Conference: April 1, 2026<br>Trial:   April 14, 2026 |

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

> **PLEASE TAKE NOTICE THAT** the Parties hereby submit their proposed Disputed Jury Instructions. The Parties reserve their right to amend this set of instructions.

DATED: March 18, 2026      **JESUS EDUARDO ARIAS ESQ., LL.M.**

By: */s/ Jesus Eduardo Arias*
Jesus Eduardo Arias, Esq.
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez in related case No. 8:22-cv-01619-SPG-KES

DATED: March 18, 2026      **JONES-MAYER**

By: */s/ Bruce D. Praet*
Bruce D. Praet
*Attorneys for City of Tustin and Estella Silva*

DATED: March 18, 2026      **LAW OFFICES OF DALE K. GALIPO**
**CARRILLO LAW FIRM, LLP**

By: */s/ Renee V. Masongsong*
Luis A. Carrillo
Michael S. Carrillo
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

**INDEX**

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 1. | Bane Act | CACI No. 3066 (2023 Ed.); *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). | 4 |
| 2. | Vicarious Liability | CACI 3703 | 6 |

**COURT'S INSTRUCTION NO. 1**

**BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

**(PROPOSED BY PLAINTIFFS)**

Plaintiffs claim that Officer Silva intentionally interfered with Luis Garcia's civil rights by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1. That Officer Silva used excessive force against Luis Garcia;

2. That Officer Silva intended to deprive Luis Garcia of his constitutional right to be free from excessive force, which is demonstrated by a reckless disregard for Mr. Garcia's constitutional right to be free from excessive force;

3. That Luis Garcia was harmed, and

4. That Officer Silva's conduct was a substantial factor in causing Luis Garcia's harm.

Authority: CACI No. 3066; *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).

4

DISPUTED JURY INSTRUCTIONS

Statement of Parties' Dispute:

Plaintiffs' Statement

Plaintiffs contend that their proposed Bane Act instruction is supported by relevant caselaw.  The Ninth Circuit in *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) stated, "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Here, there are a number of facts that certainly establish that Silva acted with reckless disregard for Mr. Garcia's constitutional rights. Defendants have also included the "reckless disreguard" language in their proposed verdict form. At minimum, Plaintiffs contend that if this Court is inclined to give Defendants' proposed Bane Act instruction or the model instruction, then this Court should modify that instruction to explain that the "intent" element can be satisifed by "reckless disregard."

Defendants' Statement

Defendants urge the Court to follow the model CACI 3066 instruction (see below) which does not include any reference to "reckless disregard" despite having been updated twice since the cited *Reese v. Cty. Of Sacramento*, 888 F3d 1030 (9th Cir. 2018) [See: CACI 3066 Use Notes, 2024].

Defendants submit the following proposed Bane Act insturction as provided by CACI 3066:

**COURT'S INSTRUCTION NO. 1**

**BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE, § 52.1)**

**(PROPOSED BY DEFENDANTS)**

Plaintiffs claim that Officer Silva intentionally interfered with Luis Garcia's civil rights by using excessive force against him.

To establish this claim, Plaintiffs must prove all of the following:

1. That Officer Silva used excessive force against Luis Garcia in violation of his constitutional rights;

2. That Officer Silva intended to deprive Luis Garcia of his constitutional right to be free from excessive force;

3. That Luis Garcia was harmed, and

4. That Officer Silva's conduct was a substantial factor in causing Luis Garcia's harm.

Authority: CACI No. 3066 (2024 Ed.)

6

DISPUTED JURY INSTRUCTIONS

# COURT'S INSTRUCTION NO. 2
## VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED
## (PROPOSED BY PLAINTIFFS)

In this case, Officer Silva was an employee of the City of Tustin.

If you find that Officer Silva was acting within the scope of her employment when the incident occurred, then the City of Tustin is responsible for any harm caused by Officer Silva's wrongful conduct.

The parties have stipulated that Officer Silva was acting within the scope of her employment during this incident.

Authority:  CACI 3703, (2025 Ed.).

7

Statement of Parties' Dispute:

Plaintiffs

This is a model instruction that is appropriate for this case. The City of Tustin is vicariously liable for the conduct of Defendant Officer Silva on Plaintiffs' claims arising under California law. There is no dispute that Officer Silva was acting in the course and scope of her employment with the City of Tustin at the time of the shooting. The jury instructions and stipulations of fact regarding "course and scope" are not sufficient to inform the jury that the City of Tustin is vicariously liable. Excluding this instruction would be prejudicial to Plaintiffs. Without this instruction, the jury might incorrectly think that Officer Silva herself is responsible for paying any judgment against her and may be hesitant to render a verdict against Officer Silva and in Plaintiffs' favor for that reason.

Defendants

Defendants object to this instruction as the City of Tustin is no longer a direct defendant and by expressly instructing the jury that the City would be responsible for the actions of Officer Silva, it makes it clear to the jury that damages, if any, would be paid by the City. This would constitute a classic "deep pocket" argument for Plaintiffs so as to encourage the jury to award damages based not on the evidence, but instead on the fact that the City would be responsible for payment. Moreover, if given, Defendants would nonetheless be prohibited from discouraging the jury from awarding damages based on "tax dollars" being paid by the Ciity.

Given that the City is no longer a direct defendant, responsibility (i.e. payment) for damages is not an issue for the jury. In the unlikely event of a damage award, the parties understand and it is statutorily required that the City

8
DISPUTED JURY INSTRUCTIONS

would be responsible for payment of damages.  Permitting Plaintiffs to have the Court instruct on this issue is not only completely unnecessary, but it would be unduly prejudicial and misleading.  All direct claims against the City have been dismissed and damages must be assessed, if at all, based on the evidence rather than who might be responsible for payment.

9

DISPUTED JURY INSTRUCTIONS