Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, <br><br> Defendants. | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES) <br><br> Assigned to: <br> *Honorable Sherilyn Peace Garnett* <br> *Magistrate Karen E. Scott* <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE MOTION NO. 1 RE: DRUGS** <br><br><br> **HEARING DATE: April 1, 2026** <br> **TRIAL DATE: April 14, 2026** |

-1-
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S LIMINE NO. 1 RE: DRUGS**

JONES MAYER
LAW

## 1.  **PREFATORY STATEMENT.**

While it is quite obvious why Plaintiffs would prefer that the jury not hear about decedent's prior drug use or the fact that he was under the influence of methamphetamine at the time of this incident, this evidence is highly relevant.  Moreover, as set forth below, virtually every court addressing this issue has consistently permitted the introduction of such evidence under even less compelling circumstances than those presented here.

In support of their motion, Plaintiffs cite to the deposition of Officer Silva to suggest that she had no information that the subject (decedent) was under the influence of drugs. However, the exact question was narrowly focused to whether she had any such information "*when she got the call*".  [Silva depo, RT:33, L3-9 attached to Plaintiff's motion].  Thus, while it is true that the 911 caller did not provide any information as to whether the subject might be under the influence of drugs, it is undisputed that:

- Officer Silva had recently arrested decedent in possession of methamphetamine.
- Officer Silva suspected that decedent's refusal to comply with orders and his aggressive behavior at the time of this incident were consistent with his being under the influence of methamphetamine.
- The toxicology results for decedent at the time of this incident corroborated the officer's suspicion by revealing high levels of methamphetamine.

Despite this overwhelming evidence of drug influence under the totality of the Circumstances, Plaintiffs' experts will be suggesting that Officer Silva should have instead treated decedent as if he was suffering from some undisclosed mental illness.  Without knowing the true evidence of drug influence, the jury would be misled into considering decedent as merely suffering from some sympathetic mental illness.

## 2.  **EVIDENCE OF DRUG INFLUENCE IS HIGHLY RELEVANT AND ADMISSIBLE.**

Long ago, the Supreme Court held that all Fourth Amendment claims of unreasonable Force must be viewed under the "totality of the circumstances".  *Graham v. Connor, 490*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 1 RE: DRUGS**

JONES MAYER
LAW

*U.S. 385, 396-397 (1989).* Here, it is undisputed that Officer Silva had recently arrested decedent on a felony warrant for assault with a deadly weapon and also being in possession of methamphetamine (i.e. having immediately recognized decedent upon contact, she had personal knowledge that he was a meth user prior to the shooting).

As noted above, Plaintiffs experts will be attempting to portray decedent as suffering from some undisclosed mental illness for several reasons: (1) to explain his lack of compliance and other abnormal behavior, (2) to appeal to jury sympathy toward mental illness rather than illicit drugs, and (3) to suggest that officers should have de-escalated the situation as if dealing with a mentally ill subject rather than drug influenced behavior.

Fortunately, however, the Ninth Circuit has held particularly in use of force cases that where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible. *Boyd v. San Francisco, 576 F3d 938-939 (9th Cir. 2009).* Here, while Plaintiffs will be advancing an undisclosed mental health profile, the true evidence of drug influence supporting Officer Silva's personal experience, knowledge and belief is highly relevant and admissible.

Although Plaintiffs have cited virtually no authority for the exclusion of decedent's drug use, virtually every court addressing this issue has agreed that such evidence is highly relevant admissible. *Castro v. Cnty. of Los Angeles, 2015 U.S. Dist. LEXIS 10394, \*5-6 (C.D. Cal. 2015)* – evidence of decedent's drug intoxication relevant to corroborate the officer's version of decedent's pre-shooting behavior.; *Cotton v. Eureka, 2010 U.S. Dist. LEXIS 136270, \*20-21 (N.D. Cal. 2010)* – toxicology results showing decedent under the influence probative of his behavior at the time of the incident and corroborating of the officer's testimony about decedent's erratic and abnormal behavior.; *Turner v. Cnty. of Kern, 2014 U.S. Dist. LEXIS 18573, \*2 (E.D. Cal. 2014)* – a police officer's lack of awareness of decedent's intoxication at the time does not make it inadmissible, especially when decedent's conduct is in dispute.; *Virginia v. Zaragoza, 2024 U.S. Dist. LEXIS 33708, \*22 (C.D. Cal. 2024)* – because toxicology results showing methamphetamine tend to prove decedent may have been under the influence of methamphetamine at the time and corroborate the officer's

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 1 RE: DRUGS**

JM
JONES MAYER
LAW

version, they are admissible and not unfairly prejudicial. While Defendants could go on and on with authorities supporting the admissibility of toxicology results and decedent's known drug use, this Court is respectfully urged to follow virtually every other district court and the Ninth Circuit supporting the introduction of such highly relevant evidence.

Moreover, evidence of decedent's drug use and influence is further relevant and admissible "at a minimum" to determine decedent's health and habits in determining his life expectancy if the jury should ever get to an issue of damages. *Nesmith v. Cnty. of San Diego, 2022 U.S. Dist. LEXIS 16349, *25-26 (S.D. Cal. 2022).*

## 3. CONCLUSION.

For all of the above-stated reasons, Defendants respectfully request that the Court deny Plaintiffs' limine motion seeking to exclude decedent's prior drug use and the contemporary toxicology results in its entirety.

DATED: March 18, 2026                    JONES MAYER

                              By:    /s/*Bruce D. Praet*
                                     Bruce D. Praet,
                                     Attorneys for Defendants



**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 1 RE: DRUGS**