LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
  *dalekgalipo@yahoo.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Luis A. Carrillo, Esq. (SBN 70398)
  *Lac4justice@gmail.com*
Michael S. Carrillo, Esq. (SBN 258878)
  *mc@carrillofirm.com*
CARRILLO LAW FIRM, LLP
1499 Huntington Dr., Suite 402
South Pasadena, CA 91030
Tel:   (626) 799-9375
Fax:   (626) 799-9380

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest to LUIS GARCIA<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS EMILY GARCIA AND C.G.'S  AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br><u>Pretrial Conference</u><br>Date: April 1, 2026<br>Time: 3:00 p.m.<br><br><u>Trial</u><br>Date: April 14, 2026<br>Time: 8:30 a.m. |

**TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Local Rule 16-4 and this Court's Scheduling and Case Management Order, Plaintiffs Emily Garcia and C.G. ("the Garcia Plaintiffs") hereby submit the following Amended Memorandum of Contentions of Fact and Law. Plaintiffs are filing this Amended MCFL to reflect the dismissal of punitive damages.

## I.    GARCIA PLAINTIFFS' CLAIMS (16-4.1)

### a)    A Summary Statement of the Claims Plaintiffs have Plead and Plan to Pursue

### Claim 1: Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment)

Plaintiffs claim that Defendant Officer Estela Silva ("Estela Silva") used excessive force against Luis Garcia ("Mr. Garcia") when she shot him, which resulted in Mr. Garcia's injuries and death. The Garcia Plaintiffs bring this claim in a representative capacity as Mr. Garcia's successors in interest, and seek survival damages on this claim, including for Mr. Garcia's pre-death pain and suffering and loss of life.  Plaintiffs also seek attorneys' fees on this claim.

### Claim 2: Negligent Use of Deadly Force by Peace Officer (Wrongful Death and Survival)

The Garcia Plaintiffs bring this claim against Defendants Estela Silva and the City of Tustin for the violation of Mr. Garcia's rights arising out Estela Silva's negligent use of deadly force against him, including Estela Silva's pre-shooting negligent tactics. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 639 (2013) (pre-shooting tactics "are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability); CACI 441. The City is vicariously liable for Silva's conduct pursuant to Cal. Gov. Code § 815.2(a), which states that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment

-1-

if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." The Garcia Plaintiffs bring this claim both in their individual capacities, seeking wrongful death damages and funeral and burial expenses, and as Mr. Garcia's successors in interest, seeking survival damages, including pre-death pain and suffering and loss of life. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

## Claim 3: Battery by Peace Officer (Deadly Force) (Wrongful Death and Survival)

Plaintiffs contend that Estela Silva's use of deadly force was unreasonable and not necessary to defend human life. The Garcia Plaintiffs bring this claim against Estela Silva and the City of Tustin. The City is vicariously liable for Estela Silva's conduct pursuant to Cal. Gov. Code § 815.2(a). The Garcia Plaintiffs bring this claim both in their individual capacities, seeking wrongful death damages and funeral and burial expenses, and as Mr. Garcia's successors in interest, seeking survival damages, including pre-death pain and suffering and loss of life. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

## Claim 4: Violation of the Bane Act (Cal. Civil Code § 52.1)

Plaintiffs contend that Estela Silva used excessive force against Mr. Garcia and acted with a reckless disregard for Mr. Garcia's right to be free from excessive force when she shot him. The Garcia Plaintiffs bring this claim against Estela Silva and the City of Tustin. The City is vicariously liable for Estela Silva's conduct pursuant to Cal. Gov. Code § 815.2(a). The Garcia Plaintiffs bring this claim both as Mr. Garcia's successors in interest and seek survival damages under this claim, including pre-death pain and suffering and loss of life. Plaintiffs also seek attorney's fees, and a multiplier pursuant to Cal. Civil Code § 52 et seq.

//

PLAINTIFFS EMILY GARCIA AND C.G.'S  AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## b) Elements Required to Establish Plaintiffs' Claims

**Claim 1: Excessive Force under 42 U.S.C. § 1983 and the Fourth Amendment**

1. Estela Silva acted under color of law (stipulated);

2. Estela Silva used excessive force against Mr. Garcia; and

3. Estela Silva's use of deadly force caused injury, damage, harm, or death to Mr. Garcia.

*See* Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.27, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2025 Ed.) (revised September 2025).

**Claim 2: Negligent Use of Deadly Force by a Peace Officer (Wrongful Death and Survival)**

1. Estela Silva used deadly force against Mr. Garcia;

2. Estela Silva's use of deadly force was negligent;

3. Mr. Garcia was injured and/or killed;

4. The use of deadly force was a substantial factor in causing Mr. Garcia's injury and/or death.

*See* CACI 441, Negligent Use of Deadly Force by Peace Officer; *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

**Claim 3: Battery by Peace Officer (Deadly Force) (Wrongful Death and Survival)**

1. Estela Silva used unreasonable deadly force against Mr. Garcia;

2. The use of unreasonable deadly force by Estela Silva was not necessary to defend human life;

3. Mr. Garcia was injured and/or killed; and

4. Estela Silva's use of deadly force was a substantial factor in causing Mr. Garcia's injury and/or death.

PLAINTIFFS EMILY GARCIA AND C.G.'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*See* CACI 1305B, Battery by Peace Officer (Deadly Force); *Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004).

### Claim 4: Violation of Cal. Civil Code § 52.1 (Bane Act)

1. Estela Silva acted under color of law (stipulated);

2. Estela Silva intended to violate Mr. Garcia's right to be free from excessive force, which can be shown by a reckless disregard for his constitutional right to be free from excessive force;

3. Estela Silva's conduct was a substantial factor in causing Mr. Garcia's harm.

*See Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018)).

### c) Brief Description of the Key Evidence in Support of Each of the Claims

*The following evidence is applicable to each of Plaintiff's claims:*

1. Testimony by Defendant Officer Estela Silva;

2. Testimony by percipient City of Tustin Police Department witness officers Taylor Babb, Hector Frias, and Joshua Yuhas;

3. Testimony by the responding Fire Department paramedics;

4. Testimony by the medical examiner;

5. Testimony by Plaintiffs' police practices expert Scott DeFoe;

6. Testimony by Plaintiff C.G.;

7. Testimony by Plaintiff Emily Garcia;

4

8. Relevant portions of videos from the body-worn camera of Officer Yuhas, including clips and still images from the video;

9. Relevant portions of videos from the body-worn camera of Officer Babb, including clips and still images from the video;

10. Relevant portions of videos from the body-worn camera of Officer Frias, including clips and still images from the video;

11. Interview of Estela Silva;

12. Interviews of Officers Yuhas, Babb, and Frias;

13. Scene photographs;

14. Autopsy photographs;

15. Photographs of the officers and their weapons;

16. Photographs of the wooden stick;

17. Photographs of the Garcia Plaintiffs with Decedent;

18. City of Tustin Police Department policies on the use of force, the use of Tasers, and handling situations involving mentally ill individuals;

19. Lab Corp documentation of paternity for the Garcia Plaintiffs, if needed;

20. Dispatch tape;

21. CAD event log (identification only);

22. Paramedic records from the Fire Department;

23. Statement of funeral goods and services;

24. Relevant portions of Peace Officer Standards and Training ("POST") Learning Domain 20.

### d) Identification of Anticipated Evidentiary Issues

Plaintiffs have filed the following motions in limine, which identify Plaintiffs' anticipated evidentiary issues and position thereon: (1) Motion in Limine No. 1 to exclude Mr. Garcia's drug and alcohol use, on the grounds that it is irrelevant (FRE 401, 402) and prejudicial (FRE 403); (2) Motion in Limine No. 2 to exclude Mr. Garcia's criminal history, on the grounds that it is irrelevant (FRE 401, 402) and

5

prejudicial (FRE 403); (3) Motion in Limine No. 3 to exclude any findings by any agency that the shooting was "within policy" or "not criminal," including the fact that Officer Estela Silva was not criminally charged for the shooting, on the grounds that it is irrelevant (FRE 401, 402) and prejudicial (FRE 403); (4) Motion in Limine No. 4 to exclude Mr. Garcia's immigration status and/or alienage, on the grounds that it is irrelevant (FRE 401, 402) and prejudicial (FRE 403); (5) Motion in Limine No. 5 to exclude information unknown to Officer Silva at the time of the shooting, on the grounds that it is irrelevant (FRE 401, 402) and prejudicial (FRE 403).

### e) Identification of Issues of Law

1. Whether Estela Silva used excessive and/or unreasonable force;
2. Whether Estela Silva's use of deadly force was not necessary to defend human life;
3. Whether Estela Silva's use of deadly force was negligent, including pre-shooting negligent tactics;
4. Whether Estela Silva acted with reckless disregard for Mr. Garcia's right to be free from excessive force;
5. The amount of wrongful death damages;
6. The amount of survival damages.

## II.   BIFURCATION OF ISSUES (16-4.3)

Plaintiffs have opposed Defendants' motion to bifurcate liability from damages.

## III.   JURY TRIAL (16-4.4)

The issues herein are triable by a jury as a matter of right. The parties made a timely demand for trial by jury.

## IV.   ATTORNEY'S FEES (16-4.5)

If Plaintiffs prevail on their federal claim for excessive force, reasonable attorney fees are recoverable pursuant to 42 U.S.C. § 1988.  If Plaintiffs prevail on

6

PLAINTIFFS EMILY GARCIA AND C.G.'S  AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

their Bane Act claim, then attorney's fees, as well as a multiplier, are recoverable under Cal. Code Civ. Proc. § 52.

## V.     ABANDONMENT OF ISSUES (16-4.6)

Plaintiffs have dismissed their claims for punitive damages.

Dated: March 18, 2026                    **LAW OFFICES OF LUIS A. CARRILLO**
                                         **LAW OFFICES OF DALE K. GALIPO**

                                         */s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Luis A. Carrillo
                                         Michael S. Carrillo
                                         Renee V. Masongsong
                                         *Attorneys for Plaintiffs EMILY GARCIA and*
                                         *C.G.*

7

PLAINTIFFS EMILY GARCIA AND C.G.'S  AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW