Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son),

Plaintiffs,

v.

CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive,

Defendants.

Case No: 8:22-cv-00131-SPG-KES
(Consolidated with Case No. 8:22-cv-01619-SPG-KES)

Assigned to:
*Honorable Sherilyn Peace Garnett*
*Magistrate Karen E. Scott*

**DEFENDANTS' OPPOSITION TO GARCIA PLAINTIFFS' LIMINE MOTION NO. 2 TO EXCLUDE EVIDENCE OF DECEDENT'S CRIMINAL HISTORY**

**HEARING DATE: April 1, 2026**
**TRIAL DATE: April 14, 2026**

-1-
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S LIMINE NO. 2 RE: CRIMINAL HISTORY**

## 1.  <u>PREFATORY STATEMENT.</u>

While it is clear that Plaintiffs would prefer to try this case in a sanitized vacuum devoid of undisputed evidence casting decedent in less than perfect light, decedent's criminal history is particularly relevant in this case because of Officer Silva's prior knowledge of key aspects of decedent's history.  Plaintiffs will attempt to suggest that Officer Silva was merely contacting some unidentified homeless individual who had reportedly been brandishing a knife on the previous day. However, such was not the case since the more complete totality of circumstances facing Officer Silva critically included her immediate recognition of decedent based on very specific prior contacts with him:

- Corroborating reports that decedent may be armed with a knife during this contact, Officer Silva had contacted decedent in November, 2020 (i.e. less than a year prior) when he had again been reportedly brandishing a knife.  Although Officer Silva located a knife on that prior occasion, there was insufficient evidence to arrest him since the officer had not seen him brandish the weapon.

- On November 13, 2020 (i.e. less than nine months prior to this incident), Officer Silva participated in the arrest of decedent for a robbery in Santa Ana during which decedent had knocked a street vendor unconscious with a wooden stick.  Given that the imminent threat perceived by Officer Silva at the time of this incident was an attack with a wooden stick, her prior awareness of decedent's potential to inflict serious bodily injury with a wooden stick simply cannot be ignored.

- On May 6, 2021 (just three months before this incident), Officer Silva arrested decedent in possession of methamphetamine.  Once again, this was a critical consideration in Officer Silva's evaluation of decedent's non-compliance on the day of this incident versus Plaintiffs' unsupported claim that decedent may instead have been suffering from some sort of

- 2 -



mental illness.  During that same contact, Officer Silva arrested decedent for an outstanding felony warrant for assault with a deadly weapon.  Once again, this enhanced and corroborated Officer Silva's awareness that decedent was fully capable of initiating a violent attack on her with a deadly weapon.

While these three specific incidents are highly relevant to myriad issues pertaining to Officer Silva's state of mind and the reasonableness of force (i.e. liability), the remainder of decedent's criminal history is relevant to issues of credibility and any claim of damages to the extent that:

- Notwithstanding arrests by a number of other agencies, decedent was arrested by Defendant, City of Tustin, in 2014 for domestic violence with injury against the mother of the minor Plaintiffs.  In that same incident, Plaintiff was arrested and convicted of providing false information to a peace officer (i.e. directly reflecting on his credibility with respect to representations made to officers on the date of this incident).

- To the extent that Plaintiffs may attempt to argue that decedent was somehow confused regarding his non-compliance with lawful orders by officers, decedent's extensive history of contacts with law enforcement is relevant to demonstrate his familiarity with contact by law enforcement.

- Decedent's absence from Plaintiffs' lives due to incarceration (i.e. lack of familial relations).

- Decedent's inability to provide economic/emotional support during periods of incarceration and his lack of ability to provide future financial/emotional support.

Although Defendants could introduce decedent's entire, extensive arrest record, only those incidents known to Defendants and those resulting in convictions with periods of incarceration will be offered.

/ / /

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 2  RE: CRIMINAL HISTORY**



## 2.  KEY PORTIONS OF DECEDENT'S CRIMINAL HISTORY ARE HIGHLY RELEVANT.

While decedent's self-made criminal history is admittedly prejudicial, the Ninth Circuit long ago recognized, "relevant evidence is inherently prejudicial, but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter." *U.S. v. Hanley, 203 F3d 1166, 1172 (9ᵗʰ Cir. 2000).* As the Ninth Circuit has further stressed:

> "A motion in limine should not be used to resolve factual disputes or weigh evidence.  To exclude evidence on a motion in limine, the evidence must be inadmissible on all potential grounds.  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial." *Hana Fin. v. Hana Bank, 735 F3d 1158, 1162 (9ᵗʰ Cir. 2013)*

As Plaintiffs recognize, the reasonableness of any use of force must be determined based upon the totality of circumstances presented to the officer at the time. *Graham v. Connor, 490 U.S. 386, 396 (1989).*  Here, Plaintiffs do not dispute that the totality of circumstances presented to Officer Silva included her personal knowledge of at least three of decedent's prior law enforcement contacts/arrests (supra) at the time she made contact with decedent on the day of this incident.  These prior contacts substantially influenced Officer Silva's perspective as soon as she recognized decedent and clearly differentiated him from the otherwise innocent homeless individual suggested by Plaintiffs.

Plaintiffs have also suggested that they will attempt to portray decedent as merely a confused homeless individual who may have been suffering from some (undisclosed and unreported) mental illness.  However, in order to rebut this assertion and to corroborate the perspective of Officer Silva that decedent's non-compliance was instead the result of the officer's perception that he was more likely under the influence. *Boyd v. San Francisco, 576 F3d 938, 944 (9ᵗʰ Cir. 2009); Billington v.*

- 4 -

JONES MAYER
LAW

*Smith 292 F3d 1177, 1180-82 (9th Cir. 2002).* As noted above, Officer Silva was personally aware of decedent's recent use of methamphetamine and subsequent toxicology results confirm high levels of meth in his system at the time.

Similarly, while Defendants have no intention of introducing the entirety of decedent's extensive arrest record, a sampling of his recent arrest history (in particular with Tustin PD) is relevant to demonstrate decedent's familiarity with law enforcement encounters and orders rather than some sort of feigned confusion. Pursuant to F.R.E., Rule 404(b)(2), such evidence is admissible to demonstrate a lack of mistake on the part of decedent. Likewise, Officer Silva's familiarity with decedent's arrest for a recent robbery in which decedent knocked a street vendor unconscious with a wooden stick is inescapably relevant to demonstrate that his motive and intent in raising the wooden stick toward Officer Silva was assaultive rather than some sort of mistake or otherwise innocent action. Rule 404.

In particular, decedent's conviction for providing false information to a peace officer is expressly admissible to attack the credibility and (lack of) honesty of decedent when he was making (false) representations to Officer Silva at the time of this incident. F.R.E., Rule 609(a)(2)**.**

Where, as here, specific aspects of decedent's criminal history are highly relevant to disputed issues in this case, Plaintiffs cannot be permitted to usurp the province of the jury by shielding them from evaluating such evidence. *Reeves v. Sanderson Plumbing, 530 U.S. 133, 150 (2000)*

### 3. <u>DECEDENT'S CRIMINAL HISTORY IS EQUALLY RELEVANT TO DAMAGES.</u>

In this non-bifurcated case, Plaintiffs will be introducing evidence to support their claims for damages based on economic loss as well as the loss of familial relations with decedent. While this will undoubtedly include family photos, testimony of a loving relationship, support and other loss, Defendants must be equally entitled to introduce evidence to rebut such claims.

- 5 -



Once again, while Defendants do not intend to introduce decedent's entire criminal history (except specific instances known to Defendants), those resulting in incarceration (i.e. absence from the family) and those directly impacting the familial relationship must be admissible: For example:

- Criminal convictions which resulted in incarceration (i.e. separation from Plaintiffs) are admissible on the issue of damages. *Castro v. L.A. County, 2015 U.S. Dist. LEXIS 1039945, \*11 (C.D. Cal. 2015)*

- Similarly, crimes involving domestic abuse and drug use are admissible to rebut claims of loss of comfort, society, guidance, etc. *N.W. v. Long Beach, 2016 WL 9021966, \*5-6 (C.D. Cal. 2016).*

Thus, unless all Plaintiffs seek to bifurcate liability from damages, relevant portions of decedent's criminal history are relevant to and must be admitted as to all claims of damages.

## 4. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court denies Plaintiffs' limine motion seeking to exclude highly relevant aspects of decedent's criminal history.

DATED: March 18, 2026                    JONES MAYER

By:   */s/Bruce D. Praet*
      Bruce D. Praet,
      Attorneys for Defendants

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 2  RE: CRIMINAL HISTORY**

