Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants City of Tustin, Officer Estella Silva

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son),

Plaintiffs,

v.

CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive,

Defendants.

Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES)

Assigned to:
*Honorable Sherilyn Peace Garnett*
*Magistrate Karen E. Scott*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE MOTION NO. 4 RE: IMMIGRATION STATUS**

**HEARING DATE: April 1, 2026**
**TRIAL DATE: April 14, 2026**

-1-

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S LIMINE NO. 4 RE: IMMIGRATION**

## 1. <u>PREFATORY STATEMENT.</u>

Quite frankly, Defendants agree that decedent's (illegal) immigration status is not relevant to any issues of liability.  However, with respect to issues of damages, it is much more likely to arise and is simply one more reason to bifurcate liability from damages as set forth in Defendants' separate motion.

## 2. <u>DECEDENT'S IMMIGRATION STATUS IS RELEVANT TO DAMAGES.</u>

In the instant case, it is undisputed that decedent left his wife, Plaintiff Wendy Galicia, in Mexico in 2000 just weeks after their wedding while she was pregnant with their son, Plaintiff Kevin Galicia, purportedly to seek work in the United States.  Yet, Plaintiff never sent any support and never again returned to Mexico until 2009 when he briefly returned to attend his own mother's funeral.  Even on that occasion in 2009, decedent never saw his wife and had only a brief lunch with his son.

Leaving his wife and unborn son in Mexico, decedent became intimately involved with another woman in the United States, fathering Plaintiffs Emily Garcia and C.G.  For the next two decades that he resided in California, decedent made it clear that he had no desire or intention of returning to his family in Mexico or providing them with any support.

Plaintiffs Wendy and Kevin Galicia are seeking damages for the loss of their relationship with decedent.  However, the evidence will show that not only were they unable to travel to the United States, but decedent was unable to legally travel back and forth to Mexico without facing immigration problems.  Moreover, without legal status in the United States, decedent was prohibited from legally seeking employment or earning income.

Thus, while Defendants have no intention of directly raising decedent's illegal immigration status, the details of his relationship (or lack thereof) with his family in Mexico must be addressed.  If this can be done without direct reference to decedent's illegal immigration status, it should not be an issue.  If, however, Plaintiffs open the door by directly or indirectly raising the issue, Defendants must reserve the right to respond.

/ / /

/ / /



- 2 -
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 4 RE: IMMIGRATION**

3. <u>**CONCLUSION.**</u>

Whether by way of bifurcation or all parties avoiding the issue, Defendants do not anticipate directly raising the issue of decedent's illegal immigration status.

DATED: March 18, 2026                                        JONES MAYER

By:    */s/Bruce D. Praet*
Bruce D. Praet,
Attorneys for Defendants



**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 4 RE: IMMIGRATION**