LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Garcia Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**COMPETING SPECIAL VERDICT FORMS**<br><br>Trial: April 14, 2026<br><br>FPTC: April 1, 2026 |

COMPETING SPECIAL VERDICT FORMS

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** the Parties hereby submit their Competing Special Verdict Forms.  The Parties reserve the right to amend their respective Special Verdict Forms to the extent permitted by this Honorable Court.

Respectfully submitted,

DATED: March 18, 2026         **JESUS EDUARDO ARIAS ESQ., LL.M.**

By: */s/ Jesus Eduardo Arias*
Jesus Eduardo Arias, Esq.
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez in related case No. 8:22-cv-01619-SPG-KES

DATED: March 18, 2026         **JONES-MAYER**

By: */s/ Bruce D. Praet*
Bruce D. Praet
*Attorneys for City of Tustin and Estella Silva*

DATED: March 18, 2026         **LAW OFFICES OF DALE K. GALIPO**
**CARRILLO LAW FIRM, LLP**

By: */s/ Renee V. Masongsong*
Luis A. Carrillo
Michael S. Carrillo
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

2

COMPETING SPECIAL VERDICT FORMS

## <u>PLAINTIFFS' PROPOSED SPECIAL VERDICT FORM</u>

We the jury in the above-entitled case find as follows:

## <u>FOURTH AMENDMENT EXCESSIVE FORCE CLAIM</u>

**<u>QUESTION 1</u>:** Did Officer Silva use excessive force against Luis Garcia?

_____ YES          _____ NO

*If you answered "Yes" to Question 1, please answer Question 2.*

*If answered "No" to Question 1, please proceed to Question 3.*

**<u>QUESTION 2</u>:** Was the use of excessive force by Officer Silva a cause of harm, damage, injury, loss, or death to Luis Garcia?

_____ YES          _____ NO

*Please proceed to Question 3.*

3

## BATTERY CLAIM

**QUESTION 3:** Did Officer Silva use unreasonable deadly force on Mr. Garcia that was not necessary in defense of human life?

_____ YES          _____ NO

*If you answered "Yes" to Question 3, please answer Question 4.*

*If answered "No" to Question 3, please proceed to Question 5.*

**QUESTION 4:** Was the use of unreasonable deadly force by Officer Silva a cause of harm, injury, damage or death to Luis Garcia?

_____ YES          _____ NO

*Please proceed to Question 5.*

## BANE ACT CLAIM

**QUESTION 5:** Did Officer Silva violate the Bane Act by using deadly force against Luis Garcia?

_____ YES          _____ NO

*Please proceed to Question 6.*

4

COMPETING SPECIAL VERDICT FORMS

## NEGLIGENCE CLAIM

**QUESTION 6:** Was Officer Silva negligent in her use of deadly force against Luis Garcia?

_____ YES          _____ NO

*If you answered "Yes" to Question 6, please answer Question 7.*

*If you answered "No" to Question 6, please proceed to Question 11.*

**QUESTION 7:** Was the negligence of Officer Silva a cause of harm, injury, damage, or death to Luis Garcia?

_____ YES          _____ NO

*If you answered "Yes" to Question 7, please answer Question 8.*

*If you answered "No" to Question 7, please proceed to Question 11.*

**QUESTION 8:** Was Luis Garcia negligent?

_____ YES          _____ NO

*If you answered "Yes" to Question 8, please answer Question 9.*

*If you answered "No" to Question 8, please proceed to Question 11.*

5

COMPETING SPECIAL VERDICT FORMS

**QUESTION 9:** Was Luis Garcia's negligence a cause of his harm, injury, damage, or death?

_____ YES        _____ NO

*If you answered "Yes" to Question 9, please answer Question 10.*

*If you answered "No" to Question 9, please proceed to Question 11.*

**QUESTION 10:** What percentage of negligence that was a cause of Luis Garcia's death do you assign to Officer Silva, and what percentage of negligence that was a cause of Luis Garcia' harm, damage, injury or death do you assign to Luis Garcia, if any?  (Your total should equal 100%).

Officer Silva            _____ %

Luis Garcia            _____ %

*Please proceed to the next question.*

6
COMPETING SPECIAL VERDICT FORMS

## DAMAGES

**QUESTION 11:** What are Luis Garcia's damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering     $_____

Loss of life                                $_____

*Please proceed to the next Question.*

**QUESTION 12:** What are the Plaintiffs' damages?

Emily Garcia's Past wrongful death damages     $_____

Emily Garcia's Future wrongful death damages     $_____

C.G.'s Past wrongful death damages     $_____

C.G.'s Future wrongful death damages     $_____

Kevin Galicia's Past wrongful death damages     $_____

Kevin Galicia's Future wrongful death damages     $_____

Wendy Galicia's Past wrongful death damages     $_____

Wendy Galicia's Future wrongful death damages     $_____

7

COMPETING SPECIAL VERDICT FORMS

*Please sign and return this verdict form.*


Signed: _____  Dated: _____

           Jury Foreperson

8
COMPETING SPECIAL VERDICT FORMS

# DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

We, the jury, in the above-entitled action, find the following special verdict on the requests presented to us.

## QUESTION NO. 1:

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva used unreasonable force against Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 1, please proceed to Question No. 2. If you answered "No" to Question No. 1, please proceed to Question No. 8)

## QUESTION NO. 2:

Have the Plaintiffs proven by a preponderance of the evidence that unreasonable force by Tustin Police Officer Estela Silva was the cause of the death of Luis Garcia?          _____Yes          _____No

(If you answered "Yes" to Question No. 2, please answer Question No. 3. If you answered "No" to Question No. 2, please proceed to Question No. 8.)

## QUESTION NO. 3:

Could a reasonable police officer with the same knowledge, circumstances and facts as Officer Silva have perceived Luis Garcia as an imminent threat?

_____Yes          ____No

(Please answer Question No. 4.)

//

COMPETING SPECIAL VERDICT FORMS

**QUESTION NO. 4:**

Could the wooden pole possessed by Luis Garcia be considered capable of inflicting serious bodily injury?

_____Yes          ____No

(Please answer Question No. 5)

**QUESTION NO. 5:**

Do you believe that Luis Garcia was actively advancing toward Officer Silva prior to the first shot of his own volition rather than the result of the Taser application?          _____Yes          ____No

(Please proceed to Question No. 6)

**QUESTION NO. 6:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva violated the Bane Act by intending to violate or recklessly disregarding the constitutional rights of Luis Garcia?

_____ Yes          _____ No

(If you answered "Yes" to Question No. 6, please answer Question No. 7.  If you answered "No" to Question No. 6, please proceed to Question No. 8)

**QUESTION NO. 7:**

Have the Plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was a substantial factor in causing the death of Luis Garcia?          _____ Yes          _____ No

(Please proceed to Question No. 8)

10

COMPETING SPECIAL VERDICT FORMS

**QUESTION NO. 8:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva acted negligently in the death of Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 8, please answer Question No. 9.  If you answered "No" to Question No. 8, but "Yes" to Question No. 2, please proceed to Question No. 13.  If you answered "No" to Questions No. 2 and No. 8, please date and sign this form.)

**QUESTION NO. 9:**

Have the Plaintiffs proven by a preponderance of the evidence that negligence by Tustin Police Officer Estela Silva was a substantial factor in causing the death of Luis Garcia?          _____Yes          _____No

(If you answered "Yes" to both Question No. 9 and Question No. 2, please proceed to Question No. 13.  If you answered "Yes" to Question No. 9, but "No" to Question No. 2, please proceed to Question No. 10.  If you answered "No" to Question No. 9, but "Yes" to Question No. 2, please go to Question No. 13.  If you answered "No" to both Question No. 2 and Question No. 9, please date and sign this form)

**QUESTION NO. 10:**

Have the Defendants proven by a preponderance of the evidence that Luis Garcia was negligent?

_____Yes          _____No

(If you answered "Yes" to Question No. 10, please go to Question No. 11.  If you answered "No" to Question No. 10, please proceed to Question No. 13.)

11
COMPETING SPECIAL VERDICT FORMS

**QUESTION NO. 11:**

Have the Defendants proven by a preponderance of the evidence that the negligence of Luis Garcia contributed to his own death?

_____Yes          _____No

(If you answered "Yes" to Question No. 11, please go to Question No. 12.  If you answered "No" to Question No. 11, please go to Question No. 13.)

**QUESTION NO. 12:**

By what percentage do you find that the negligence of Luis Garcia contributed to his own death?   _____%

(If you answered "Yes" to Question No. 2, please go to Question No. 13.  If you answered "No" to Question No. 2, but "Yes" as to Question No. 9, please go to Question No. 14.)

**QUESTION NO. 13:**

What damages do you award to Luis Garcia?   $_____

(Please go to Question No. 14)

**QUESTION NO. 14:**

What wrongful death damages (past and future) do you award to plaintiffs?

Emily Garcia                                    $_____

C.G.                                                 $_____

Wendy Ramirez                               $_____

Kevin Ramirez                                $_____

Please date and sign this form.

Dated:                              _____

Foreperson

12

COMPETING SPECIAL VERDICT FORMS

## PLAINTIFFS' OBJECTIONS AND ARGUMENT

Plaintiffs object to the special interrogatories proposed by Defendants.

Plaintiffs dispute that Defendants' inclusion of the language "have Plaintiffs proven by a preponderance of the evidence" is necessary or appropriate in this case.  The jury instructions explain the appropriate burden of proof for each claim, and repeatedly reminding the jury that Plaintiffs have the burden of proof is unnecessary and prejudicial to Plaintiffs.  On the contrary, this phrase is included in virtually every model verdict form provided by the Ninth Circuit.

The Parties also disagree on the specificity and number of lines available with respect to the questions about damages.  Plaintiffs submit that the jury should be provided with separate lines for loss of life damages, pain and suffering damages, past wrongful death damages, and future wrongful death damages.

## DEFENDANTS' OBJECTIONS AND ARGUMENT

Ironically, Plaintiffs point out that virtually every model verdict form provided by the Ninth Circuit in fact includes "Do you find that the plaintiff has proved by a preponderance of the evidence. . ." [See: e.g. Model Instruction 6.7]. Yet, Plaintiffs nonetheless dispute Defendants' inclusion of this very language in the proposed special verdict form.  Moreover, Defendants have uniformly included this language in all claims, including those in which the Defendants bear the burden of proof (e.g. comparative negligence).

As to the number of lines for damages on the verdict form, the final verdict forms in the past few trials with Plaintiffs' counsel involving officer-involved death cases have consistently contained a question pertaining to decedent's damages (e.g. as previously defined in jury instructions) and a following question as to the wrongful death damages for each Plaintiff, without inviting the jury to calculate a new number for each category.  While Plaintiffs would obviously prefer to have the jury calculate a new number for each permissible measure of damages

13

COMPETING SPECIAL VERDICT FORMS

included in the jury instructions, such a format would inevitably encourage a larger damage award and result in otherwise unnecessary and time consuming deliberations.

Perhaps most importantly, however, is the fact that Plaintiffs' proposed special verdict completely fails to include the very special interrogatories suggested by the Ninth Circuit to address the remaining issue of qualified immunity.

Defendants contend that each Plaintiff is entitled to only a single amount of damages which will include both past and future damages as provided by jury instructions.

COMPETING SPECIAL VERDICT FORMS