Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son),

　　　　　　Plaintiffs,

　　　v.

CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive,

　　　　　　Defendants.

Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES)

Assigned to:
*Honorable Sherilyn Peace Garnett*
*Magistrate Karen E. Scott*

**DEFENDANTS' OPPOSITION TO GARCIA PLAINTIFFS' LIMINE MOTION NO. 5 TO EXCLUDE INFORMATION UNKNOWN TO OFFICER SILVA AT THE TIME OF THE SHOOTING**

**HEARING DATE: April 1, 2026**
**TRIAL DATE: April 14, 2026**

-1-
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S LIMINE NO. 5 RE: UNKNOWN INFORMATION**

## 1.  PREFATORY STATEMENT.

While Plaintiffs would undoubtedly prefer to mislead the jury by sheltering them from virtually all evidence adverse to decedent (see: Plaintiffs' limine motions 1 and 2), this current motion improperly seeks to exclude the fact that Officer Silva was informed by dispatch that decedent had reportedly been seen carrying a knife on the previous day.  As reflected in the dispatch recording and CAD printout providing Officer Silva with the nature of the call, the fact that decedent had been seen with a knife on the previous day was the very reason for the call.  Moreover, all experts have included this fact in their opinions regarding the pre-shooting tactics deployed by all officers on scene.

Assuming that Plaintiffs don't somehow "open the door" as to whether a knife was subsequently located at the scene, Defendants can agree to exclude any photos of the knife.  However, information regarding the knife as the reason for the initial call simply cannot be excluded.

## 2.  OFFICER SILVA'S PRE-SHOOTING KNOWLEDGE OF A REPORTED KNIFE IS HIGHLY RELEVANT.

As the Ninth Circuit long ago recognized, "relevant evidence is inherently prejudicial, but is it only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter."  *U.S. v/ Hanley, 203 F3d 1166, 1172 (9th Cir. 2000).*  Unless evidence is inadmissible on all potential grounds, it should not be excluded by way of a limine motion.  *Hana Fin v. Hana Bank, 735 F3d 1158, 1162 (9th Cir. 2013).*

Here, the reasonableness of the force used must be determined by the totality of the circumstances presented to Officer Silva at the time.  *Graham v. Connor, 490 U.S. 386, 396 (1989)*  The nature of the call (i.e. decedent reportedly carrying a knife) is inescapably a highly relevant component of the facts considered by Officer Silva and other officers as they dealt with this situation. *FRE, Rule 402.*

///

- 2 -



**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LIMINE NO. 5 RE UNKNOWN INFORMATION**

## 3.    CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court denies Plaintiffs' limine motion number 5, seeking to exclude information pertaining to the report that decedent had been seen with a knife on the previous day.

DATED: March 18, 2026                           JONES MAYER

                                            By: /s/Bruce D. Praet
                                                Bruce D. Praet,
                                                Attorneys for Defendants

- 3 -

JM
JONES MAYER
LAW