# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest to LUIS GARCIA<br><br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s)<br><br>---<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: 8:22-cv-00131 SPG KES<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: April 1, 2026<br><br>Trial Date: April 14, 2026 |

-1-

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I.   THE PARTIES AND PLEADINGS

Plaintiff: The Plaintiffs in this case are Emily Garcia and C.G. ("the Garcia Plaintiffs"), who bring their claims as successors in interest to Luis Garcia ("Mr. Garcia") and Wendy Galicia, and Kevin Galicia ("the Galicia Plaintiffs"), who bring their claims as successors in interest to Mr. Garcia.

Defendant: The Defendants in this case are the City of Tustin and Estela Silva.

The pleadings that raise the issue are:

1. Plaintiffs' Complaints for Damages (Dkt. 1 in Case No. 8:22-cv-131-SPG and Dkt. 1 in Case No. 8:22-cv-01619).

2. Defendants' Answer to Plaintiffs' Complaints (Dkt. 12 in Case No. 8:22-cv-131-SPG and Dkt. 12 in Case No. 8:22-cv-01619).

## II.   JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367(a), and venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391(b).

## III.   TRIAL DURATION

The trial is estimated to take approximately 6-7 days.

## IV.   JURY TRIAL

The trial is to be a jury trial.

Plaintiffs and Defendants are filing the following concurrently herewith, revised versions the following, which have been modified following this Court's ruling on Defendants' Motion for Summary Judgment and the Ninth Circuit mandate: Joint Agreed

Proposed Jury Instructions; Disputed Proposed Jury Instructions; Competing Verdict Forms; Statement of the Case.

## V.    ADMITTED FACTS

The following facts are admitted and require no proof:

1.  The shooting occurred on August 9, 2021.

2.  Mr. Garcia died as result of the shooting.

## VI.    STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1.  The incident took place on August 9, 2021.

2.  At the time of the incident, Estela Silva was acting under the color of state law.

3.  At the time of the incident, Estela Silva was acting in the course and scope of her employment with the City of Tustin.

## VII.    PARTIES' CLAIMS AND DEFENSES

a.  <u>Plaintiffs plan to pursue the following claims against the following Defendants:</u>

**Claim 1: Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment)**

Defendant Estela Silva used excessive force against Luis Garcia ("Mr. Garcia"), which resulted in Mr. Garcia's injuries and death. The Plaintiffs bring this claim against Estela Silva as Mr. Garcia's successors in interest, and seek survival damages on this claim, including for Mr. Garcia's pre-death pain and suffering and loss of life. Plaintiffs also seek attorneys' fees on this claim.

**Claim 2: Negligent Use of Deadly Force by Peace Officer (Wrongful Death and Survival)**

The Plaintiffs bring this claim against Defendant Estela Silva, and also against Defendant City of Tustin on a theory of vicarious liability, for the violation of Mr.

Garcia's rights arising out Silva's negligent use of deadly force against him, including Silva's pre-shooting negligent tactics. *Hayes v. County of San Diego*, 57 Cal. 4th 622, 639 (2013) (pre-shooting tactics "are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability"). The City is vicariously liable for Estela Silva's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). The Plaintiffs bring this claim individually and as Mr. Garcia's successors in interest, and seek wrongful death and survival damages (including for pre-death pain and suffering and loss of life) on this claim. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

**Claim 3: Battery by Peace Officer (Deadly Force) (Wrongful Death and Survival)**

The Plaintiffs bring this claim against Defendant Estela Silva, and also against Defendant City of Tustin on a theory of vicarious liability, for the violation of Mr. Garcia's rights arising out of Estela Silva's use of unreasonable force against Mr. Garcia. *See* Cal. Gov. Code § 815.2(a). The Plaintiffs bring this claim individually and as Mr. Garcia's successors in interest, and seek wrongful death and survival damages (including for pre-death pain and suffering and loss of life) on this claim. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

**Claim 4: Violation of the Bane Act (Cal. Civil Code § 52.1)**

Defendant Estela Silva acted with a reckless disregard for Mr. Garcia's rights under Cal. Civil Code § 52.1 when she shot him. The Plaintiffs bring this claim against Defendant Estela Silva, and also against Defendant City of Tustin on a theory of vicarious liability. *See* Cal. Gov. Code § 815.2(a). The Plaintiffs bring this claim as Mr. Garcia's successors in interest, and seek survival damages for Mr. Garcia's pre-death pain and suffering, loss of life, and loss of enjoyment of life on this claim. Plaintiffs also seek attorney's fees and a multiplier pursuant to Cal. Civil Code § 52 et seq. on this

claim.

b.  The elements required to establish Plaintiffs' claims are:

**Claim 1:** **Excessive Force (42 U.S.C. § 1983 and the Fourth Amendment)**

   1.  Estela Silva acted under color of law (stipulated);

   2.  Estela Silva used excessive force against Mr. Garcia; and

   3.  The excessive force caused injury, damage, harm, or death to Mr. Garcia.

*See* Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.27, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2025 Ed.) (revised September 2025).

**Claim 2:** **Negligent Use of Deadly Force by Peace Officer (Wrongful Death and Survival)**

   1.  Estela Silva used deadly force against Mr. Garcia;

   2.  Estela Silva's use of deadly force was negligent;

   3.  Mr. Garcia was injured and/or killed;

   4.  The use of deadly force was a substantial factor in causing Mr. Garcia's injury and/or death.

*See* CACI 441, Negligent Use of Deadly Force by Peace Officer; *Hayes v. County of San Diego*, 57 Cal. 4th 622, 629 (2013).

**Claim 3:** **Battery By Peace Officer—Deadly Force (Wrongful Death and Survival)**

   1.  Estela Silva used unreasonable deadly force against Mr. Garcia;

   2.  The use of unreasonable deadly force by Estela Silva was not necessary to defend human life;

   3.  Mr. Garcia was injured and/or killed; and

   4.  Estela Silva's use of deadly force was a substantial factor in causing Mr. Garcia's injury and/or death.

*See* CACI 1305B, Battery by Peace Officer (Deadly Force); *Yount v. City of*

*Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004).

**Claim 4: Violation of the Bane Act (Cal. Civil Code §52.1)**

1. Estela Silva used excessive force against Mr. Garcia;

2. Estela Silva intended to violate Mr. Garcia's right to be free from excessive force, which can be shown by reckless disregard for his constitutional right to be free from excessive force;

3. Mr. Garcia was harmed;

4. Estela Silva's conduct was a substantial factor in causing Mr. Garcia's harm.

*See Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a parson's constitutional rights is evidence of a specific intent to deprive that person of those rights.'"). 888 F.3d 1030 (9th Cir. 2018).

c. Key Evidence Plaintiffs Rely on for Their Claims

1. Testimony by Defendant Officer Estela Silva;

2. Testimony by percipient City of Tustin Police Department witness officers Taylor Babb, Hector Frias, and Joshua Yuhas;

3. Testimony by the responding Fire Department paramedic(s), including Jeffery Baca;

4. Testimony by the medical examiner, Aruna Singhania, M.D.;

5. Testimony by Garcia Plaintiffs' police practices expert Scott DeFoe;

6. Testimony by Galicia Plaintiffs' police practice expert Roger Clark;

7. Testimony by Plaintiff C.G.;

8. Testimony by Plaintiff Emily Garcia;

9. Testimony by Plaintiff Kevin Galicia;

10. Testimony by Plaintiff Wendy Galicia Ramirez;

11. Video from the body-worn camera of Officer Yuhas, including clips and still images from the video;

12. Video from the body-worn camera of Officer Babb, including clips and still images from the video;

13. Video from the body-worn camera of Officer Frias, including clips and still images from the video;

14. Interview of Estela Silva;

15. Interviews of Officers Yuhas, Babb, and Frias;

16. Scene photographs;

17. Autopsy photographs;

18. Photographs of the officers and their weapons;

19. Photographs of the wooden stick;

20. Photographs of the Garcia Plaintiffs with Decedent;

21. City of Tustin Police Department policies on the use of force, the use of Tasers, and handling situations involving mentally ill individuals;

22. Lab Corp documentation of paternity for the Garcia Plaintiffs, if needed;

23. Dispatch tape;

24. CAD event log (identification only);

25. Paramedic records from the Fire Department;

26. Statement of funeral goods and services;

27. Relevant Portions of Peace Officer Standards and Training ("POST") Learning Domain 20.

**Defendants' Affirmative Defenses:**

a. <u>Defendants plan to pursue the following affirmative defenses:</u>

**As To Plaintiffs' Claim No. 1 for Unreasonable Force**

Defendants assert that the use of force by Officer Silva was objectively reasonable under the totality of circumstances presented to her at the time the force was used.

Defendant Silva further reserves the defense of qualified immunity contingent on the trier of fact determining disputed facts and a finding that a constitutional violation was "clearly established" at the time.

**As to Plaintiffs' Claim No. 3 for Negligence**

Defendants assert that Officer Silva acted reasonably and within the broad spectrum of reasonable conduct permitted as a peace officer.  Defendants further assert that decedent, Luis Garcia, was comparatively negligent.

**As to Plaintiffs' Claim No. 4 for Battery**

Defendants assert that the use of force by Officer Silva was objectively reasonable under the totality of circumstances presented to her at the time the force was used.

**As to Plaintiffs' Claim No. 5 for Bane Act Violation**

Defendants initially assert that no constitutional violation occurred and that Officer Silva did not specifically intend to violate the constitutional rights of Luis Garcia.

   b.  Elements of Counter-claims:

**Defendants' Counter-claim of Comparative Negligence.**

Defendants allege that decedent, Luis Garcia, was comparatively negligent in causing his own death.  In order to prevail on this claim, Defendants must establish:

That decedent, Luis Garcia, was negligent, and

That decedent's negligence was a substantial factor in causing his death.

CACI Model Instruction 407

   c.  Key Evidence for Defendants' counter-claim

BWC video of officers

Testimony of Officers

Testimony of Police Practices Expert Robert Handy

**VIII.  REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

1. Whether Estela Silva used excessive and/or unreasonable force.
2. Whether Estela Silva was negligent in using deadly force against Mr. Garcia, including her pre-shooting negligent tactics.
3. Whether decedent, Luis Garcia, was comparatively negligent in causing his own death.
4. Whether Estela Silva acted with reckless disregard for Mr. Garcia's right to be free from excessive force.
5. According to Defendants, depending on material issues to be determined by the trier of fact, whether Officer Silva is entitled to qualified immunity under clearly established law.
6. The amount of wrongful death damages.
7. The amount of survival damages, including pre-death pain and suffering and loss of life.

## IX. DISCOVERY

All discovery is complete.

## X. DISCLOSURES AND EXHIBIT LIST

All disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").  In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefore.

## XI. WITNESS LISTS

The parties have filed their respective witness lists.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

## XII.   MOTIONS IN LIMINE

The parties have filed their motions *in limine*.  The parties have met and conferred on the motions *in limine*. Defendants have filed separate oppositions to each of the Garcia Plaintiffs' limine motion.  The following motions *in limine*, and no others, are pending or contemplated:

1. Garcia Plaintiffs' Motion in Limine No. 1 to exclude Decedent's criminal history;

2. Garcia Plaintiffs' Motion in Limine No. 2 to exclude Decedent's drug and alcohol use;

3. Garcia Plaintiffs' Motion in Limine No. 3 to exclude any findings by any agency that the shooting was "within policy" or "not criminal," including the fact that Officer Estela Silva was not criminally charged for the shooting [Defendants do not oppose this motion;

4. Garcia Plaintiffs' Motion in Limine No. 4 to exclude Mr. Garcia's immigration status and/or alienage

5. Garcia Plaintiffs' Motion in Limine No. 5 to exclude information unknown to Officer Silva at the time of the shooting.

6. Defendants' Motion in Limine to exclude Galicia Plaintiffs' expert Roger Clark;

7. Defendants' Motion to bifurcate liability from damages.

## XIII.   BIFURCATION

Plaintiffs do not presently request bifurcation of the trial and have opposed Defendants' Motion to bifurcate liability from damages. However, Plaintiffs respectfully request an opportunity to revisit this discussion if this Court denies Plaintiffs' motions *in limine* on the grounds that certain evidence that Plaintiffs contend is prejudicial under Federal Rules of Evidence, Rule 403, is relevant to damages but not liability.

## XIV.  ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE