Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
*Law Office of Jesus Eduardo Arias APC*
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al.<br>                    Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>                    Defendant(s) | Case No: **8:22-cv-00131 SPG KES**<br><br>**TRIAL POCKET BRIEF IN SUPPORT OF THEADMISSIBILITY OF POST-SHOOTING BODYCAM VIDEO FOOTAGE** |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>                    Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>                    Defendants | Jury Trial: April 14, 2026<br>Time: 8:30 a.m. |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that the Galicia Plaintiffs and Garcia Plaintiffs, by and through the undersigned counsel, hereby respectfully ask the court to admit

post-shooting bodycam video footage, including the audio, based on high relevance and admissibility pursuant to Federal Rules of Evidence, Rules 401, 402.

## I.    INTRODUCTION

Plaintiffs seek to introduce the post-shooting bodycam video and audio footage, including the portions in which the Decedent made statements describing his intentions during the shooting, because: 1) the Decedent's statements are relevant to material facts in the case; 2) the statements are admissible under recognized hearsay exceptions; 3) the probative value of the evidence is not substantially outweighed by any unfair prejudice; and 4) the rule of completeness requires admission of the post-shooting footage.

## II.    STATEMENT OF FACTS

The entire events of this fatal shooting, including moments prior to, during, and immediately after the shooting, was recorded on bodycam of officer Yuhas. During the encounter, Officer Silva discharged her firearm against the Decedent. Immediately after being shot, the Decedent made statements to the officers describing his intentions: (*"Iba a correr"*, which translates into "I was going to run"), as well as what he was experiencing: (*"Me duele"*, which translates into "It hurts") and (*"Me estoy muriendo"*, which translates to "I am dying").

## III.    ARGUMENT

### I.    <u>The Decedent's Post-shooting Statements are Directly Relevant to Disputed Material Facts</u>

Under the objective reasonableness standard established in Graham v. Connor, the central question in this excessive force case is whether the officer's use of force was reasonable in light of the circumstances confronting her. *Graham v. Connor*, 490

U.S. 386 (1989)The Decedent's immediate post-shooting statements about his own actions and intentions directly bear on what actually occurred at the moment the force was used and whether the officer's asserted perceptions are reasonable and consistent with the totality of the circumstances. If these statements are excluded from evidence, the jury cannot properly evaluate whether the Officer Silva's use of force was objectively reasonable without considering what the Decedent understood about his own conduct at that moment of force. These facts are material to the *Graham v. Connor* analysis and to the jury's evaluation of whether the officer's use of force was objectively reasonable. Furthermore, they are also evidence of the extent of Decedent's damages (pain and suffering experienced before death).Therefore, Decedent's statements are relevant and admissible under Federal Rules of Evidence, Rules 401, 402.

## II.    The Decedent's Post-shooting Statements are Admissible under Recognized Hearsay Exceptions

Decedent's statements made immediately after being shot were made:

- Under the acute stress of the traumatic event of being shot,
- Regarding his then-existing state of mind as well as his emotional, sensory, and physical condition,
- Under a sense of immediately impending death, respecting the cause and circumstances of his death, and
- Offered to explain, qualify, or make understandable his conduct during the shooting.

Therefore, his statements qualify as ***excited utterances*** under Federal Rule of Evidence 803(2), as then-existing mental, emotional, or physical condition, under Federal Rule of Evidence 803(3), and as *Spontaneous, Contemporaneous, and Dying Declarations*.

The bodycam footage objectively establishes that the statements were made before the Decedent had time to reflect or contrive, while he remained under the stress of excitement caused by being shot by capturing the Decedent's tone of voice, his physical demeanor, and the immediate temporal proximity between the shooting and his statements. The Ninth Circuit has recognized that excited utterances are inherently reliable. *United States v. Orozco*, 2025 U.S. App. LEXIS 18022.

### III.   Excluding the Post-Shooting Bodycam Footage Violates Federal Rule of Evidence 403 and California Evidence Code Section 352

The Decedent's statements possess exceptional probative value because they directly illuminate a central disputed issue of fact, What was the intent of the decedent.  Furthermore, it provides evidence as well in support the nature and extent of damages. This is a crucial element of the Decedent's survival action, (the pain and suffering that he experienced prior to his death).

While the footage may be emotionally powerful, emotional impactful it does not constitute unfair prejudice to the defendant, when evidence directly and logically has tendency to prove a material fact and an element of a party's cause of action (damages). Evidence is unfairly prejudicial only when it makes a decision more likely because it provokes an emotional response wholly apart from a judgment on the merits. *Boyd v. City & County of San Francisco*, 576 F.3d 938 (2009). Here, Defendants argue that Decedent had intent to strike Officers Silva and Frias. Under *Boyd*, Decedent's statement, "I was going to run," makes Defendants' version of these events less likely and makes Decedent's statements relevant to this material issue of fact.

Moreover, under Federal Rule of Evidence 403, courts must balance the probative value of evidence against its prejudicial effect by evaluating not only the item in question but also any actually available substitutes. *United States v. Merino-*

*Balderrama*, 146 F.3d 758. Here, there are no available substitutions as to Decedent's statements.  He is dead.

## IV.  **The Rule of Completeness Requires Admission of the Post-Shooting Footage.**

Under Federal Rules of Evidence, Rule 106, and California Evidence Code section 356,  (as would be applicable to the State Claims of this case), if any portion of the bodycam recording was presented to the jury, and it has been already admitted into evidence, principles of [f]airness requires that the post-shooting footage be admitted as well. <u>*United States v. Vallejos*</u>, 742 F.3d 902. Excluding the Decedent's immediate statements while admitting earlier portions of the footage creates a truncated and potentially misleading narrative that prevents the jury from understanding the complete context of the incidents as it occurred.

This rule is founded on an equitable principle: a party who elects to introduce a part of a conversation is precluded from objecting to introduction by the opposing party of other parts of the conversation which are necessary to make the entirety of the conversation understood. Accordingly, it would be unfair for the jury to hear only Officer Silva's intentions and not the Decedent's intentions at the last chance he had to speak, *testify* in some way as it pertains to this trial.

Because no adequate substitute for the Decedent's own contemporaneous, video-recorded account exists and will never exist due to him being now dead, if the jury cannot see those portions of the video, they will be deprived of critical information which is necessary to fairly evaluate this case on its entirety  of merits.

## V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court admit the bodycam video full footage (with audio) containing the Decedent's statements *post shooting* to be shown to the jury.

Respectfully submitted,

DATED: April 15, 2026        **LAW OFFICE OF JESUS EDUARDO ARIAS APC**

By:  */s/ Jesus Eduardo Arias*
Jesus Eduardo Arias, Esq.
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez in related case No. 8:22-cv-01619-SPG-KES

DATED: April 15, 2026        **LAW OFFICES OF DALE K. GALIPO**

By:  */s/ Renee V. Masongsong*
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

DATED: April 15, 2026        **CARRILLO LAW FIRM, LLP**

By:  */s/ Michael S. Carrillo*
Luis A. Carrillo
Michael S. Carrillo
*Attorneys for Plaintiffs* Emily Garcia and C.G.