LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs EMILY GARCIA and C.G.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s) | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS' BRIEF RE ADMISSION OF PHYSICAL EVIDENCE TO THE JURY**<br><br>Trial Date: April 14, 2026 |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | |

1

PLAINTIFFS' BRIEF RE ADMISSION OF PHYSICAL EVIDENCE TO THE JURY

## I. THE COURT SHOULD NOT ADMIT THE PHYSICAL STICK INTO EVIDENCE, AS IT WOULD CONSTITUTE IMPROPER 20/20 HINDSIGHT EVIDENCE.

This Court should deny Defendants' request to admit into evidence the stick and should not allow the jurors to examine—and potentially perform demonstratives with—the stick during jury deliberations. Allowing the jury to hold and weigh the stick during deliberations and determine whether the stick could be used to "jab" someone or cause serious bodily injury or death is far beyond what Silva observed during the incident. This would invite the jury to perform unfettered demonstrations with the stick, which would not be subject to Court supervision or direct or cross examination and may be inconsistent with the objective video evidence. The jurors could potentially perform their own reconstruction of the incident with the stick in a manner that may make the stick appear more menacing than it actually was. This is a recipe for disaster. In reaching its verdict, the jury must consider the evidence as it was presented in court. The jury has already seen the stick during Court when defense counsel held it up somewhat consistent with the video, has seen photographs and video depicting the stick, and has heard Silva's testimony regarding her observations of the stick. Importantly, Silva testified that she never saw Decedent swing the stick and never saw the stick coming down toward her.

Consistent with the jury instructions, including Ninth Circuit Instruction 9.27 and CACI 1305B, 441, the jury must reach its verdict based on the information known to Silva at the time of the shooting. It is well settled that in excessive force cases, information outside the time frame of the shooting is irrelevant to the question whether the use of deadly force against was "objectively reasonable" in light of the facts and circumstances confronting the officer, and the incident cannot be evaluated with 20/20 hindsight. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Here, allowing the jury to physically examine the stick, particularly unsupervised for an unlimited amount of time,

would violate this prohibition on hindsight evidence. As is obvious from the evidence at trial, including the video, Silva never held the stick and was not struck by the stick. Silva's observation of the stick was limited to a relatively brief visual observation while Decedent held the stick from at least a few feet away. Allowing the jury to have the stick during jury deliberations would improperly provide the jury with evidence that Silva did not have at the time of the incident in violation of this precedent. The potential for unintentional juror misconduct is great and invites reversable error.

## II.    THE REQUIREMENTS UNDER F.R.E. 107 HAVE NOT BEEN MET FOR THE STICK'S ADDMISSION.

F.R.E. 107 states in pertinent part:

(a) Permitted Uses. The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.
(b) Use in Jury Deliberations. An illustrative aid is not evidence and must not be provided to the jury during deliberations unless:
    (1) all parties consent; or
    (2) the court, for good cause, orders otherwise.

First, the stick as an illustrative aid will not help the jury understand the evidence, and there is a danger of unfair prejudice from its admission. To determine whether Silva used excessive force, the jury must evaluate the totality of the circumstances known to Silva at the time of the incident. *Glenn v. Washington Cty.*, 673 F.3d 864, 872 (9th Cir. 2011). At the time of the shooting, Silva had not touched the stick, let alone weighed it or done any other examinations to determine whether the stick could potentially cause death or serious bodily injury. Allowing the jury to examine the stick will not aid the jury in determining whether Silva used excessive force based on the facts known to her at the time of the shooting, as Silva did not have the experience of physical contact with

PLAINTIFFS' BRIEF RE ADMISSION OF PHYSICAL EVIDENCE TO THE JURY

the stick prior to the shooting. Because allowing the jury to hold, weigh, examine, and swing the stick would be remarkably different from Silva's limited observation of the stick, the danger for prejudice is incalculable. The Court would have no control over whether the jury performs hypothetical demonstrations with the stick that may be entirely inconsistent with the manner in which Decedent ever held the stick during the incident. The videos show that Decedent held the stick vertically in front of him. Whether this stick could potentially be used as a deadly weapon if a person were to use it in an entirely different manner than that which Decedent used it—such as holding it from the bottom, swinging it, or bringing it down toward someone—is not the question here.

Second, Plaintiffs certainly do not consent to admitting the stick into evidence or allowing it in the jury deliberation room, and Defendants have not demonstrated good cause for its introduction into evidence. Good cause has not been shown because (1) this would constitute hindsight evidence; and (2) the jury has already seen the stick in open court physically, in photographs, and in the video.

Separately, the Court can exclude a "weapon" if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues, pursuant to F.R.E. 403. Although Plaintiffs dispute that this stick was a "weapon," Defendants assert that is an object capable of causing death or serious bodily injury, and this Court certainly would never allow a gun or knife to go back into the jury room. Defendants' proffer to allow the jurors to have the stick during deliberations completely cuts against their argument that the stick was capable of causing death or serious bodily injury. Defendants cannot have it both ways. Further, courts have broad discretion to regulate the use of demonstrative evidence, and here, this Court should exercise that discretion not to admit the stick into evidence. *See* F.R.E 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence").

PLAINTIFFS' BRIEF RE ADMISSION OF PHYSICAL EVIDENCE TO THE JURY

## III.    FEDERAL CASE LAW DISCOURAGES THE INTRODUCTION INTO EVIDENCE OF ILLUSTRATIVE AIDES.

When demonstrative evidence is used as a testimonial aid, it is generally not admitted into the evidentiary record. Such "illustrative" aids are ordinarily excluded from the jury room during deliberations. *See United States v. Cox,* 633 F.2d 871, 874 (9th Cir. 1980); *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F3d 701, 705 (7th Cir. 2013) (court abused its discretion by failing to adhere to general rule that "materials not admitted into evidence simply should not be sent to the jury for use in its deliberations"). While in *Cox* the Court allowed the admission of a prototype bomb, the Court warned that "[a]dmission of evidence admitted for illustrative purposes into the jury room during deliberations has been discouraged by this circuit and would constitute reversible error in certain circumstances." *Cox, supra*, at 874.  The Ninth Court further advised in *Cox* that "[i]t would appear to be the better practice in a case of this sort to have excluded the illustrative evidence from the jury room. The role of such evidence is preferably that of a testimonial aid for a witness or as an aid to counsel during argument. Otherwise evidence of this sort may cause error in that it can present an unfair picture of the testimony at trial and can be a potent weapon for harm due to its great persuasiveness." *Cox*, 633 F.2d at 874. Here, Defendants have already used the stick as a "testimonial aid" during Silva's testimony. There is no need for the jurors to have unsupervised access to the stick, which would improperly allow the jury to consider evidence not presented in open court.

For each of the reasons stated herein, this Court should not admit the stick into evidence. Doing so would present an unfair picture of the incident because the jury would have a drastically different experience with the stick compared to Silva's very limited experience. Allowing the jury to take possession of the stick into the jury room may also result in reversable error and prejudice to Plaintiffs.

DATED: April 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**CARRILLO LAW FIRM, LLP**

By: */s/ Renee V. Masongsong*
Luis A. Carrillo
Michael S. Carrillo
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

PLAINTIFFS' BRIEF RE ADMISSION OF PHYSICAL EVIDENCE TO THE JURY