LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Garcia Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA,<br>Defendants | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**PLAINTIFFS' BRIEF RE: VICARIOUS LIABILITY JURY INSTRUCTION**<br><br>Pretrial Conference: April 1, 2026<br>Trial:   April 14, 2026 |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | |

PLAINTIFFS' BRIEF RE: VICARIOUS LIABILITY JURY INSTRUCTION

## PLAINTIFFS' BRIEF RE: VICARIOUS LIABILITY JURY INSTRUCTION

As set forth in the Parties' disputed set of jury instructions (Dkt. 121), Plaintiffs request that this Court read California Civil Jury Instruction ("CACI") No. 3703, Vicarious Liability—Legal Relationship Not Disputed, as follows:

### VICARIOUS LIABILITY—LEGAL RELATIONSHIP NOT DISPUTED

In this case, Officer Silva was an employee of the City of Tustin.

If you find that Officer Silva was acting within the scope of her employment when the incident occurred, then the City of Tustin is responsible for any harm caused by Officer Silva's wrongful conduct.

The parties have stipulated that Officer Silva was acting within the scope of her employment during this incident.

CACI 3703 (2025 Ed.).

This is a model instruction that is appropriate for this case. There is no dispute that the City of Tustin is vicariously liable for the conduct of Defendant Officer Silva on Plaintiffs' claims arising under California law, and no dispute that Officer Silva was acting in the course and scope of her employment with the City of Tustin at the time of the shooting. The jury instructions and stipulations of fact regarding "course and scope" are not sufficient to inform the jury that the City of Tustin is vicariously liable and responisble for Officer Silva's actions. Excluding this instruction would be prejudicial to Plaintiffs. Without this instruction, the jury might incorrectly think that Officer Silva herself is responsible for paying any judgment against her and may be hesitant to render a verdict against Officer Silva and in Plaintiffs' favor for that reason.

Defendants' argument that this instruction is inappropriate because the City is no longer a direct defendant is unavailing, as that is not the purpose of this

instruction. (*See* Dkt. 121). Nor is Defendants' argument that having the Court read this instruction "would be unduly prejudicial and misleading" persuasive. To the contrary, this instruction is anything but "misleading"—it is an accurate statement of the law, and excluding this jury instruction would mislead the jury into believing that Silva may be personally responsible for paying any damages award. Moreover, CACI 3703 would actually eliminate the confusion the jury may have as to why the City of Tustin is a named defendant in this case. This Court's on-screen presentation to the jury prior to the Parties' presentation of evidence accurately listed the City of Tustin as a defendant, as did the Statement of the Case read to the jury, as well as the jury instruction on Claims and Defenses. Including CACI 3703 would clarify any question the jury may have as to why the City of Tustin is not addressed in the substantive jury instructions.

Additionally, courts in police misconduct cases such as the instant case routinely give CACI 3703 (Vicarious Liability), where the plaintiff maintains state law claims against an officer acting within the course and scope of their employment with the municipality. *See* exhibits to the Declaration of Renee V. Masongong, filed concurrently herewith, which are relevant portions of the jury instructions read in the following cases: *Steffon Barber v. County of San Bernardino, et al.*, Case No. 5:22-cv-00625-KK-DTBx ("Exhibit A"); *Paola French, et al. v. City of Los Angeles, et al.*, Case No. 5:20-cv-00416-JGB-SPx ("Exhibit B"); *Francisco Hurtado v. State of California, et al.*, Case No. 2:19-cv-02343-DAD-ACx ("Exhibit C"); *Mickel Erick Lewis, Jr., et al. v. County of Kern, et al.*, Case No. 1:21-cv-00378-KES-CDBx ("Exhibit D"); *Tammy Murillo v. City of Los Angeles, et al.*, Case No. 2:21-cv-08738-FMO-AGRx ("Exhibit E"); *Jermaine Petit v. City of Los Angeles, et al.*, Case No. 2:23-cv-00789-ODW-PVCx

PLAINTIFFS' BRIEF RE: VICARIOUS LIABILITY JURY INSTRUCTION

("Exhibit F"); *V.R., et al. v. County of San Bernardino, et al.*, Case No. 5:19-cv-01023-JGB-SPx ("Exhibit G"); *Devonte Stephenson v. State of California, et al.*, Case No. 5:21-cv-00526-JACK-DTBx ("Exhibit H"); *Jennie Quan v. County of Los Angeles, et al.*, Case No. 2:24-cv-04805-MCS-KSx ("Exhibit I"); *Harris v. City of Tulare, et al.*, Tulare County Superior Court Case No. VCU299232 ("Exhibit "J""); *Jennifer Landeros v. Samuel Schafer, et al.*, Case No. ED-2:17-cv-02598-WBS-CKDx ("Exhibit K"). Notably, in the *Harris* and *Landeros* cases, the defendants in that case prevailed. The fact that the defendants in the *Harris* and *Landeros* cases prevailed despite CACI 3703 being given cuts against Defendants' argument that CACI 3703 is prejudicial to Defendants.

For each of these reasons, Plaintiffs respectfully request that this Court give CACI 3703 (Vicarious Liability—Legal Relationship Not Disputed) in this case.

DATED: April 16, 2026

**LAW OFFICES OF DALE K. GALIPO**
**CARRILLO LAW FIRM, LLP**

By:  */s/ Renee V. Masongsong*
Luis A. Carrillo
Michael S. Carrillo
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

PLAINTIFFS' BRIEF RE: VICARIOUS LIABILITY JURY INSTRUCTION