Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES) |
| Plaintiffs, | Assigned to: *Honorable Sherilyn Peace Garnett* *Magistrate Karen E. Scott* |
| v. | **DEFENDANTS' BRIEF RE: POLE AS EVIDENCE** |
| CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, | **TRIAL DATE: April 14, 2026** |
| Defendants. | |

### 1.  PREFATORY STATEMENT.

Pursuant to the Court's request, Defendants submit this brief regarding the handling of the wooden pole [exhibit 209] in evidence and its availability to the jury.  Perhaps the most revealing aspect of Plaintiffs' objection during sidebar was when Plaintiffs' counsel stressed to the Court that the evidence must be "sanitized".  While Plaintiffs are already

-1-
**DEFENDANTS' BRIEF RE: EXHIBIT 209**

presenting an unrealistic view of the evidence by presenting this rapidly evolving, tense and uncertain situation through frozen 1/30th of a second screenshots, they now want the jury to be shielded from the true nature of the weapon that decedent retrieved and raised over his head as he advanced on a retreating Officer Silva. Plaintiffs' position is that the jury should only see the weapon actually used in this case from a distance and from a perspective contrary to the perspective of Officer Silva at the time she perceived it as a deadly weapon and made the split-second decision to defend herself with deadly force.

That's the central issue in this case and, as the Ninth Circuit has already stated, one of the remaining factual disputes which must be decided by the jury is whether a reasonable police officer would view this actual wooden pole (exhibit 209) as a potentially deadly weapon under the totality of the actual circumstances faced by Officer Silva at the time. Contrary to Plaintiffs' objection, Officer Silva did not view this weapon from 10-15 feet away (i.e. the jury's view) and she didn't view it in some non-threatening neutral "vertical" position. On the contrary, the jury needs to view this weapon from the same perspective as Officer Silva when she formed the belief that it represented an imminent threat of serious bodily injury or death to her on two occasions:

- First the jury needs to see this exhibit in a jabbing motion from a distance of two to three feet as testified by Officer Silva.
- Second, the jury needs to see this exhibit from the same perspective as Officer Silva with it raised above her head at a similar distance.

## 2. JURY EXAMINATION OF THE WEAPON IS PROPER.

As the Court has already recognized, the actual wooden pole perceived by Officer Silva as a deadly weapon is highly relevant and cannot be adequately assessed through two dimensional photographs. FRE, Rule 402. While it is also undoubtedly prejudicial to Plaintiffs' case, courts have long held that all relevant evidence is prejudicial to one side or the other or it likely would not be introduced. Under Rule 403, however, the question is whether the evidence would be unduly prejudicial to one side or the other. In this case, it would be unduly prejudicial to the defense if the jury is precluded from viewing the actual weapon from the same perspective as Officer Silva at the time. Contrary to the desire of

**DEFENDANTS' BRIEF RE: EXHIBIT 209**

JONES MAYER
LAW

Plaintiffs, they cannot be permitted to "sanitize" the evidence to mislead the jury as to the true nature of the actual weapon yielded by decedent at the moment when Officer Silva made the split-second decision to deploy deadly force.

As the Ninth Circuit recognized in *U.S. v. Prince, 585 Fed. Appx. 666, 667, 2014 U.S. App. LEXIS 22189 (9th Cir. 2014)*, allowing a jury to actually handle and carefully examine a weapon (gun) was not improper.  While Defendants understand and appreciate the Court's concern about permitting the jury to have unsupervised access to this weapon (exhibit 209), there would be little to no risk of permitting the jury to closely and carefully examine the wooden pole in the presence of counsel and the Court.  In order to avoid any risk that the jury might attempt to somehow improperly "experiment" with the exhibit, it could then be returned to the Court while the jury continued to deliberate.

Asking the jury to evaluate the deadly potential of this weapon simply cannot be achieved by way of misleading photographs in which the weapon could easily be misperceived as a much less dangerous broom handle.  The jury is going to be asked to determine whether a reasonable police officer would have believed that this actual wooden pole (not a photograph or as seen from a distance in a neutral position) could be a deadly weapon.  Unless the jury is allowed to view and appreciate this actual weapon from the same perspective as Officer Silva they will be deprived of the evidence to make that decision.

### 3.  CONCLUSION.

Given that Plaintiffs have already been distorting this rapidly evolving, tense and uncertain situation through unrealistic frozen screen shots, Defendants respectfully submit that they cannot be permitted to further mislead the jury by preventing the jury from comprehending the actual weapon used in this case from the same perspective as the officer on scene.

DATED: April 16, 2026                    JONES MAYER

                                         By:    */s/ Bruce D. Praet*
                                                Bruce D. Praet,
                                                Attorneys for Defendants

**DEFENDANTS' BRIEF RE: EXHIBIT 209**


JONES MAYER
LAW