Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, <br><br> Defendants. | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES) <br><br> Assigned to: *Honorable Sherilyn Peace Garnett* *Magistrate Karen E. Scott* <br><br> **DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS** <br><br> **TRIAL DATE: April 14, 2026** |

-1-
DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS WITH PLAINTIFFS' OBJECTIONS

**TO THE HONORABLE COURT:**

The Parties hereby submit their statements of dispute with respect to the verdict form following the meet and confer efforts between counsel on April 17, 2026.  The Parties also attach hereto Defendants' Proposed Special Verdict Form, which has been modified pursuant to the Parties' meet and confer discussions and is subject to Plaintiffs' objections as follows. The Parties have made significant progress and have made modifications to Defendants' proposed verdict form, attached hereto, as a result of the meet and confer discussions.

Plaintiffs' objections are as follows:

First, Plaintiffs contend that each claim should have a header, for example, to clarify that the first question on the verdict form is for the claim "EXCESSIVE FORCE" and the eighth question on the verdict form is for the claim "BATTERY."

Second, Plaintiffs contend that no "special interrogatories" should be given at all, as they are unnecessary and improper.  At minimum, if this Court is inclined to give "special interrogatories," then Plaintiffs contend that that they should be modified as follows: (1) Each special interrogatory should indicate that Defendants bear the burden of proof on the special interrogatories, (e.g., "Have Defendants proven by the preponderance of the evidence . . ."). (2) Defendants' proposed special interrogatories No. 3 and 5, below, should be parsed out to refer to each of Officer Silva's two shots separately, given that Officer Silva has testified that she fired her first shot to protect herself and fired her second shot to protect Officer Frias. (3) The special interrogatories should be placed at the end of the verdict form or potentially posed to the jury in a separate form in the event of a Plaintiffs verdict.

Third, Plaintiffs contend that the question regarding contributory negligence (Question No. 14, below) should contain two lines—one for Luis Garcia's potential percentage of fault that contributed to his injury, harm or death, and one line for Officer Silva.

- 2 -

DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS

Fourth, with respect to Question No. 15, below, Plaintiffs contend that there should be only two lines—one for Luis Garcia's loss of life, and one for Luis Garcia's pre-death pain and suffering. It is prejudicial to Plaintiffs to allow the jury to first provide a total amount of survival damages.

Fifth, Plaintiffs object to the inclusion of the language "have Plaintiffs proven by a preponderance of the evidence . . ." before each question. The preponderance of the evidence standard is already included in each substantive jury instruction, and it is prejudicial to Plaintiffs to repeat this language.

Finally, Plaintiffs take umbrage with Defendants' short lines for both the survival damages and wrongful death damages, and contend that these lines should be extended—otherwise, this risks the potential of the jurors subconsciously rendering low damages amounts based on the limited space to write the dollar amount.

Defendants respond as follows: This Court has already overruled Plaintiffs' objections to the "preponderance of the evidence language" in accordance with Ninth Circuit Model Verdict form (e.g. 6.7) as already submitted in Doc. 127. This Court has already determined that special interrogatories are appropriate, given the footnote in the Ninth Circuit opinion.

Finally, the Parties note that attorney Jesus Arias has not had an opportunity to review this.

Dated: April 17, 2026                                      JONES MAYER

                                                    By:      /s/Bruce D. Praet
                                                          Bruce D. Praet
                                                          Attorneys for Defendants

//

**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**

Dated: April 18, 2026

LAW OFFICES OF DALE K. GALIPO

By: _____*/s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Garcia Plaintiffs

**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**

**ATTACHMENT "A"**

We, the jury, in the above-entitled action, find the following special verdict on the requests presented to us.

**QUESTION NO. 1:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva used excessive force against Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 1, please proceed to Question No. 2.  If you answered "No" to Question No. 1, please proceed to Question No. 8)

**QUESTION NO. 2:**

Have the Plaintiffs proven by a preponderance of the evidence that the excessive force by Tustin Police Officer Estela Silva was the cause of harm, injury, or death to Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 2, please answer Question No. 3.  If you answered "No" to Question No. 2, please proceed to Question No. 8.)

**QUESTION NO. 3:**

Would any reasonable police officer with the same knowledge, circumstances and facts as Officer Silva have believed Luis Garcia to represent an imminent threat of serious bodily injury or death?

_____Yes          ____No

(Please answer Question No. 4.)

**QUESTION NO. 4:**

Could the wooden pole possessed by Luis Garcia be considered capable of inflicting serious bodily injury?

_____Yes          ____No

(Please answer Question No. 5)

/ / /

-1-
DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE
PARTIES' MEET AND CONFER EFFORTS WITH PLAINTIFFS' OBJECTIONS

///

**QUESTION NO. 5:**

Would any reasonable police officer with the same knowledge, circumstances and facts as Officer Silva believe that Luis Garcia was actively advancing toward Officer Silva prior to the first shot of his own volition rather than the result of the Taser application?

_____Yes          ____No

(Please proceed to Question No. 6)

**QUESTION NO. 6:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva violated the Bane Act by intending to violate or recklessly disregarding Luis Garcia's constitutional right to be free from excessive force?

_____ Yes          _____ No

(If you answered "Yes" to Question No. 6, please answer Question No. 7.  If you answered "No" to Question No. 6, please proceed to Question No. 8)

**QUESTION NO. 7:**

Have the Plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was a substantial factor in causing harm, injury, or death to Luis Garcia?          _____ Yes          _____ No

(Please proceed to Question No. 8)

**QUESTION NO. 8:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Silva committed a battery against Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 8, please go to Question No. 15.  If you answered "No" to Question No. 9, please go to Question No. 10.)

- 2 -
**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**

//

**QUESTION NO. 9:**

Have the Plaintiffs proven by a preponderance of the evidence that a battery by Tustin Police Officer Silva was the cause of harm, injury, or death to Luis Garcia?

_____Yes          _____No

(Please go to Question No. 10)

**QUESTION NO. 10:**

Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva acted negligently toward Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 10, please answer Question No. 11.  If you answered "No" to Question No. 10, but "Yes" to Question No. 2 and/or Question No. 9, please proceed to Question No. 15.  If you answered "No" to Question No. 2, Question No. 9 and Question No. 10, please date and sign this form.)

**QUESTION NO. 11:**

Have the Plaintiffs proven by a preponderance of the evidence that negligence by Tustin Police Officer Estela Silva was a substantial factor in causing harm, injury, or death of Luis Garcia?

_____Yes          _____No

(If you answered "Yes" to Question No. 11, please go to Question No. 12. If you answered "No" to Question No. 11, but "Yes" to Question No. 2 and/or Question No. 9, please proceed to Question No. 15.  If you answered "No" to Question No. 2, Question No. 9 and Question No. 11, please date and sign this form.)

**QUESTION NO. 12:**

Have the Defendants proven by a preponderance of the evidence that Luis Garcia was negligent?

_____Yes          _____No

(If you answered "Yes" to Question No. 12, please go to Question No. 13.  If

- 3 -

**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**

you answered "No" to Question No. 12, please proceed to Question No. 15.)

**QUESTION NO. 13:**

Have the Defendants proven by a preponderance of the evidence that the negligence of Luis Garcia contributed to his own harm, injury, or death?

_____Yes          _____No

(If you answered "Yes" to Question No. 13, please go to Question No. 14.  If you answered "No" to Question No. 13, please go to Question No. 15.)

**QUESTION NO. 14:**

By what percentage do you find that the negligence of Luis Garcia contributed to his own harm, injury, or death?

_____%

(Please go to Question No. 15)

**QUESTION NO. 15:**

What is the total amount of damages do you award to Luis Garcia?

$_____

Of that total amount, how much do you award for his pain and suffering?

$_____

Of that total amount, how much do you award for his loss of life?

$_____

(Please go to Question No. 16)

**QUESTION NO. 16:**

What wrongful death damage (past and future) do you award to plaintiffs?

Emily Garcia                    $_____

C.G.                             $_____

Wendy Ramirez                   $_____

Kevin Ramirez                   $_____

//

- 4 -
**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**

Please date and sign this form.


Dated: _____                    _____

                                                              Foreperson

**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM FOLLOWING THE PARTIES' MEET AND CONFER EFFORTS, WITH PLAINTIFFS' OBJECTIONS**