Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA  92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com


Attorney for Defendants


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son), <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive, <br><br> Defendants. | Case No: 8:22-cv-00131- SPG- KES <br><br> **DEFENDANTS' BRIEF RE: DISPUTED JURY INSTRUCTIONS** <br><br><br><br> **Trial:  April 14, 2026** |

-1-

**DEFENDANTS' BRIEF RE: JURY INSTRUCTIONS**

## 1.  **PREFATORY STATEMENT.**

At the Pretrial Conference on April 1, 2026, the Court provided the parties with tentative rulings regarding the only two disputed jury instructions submitted in Doc. 121.

- As to CACI 3026 (Bane Act), the Court had tentatively agreed that Plaintiffs could be permitted to add "reckless disregard" into the standard instruction.
- As to CACI 3703 (Vicarious Liability), the Court had tentatively held that this instruction would not be given.

Now that trial is coming to a close, Defendants submit the following with respect to these two disputed instructions.

## 2.  **IF GIVEN, THE BANE ACT INSTRUCTION MUST BE MODIFIED.**

Defendants have already noted that "reckless disregard" is not included in the Model CACI 3066 [Bane Act] despite having been twice updated since *Reese v. Sacramento, 888 F3d 1030 (9ᵗʰ Cir. 2018)* [See: CACI 3066 Use Notes, 2024]  However, if the Court is still inclined to permit the inclusion of "reckless disregard" in Plaintiffs' modified version, Defendants respectfully submit that this legal standard must be defined for the jury.

When the Ninth Circuit held in *Reese* (at p. 1045) that the Bane Act could be violated by some legal standard less than intentional conduct in the form of "reckless disregard", it relied on *U.S. v. Reese, 2 F3d 870 (9ᵗʰ Cir. 1993)* as its authority.  In *U.S. v. Reese,* the Ninth Circuit held that "reckless disregard" only if the defendant "acted with the specific purpose of depriving plaintiff of his constitutional right".  *Id., p. 882*

Since CACI 3066 doesn't include "reckless disregard", it obviously doesn't define this legal phrase.  However, CACI 3113 explains "recklessness" to require more than just the failure to use reasonable care.  It instead requires that the defendant (here Officer Silva) knew that it was highly probable that her conduct would violate the constitutional rights of Plaintiff, but knowingly disregarded them.

If the Court is inclined to permit Plaintiffs to insert that the Bane Act may be violated by "demonstrating a reckless disregard", this phrase must be defined.  To accomplish this, Defendants recommend the following language after Plaintiffs' proposed insertion:

- 2 -
**DEFENDANTS' BRIEF RE: JURY INSTRUCTIONS**

JM
JONES MAYER
LAW

> "Reckless disregard requires more than just a failure to use reasonable care.  It would require that Officer Silva acted with the specific purpose of depriving Mr. Garcia of his constitutional rights."

Thus, while Defendants continue to object to Plaintiffs' proposed addition of "reckless disregard" to the Bane Act instruction, any such addition would minimally require a definition of the legal standard required to prove "reckless disregard".

### 3. <u>VICARIOUS LIABILITY INSTRUCTION REMAINS IMPROPER.</u>

For reasons already set forth in Doc. 121, Defendants continue to agree with the Court's tentative ruling that CACI 3703 (Vicarious Liability) should not be given.  With the exception of the Joint Statement of the Case read to the jury on the first day of trial, there has been no mention of the City of Tustin as a defendant anywhere in the evidence presented.  As the Court has already recognized, the City has been completely dismissed as a direct defendant in all causes of action presented to the jury for decision.

Damages, if any, in this case must be based upon proof introduced by Plaintiffs rather than who might be responsible for payment.  If the proposed vicarious liability instruction is given, it will send a clear message to the jury that there is a "deep pocket" available as consideration of assessing damages.  Ironically, however, Defendants would be prohibited from arguing that such a payment source would involve "tax dollars".  Moreover, it is clear that jurors are never permitted to consider collateral sources such as insurance.  See e.g. CACI 3923.

### 4. <u>CONCLUSION.</u>

Defendants respectfully submit the above for  consideration in finalizing the two remaining disputed instructions.

DATED: April 19, 2026                              JONES MAYER

By: <u>*/s/ Bruce D. Praet*</u>
Bruce D. Praet, Attorneys for
Defendants



- 3 -
**DEFENDANTS' BRIEF RE: JURY INSTRUCTIONS**