

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>CITY OF TUSTIN, ESTELA SILVA,<br>                    Defendants,<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No. 8:22-cv-00131-SPG-KES<br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**[PROPOSED] JUDGMENT** |

The trial of this action began on April 14, 2026, in Courtroom 5C of the United States District Court, Central District of California, Honorable Sherilyn Peace Garnett presiding. Plaintiffs Emily Garcia and C.G., by and through her guardian ad litem, Rosalia Becerra, were represented by attorneys Dale K. Galipo, Michael S. Carrillo, Renee V. Masongsong, and J. Miguel Flores at trial. Plaintiffs Wendy Galicia and Kevin Galicia were represented by attorney Jesus Arias at trial. Defendants City of Tustin and Estela Silva were represented by attorney Bruce Praet at trial.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. The jury of eight deliberated and thereafter returned a verdict as follows:

## CLAIM ONE – SECTION 1983, UNREASONABLE SEIZURE

**QUESTION 1:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva made an unreasonable seizure of Luis Garcia?

_____✖_____ Yes _____ No

*If you answered "Yes" to Question 1, please answer Question 2.*
*If you answered "No" to Question 1, please proceed to Question 4.*

**QUESTION 2:** Have the Plaintiffs proven by a preponderance of the evidence that the unreasonable seizure by Tustin Police Officer Estela Silva was an actual cause of Luis Garcia's death?

_____✖_____ Yes _____ No

*If you answered "Yes" to Question 2, please answer Question 3.*

-1-
[PROPOSED] JUDGMENT

*If you answered "No" to Question 2, please proceed to Question 4.*

**QUESTION 3:** Have the Defendants proven by a preponderance of the evidence that any reasonable officer with the same knowledge, circumstances, and facts as Officer Silva would have believed that Luis Garcia posed an immediate threat of serious bodily injury or death?

_____ Yes ❌_____ No

*Please proceed to Question 4.*

### CLAIM TWO – BANE ACT

**QUESTION 4:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva violated the Bane Act by intending to violate or recklessly disregarding Luis Garcia's constitutional right to be free from excessive force?

❌_____ Yes _____ No

*If you answered "Yes" to Question 4, please answer Question 5.*
*If you answered "No" to Question 4, please proceed to Question 6.*

**QUESTION 5:** Have the Plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was a substantial factor in causing Luis Garcia harm?

❌_____ Yes _____ No

*Please proceed to Question 6.*

-2-
[PROPOSED] JUDGMENT

## **CLAIM THREE – BATTERY**

**QUESTION 6:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva committed a battery against Luis Garcia?

_____ ✖ Yes _____ No

*If you answered "Yes" to Question 6, please answer Question 7.*

*If you answered "No" to Question 6, please proceed to Question 8.*

**QUESTION 7:** Have the Plaintiffs proven by a preponderance of the evidence that a battery by Tustin Police Officer Estela Silva was a substantial factor in causing Luis Garcia's harm and/or death?

_____ ✖ Yes _____ No

Please proceed to Question 8.

## **CLAIM FOUR – NEGLIGENCE**

**QUESTION 8:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva was negligent in her use of deadly force against Luis Garcia?

_____ ✖ Yes _____ No

*If you answered "Yes" to Question 8, please answer Question 9.*

*If you answered "No" to Question 8, please proceed to Question 13.*

[PROPOSED] JUDGMENT

**QUESTION 9:** Have the Plaintiffs proven by a preponderance of the evidence that the negligence of Officer Silva was a substantial factor in causing Luis Garcia's harm and/or death?

_____ Yes _____ No

*If you answered "Yes" to Question 9, please answer Question 10.*

*If you answered "No" to Question 9, please proceed to Question 13.*

**QUESTION 10:** Have the Defendants proven by a preponderance of the evidence that Luis Garcia was negligent?

_____ Yes No

*If you answered "Yes" to Question 10, please answer Question 11.*

*If you answered "No" to Question 10, please proceed to Question 13.*

**QUESTION 11:** Have the Defendants proven by a preponderance of the evidence that the negligence of Luis Garcia was a substantial factor in causing his death?

_____ Yes _____ No

*If you answered "Yes" to Question 11, please answer Question 12.*

*If you answered "No" to Question 11, please proceed to Question 13.*

-4-

[PROPOSED] JUDGMENT

**QUESTION 12:** What percentage of negligence that was a cause of Luis Garcia's death do you assign to Officer Silva, and what percentage of negligence that was a cause of Luis Garcia's death do you assign to Luis Garcia? (Your total should equal 100%).

Officer Silva _____ %

Luis Garcia _____ %

*Please proceed to Question 13.*

## DAMAGES

If you answered "Yes" to any of Questions 2, 5, 7, or 9, you have found Defendants liable on the associated claim. If you answered "No" to Questions 2, 5, 7, or 9, or if you answered "No" to Questions 1, 4, 6, or 8, you have found Defendants not liable on the associated claim.

**QUESTION 13:** What are Luis Garcia's damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering    $5,000,000

Loss of Life    $5,000,000

*Please proceed to Question 14.*

**QUESTION 14:** What wrongful death damages (past and future) do you award to the Plaintiffs?

Emily Garcia: $2,000,000

C.G.: $2,000,000

Wendy Galicia: $1,000,000

Kevin Galicia: $2,000,000

[PROPOSED] JUDGMENT

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that final judgment in this action be entered as follows:

Total judgment in the sum of $17,000,000, plus costs, pursuant to Federal Rule of Civil Procedure 54(d)(1), interest calculated from the date of the entry of judgment, at the rate specified by 28 U.S.C. §1961, and reasonable statutory attorneys' fees and costs as may be awarded by this Court, is entered against Defendants Estela Silva and the City of Tustin and in favor of Plaintiffs Emily Garcia; C.G., by and through her guardian ad litem, Rosalia Becerra; Wendy Galicia; and Kevin Galicia. Plaintiffs are the prevailing party and may apply to the court for an award of costs and reasonable statutory attorneys' fees as permitted by federal and state law.

IT IS SO ORDERED.

DATED:                          _____

                                Hon. Sherilyn Peace Garnett

[PROPOSED] JUDGMENT