# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
| Title | Juan Frias v. City of Los Angeles, et al. | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order GRANTING IN SUBSTANTIAL PART Plaintiffs' motion for attorneys' fees**

Before the Court is Plaintiffs Juan Frias and L.D.'s ("Plaintiffs") motion for attorneys' fees.  *See* Dkt. # 156 ("*Mot.*").  Defendants City of Los Angeles, Bruce Adam, Enrique Anzaldo, Guy Dobine, Joe Dominguez, Juan Garcia, Joseph Goosby, Synthia Lee, Ruben Lopez, Valentin Martinez, and Leon Maya's ("Defendants") oppose the motion.  *See* Dkt. # 171 ("*Opp.*").  Plaintiffs filed a reply.  *See* Dkt. # 191 ("*Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); L.R. 7-18.  After considering the arguments in the moving papers, the Court **GRANTS IN SUBSTANTIAL PART** Plaintiffs' motion.

I.     Background

On January 30, 2020, after a jury trial, a jury returned a verdict in favor of Plaintiffs.  *See* Dkt. # 142.  Specifically, the jury found against Officer Defendants Dobine, Dominguez, Maya, and Goosby on Plaintiffs' Fourth Amendment excessive force claim and Fourteenth Amendment denial of medical care claim.  *See id.*  The jury also found Officer Defendants Maya and Goosby liable for denial of medical care, and imposed liability for battery and under California's Bane Act.  *See id.*  The jury entered $4,500,000 in compensatory damages against Defendants.  Dkt. # 150.

Plaintiffs now move to recover their attorneys' fees under 42 U.S.C. § 1988 and the Bane Act, Cal. Civ. Code § 52.1.  *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

## II.      Legal Standard

Under 42 U.S.C. § 1988, a court may, in its discretion, award the prevailing party in a § 1983 action reasonable attorneys' fees and costs.[1]  *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ("A party who prevails on a claim under § 1983 is entitled to reasonable attorneys' fees unless special circumstances would render such an award unjust."). To calculate the reasonable fee, courts apply the "lodestar" method, which is the "number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate."  *See id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The lodestar computation is a presumptively reasonable amount under § 1988.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).  After computing the lodestar, the district court is to assess whether additional considerations require the court to adjust the figure. *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000).

## III.      Discussion

Plaintiffs request attorneys' fees totaling $2,592,727.50.  *See Reply* 12.  This calculation is based on a $1,728,485 lodestar amount and a 1.5 multiplier.  *See id.*

As an initial matter, Defendants object to Plaintiffs' fee request because Plaintiffs' counsel has not provided Defense counsel or the Court with the financial arrangements between firms, or between counsel and the Plaintiffs.  *See Opp.* 1–2.  Defendants argue that without information on these financial arrangements, and particularly information on whether Plaintiffs' counsel will reap any of Plaintiffs' damages award, they cannot determine whether the requested fee is unconscionable.  *See id.*

The Court disagrees.  While Defendants are correct that Plaintiffs' counsel may not receive an unconscionable fee, they merely speculate that Plaintiffs' counsel has a contingent fee arrangement that will result in fees on top of the fees sought here.  *See id.* 1:10–2:20.  The case that they cite in support, *Tarver*, merely discusses the unconscionability of a fee that "was almost twice the amount of the actual award of monetary damages"; it does not support Defendants' argument that Plaintiffs' counsel must disclose financial arrangements before receiving court-ordered fees.  *See Tarver v. State Bar*, 37 Cal. 3d 122, 134 (1984).  Conversely, Defendants do

---

[1] Attorneys' fees are also recoverable under the Bane Act.  Cal. Civ. Code § 52.1(i) ("In addition to any damages, injunction, or other equitable relief awarded . . . the court may award the . . . plaintiff reasonable attorney's fees.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

not cite any authority for their proposition that "Plaintiffs' counsel are not entitled to recover any fees from the City pursuant to the instant Fee Motion because they have failed to provide this Court with any evidence indicating that the total fees they seek to have awarded would not be 'unconscionable.'" *See Opp.* 2:21–24. Accordingly, the Court will move forward with the fees calculation.

Defendants contest the reasonableness of Plaintiffs' attorneys' fees request based on what it views as unreasonably high requested rates, excessive hours, improper staffing, and block billing. *See Opp.* 6–17. The Court first calculates a reasonable fee using the lodestar method, and then considers whether Plaintiffs' counsel's performance merits a multiplier.

>    A.      Lodestar Calculation

>           i.      *Rate*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community." (citation omitted)); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiffs' counsel seeks hourly rates of $1200 for Dale Galipo, $550 for Renee Masongsong, $525 for Cameron Sehat, and $400 for Marcel Sincich. *See Mot.* 13:22–14:2. They also seek $150 for litigation assistant Alejandro Monguia. *See id.* 22:6. Defendants counter that the appropriate rates are $650 for Galipo, between $510 and $355 for the other attorneys, and nothing for Monguia. *See Opp.* 8:8–15.

The Court consults the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a starting point in its analysis. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

Cal. Sept. 2, 2014).  The Real Rate Report lists the median rate for litigation partners at $650 per hour, with those in the upper quartile making $908 per hour, and the median rate for litigation associates at $510 per hour, with those in the upper quartile making $670 per hour.  *See* Real Rate Report, at 27.  Also of note, the Real Rate Report lists the nationwide range of paralegal rates for general liability related to crime, dishonesty, or fraud as between $138 and $289 per hour.  *See* Real Rate Report, at 14.  With these figures in mind, the Court finds that the requests of $550 for Masongsong, $525 for Sehat, $400 for Sincich and $150 for Monguia are all appropriate.

As for Dale Galipo, the Court finds that a modest reduction of the requested rate is warranted.  Galipo requests $1200 per hour, which outpaces the upper quartile of litigation partners in this forum by almost $300.  *See* Real Rate Report, at 27.  However, as another court within this District has put it "[w]hen it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field." *Valenzuela v. City of Anaheim, et al.*, SACV 17-278 CJC (DFMx), Dkt. # 435, at 34.  This Court agrees, and as1,6 such concurs that Galipo should receive a rate above the upper quartile.  Accordingly, the Court finds that a rate of $1100 per hour is appropriate.

In sum, the Court finds the following rates reasonable:

| Attorney Name | Hourly Rate |
|---|---|
| D. Galipo | $1100 |
| R. Masongsong | $550 |
| C. Sehat | $525 |
| M. Sincich | $400 |
| A. Monguia | $150 |

       *ii.*    *Hours Expended*

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).  "The district court . . .  should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted).  Hours not reasonably expended are those that are "excessive, redundant, or otherwise unnecessary." *Id.*  A district court may reduce hours by

| |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

either conducting an hour-by-hour analysis or by making an across-the-board percentage cut. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1106.

Plaintiffs' counsel billed a total of 2,349.3 hours on this case. *See Reply* 12. Along with timekeeping records, each attorney submitted a declaration summarizing their contributions. Dale Galipo served as lead trial counsel on the case, billing 830.8 hours. *See Supplemental Declaration of Dale K. Galipo*, Dkt. # 191-2 ("*Galipo Decl. II*"), ¶ 11. In this role, he handled the opening and closing arguments at trial, examined and cross-examined most of the witnesses, as well as other trial and pretrial preparation. *See id.* Masongsong billed 748.5 hours and spent her time communicating with Plaintiffs, handling all pleading matters including drafting the complaint and opposing the motion to dismiss, reviewing and managing discovery disclosures, taking several depositions, and engaging in trial preparation. *See Declaration of Renee V. Masongsong*, Dkt. # 158 ("*Masongsong Decl.*"), ¶ 12. Sehat, who accounts for 170.2 hours, drafted pretrial documents, defended witness depositions, took an expert deposition, and prepared trial witnesses. *See Declaration of Cameron Sehat*, Dkt. # 161 ("*Sehat Decl.*"), ¶ 6. Sincich billed 562.1 hours for tasks such as taking and defending depositions, drafting pleadings for pretrial and trial motions, and second-chairing the trial, including cross-examining five officers. *See Declaration of Marcel F. Sincich*, Dkt. # 159 ("*Sincich Decl.*"), ¶¶ 12–13. Lastly, Monguia billed 37.7 hours, spending time on organizing discovery materials and other evidence, preparing trial materials, and deposition logistics. *See Declaration of Alejandro Monguia*, Dkt. # 160 ("*Monguia Decl.*"), ¶ 6.

Defendants make several objections to these hours. First, they broadly assert that the hours were unreasonable because they were either duplicative or excessive. *See Opp.* 10–16. Second, they contend that Plaintiffs' counsel improperly block-billed their hours. *See id.* 16:7–17:7. The Court takes each set of arguments in turn.

*a.      Duplicative and Excessive Hours*

Defendants argue that Plaintiffs' counsel improperly seeks compensation for duplicative and excessive hours. *See id.* 10–16. They contend that this case was a relatively straightforward excessive force case and that Plaintiffs' counsel engaged in "overkill" by, for example, deposing officers who the LAPD Force Investigation Division ("FID") had already thoroughly interviewed. *See id.* 10. Defendants offer Officer Anzaldo's deposition as an example. *See id.* 11:5–19. In addition, Defendants object to Plaintiffs' counsel's staffing decisions, arguing that Plaintiffs' counsel inappropriately sent multiple attorneys to meetings, depositions, and court

Case 8:22-cv-00131-SPG-KES   Document 177-4   Filed 06/03/26   Page 7 of 11   Page
ID #:1787
Case 2:16-cv-04626-PSG-SK   Document 199   Filed 04/23/20   Page 6 of 10   Page ID #:5163

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

appearances.  *See id.* 15:10–22.  Lastly, Defendants argue that Dale Galipo performed work that junior lawyers should have done, such as legal research.  *See id.* 15:22–16:6.

Plaintiffs reply first that counsel did not engage in duplicative work with respect to Officer Anzaldo because his deposition involved complicated trajectory issues and references to multiple SWAT weapons systems and operations not utilized in standard police excessive force cases.  *See Reply* 6:20–27.  Further, that deposition led Plaintiffs' counsel to amend the complaint to name additional officers and altered Plaintiffs' strategy on experts.  *See id.* 6:23–27.  Other than the exceptional case of Anzaldo's deposition, where Plaintiffs had three attorneys present, Plaintiffs maintain that their staffing was appropriate with no more than two attorneys at the other seventeen depositions.  *See id.* 6:8–7:4.  Plaintiffs additionally argue that having three attorneys at trial was justified based on the complexities of the case.  *See id.* 7:5–18.

Turning first to the depositions of the officers, the Court does not find that any hours were duplicative.  Even though Plaintiffs' counsel had the FID statements, it is not "overkill" for an attorney to separately depose a witness because the goals of a deposition are distinct from that of an FID interview.  *See Opp.* 10.  In the case of Officer Anzaldo, for instance, discussion between Plaintiffs' counsel following the deposition led Plaintiffs to amend the complaint to name additional officers who used force and to depose the medical examiner and consult with experts regarding trajectory and exit and entry wounds.  *See Reply* 6:23–27.  The Court will not reduce counsel's hours on this basis.

The Court also disagrees with Defendants that Plaintiffs' counsel's staffing decisions were duplicative.  Masongsong and Sincich took many depositions on their own.  *See id.* 6:8–7:4.  And, even though Plaintiffs sent multiple attorneys to depositions like Anzaldo's, it is not uncommon for multiple attorneys to attend depositions.  Finally, the Court will not reduce counsel's hours for staffing three attorneys at trial.  The Court agrees with Plaintiffs' counsel that this case was far from a routine excessive force case because of the number of officer-Defendants, experts, and non-Defendant officers involved.  *See id.* 7:5–18.

By contrast, the Court will reduce counsel's hours for failure to properly delegate certain tasks to junior associates.  In particular, the Court finds it inappropriate that Galipo, at his proposed $1200 per hour rate, did not delegate legal research to another attorney.  *See, e.g.*, *Asset Mktg. Sys., Inc. v. Gagnon*, No. 03-CV-2234-B (CAB), 2009 WL 10720557, at *6 (S.D. Cal. May 7, 2009) ("By contrast, a senior attorney should delegate appropriate tasks to associates, for example, legal research.").  Accordingly, the Court will deduct 7.2 hours from Galipo's total.

Case 8:22-cv-00131-SPG-KES   Document 177-4   Filed 06/03/26   Page 8 of 11   Page
ID #:1788
Case 2:16-cv-04626-PSG-SK   Document 199   Filed 04/23/20   Page 7 of 10   Page ID #:5164

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

### b.     Block Billing

Defendants next argue that some of the hours requested were improperly block billed. *Opp.* 16:7–17:7.  "Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (internal quotation marks omitted) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).  Although courts can reduce fees due to block-billing when it hinders their ability to discern the reasonable hours worked, *see Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1128–29 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014) (en banc), block-billing is not per se objectionable, *see PQ Labs, Inc. v. Qi*, No. 12-0450 CW, 2015 WL 224970, at *3 (N.D. Cal. Jan. 16, 2015).

Defendants' primary contention is that Galipo's time entries are vague, using descriptions such as "Trial Preparation" in lieu of detailed task descriptions.  *See Opp.* 16:7–25.  Defendants also argue that some entries in Masongsong's billing records, in which she billed for reading and indexing deposition testimony for use at trial, are block billed because these entries lump together multiple tasks (reviewing deposition testimony and indexing deposition testimony).  *See id.* at 16:28.

Masongsong's entries, and those like them, are not block billed.  Sticking with the example of Masongsong's reading and indexing of deposition testimony, while they contain multiple actions ("reviewing" and "indexing"), both actions were part of the singular task of marking up the deposition for trial.  Requiring attorneys to bill these activities in separate increments would result in hundreds of thirty-second entries for things like "indexing," "reading," "cross referencing" and so on.  To do so would penalize attorneys for keeping diligent records and instead improperly force them to "record in detail how each minute . . . was expended."  *See Hensley*, 461 U.S at 437 n.12.  Most entries that Defendants allege were block billed by counsel mirror this example.  Accordingly, these minor errors do not necessitate a reduction in hours.

By contrast to the entries just discussed, which are infrequent, provide specific details on work completed, lump together only related tasks, and occupy short amounts of time, some of Galipo's entries are improperly block-billed.  Galipo includes 390.5 hours billed for "Trial Preparation."  *See Declaration of Dale K. Galipo*, Dkt. # 157 ("*Galipo Decl.*"), ¶ 2, Ex. 1.  While his timesheet includes a footnote describing the tasks involved in trial preparation, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

mere label "Trial Preparation" does not indicate when these tasks happened and to what degree.[1] *See id.* Moreover, the order from Judge Carney that Galipo attaches to his declaration in support of his fees request includes a reduction in Galipo's "Trial Preparation" hours due to this exact same practice. *See id.* ¶ 10, Ex, 4, 8:26. Without a breakdown of how much time Galipo spent on these tasks, the Court is unable to say that it was reasonable to spend 390.5 hours on trial preparation. As such, the Court reduces the "Trial Preparation" hours by 10 percent, or 39.1 hours, to 351.4.

Overall, the Court deducts 46.3 of Galipo's hours from Plaintiffs' counsel's lodestar calculation for excessive hours and block-billing.

### iii.    *Lodestar Calculation*

Plaintiffs' counsel originally requested $1,728,485 in attorneys' fees before the proposed multiplier is applied. Based on the adjustments discussed above, the Court finds that **$1,594,475** is a reasonable lodestar amount.

| Attorney Name | Hourly Rate | Number of Hours Worked | Total |
|---|---|---|---|
| D. Galipo | $1100 | 784.5 | $862,950 |
| R. Masongsong | $550 | 748.5 | $411,675 |
| C. Sehat | $525 | 170.2 | $89,355 |
| M. Sincich | $400 | 562.1 | $224,840 |
| A. Monguia | $150 | 37.7 | $5,655 |
| | | *Lodestar Amount* | **$1,594,475** |

---

[1] These tasks include review of pleadings, written discovery, statements, investigation reports, medical records, photos, audio, video, depositions, expert reports, MSJ briefing and separate statements, pre-trial documents, including pre-trial conference order, exhibit list, witness list, motions in limine, jury instructions, verdict form, exhibits, client preparation, preparation for voir dire, opening statement, direct and cross examination, opening, closing and rebuttal arguments. *See Galipo Decl.* ¶ 2, Ex. 1.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

    B.    <u>Multiplier</u>

Plaintiffs' counsel seeks a 1.5 multiplier of the lodestar amount.  A court awarding attorneys' fees under Cal. Civ. Code § 52.1 may adjust the calculated lodestar amount upwards or downwards based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  In contingency cases, the initial lodestar figure may be adjusted upward in order to compensate attorneys for the risk of taking on a case for which they might not have been compensated.  *Id.* at 1332–33.

The Court finds that counsel's requested multiplier is justified based on the financial risk counsel assumed in litigating this case on a contingency basis, the difficulty of this case, and counsel's demonstrated skill.  Counsel invested over 1,000 hours, $1 million in services, and $40,000 in advanced costs without payment from Plaintiffs.  *See Galipo Decl.* ¶ 29.  The case posed a challenge for Plaintiffs, as they had to navigate an array of officer accounts about the incident, negative evidence about Cesar Frias, and fierce advocacy from Defendants.  *See Mot.* 18:13–15.  Finally, the Court observed throughout trial Plaintiff's counsel's exceptional skill in drawing evidence out from witnesses and making their case to the jury.

The Court is aware, as Defendants point out in opposition, "that the cost of this litigation will 'fall on the shoulders of California taxpayers.'"  *See Opp.* 21:15–22:4; *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1026 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018) (quoting *Nw. Energetic Servs., LLC v. California Franchise Tax Bd.*, 159 Cal. App. 4th 841, 881 (2008)).  It nonetheless believes that consideration of the *Ketchum* factors, as analyzed above, warrants awarding the multiplier.  Although Defendants make this argument strongly and Plaintiffs do not address it on reply, denying a multiplier on this consideration alone in a civil rights case would "effectively immunize large or politically powerful defendants engaging in conduct that harms the public."  *See Rodriguez*, 96 F. Supp. 3d at 1026 (internal quotation marks omitted).

Accordingly, the Court applies a 1.5 multiplier to the lodestar calculation of $1,594,475 for a total award of **$2,391,712.50.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4626 PSG (SKx) | Date | April 23, 2020 |
|---|---|---|---|
| Title | Juan Frias v. City of Los Angeles, et al. | | |

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN SUBSTANTIAL PART** Plaintiffs' motion for attorneys' fees.  Plaintiffs are entitled to fees in the amount of **$2,391,712.50.**

   **IT IS SO ORDERED.**