**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs Emily Garcia and C.G.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendants.<br><hr>*Consolidated with*:<br>WENDY GALICIA RAMIREZ and KEVIN GALICIA RAMIREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TUSTIN and ESTELA SILVA,<br><br>Defendants. | Case No. 8:22-cv-00131-SPG-KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF GARCIA PLAINTIFFS' MOTION FOR ATTORNEY FEES**<br><br>[*Notice of Motion and Motion; Proposed Order; Declarations and Exhibits thereto filed concurrently herewith*]<br><br>Date:       July 29, 2026<br>Time:       1:30 p.m.<br>Crtrm:      5C |

## DECLARATION OF RENEE V. MASONGSONG

I, Renee V. Masongsong, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California.  I make this declaration in support of the Garcia Plaintiffs' Motion for Attorneys' Fees.  I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.    As of this date, I have spent 439.7 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3.    I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiff's reply to the instant motion, as well as hours spent opposing Defendants' post-trial motions and appearing at any related hearings.

4.    I have maintained contemporaneous time records reflecting the work activity and time spent on this case.  I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client.  I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation.  A copy of my time records for this case is attached hereto as "**Exhibit 1**."

5.    In August 2007, I received a Bachelor of Arts in English Writing and a Bachelor of Arts in Psychology from the University of Tennessee at Chattanooga, where I graduated *Magna Cum Laude* and from the University Honors Program. In May 2011, I received a Juris Doctorate degree from Pepperdine University School of Law, where I graduated *Magna Cum Laude* and as a member of the Order of the Coif and a member of Pepperdine Law Review.  At Pepperdine, I was also on the Dean's list each semester and was the recipient of the Pepperdine Dean's Merit Scholarship, the Di Loreto-Odell S.

1

McConnell Merit Scholarship, and the Delman and Krug Endowed Merit Scholarship. During my fall 2009 semester at Pepperdine, I served as a full-time judicial extern to the Honorable Alex Kozinski in the United States Court of Appeals for the Ninth Circuit. During the summer of 2009, I served as a judicial extern for the Honorable Karon O. Bowdre in the United States District Court for the Northern District of Alabama.

6.    I was admitted to the California Bar in December 2011.  I am admitted to practice in the United States District Court for the Eastern District of California, the United States District Court for the Northern District of California, the United States District Court for the Central District of California, and the Ninth Circuit Court of Appeals.

7.    In April 2013, I joined the Law Offices of Dale K. Galipo, where I currently work as a senior associate attorney. During the past approximate thirteen years at the Law Offices of Dale K. Galipo, I have worked exclusively on civil rights cases, the majority of which involved police uses of force resulting in death or great bodily injury. Over approximately the last thirteen years, I have been the primary associate attorney at my office responsible for the day-to-day matters of over approximately 175 state and federal civil rights cases and have also assisted my colleagues on approximately 60 additional civil rights cases that were not specifically assigned to me.  I am currently responsible for the day-to-day management of approximately twenty civil rights cases.

8.    For the bulk of the cases assigned to me, my responsibilities include handling all aspects of the case, including: case initiation (drafting the requisite claim for damages pursuant to the California Tort Claims Act, drafting the complaint for damages and ensuring that it is filed in the proper jurisdiction and venue, investigating the case prior to the initiation of discovery, and evaluating the case for early settlement potential); fact and expert discovery (creating the discovery plan, propounding written discovery and meeting and conferring with opposing counsel regarding any discovery issues, handling discovery disputes, including drafting motions to compel and

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

oppositions thereto, drafting and responding to discovery dispute letter briefs and joint stipulations, analyzing discovery materials, retaining and consulting with experts, defending the depositions of the plaintiffs and their experts, conducting fact depositions); drafting the mediation brief and participating in the mediation; law and motion (amending the complaint, opposing motions to dismiss and motions for summary judgment and drafting affirmative motions for summary judgment, drafting ex parte applications to certify any interlocutory appeal as frivolous); making court appearances; and continued communication with the client(s).  If the case goes to trial, then I am also responsible for: drafting the pretrial documents and working with opposing counsel on the joint pretrial documents; assisting with trial preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing post-trial motions.  Where the case settles and involves a minor plaintiff or incompetent person, I am responsible for drafting the compromise of the claims of the plaintiff and handling the structured settlement or special needs trust.

9.    I am also responsible for handling any appellate issues on the cases assigned to me. In the police shooting cases *Losee v. City of Chico* (Ninth Cir. Case No. 16-16541, June 18, 2018), *Hernandez v. City of Huntington Beach* (Ninth Cir. Case No. 18-56127, Dec. 24, 2019), and *Garcia v. City of Tustin* (Ninth Cir. Case No. 24-2224, Sept. 8, 2025), I drafted the appellants' opening and reply briefs appealing the district court's grant of summary judgment and assisted with the preparation for the oral arguments. In those three cases, the Ninth Circuit overturned the district court's ruling, resulting in a favorable outcome for my clients. I also drafted the answering brief in the case *Villanueva, et al. v. State of California*, 986 F.3d 1158, 1173 (9th Cir. 2021) wherein the Ninth Circuit affirmed the lower court's denial of summary judgment in favor of my client and selected the opinion for publication. This opinion served as crucial precedent in opposing Defendants' request for qualified immunity in future cases. I also drafted a successful motion to dismiss a Ninth Circuit appeal from the lower

3

court's denial of qualified immunity in *Herd v. State of California* (Ninth Cir. Case No. 19-56494, June 25, 2020). I also contributed to the appellate briefs and oral argument preparation in the cases *French v. City of Los Angeles*, where the Ninth Circuit affirmed the district court's denial of the City's motion for a new trial and renewed motion for judgment as a matter of law (Ninth Cir. Case No. 22-55571, Dec. 5, 2023), and *Zelaya v. City of Los Angeles* (Ninth Cir. Case No. 23-4186), which is currently pending.

10. Within approximately the last ten years, attorneys more experienced than myself have sought out my consultation on their own police use-of-force cases, and I have provided consultation regarding tort claim filing requirements, legal research in this area of law, discovery issues in this area of law, and opposing dispositive motions.

11. Also within approximately the last ten years, I have taken on a role in training new associate attorneys at the Law Offices of Dale K. Galipo specifically with respect to litigating excessive force cases, including law and motion and discovery, and working the case up for trial.

12. Over the past thirteen years as a civil rights attorney, I have been the day-to-day attorney in several cases with Mr. Galipo that have resulted in seven and eight-figure verdicts and settlements, including the following:

- $2.8 million settlement in *Martinez v. County of Los Angeles* (police shooting), (April 2016);
- $1.1 million settlement in *Mueller v. County of Orange* (police shooting), (March 2017);
- $2 million settlement in *Powell v. City of Barstow* (police shooting), (May 2017);
- $1.9 million settlement in *L.R. v. County of Riverside* (police shooting), (May 2017);
- $1.9 million settlement in *Lozano v. County of San Bernardino* (denial of medical attention) (January 2018);

4

- $2.75 million settlement in *Briones v. City of Ontario* (excessive force/asphyxiation), (June 2018);
- $4.6 million settlement in *C.M. v. County of Los Angeles* (police shooting), (August 2018);
- $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);
- $8.5 million settlement in *Vivas v. County of Riverside* (police shooting) (August 2019);
- $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020);
- $4.65 million settlement in *Franco v. City of West Covina* (police shooting) (February 2020);
- $1 million settlement in *Ramirez v. City of Gilroy* (police shooting) (July 2020);
- $2 million settlement in *Biane v. County of San Bernardino* (malicious prosecution) (November 2020);
- $1.15 million settlement in *Soderberg v. City of Los Angeles* (police shooting) (December 2020);
- $1.7 million jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021);
- $4.5 million settlement in *Villanueva v. State of California* (police shooting) (October 2021);
- $17.2 million verdict in *French v. City of Los Angeles* (police shooting) (October 2021);
- $500,000 jury verdict in *Gomez v. City of Santa Clara* (police shooting) (December 2021);

5

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

- $4.5 million verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022);

- $2.5 million settlement in *Santillan v. County of Stanislaus* (restraint death) (September 2022)

- $1.25 million settlement in *Escudero v. County of San Bernardino* (police use of force) (February 2023);

- $1.2 million settlement after jury verdict in *Valencia v. City of Los Angeles* (police shooting) (March 2023);

- $16.5 million settlement in *Neal v. County of Los Angeles* (police shooting) (March 2023)

- $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023);

- $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023);

- $8 million settlement in *Lopez v. City of Los Angeles* (police shooting) (September 2024)

- $1.5 million settlement in *Lopez v. City of Mesa* (police shooting) (December 2024)

- $1.65 million settlement in *Lennox v. State of California and County of Sacramento* (police shooting) (February 2025);

- $2.5 million settlement in *Alvarado v. City of San Bernardino* (police shooting) (February 2025).

- $30.5 million jury verdict in *Lewis v. Kern County* (police shooting) (March 2025)

- $2.5 million settlement in *Willcox v. County of Los Angeles* (jail suicide) (June 2025)

6

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

- $6.5 million settlement in *Cernas v. County of Los Angeles* (police shooting) (October 2025)

- $2.99 million settlement in *Urquijo, et al. v. State of California* (police shooting) (January 2026);

- $1.5 million settlement in *Hill v. City of San Bernardino* (police excessive force) (January 2026)

- $27,350,000 jury verdict in *Barber v. County of San Bernardino* (police shooting) (February 2026)

- $3 million jury verdict in *Petit v. City of Los Angeles* (police shooting) (February 2026)

- $17 million jury verdict in *Garcia v. City of Tustin* (police shooting) (April 2026)

13. Since approximately May of 2022, I have been the associate handling the day-to-day management of this case at the Law Offices of Dale K. Galipo.

As reflected in detail on my timesheet attached hereto as "**Exhibit 1**," my work on this case includes the following:

- I conducted discovery in the federal and state actions, analyzed the evidence, and participated in fact depositions. This includes taking the depositions of two percipient witness officers and assisting Mr. Galipo in preparing for the deposition of the shooting officer.

- I retained and consulted with a police practices expert and participated in expert depositions, including taking the deposition of Defendants' police practices expert.

- I handled law and motion, including asserting an affirmative request for summary judgment on behalf of the Garcia Plaintiffs and opposing Defendants' summary judgment motion.

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

- I handled the Garcia Plaintiffs' Ninth Circuit Appeal, including conducting legal research and drafting the Opening Brief, Reply Brief and Supplemental Brief. I also heavily assisted Mr. Galipo in preparation for the oral argument.

- I made court appearances, including making argument at the district court Status Conference re: Defendants' motion for summary judgment as to Plaintiffs' state law claims and appearing at the pretrial conference.

- I communicated consistently with the Garcia clients and assisted with their preparation for depositions and trial.

- I drafted the lawsuit for the case to be refiled in state court following this Court's grant of Defendant Silva's request for qualified immunity. I also conducted discovery in the state court case.

- I prepared the pretrial documents both in 2024 prior to this Court granting Defendant Silva's request for qualified immunity and again in 2026 when significant revisions were made.

- I prepared the case for trial, including preparing the exhibits, instructing the legal assistants with respect to witness subpoenas and exhibited binders, summarizing the evidence, and assisting Mr. Galipo with other trial preparation.

- I participated in the trial, including contributing to jury selection, handling the exhibits, working with Plaintiffs' expert, consulting with Plaintiffs' team, taking notes, and continuing to work on the jury instructions and verdict form.

- I handled post-trial issues, including the instant motion for attorneys' fees. I also intend to work on the opposition to Defendants' post-trial motions.

14. Previously, in January 2020, I assisted Mr. Galipo in trying the case *L.D. v. City of Los Angeles*, in front of the Honorable Philip Gutierrez. The *L.D.* case was a very

8

difficult police shooting case involving the use of force by LAPD SWAT officers against a young man who was having a mental crisis in his own bedroom. In that case, the defendants made no settlement offer. The jury awarded the plaintiffs in that matter $4.5 million at trial. Subsequently, Judge Gutierrez awarded me an hourly rate of $550 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988 and Cal. Code Civ. P. § 52.1(i), § 52(a) for my work on the case. A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding me $550 per hour is attached hereto as **"Exhibit 2."**

15.     In October 2021, I assisted Mr. Galipo in trying the case *French v. City of Los Angeles*, in front of the Honorable Jesus G. Bernal. The *French* case involved difficult issues surrounding whether the shooting officer was acting in the course and scope of his employment and whether he was acting under color of law. The jury awarded the plaintiffs in that matter $17,002,000 million at trial. Subsequently, Judge Bernal awarded me an hourly rate of $600 in ruling on Plaintiffs' attorney fee motion in the *French* case. A true and correct copy of Judge Bernal's May 10, 2022, Order awarding me $600 per hour for work performed in 2020 and 2021 is attached hereto as **"Exhibit 3."**

16.     In October 2023, I assisted Mr. Galipo in trying the case *Zelaya v. City of Los Angeles*, in the Central District before the Honorable Otis D. Wright, II. In that case, the plaintiff contended that LAPD officers used excessive and unreasonable force in detaining her father, who was homeless, when they applied excessive body weight while he was in a prone position on the ground, positionally asphyxiating him. The defense argued that the decedent died of a drug overdose. After Plaintiff prevailed and was awarded a verdict of $13.5 million, Judge Wright awarded me $700 per hour for work performed in 2022 and 2023, pursuant to a 42 U.S.C. § 1988 attorney's fee motion. Attached hereto as **"Exhibit 3"** is a true and correct copy of the June 25, 2024, Order awarding me $700 per hour.

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

17.     In January 2024, after I was influential in successfully defending the Ninth Circuit appeal in *French v. City of Los Angeles*, in which defendants argued for a new trial based on the jury instruction regarding "course and scope of employment" and on the defendant officer's invocation of his Fifth amendment right, the plaintiffs filed for attorneys' fees on the appeal. In February 2024, Judge Bernal of the Central District of California awarded me $800 per hour for work performed in 2022 and 2023 in the *French* case. Attached hereto as "**Exhibit 4**" is a true and correct copy of the February 21, 2024, Order awarding me $800 per hour.

18.     I believe that a reasonable fee for my professional services is now **$900** per hour. This hourly rate is supported by the Declaration of attorney Carol A. Sobel (recently prepared for my office in the case *Petit v. City of Los Angeles*) filed concurrently herewith as "**Exhibit 5**" at ¶¶ 33, 39, 43, 46, 47 and exhibits thereto. This hourly rate is also supported by Mr. Galipo's declaration. *See also LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624-26 (9th Cir. 2026) (holding that small firms can be awarded big law rates in a motion for attorney fees, and the district court abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation, rather than calculating the fee based on the prevailing market rate). As a result of my thirteen years of experience exclusively working on civil rights cases, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work. This reflects an approximate 5% increase for each of the last two years since Judge Bernal awarded me $800 per hour in 2024 and reflects my additional two years of experience since that order was issued. Courts routinely recognize that fee rates increase over time based on a variety of factors. *See Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time . . .”).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 3rd day of June 2026 in Woodland Hills, California.


                    /s/     *Renee V. Masongsong*
                         Renee V. Masongsong

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS’ MOTION FOR ATTORNEYS’ FEES