Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 92030
Tel: (626) 799-9375
Fax: (626) 799-9380

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s) | Case No: 8:22-cv-00131 SPG KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**DECLARATION OF MICHAEL S. CARRILLO IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES** |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | |

**1**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

## <u>DECLARATION OF MICHAEL S. CARRILLO</u>

I, Michael S. Carrillo, declare as follows:

1.    I am an attorney at law, duly admitted to practice before the United States District Court Central District of California, and I am one of the attorneys of record for Plaintiffs Emily Garcia and C.G. in the above matter.  I make this declaration in support of Plaintiff's Motion for Attorneys' Fees.  I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.    As of this date, I have spent 99.15 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3.    I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiff's reply to the instant motion.

4.    I have maintained contemporaneous time records reflecting the work activity and time spent on this case.  I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client.  I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation.  A copy of my time records for this case is attached hereto as "Exhibit 1."

5.    In May, 2005, I received a Bachelor of Arts in General Communication from Purdue University, West Lafayette, IN.

6.    In May 2008, I received a Juris Doctorate degree from Whittier Law School and first became licensed to practice in the state of California in December, 2008.  I am also currently admitted to practice in the United States District Court for the Eastern District of California and the Central District of California.

7.    During law school I worked at the Wallin & Klarich law firm where I gained valuable experience in the areas of criminal defense and family law.  While

2

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

there, I worked all the way up from secretary to a law clerk position.  During my final year of law school, I began working for my father who had his solo-practice, the Law Offices of Luis A. Carrillo.  It was then I began working on civil rights cases and gaining valuable experience including working on the case of Elio Carrion, who was an Air Force Sergeant who was shot by a San Bernardino County Sheriff which resulted in a $1.5 million settlement.  Additionally, while waiting for my bar results, I second-chaired my first jury trial with my father which was a federal civil rights case filed on behalf of a reporter who alleged excessive force against a Port Police officer.

8.     Following the passage of the bar exam, I immediately began working in my own practice while also still assisting my father at times in his practice. My practice then was the Law Offices of Michael S. Carrillo, A Professional Corporation which focused then on criminal defense and family law matters.  I eventually built a budding law practice which included handling several bench trials on family law matters.

9.     In or about 2012, my father, Luis Carrillo, and I teamed up again after several years of our separate practices while working on the *Miramonte* case. *Miramonte* was a high-profile sex abuse scandal involving the Los Angeles Unified School District in which a school teacher at a South Los Angeles school was found to have been force-feeding his semen to elementary school age children without their knowledge.   My father and I represented many of the victims and the case resulted in a record settlement against the Los Angeles Unified school District which totaled roughly $139,000,000 million.  Since that historic case, my father and I have partnered together to form the Carrillo Law Firm, LLP in or about 2014.

10.     My father, Luis Carrillo, is a founding partner in the firm and has been recognized for his advocacy in the area of civil rights.  He has a long history of representing persons harmed by police agencies.

**3**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

11. Luis Carrillo represented 40 demonstrators who sued the city of Los Angeles for the actions of the LAPD following a peaceful protest that took place on May 1, 2007 at MacArthur Park in Los Angeles and was part of the $12,850,000.00 settlement. Luis Carrillo also represented a client in the Rampart Scandal in which former Los Angeles Police Department officers from the Rampart Division confessed to fabricating evidence and framing one client, Javier Ovando. Luis Carrillo was a part of the legal team who represented Mr. Ovando and who settled with the city for the largest police misconduct case in history at the time for $15,000,000.00. Luis Carrillo also settled other cases against the city for the actions of these police officers who were later convicted of fabricating evidence, falsifying charges, etc.

12. In June, 2016, the Daily Journal published a section featuring 30 plaintiff's attorneys and selected Luis Carrillo as one of the Top Plaintiff Lawyers in California for 2016. Recently, in December 2023, he was awarded a proclamation by the Los Angeles City Council by Councilmember Eunisses Hernandez for his work in the area of civil rights and sexual abuse.

13. As for myself, I am currently the managing partner for the Carrillo Law Firm, LLP where I oversee the cases and the practice which includes 7 total attorneys. Our law firm focuses primarily on civil rights and childhood sexual abuse cases. I have been a part of various high-profile cases including various trials and settlements. For the cases we retain, I am responsible for overseeing timely claim filing and complaint filing deadlines are met and that the cases are properly prepared for trial. This includes preparing written discovery, taking depositions, retaining the proper experts, opposing summary judgments, preparing trial documents, and of course, running the business side of the practice in which we currently have 7 attorneys. I have been both first chair for many trials as well as second and third chair, depending on the circumstance of the case.

**4**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

14.    Our law firm has received recent recognition including by being named in the LA Daily Journal article as "Children's Champions" for our work and advocacy on behalf of victims of childhood sexual abuse.  In 2024, the Carrillo Law Firm was nominated for CAOC's "Street Fighter of the Year Award" for a civil rights case which we ultimately did not win.  Additionally, in June 2024, I wrote an article which was published in the Advocate Magazine regarding civil rights cases involving restraint asphyxia in-custody deaths.

15.    In 2025, I was named Top 100 Lawyer in the state of California by the Daily Journal.  In 2025 I was also inducted into ABOTA due to my trial experience.

16.    My father and I have recently recorded record settlements in various high-profile cases including the following:

a. *Does v. Mountain View School District* (Miramonte Elementary, 2025 verdict) - $48 million dollar verdict, $36,225,000.00 payable by the School District, for their negligence in supervising former elementary school teacher Joseph Baldenebro who sexually molested 6 children. This case followed a Supreme Court Decision in Doe v. Superior Court 15 Cal.5th 40 (2023). As part of this case, we assisted State Senator Anna Caballero with the passage of SB 1386 ("Suzie's Law") which enhanced the Civil Rape Shield Statute which addressed the Supreme Court decision in this case.

b. *Lopez v. City of Los Angeles* (Civil Rights Case, 2025) - $8 million settlement on behalf of the family of Margarito Lopez who was wrongfully shot and killed by LAPD on December 18, 2021 by officers outside of his home in Los Angeles.

c. *Does v. Los Angeles Unified School District* (Miramonte Elementary – 2024 settlement) - $5.43 Million settlement on behalf of 3 victims of

**5**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

Mark Berndt who was a teacher in South Los Angeles who molested countless victims.

d. *Manuela Sahagun v. Long Beach Unified School District* (Millikan High School, 2023) – $13 million dollar settlement for the wrongful death of 18-year-old Manuela "Mona" Rodriguez, who was fatally shot by a school safety officer on Sept. 27, 2021. The settlement was one of the highest civil rights, pre-trial wrongful death case in the U.S. at the time.

e. *I.M. v. California Highway Patrol* (2023) - $24 million dollar settlement for the death of Edward Bronstein who was suffocated to death by CHP officers on March 31, 2020.  This settlement was, at the time, the highest civil rights pre-trial wrongful death settlement in the state of California and second only nationwide to the George Floyd incident.

f. *Manuel Orozco v. Imperial County* (2023) - $9.875 million settlement on behalf of five men sustained life altering injuries when their vehicle was struck by a Sherriff's deputy who was speeding, without sirens or overhead lights, through an intersection.

g. *Marlene Orozco v. County of Los Angeles* (2022) - $2.5 million settlement for the in-custody death of a man in Los Angeles County Jail

h. *Correa v. County of Los Angeles (2020)* - $1.5 million settlement on behalf of the parents of a young man who died in the Los Angeles County jail.

i. *B.M. v. El Monte Union High School District* (2019) - $5 Million verdict on behalf of a victim of childhood sexual abuse by the teacher.

j. *Navas v. City of Los Angeles* (2017) - $2.5 million settlement of a civil rights case involving a Los Angeles Police Department shooting and death of an unarmed man.

17. Other recent results in other cases include the following:

**6**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

a. *Doe v. Pacific City Bank, et al*. (2023) - $7 million dollar settlement in a negligent security and premises liability lawsuit brought on behalf of a minor who was sexually assaulted by a security guard.

b. *Roberta Gomez v. Hacienda La Puente Unified School District* (2022) - $18 million dollar settlement on behalf of the parents whose child with special needs lost his life after sustaining a fall while attending school within the Hacienda La Puente Unified School District.

c. *Does v. Los Angeles Unified School District* (Cahuenga II, 2020) $11 million settlement on behalf of 9 minors who were victims of sexual abuse by their after school coach.

d. *Does v. Los Angeles Unified School District* (George de la Torre, 2016) $9.9 million settlement for the sexual abuse of three elementary school students by their teacher.

e. *Does v. Los Angeles Unified School District* (El Sereno Elementary, 2020) - $4 million settlement on behalf of 10 children sexually abused by their elementary school teacher.

f. *Doe v. Los Angeles Unified School District* (Telfair Elementary, 2020) - $2.1 million settlement on behalf of a minor who was sexually abused by her elementary school teacher.

g. *Doe v. Los Angeles Unified School District* (Vista Middle School, 2019) - $1.9 million settlement on behalf of a young man who was sexually abused by his middle school assistant principal.

18.    Some of our work has also led to changes in the law.  For example, I was lead trial counsel in a published decision in the area of childhood sexual abuse that will affect similar cases. *In D.Z. v. Los Angeles Unified School District* (2019) 35 Cal.App.5th 210, the plaintiff's high school teacher, James Shelburne, sexually abused our client.  At trial, our office was severely limited in terms of the evidence that we

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

could present as the trial judge excluded all escalating misconduct and non-touching evidence (grooming evidence). Additionally, the trial court limited vicarious liability to only the principal at the time of the sexual abuse and disregarded prior administrator's negligence. The Court of Appeal reversed and held that the judge committed reversible error in excluding substantial notice evidence that showed an escalation of conduct. The Court of Appeal also held that the trial court committed reversible error by limiting the verdict form to only include the administrator that was there when the abuse finally came to light.

19. Other cases in which we have been involved that resulted in a published opinions include the *Doe v. Superior Court* case, a California Supreme Court case, 15 Cal. 5th 40 (2023) as well as *Victor Valley Union High School District v. Superior Court of San Bernardino County*, 91 Cal. App. 5th 1121 (2023). Both cases concerned minors who were sexually abused while at school.

20. Our office was also published in the civil rights case of *D'Braunstein v. California Highway Patrol*, 131 F.4th 764 (2025). The 9th Circuit reinstated claims on behalf of Steven D'Braunstein, a 55-year-old former attorney who suffered a stroke following a car crash and was arrested by a CHP officer instead of being provided medical care. The court held a jury could find the Officer acted unreasonably by failing to summon prompt medical assistance despite signs of medical distress, causing a delay in treatment that led to permanent injury.

21. Since this case first came into our office, I have been the one primarily responsible for overseeing the work on this case from our office. This continued even after our office associated Dale K. Galipo, Renee Masongsong and their team. As evidenced in the billing time sheets, I have been heavily involved in the litigation of this matter including depositions, discovery, and preparing the case for trial.

22. A reasonable fee for my professional services during the time that I worked on this matter is $1000.00 per hour. As a result of my experience, I believe

**8**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work.  I have been practicing for 18 years and have gained the reputation, skill, and expertise in the area of civil litigation and particularly in the area of civil rights.

23.    I believe that my requested hourly rate of $1000.00 is reasonable and in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  Courts appropriately recognize that rates, and inflation, increase over time. *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07–1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012).  Billing rates in Los Angeles at large commercial firms increase annually at more than the cost-of-living rate and to reflect both increased experience, and "courts routinely recognize that fee rates increase over time based on a variety of factors."  Sobel Decl. at ¶ 22; *Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time . . .").

24.    The rate that I am currently requesting is on par with the rate awarded in *Simmons I*.  In *Fleming v. Impax Laboratories, Inc.*, Case No. 4:16-cv-06557 HSG (C.D. Cal. 2022), the court awarded an hourly rate of $760 to a twelfth-year attorney at a small firm.  In *Smith v. County of Riverside*, No. EDCV 16-227 JGB (KKx), 2019 WL 4187381, at *4,*7 (C.D. Cal. June 17, 2019), which was a § 1983 police shooting case, a judge sitting for the Eastern District of California awarded an attorney with nine years of experience but no prior civil rights litigation experience an hourly rate of $480 per hour.  The *Smith* case supports my request for an hourly rate of $1000.00 because unlike the nine-year attorney in *Smith*, who had no prior civil rights litigation

**9**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

experience, I am an eighteen-year attorney with substantial civil rights litigation experience.  *See also Avila v. Los Angeles Police Dep't*, No. CV 11-01326 SJO (FMOx), 2012 WL 12894470, at *7 (C.D. Cal. Aug. 2, 2012), aff'd, 758 F.3d 1096 (9th Cir. 2014) (awarding associate attorneys $550 per hour for § 1983 litigation in 2012); *Dugan v. Cty. of Los Angeles*, 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (awarding $650 per hour for an attorney with no civil rights experience for excessive force case); *Restivo v. Nassau County*, No. 06-CV-6720(JS)(SIL), 2015 WL 7734100, at *3 (E.D. N.Y. Nov. 30, 2015) (awarding $500 per hour for an attorney with nine years of experience); *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1118 (C.D. Cal. 2012) (awarding $500 per hour for an attorney with six years of experience in 2012 in an ADA case)

I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this declaration was executed this 3rd day of June, 2026, at South Pasadena, California.

> /s/ *Michael S. Carrillo*
> Michael S. Carrillo
> Attorney for Plaintiffs

**10**

DECLARATION OF MICHAEL S. CARRILLO RE ATTORNEYS FEES

# EXHIBIT 1

| Date | Time | Entry | Lawyer |
|---|---|---|---|
| 8/17/2021 | 0.00 | Retention of Clients | MSC |
| 8/17/2021 | 2.00 | Preparation of Preservation of Evidence Letters to City of Tustin, DOJ and OC Sheriffs | MSC |
| 8/17/2021 | 0.25 | Review photos provided by client | MSC |
| 8/23/2021 | 2.00 | Go to scene and speak to family members to look for potential witnesses | MSC |
| 9/23/2021 | 1.00 | Review of file and preparation of Claim | MSC |
| 10/22/2021 | 0.25 | Phone call with GAL re case status | MSC |
| 10/26/2021 | 0.25 | Phone call with GAL re video | MSC |
| 12/27/2021 | 2.75 | Preparation of the Complaint | MSC |
| 12/28/2021 | 0.25 | Communications with client via Email | MSC |
| 1/20/2022 | 0.50 | Review of changes to Complaint from co-counsel | MSC |
| 1/25/2022 | 0.25 | Final review of complaint before filing | MSC |
| 1/27/2022 | 1.00 | Meeting with clients and press announcement | MSC |
| 5/1/2022 | 1.50 | Preparation of the Rule 26 Initial Disclosures | MSC |
| 5/2/2022 | 0.15 | Email to co-counsel regarding the Rule 26 Initial Disclosures | MSC |
| 5/4/2022 | 0.25 | Emails with co-counsel regarding Rule 26 Drafting | MSC |
| 5/6/2022 | 0.20 | Meet and confer with defense regarding magistrate stip, stay of case, and AG investigation | MSC |
| 5/9/2022 | 0.10 | Email to defense counsel regarding stay and Rule 26 report drafting | MSC |
| 5/9/2022 | 0.25 | Further meet and confer regarding Rule 26 drafting | MSC |
| 5/22/2022 | 1.15 | Meeting with Client Emily in Santa Ana | MSC |
| 5/23/2022 | 1.00 | Scheduling Conference in 10A | MSC |
| 6/1/2022 | 0.15 | Review of initial disclosures by Defense | MSC |
| 6/29/2022 | 1.25 | Review of RFP and Interrogatories served by City | MSC |
| 7/20/2022 | 0.75 | Review meet and confer letter from Defense counsel re discovery | MSC |
| 9/12/2022 | 0.25 | Phone call with GAL | MSC |
| 1/19/2023 | 0.50 | Review of discovery served by co-plaintiffs' counsel | MSC |
| 3/15/2023 | 1.00 | Review of supplemental disclosures by Defense of prior contacts with Officer Silva and Decedent | MSC |
| 3/22/2023 | 3.70 | Deposition of Estela Silva with co-counsel | MSC |
| 4/3/2023 | 0.30 | Meeting with Co-counsel re expert retention | MSC |
| 4/7/2023 | 0.40 | Discuss with Co-Counsel re Galicia Plaintiff's exhibits | MSC |
| 4/12/2023 | 0.20 | Discuss discovery and depositions with Co-Counsel | MSC |
| 5/9/2023 | 3.80 | Deposition of Wendy Galicia | MSC |
| 5/9/2023 | 2.00 | Deposition of Kevin Galicia | MSC |
| 5/11/2023 | 0.20 | Discuss with DKG office summary of Galicia Plaintiffs' depositions | MSC |
| 5/22/2023 | 1.50 | Deposition of Hector Frias with co-counsel | MSC |
| 5/22/2023 | 1.50 | Deposition of Joshua Yuhas | MSC |
| 5/22/2023 | 1.00 | Deposition of Taylor Babb | MSC |
| 6/14/2023 | 0.40 | Discuss MSJ briefing schedule with DKG office and emails with defense | MSC |
| 6/19/2023 | 1.25 | Review and preparation of supplemental Rule 26 disclosure | MSC |
| 6/20/2023 | 0.50 | Review paternity results and email from RM | MSC |
| 6/20/2023 | 0.75 | Review ex parte to modify scheduling order filed by co-plaintiffs' counsel | MSC |
| 6/21/2023 | 2.00 | Prepare opposition to Ex parte application to modify scheduling order | MSC |
| 6/29/2023 | 1.15 | Review Expert Scott Defoe report and discuss | MSC |
| 6/29/2023 | 0.30 | Discuss with co-counsel re mediation and expert disclosures | MSC |
| 7/6/2023 | 0.15 | Meet and confer with defense regarding trial dates | MSC |
| 7/7/2023 | 0.35 | Review further changes to stip | MSC |
| 10/19/2023 | 0.30 | Phone conference with GAL re status of the case | MSC |
| 11/1/2023 | 1.15 | Review MSJ by Defendant | MSC |
| 3/18/2024 | 1 | Review MSJ Ruling by the Court | MSC |
| 4/9/2024 | 0.25 | Review state court complaint | MSC |
| 8/25/2025 | 0.15 | Review and approve notice of Ninth Circuit approval | MSC |
| 9/14/2025 | 0.1 | Review and approve revised notice of ninth circuit approval | MSC |
| 9/23/2025 | 1 | Review ninth circuit ruling and prepare for scheduling conference | MSC |
| 9/24/2025 | 1 | Appear in person at scheduling conference | MSC |
| 9/29/2025 | 0.25 | Review emails from defense and approve notice of ninth circuit approval | MSC |
| 3/19/2026 | 1 | Case preparation meeting with co-counsel | MSC |
| 3/31/2026 | 1 | Zoom meeting with trial team and co-plaintiff's counsel | MSC |
| 3/31/2026 | 0.5 | Review and discuss Spanish translation issues for BWC | MSC |
| 4/1/2026 | 3.00 | Meet with clients to prepare for trial | MSC |
| 4/1/2026 | 2.20 | Pretrial Conference with Judge Garnett | MSC |
| 4/2/2026 | 1 | Zoom meeting with trial team | MSC |
| 4/8/2026 | 1 | Prepare notes following meeting with clients to send to DKG for case | MSC |
| 4/14/2026 | 8.00 | Trial including working lunch to prepare for afternoon | MSC |
| 4/15/2026 | 8.00 | Trial including working lunch to prepare for afternoon | MSC |
| 4/16/2026 | 8.00 | Trial including working lunch to prepare for afternoon | MSC |
| 4/17/2026 | 6.70 | Trial including working lunch to prepare for afternoon | MSC |
| 4/20/2026 | 6.7 | Trial | MSC |
| 4/21/2026 | 6.00 | Deliberations and verdict in trial | MSC |
| 4/21/2026 | 0.40 | Meeting with clients to discuss the verdict and next steps | MSC |

**TOTAL:**    **99.15**