Law Offices of Jesus Eduardo Arias APC
Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al. <br>                Plaintiff(s), <br> vs. <br> CITY OF TUSTIN, ESTELLA SILVA, et al. <br>              Defendant(s) | Case No: **8:22-cv-00131 SPG KES** <br><br> **GALICIA PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES: 42 U.S.C. § 1988 MEMORANDUM OF POINTS AND AUTHORITIES** |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al., <br>              Plaintiffs, <br> v. <br> CITY OF TUSTIN, et al. <br>              Defendants | Declaration of Counsel Jesus Eduardo Arias, and attached exhibits; proposed order *filed concurrently.* <br> Hearing Date:  July 29 2026 <br> Time: 1:30 PM <br> *The Honorable Sherilyn Peace Garnett* <br> *Crtrm: 5C* |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE on July 29 2026 at 1:30 pm, Plaintiffs WENDY GALICIA and KEVIN GALICIA  through trial counsel, will and hereby  move the Honorable Court to award  reasonable attorney's fees, pursuant to 42 U.S.C. § 1988. Federal Rules of Civil Procedure 54 (d), California Civil Code § 52 et seq. LR 54.

MOTION FOR ATTORNEY FEES
1

As the record reflects the moving Plaintiffs have prevailed in this Civil Rights Jury Trial and a Judgment has been entered in their favor by the court on 5/1/2026. Thus, plaintiffs now move the court respectfully pursuant to 42 U.S.C. Section 1988, Federal Rule of Civil Procedure 54(d) California Civil Code § 52 et seq. and Local Rule 54 for a reasonable award of fees. The award requested below includes a 2.0 multiplier based on the Plaintiffs' success on their claim for violation to the Bane Act. The amount includes contemplated time that will be required to opposed Defendant's post-trial motions including Defendant's Motion for Judgment as a matter of law and new trial. Dkt. 174

This Motion is based on the attached Memorandum of Points and Authorities, concurrently filed declaration[s] and attached exhibits, the pleadings on file herein including fee declarations, and such other documentary evidence as may be presented at the time of this hearing.

**Statement of Local Rule 7-3 compliance :** This motion is made following discussions between counsel for parties, wherein the parties agreed to a briefing schedule regarding this anticipated motion for fees.

Respectfully submitted,

Date 06/3/2026

/S/ Jesus Eduardo Arias

Jesus Eduardo Arias LL.M. Esq.

*Attorney For Plaintiffs*

MOTION FOR ATTORNEY FEES

2

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................4

**I.    INTRODUCTION** ........................................................................................6

**II.   ARGUMENT**...............................................................................................8

1.    THE JURY HAS FOUND IN FAVOR OF THE PLAINTIFFS IN ALL CLAIMS. FEDERAL LAW 42 U.S.C. § 1988 & CA CIVIL CODE § 52.1 PROVIDE SUFFICIENT BASIS AND AUTHORITY TO AWARD THE FEES REQUESTED...................................................................................................8

   A.    The  Plaintiffs are entitled to fees under §1988. ........................................9

   B. Plaintiffs Are Entitled to Fees pursuant the Bane Act in this matter................9

2.    THE AMOUNT REQUESTED BY PLAINTIFFS IS REASONABLE AND GUIDED BY *LODESTAR* COMPUTATION. ....................................................10

   A. The Court Should Be Guided by a "Lodestar" Computation ........................10

   B.    In this case, the application of a 2.0 lodestar enhancement is justified in this case, it is reasonable and appropriate due to the nature and extent of the litigation and the applicability of California Bane Act........................................11

   C.    Plaintiffs' Counsel's Requested Hourly Rates are Reasonable .................15

   D. Plaintiff is Entitled to Fees for Litigating the Instant Motion ........................19

**III.   CONCLUSION** .........................................................................................20

## **TABLE OF AUTHORITIES**

**Cases**

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) .................................9

*Blum v. Stenson*, 465 U.S. 886, 895 (1984) ...............................................................10

*Bouman v. Block*, 940 F.2d 1211, 1230, 1237 (9th Cir. 1991) .................................9

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) .................10

*Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ..........................14

*Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) ...................................................10

*Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002) ...........................11

*Garcia v. Los Angeles Cty. Sheriff's Dep't*, No. CV 09-8943 MMM (SHX), 2015 WL 13646906, at *16 (C.D. Cal. Sept. 14, 2015) .................................................11

*Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir 1992) .....................................11

*Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988) ..........................................14

*Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577 (2010)* .....................................13

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ...................................................7, 8

*Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3rd Cir. 1998) .................................14

*Herrington v. County Of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) .....................8

*Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ................................................................................................................................11

*In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001) ........................9

*Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987) ..........................9

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) .........................9

*Klein v. City of Laguna Beach*, 810 F.3d. 693 (9th Cir. 2016) .................................8

*Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978) .....................................................14

*Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478–79 (9th Cir. 1995) ........................................................................................................................9

*McKibben v. McMahon*, 2019 WL 1109683, at *14 (C.D. Cal. Feb. 28, 2019) .....11

*Missouri v. Jenkins*................................................................................................13

*Perez v. Cate, 632 F.3d 553 (2011)* ......................................................................13

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ..........10

Serrano v. Unruh ......................................................................................................7

*Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.,*
   *460 F.3d 1253 (2006)* ........................................................................................13

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 405 (9th Cir.
   1990).............................................................................................................. 9, 11

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007)...........................10

**Rules**

42 U.S.C. § 1983......................................................................................................7

42 U.S.C. § 1988......................................................................................................8

Bane Act (California Civil Code § 52.1) ..............................................................7, 8

Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session,
   reprinted in 1976 U.S. Code Cong. & Ad. News 5908.......................................8

*Rodriguez v. City of Los Angeles*, 891 F.3d 776, 808 (9th Cir. 2018)......................9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On April 21, 2026, a Federal jury rendered a unanimous verdict in this Court room, finding the Defendant Officer Silva liable for the death of Luis Manuel Garcia Areas. This Civil Rights action tried by a jury finally vindicated Mr. Garcia and his family. Specifically, the jury found that Tustin Police Officer Silva caused Mr. Garcia's death, by way of excessive and unreasonable force in violation of the Fourth Amendment and violating Mr. Garcia's Civil rights. The jury furthermore found in favor of the Plaintiffs in all the additional claims i.e. battery, negligence, & violation to the Bane Act. The jury award in this matter was in total $17,000,000.

**QUESTION 13:** What are Luis Garcia's damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering     $ 5,000,000

Loss of Life     $ 5,000,000

*Please proceed to Question 14.*

**QUESTION 14:** What wrongful death damages (past and future) do you award to the Plaintiffs?

Emily Garcia:     $ 2,000,000

Camila Garcia (C.G.):     $ 2,000,000

Wendy Galicia:     $ 1,000,000

Kevin Galicia:     $ 2,000,000

Pursuant 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d) California Civil Code § 52 et seq. and Local Rule 54; the *GALICIA PLAINTIFFS* respectfully ask the court to award the amount of **$530,175.00** as reasonable attorneys' fees. Plaintiffs ask the court to apply in the interest of justice a 2.0 multiplier to the statutory fees pursuant California Civil Code § 52.1 and § 52(a), making this amount a total award requested in the amount of **$1,060,350.00**.

The fees are reasonable because the facts of the case were inherently risky and challenging. Mr. Garcia had history of drug use and some criminal records—both of which were known to Officer Silva apparently through prior encounters. This gave an opportunity to Defense counsel to attempt to build on a theory of purported comparative negligence. To rebut these arguments among many others, Plaintiffs' counsel conducted exhaustive and extensive litigation for 5 years all the way to the jury trial of this matter.

Plaintiffs' counsel accepted this case on a contingency fee basis, advancing all litigation costs exceeding several thousands of dollars. By doing so, counsel assumed a substantial financial risk. Thus, this motion seeks reasonable hours of attorney fees at hourly rates consistent with those charged by comparably experienced private attorneys in the Los Angeles area for similar complex litigation. The skills and high level of diligent work dedication demonstrated by Plaintiffs' counsel fully justify the rates requested. The defense has litigated this case tenaciously, refusing to offer a single dollar for any settlement for 5 years. Forcing Plaintiffs to expend extensive resources to obtain justice.

This award is justified in the interest of justice based on applicable law and the nature of this civil rights hotly contested matter. The spirit of both laws 1983 Civil Rights Act & The Bane Act Statutes, is to promote and advance critically important tools for justice in our society with respect to law enforcement. *More Civil Rights Advocates who are* willing to take upon serious police misconduct matters for adjudication no matter how long it takes to get justice are always needed.

Here, this case has been litigated diligently for  almost 5 years with an overwhelming amount of legal work being necessary. The defense has aggressively litigated this matter, including prior Motions for Summary Judgment leading to an appeal before the Ninth Circuit Court of Appeals.

Furthermore, today instead of acknowledging & respect the Jury verdict, the Defendants  filed post-trial motions for a New Trial accusing the Jurors of being " *a rogue jury*" without any basis. Dkt 174 Page 7 Line 9. Thus, Defense persists in their legal strategy of deny, dispute, delay, attack and litigate, making this request for fees more strongly justified, reasonable and necessary.

## II.    ARGUMENT

### 1. THE JURY HAS FOUND IN FAVOR OF THE PLAINTIFFS IN ALL CLAIMS. FEDERAL LAW 42 U.S.C. § 1988 & CA CIVIL CODE § 52.1 PROVIDE SUFFICIENT BASIS AND AUTHORITY TO AWARD THE FEES REQUESTED.

In this  case as the prevailing party, the *Galicia* plaintiffs are entitled to an award of attorneys' fees under both federal law and State Law.  42 U.S.C. § 1983 and (California Civil Code § 52.1). "The Bane Act".  Under § 1983, a plaintiff is considered a prevailing party if they succeed on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this matter, the jury returned a comprehensive verdict in favor of Plaintiffs on all the causes of action. Thus plaintiffs are duly the prevailing party.

**A. The  Plaintiffs are entitled to fees under §1988.**

The Civil Rights Attorney's Fees Awards Act of 1976, codified as 42 U.S.C. §1988, was enacted to encourage competent counsel to take and enforce civil rights cases by assuring them that if they were successful in vindicating federally protected rights, they would be paid in the same manner as "is traditional with attorneys compensated by feepaying clients," even when the results obtained are entirely non-pecuniary or solely of nominal pecuniary value. *See* Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908.

"The Supreme Court, citing the legislative history of § 1988, stated that a prevailing plaintiff ordinarily should recover attorney's fees absent special circumstances which would make an award unjust. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citing S.Rep. No. 1011 at 4). We have interpreted this statement to mean that a court's discretion to deny fees under § 1988 is very narrow and that fee awards should be the rule rather than the exception." *Herrington v. County Of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989).

Thus, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Klein v. City of Laguna Beach*, 810 F.3d. 693 (9th Cir. 2016). There are no such special circumstances in this case and the  attorney's fee award is reasonable and appropriate.

**B. Plaintiffs Are Entitled to Fees pursuant the Bane Act in this matter.**

The Plaintiffs are also entitled to award of attorneys' fees pursuant to their successful Bane Act claim under California Civil Code § 52.1. Notably, "§ 52.1(h) authorizes attorney fee awards independently of 42 U.S.C. § 1988." <u>*Rodriguez v. City of Los Angeles*</u>, 891 F.3d 776, 808 (9th Cir. 2018).

This independent statutory basis is significant; the Ninth Circuit Court has held that a district court does not abuse its discretion by awarding fees under a California statute that exceed those permitted under federal law, even where the plaintiff challenges the same conduct under both state and federal theories. *See Bouman v. Block*, 940 F.2d 1211, 1230, 1237 (9th Cir. 1991).

Furthermore, the calculation of an attorney's fee award in cases brought under state law is a substantive matter governed by state law standards. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001); *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478–79 (9th Cir. 1995). Therefore, California's liberal standards for fee calculations should be considered by Court to the Motion.

Here.  record reflects that the jury found a violation of the Bane Act as applied to the wrongful death of Mr. Garcia.  Thus, the plaintiffs in this matter are reasonably entitled to the requested fees and costs  as calculated by the following method[s].

## 2. THE AMOUNT REQUESTED BY PLAINTIFFS IS REASONABLE AND GUIDED BY *LODESTAR* COMPUTATION.

### A. The Court Should Be Guided by a "Lodestar" Computation

"In the Ninth Circuit, the method of determining the permissible amount of attorneys' fees under §1988 is the *'lodestar'* method." <u>Ballen v. City of Redmond</u>, 466 F.3d 736, 746 (9th Cir. 2006). The lodestar method multiples the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly rate. *Id.* "[T]here is a strong presumption" that the lodestar calculation "is a reasonable fee." <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 405 (9th Cir. 1990) (citing <u>Jordan v. Multnomah Cnty</u>., 815 F.2d 1258, 1262 (9th Cir. 1987)). In assessing the lodestar, a district court's consideration may include the

following twelve factors set forth in _Kerr v. Screen Extras Guild, Inc._, 526 F.2d 67, 70 (9th Cir. 1975):

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

See also _Chalmers v. City of Los Angeles_, 796 F.2d 1205, 1210 (9th Cir. 1986), opinion amended, 808 F.2d 1373 (9th Cir. 1987)

**B. In this case, the application of a 2.0 lodestar enhancement is justified in this case, it is reasonable and appropriate due to the nature and extent of the litigation and the applicability of California Bane Act.**

Taking this case from literally serving the claim – complaint all the way to Jury Trial, triggered an enormous risk to counsel, spending hundreds of hours and incurring significant costs working on this case, involved taking a risk that this case may have represented the loss of a career for the Galicia Plaintiffs.

Galicia plaintiffs lawyer is not a big law firm corporation. Rather, a solo practitioner Civil Rights Lawyer with a small practice firm including a law clerk one Attorney a lot of passion for civil rights and justice.

The Ninth Circuit Court this year ruled that the size of a small or solo firm however, should not be a consideration to reduce the award of attorney's fees. *LA Int'l Corp. v. Prestige Brands Holdings, Inc.,* 168 F.4th 608 (2026).

The 9th Circuit court has emphasized that a firm's size is not a valid basis for reducing fee awards. The court held that the determination of reasonable attorney's fees should focus on the skill, experience, and reputation of the attorneys, as well as the difficulty and skill level of the work performed and the results achieved, rather than the size or structure of the law firm .

The Ninth Circuit has explicitly stated that "a firm's small size should not automatically result in its attorneys receiving a reduced hourly rate" and that "a law firm's size alone cannot determine its market rate for the purposes of a lodestar calculation". *LA Int'l Corp. v. Prestige Brands Holdings, Inc.,* 168 F.4th 608 (2026). This decision aligns with prior rulings, such as those in the Second Circuit, which similarly cautioned against reducing fees based on firm size, reasoning that overhead costs or firm size do not directly bear on the factors relevant to fee awards .

Here,  represented only by one Attorney all the way through trial, the Galicia Plaintiffs have prevailed on all claims including the Bane Act claim.  Thus the  law supports the granting of a multiplier under state law. California Civil Code section 52(a) provides for damages up to three times actual damages on the violations of certain civil code sections.

The Bane Act refers to section 52. See Civ. Code, § 52.1(b) (indicating that damages may be recovered under both subsections (a) and (b) of Section 52).
"The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important  [rights] into line with incentives they have to undertake claims for which they are paid on a fee-for services basis . . . [.]" Ketchum, 24 Cal. 4th at 1132. "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar

in order to approximate the fair market rate for such services." <u>Graham v. Daimler Chrysler Corp.</u>, 34 Cal. 4th 553, 579 (2004). "[An enhancement] is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or the delay in payment of attorney fees." *Ketchum*, 24 Cal.4th at 1138. Risk enhancements reflect the attorney's risk of receiving no payment at all. See <u>*Graham,*</u> 34 Cal. 4th at 583-84. That financial risk commands a premium in the legal marketplace for attorneys whose compensation is wholly dependent upon achieving success for their clients. See *Ketchum*, 24 Cal. 4th at 1132, 1138; see also *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 394-95 (Cal. Ct. App. 2005). Indeed, the risk of litigating the case and receiving no compensation if the case is lost is often the most significant lodestar enhancement factor. *Amaral v. Cintas Corp.* No. 2, 163 Cal. App. 4th 1157, 1217 (Cal. Ct. App. 2008). Unless risk is compensated, the purpose of the statute will not be fulfilled. *Ketchum,* 24 Cal. 4th at 1132-33 ("A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.").

Here, the concepts explained about the risk undertaken by counsel in this type of high profile case is exponentially increased and more consequential to a small firm civil rights practice. To not award enhancements to the lodestar considerations and or reduce fees or multipliers provided by law would have a detrimental effect in the civil rights litigation practice, and it would be contrary to the spirits of the law.

As argued as well by the Garcia Plaintiffs in their respective motion for reasonable fees and enhancement multiplier of fees, many cases have been decided with approvals and awards of multipliers from 1.5 to a 2.0 multiplier depending on a case by case determination.  See e.g., Chavez v. Netflix, Inc., 162 Cal. App. 4th 43, 66 (Cal. Ct. App. 2008) (2.5 multiplier); Crommie v. PUC, 840 F. Supp. 719, 726 (N.D. Cal. 1994) (2.0 multiplier regarding age discrimination actions), aff'd sub

nom Mangold v. PUC, 67 F.3d 1470 (9th Cir. 1995); Uphold our Heritage v. Town of Woodside, No. A120749, 2008 WL 4868816 (Cal. Ct. App. Nov. 12, 2008) (multiplier of 2.0 under § 1021.5); Leuzinger v. Cnty. of Lake, No. C 06-00398-SBA, 2009 WL 839056 (N.D. Cal. Mar. 30, 2009) (multiplier of 2.0 in FEHA case); Colgan v. Leatherman Tool Grp., Inc., No. B196650, 2007 WL 4532916 (Cal. Ct. App. Dec. 27, 2007) (multipliers of 2.0 and 1.5 for trial and appellate work in consumer class action); Ketchum, 24 Cal. 4th 1122 (multiplier of 2.0 in anti-SLAPP motion); Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 255 (Cal. Ct. App. 2001) (multiplier of 1.42, recognizing multipliers as high as 4.0); Bell v. Farmers Ins. Exch., No. A101246, 2004 WL 1281818 (Cal. Ct. App. June 9, 2004) (1.833 multiplier in overtime class action); Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278 (Cal. Ct. App. 2010) (multiplier of 1.75 in wage and hour case); W. Century 102, Ltd. v. City Of Inglewood, No. B164350, 2004 WL 886384 (Cal. Ct. App. Apr. 27, 2004) (multiplier of 1.75 in inverse condemnation case); Maldonado v. Club Fresh, No. C055954, 2009 WL 3246450 (Cal. Ct. App. Oct. 9, 2009) (1.5 multiplier in disability discrimination case); Zelaya v. City of Los Angeles, No. 2:20-CV-08382- ODW (MAAX), 2024 WL 3183882 at *12 (finding that an enhanced award would be justified, although counsel did not seek a fee multiplier in that case).

In this matter, Galicia plaintiffs has dedicated not only 5 years of life, work, passion, diligence and advocacy without limit. Further, it has put at risk the entirety of his legal practice by investing all of resources to a very challenging legal journey. To this day, the risk continues and Defense's legal maneuvers provides basis for a clear finding of this court that the requested fees with a multiplier is necessary and reasonable.

### C. Plaintiffs' Counsel's Requested Hourly Rates are Reasonable

First, the hourly rate requested by Galicia Plaintiffs' counsel is reasonable and reflects the level of the experience, skills, work and effective diligence performed by a great solo civil rights lawyer with international reputation. The requested attorneys' fees are commensurate also with respect to prevailing rates in Los Angeles. And furthermore, it represents a consistent analysis for the court's consideration given the role, nature and extent of counsel's involvement within the trial proceedings on behalf of the *Galicia* Plaintiffs.  The undersigned counsel has worked literally from executing personal service of process to the closing argument.

The "prevailing market rates in the relevant community," in the forum where the district court sits, govern the reasonable hourly rate for computing the lodestar amount. *See Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). Within this community, the court should take into account the "experience, skill and reputation of the [requesting] attorney." *Dang*, 422 F.3d at 813; *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007). "Affidavits of the plaintiffs' attorney . . . and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "[C]ourts can also use survey data to evaluate the reasonableness of attorneys' rates." *Garcia v. Los Angeles Cty. Sheriff's Dep't*, No. CV 09-8943 MMM (SHX), 2015 WL 13646906, at *16 (C.D. Cal. Sept. 14, 2015) (citing *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002)); *McKibben v. McMahon*, 2019 WL 1109683, at *14 (C.D. Cal. Feb. 28, 2019). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir 1992).

Here, counsel's sworn declaration and time record – case log   filed concurrently show the attorney and legal assistants' hours of work spent in the successful litigation of this case. These time log and the record is evidence of counsels' hours reasonableness. *See Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). Plaintiffs' attorney has exercised billing judgment in several ways. Attorney hours that were  duplicative, unnecessary, or administrative in nature were either not entered by the attorney during the initial timekeeping process and time has been reduced during the review of the billing records done for this Motion.

In this case, as stated above since day number one of the litigation, the Defense has always denied any violation of the Decedent's civil rights, and moreover they always questioned the Galicia Plaintiffs' standing.  Therefore counsel's work has been doubled down,  not only requiring to prove the facts of the wrongfulness of this shooting, but also requiring his personal knowledge, experience and licensure in the judicial system of another country (Mexico), in order to  overcome the Defendant's allegations of lack of standing.  Furthermore, given the Defendant's eternal denial of liability, Plaintiffs' counsel has dedicated a substantial amount of time of his entire solo practitioner practice to this particular important matter for long almost 5 years.

The case has required Counsel to incur  high amounts of financial burden to finance and support this litigation for almost  5 years. Including  experts fees, deposition fees, client travel expenses,  travel documents, hiring of consultants, etc, along with extensive trial preparations i.e. Mock trials.  All advanced by counsel.

### *1. Hourly Rate for Jesus Eduardo Arias Esq. LL.M.*

Mr. Arias hourly rate $1,000 is commensurate and related to a total of 22 years career as a lawyer licensed both in the United States of America – Mexico. During all of his career practice time, he always has been engaged in serving only community members of society. In other words, representing only people never companies or entities in  matters of civil rights, human rights, international child abduction, and international civil  rights litigation[1]. The rate falls squarely within the reasonable market range for civil rights attorneys in Los Angeles who possess comparable expertise in high-stakes constitutional right's litigation.

His extensive tenure in the California legal system, specifically advocating for victims of civil rights violations, has cultivated a specialized skill set and a reputation of  excellence that justifies his billing tier. Mr. Arias has been distinguished to be appointed as a Consulting Attorney for the Consulate General of Mexico in Los Angeles as well as other diplomatic offices in Southern  California for years.

Counsel Jesus Arias Esq. LLM. brings a rare and sophisticated international perspective into his practice, holding the distinction of being a licensed attorney in both Mexico and in the United States, with a bicultural legal acumen, his education includes a Master's in Law degree in International -comparative Law from the University of San Diego, School of Law. This unique combination of dual-jurisdictional licensure, with specialized academic credentials, and decades of experience provides a level of advocacy that is exceptionally rare and experienced, making the requested rate of $1,000 per hour both reasonable and appropriate.  [2]

---

[1] Mr. Arias in the past has represented US Citizens in civil rights in Mexican Courts in matters where American citizens have been victims of violation of constitutional rights by the Mexican Authorities. (vice-versa in some way to this matter).

[2] Mr. Arias is high profile featured attorney in representing Mexican Immigrant members of the community. Featured and some times his being part of documentary by media outlets such as CNN.  See most recent article about the type matters he is currently involved. See here How understaffing and DHS policy drives rising deaths in ICE detention centers | CNN

## 2. *Hourly rate for Legal Assistant*

The U.S. Supreme Court in <u>Missouri v. Jenkins</u> held that a "reasonable attorney's fee" should compensate for the work of paralegals and other non-attorneys, provided such fees are consistent with prevailing market practices. The Court emphasized that these fees must reflect the market rate for such services and not merely the cost to the attorney's office. <u>Perez v. Cate, 632 F.3d 553 (2011), Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins.</u> Co., 460 F.3d 1253 (2006), Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577 (2010)

Here, the requested hourly rate of $250 for Mr. Arias' legal assistant's work reflects the reasonableness of the requested award for fees. Mr. Arias being a solo practitioner at a small law firm office, has been assisted with only one law clerk - legal assistant. Mr. Carlo Alcantar. His declaration and case log of activities are here attached in support to the instant motion.

Carlo Alcantar earned a Law degree from the University of Guadalajara, graduating in 2018. He was an Administrative Assistant at the Regulations Department in the Office of the Attorney General at the University of Guadalajara from 2017 to 2018. He did a clerkship at the Court of Administrative Justice of the State of Jalisco from 2018 to 2019. Mr. Alcantar is a US Citizen, fully bilingual and has recently taken the California Bar Exam. His activities were in general as a law assistant doing support i.e contacting experts, clients, reviewing file[s], etc, always supervised by Galicia Plaintiff's attorney. The time of his litigation support assistance work in this case was 188 hours at a rate of $250 dollars

Thus, the rate requested for the work done here is evidently reasonable and consistent with a high-level substantive legal work performed. Consequently, the requested fees are a fair reflection of the specialized skills set and professional values with which Galicia's plaintiff's attorney office undertook this matte to trial.

**D. Plaintiff is Entitled to Fees for Litigating the Instant Motion**

Beyond the fees accrued during the primary litigation of this matter, Plaintiff's counsel is legally entitled to compensation for the time dedicated to securing their fee award and for all labor associated with opposing the Defendants' post-trial motions. As the Ninth Circuit established in <u>Clark v. City of Los Angeles,</u> 803 F.2d 987, 992 (9th Cir. 1986), time spent vindicating an entitlement to fees under Section 1988 is fully compensable. This principle is widely recognized across federal jurisdictions; for instance, the First Circuit noted in *Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978), that denying compensation for the effort required to negotiate and establish a fee claim would fundamentally dilute the award and undermine the purpose of the Fees Act. *See also Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3rd Cir. 1998); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988).

Accordingly, Plaintiff's counsel includes the anticipated time necessary to the present Motion to account for additional hours required to finalize the reply brief, prepare for and attend any subsequent hearing, and litigate the opposition to Defendants' motion[s] for a new trial. Dkt 174. Excluding these necessary efforts would result in an incomplete recovery, whereas inclusion ensures that counsel is made whole for the entirety of the professional services necessitated by this litigation. This prospective and supplemental accounting is consistent with established judicial practice to ensure that the prevailing party does not bear the financial burden of enforcing their statutory right to reasonable attorney fees.

Furthermore, Plaintiffs prevalence on their Bane Act claim, supports the granting of a multiplier under state law. And stated above, the application of a 2.0 lodestar enhancement is justified here by the risk counsel undertook that his extraordinary efforts and expenditures would result in no compensation at all.

A reasonable total fee, determined by multiplying the number of hours reasonably expended by the reasonable hourly rates to determine a lodestar fee, applying a 2x multiplier, is reasonable and fair for the work involved throughout five years of this high-profile litigation.

The following table provides a comprehensive breakdown of the requested fees.

| Attorney/Biller | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Jesus Eduardo Arias Esq. LL.M | Attorney 22 years | $1,000 | 477.90 | $477,900 |
| Carlo Alcantar [CA bar candidate] Law Assistant | Legal Assistant | $250 | 209.10 | $52,275 |
| | | Subtotal | 521.40 | $530,175 |
| | | Multiplier 2.0 | | |
| | | **Total** | | **$1,060,350.00** |

## III.    CONCLUSION

Based in all of the above, it is respectfully requested that this Honorable Court grant an award of attorney fees to Galicia Plaintiffs in the total amount of

Date 06/03/2026

*/S/ Jesús Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel of record for the Galicia Plaintiffs, certifies that this brief contains 5,386 words, which complies with the word limit of L.R. 11-6.1.

Date 06/03/2026

/S/ *Jesús Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.