Law Office of Jesus Eduardo Arias APC
Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA, et al. <br> Plaintiff(s), <br><br> vs. <br><br> CITY OF TUSTIN, ESTELLA SILVA, et al. <br> Defendant(s) <br><br> Consolidated with WENDY LORENA GALICIA RAMIREZ, et al., <br> Plaintiffs, <br> v. <br> CITY OF TUSTIN, et al. <br> Defendants | Case No: **8:22-cv-00131 SPG KES** <br><br> **DECLARATION OF COUNSEL FOR THE GALICIA PLAINTIFFS JESUS EDUARDO ARIAS, IN SUPPORT OF MOTION FOR ATTORNEY FEES.** <br><br> [*Notice of Motion and Motion; Declarations and attached Exhibits; proposed order; filed concurrently herewith*] |

## <u>DECLARATION OF ATTORNEY JESUS EDUARDO ARIAS</u>

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California and before all the courts in the state of California.

2. I am an attorney licensed to practice in all the Courts of all States of the Country of Mexico.

3. I make this declaration in support of Motion for Attorneys' Fees - pursuant to 42 U.S.C. § 1988. And pursuant to the California *The Bane Act.*

4. I have personal knowledge of the matters stated in this Declaration.

5. In this matter, I was trial counsel for "*The Galicia Plaintiffs*", Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez, in this civil rights action.

6. I have represented my clients since the outset of this litigation.

7. I have maintained contemporaneous time case log records reflecting the work, activities and all the time spent in this case. I have exercised billing judgment, and I have reviewed, and written off any time that would not be ordinarily required to be charged to any fee-paying client.

8. To this date, I have worked a total of 477.9 hours  in this matter. A copy of my time log records for this case is attached here as **"Exhibit 1."**

9. The incident giving rise to this Civil Rights Jury Trial happened on August 9 2021. Within a matter of only days, I met my clients the Galicia Plaintiffs, and I immediately started to work in their case as reflected in **Exhibit 1.**

10. My clients lived at the time and still live in Guadalajara Mexico. And as reflected in Exhibit 1, I have personally met my clients on several times in Mexico. Further, given the allegations by defense counsel in regards a purported divorce case filed in Mexican Courts, as well as his contesting of paternity – standing of my client "Kevin", I had to analyze this case and make use of my experience and license to practice both in the USA & Mexico.

11. I have a Masters in Law Degree in International – Comparative law by University of San Diego School of Law. [ 2007].

12. I have been in the past licensed by the California State Bar as a foreign legal consultant in the laws of Mexico [ 2009 ].  See **Exhibit 2** [1]

---

[1] I have been licensed to Practice Law in Mexico since 2004. ( The FLC License is not longer required to renew after General Admission by CA State Bar 2013)

13. I have been a California Generally Admitted Attorney in California since 2013. See **Exhibit 3.** [ Certificate of Good Standing 2017]

14. A biographical Statement and a CV is here attached also as **Exhibit 4.**

15. I have been involved in Civil Rights litigation practice both in State Courts and US District Courts; Southern District, Central District & Eastern District.

16. I have been humbly honored with being appointed as Consulting Attorney for the Consulate General of Mexico in Los Angeles since many years ago.

17. Among many other matters litigated both in State Court and Federal here are some samples of similar cases in nature over the course of the years.

- Zamarripa v. County of Ventura (2014) Civil Rights Shooting case Central District Court.

- Estate of Federico Juarez v. County of San Bernardino (2016) Civil Rights wrongful death while in Custody. US Central District Court.

- Estate of Jesus Noriega v. United States of America (Wrongful Death – Federal Torts Claims Act) Central. [ 2018 ]

- Estate of Manuel Cruz v. County of San Diego, (2018) Southern District Court. Civil Rights – Wrongful death while in custody. (Deliberate indifference )

- Estate of Napoles v. County of San Diego. (2019)Civil Rights - shooting death.

- Estate of Jose Valle v. County of Orange. (2021) Civil Rights, Death in custody of Orange County Jail.

- Estate of Valdovinos ( 2021) Calexico – Wrongful death.

- Nancy Romero v. Heavens & Son's Inc. (2021) Calexico multiple civil rights – wrongful deaths of Immigrants – nationals of Mexico dead while crossing border

- Estate of Federico Mendoza. Riverside Sup. Court, wrongful death 2022.

- Estate of Flores v. 7 mile (2022) Civil Rights –Wrongful Death  San Diego Superior Court.

- Estate of Zenon v. Los Angeles Unified School District. Wrongful Death 2023.

18. The results in all of the above listed matters as many others not listed here have been successful. In some cases obtaining millions of dollars recoveries for my clients.  I.e. Estate of Federico M. $1 Million;  Napoles v. County San Diego, $1,350 Million; Zenon v. LAUSD $ 2.475 Million; Flores v. 7 Mile $ 3.07 Million; Nancy Romero et al. (immigrants) $5,000,000 [ Five Million]

19. So far during all of my career only 3 of my cases have made it all the way to jury trial however,  given that in my practice almost every single case involves extensive, intense and diligent litigation to the ultimate resolution. The majority of cases have been resolved in the late stages of litigation by settlement, while in some instances like the case at hand Jury trial is required.

20. In this matter, I personally took upon the responsibility to represent my clients since literally days after the shooting. The case was specially important to me given that since the outset, defense counsel suggested that my clients would not have any right to sue in the United States, due to their foreign national resident status. And moreover, due to the existence of divorce filings and proceedings both in United States and Mexican Family Courts.  Additionally the implications by Defendant's counsel contesting at some point even the paternity of the decedent upon my client Kevin Galicia added to the concerns.

21. The above amongst multiple other considerations made this case challenging since the very beginning. Requiring me to dedicate substantively the majority of my dedication, legal analysis, review, and work to this case for 5 years.

22. This matter as the court records reflect, had to be briefed and argued in the 9th Circuit Court of Appeals.  To which process I was personally involved with, and fully engaged in the briefing; researching, and arguing for the successful ultimate result on the 9th circuit court appeal in favor of my clients.

23. While at the Jury Trial moreover, as the record so reflects, I was dedicated in full time and effort in order to represent my clients to the best of my ability.

24. The record so reflects – I would hope- that I did my best possible in terms of trial advocacy in order to show to the jury and the court that my clients had a right not only to have their day in court. But more important, a legitimate right for adjudicative relief and justice for the death of their husband – father.

25. It is based in all of the above, that as a officer of this court, I respectfully submit that the court should award the fees as requested.

26. In the current times of modern practice of law, a  lot of things are possible to be performed by solo attorneys with more practicality. i.e. review of evidence, discovery etc. That is why I have been able to maintain my practice as a solo firm. As the court is aware; the Ninth Circuit Court this year has ruled that the size of a small or solo firm should not be a consideration to reduce the award of attorney's fees. *LA Int'l Corp. v. Prestige Brands Holdings, Inc.,* 168 F.4th 608 (2026).  The 9th Circuit court has emphasized that a firm's size is not a valid basis for reducing fee awards. The court held that the determination of reasonable attorney's fees should focus on the skill, experience, and reputation of the attorneys, as well as the difficulty and skill level of the work performed and the results achieved, rather than the size or structure of the law firm .

27. The Ninth Circuit has explicitly stated that "a firm's small size should not automatically result in its attorneys receiving a reduced hourly rate" and that "a law firm's size alone cannot determine its market rate for the purposes of a lodestar calculation". *LA Int'l Corp. v. Prestige Brands Holdings, Inc.,* 168 F.4th 608 (2026).  This decision aligns with prior rulings, such as those in the Second Circuit, which similarly cautioned against reducing fees based on firm size, reasoning that overhead costs or firm size do not directly bear on the factors relevant to fee awards .

28. Nevertheless and perhaps for the above reasons, law assistants in this type of matters as handled by small – solo firms is crucial. Therefore I have sought the assistance  of a great  law assistant  as generally described below.

29. Carlo Alcantar earned a Law degree by the University of Guadalajara, graduating in 2018. He was an Administrative Assistant at the Regulations Department in the Office of the Attorney General at the University of Guadalajara from 2017 to 2018. He did a clerkship at the Court of Administrative Justice of the State of Jalisco from 2018 to 2019. Mr. Alcantar is a US Citizen fully bilingual and someone who has recently taken the California Bar Exam. His activities were in general as a law assistant to the undersigned counsel for Galicia Plaintiffs during almost all the duration of this case. The time of his assistance work in this matter is included in attached declaration & case log activities report. [209.1 hours at a rate of $250 dollars].

30. The average market rate in Los Angeles for any law firm law clerk assistant is commensurate to the requested $250. Some times law firms may request well above $250 per law assistants. This even when it relates to individuals not particularly knowledgeable or educated in law sufficiently to deal with matters involving international litigants, let alone California Bar candidates. Thus, the requested hours and rate[s] here are reasonable and appropriate.

31. It is based on all of the above that in the interest of justice, the undersigned respectfully requests that this honorable court should approve the required fees under 42 U.S.C. § 1988 & California Civil Code § 52.1 et seq.

32. I Declare under the laws of the United States and the State of California that all of the above is true and correct.

Date 06/3/2026

/S/ Jesus Eduardo Arias

Jesus Eduardo Arias LL.M. Esq.

MOTION FOR ATTORNEY FEES