UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| EMILY GARCIA, et al., Plaintiffs, v. CITY OF TUSTIN, et al., Defendants. | Case No. SACV 22-131-SPG (KESx)<br>Los Angeles, California<br>Tuesday, April 21, 2026<br>3:05 P.M. to 3:11 P.M.<br>3:52 P.M. to 4:05 P.M. |

TRANSCRIPT OF TRIAL PROCEEDINGS
BEFORE THE HONORABLE SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Appearances: | See Page 2 |
| Deputy Clerk: | Patricia Gomez |
| Court Reporter: | Recorded; CourtSmart |
| Transcription Service: | JAMS Certified Transcription<br>16000 Ventura Boulevard #1010<br>Encino, California 91436<br>(661) 609-4528 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

For the Plaintiffs:

Law Offices of Dale K. Galipo
By: DALE K. GALIPO
RENEE V. MASONGSONG
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
(818) 347-SUSPECT:3
dalekgalipo@yahoo.com
rvalentine@galipolaw.com

Law Offices of Jesus Eduardo Arias
By: JESUS EDUARDO ARIAS
1150 South Olive Street, Sixth Floor
Los Angeles, California 90015
(323) 815-9450
jearias@jesuseduardoarias.com

Carillo Law Firm LLP
By: MICHAEL S. CARRILLO
JOSE M. FLORES
1499 Huntington Drive, Suite 402
Pasadena, California 91030
(626) 799-9375
mc@carrillofirm.com
mf@carrillofirm.com

For the Defendants:

JONES MAYER
By: BRUCE D. PRAET
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400
bpraet@aol.com

LOS ANGELES, CALIFORNIA, TUESDAY, APRIL 21, 2026, 3:05 P.M.

(Call to Order of the Court.)

(Jury not present.)

THE COURT: All right. So we received a note. This is the first note. You each have a copy?

DALE K. GALIPO: Yes, Your Honor.

THE COURT: Okay. It says (reading): Referring to Question 13 for damages, where -- slash -- whom would the damages for pre-death pain and suffering and loss of life go to? -- question mark. Did Luis Garcia have a will? -- question mark.

MR. GALIPO: Speaking on behalf of the Garcia plaintiffs, I don't think we could answer the last question about whether he had a will or not because obviously that wasn't in evidence.

And I'm thinking something to the effect that that determination will be made by the Court later. They have to base their decision as to Question 13 based on the evidence and the jury instructions. Because I'm afraid by saying where it's going to there may be complicated issues on that, and it's not in evidence or for their consideration. That's my basic thoughts, Your Honor.

THE COURT: All right.

Galicia?

JESUS E. ARIAS: On behalf of the Galicia

plaintiffs, Your Honor, we join that position.

THE COURT: Okay.

Defense?

BRUCE D. PRAET: Yes, Your Honor.

I agree that the jury cannot be told whether or not he had a will.

As to the first question, I think the Court just says it goes to the plaintiffs.

MR. GALIPO: Well, that's not very --

MR. PRAET: Well, I mean, the plaintiffs are -- obviously Luis Garcia is not here so -- but the Court can't tell them which of the plaintiffs or how much or any of that. They just --

THE COURT: Okay. So generally I agree that they need to base their decision on the evidence in the record, and where the disagreement is that I hear from plaintiffs versus defense is on whether the Court should even answer this question with respect to it going to the plaintiffs. I'm inclined to say no, and I tend to agree with the plaintiffs in this case that the answer is that they need to make their decision based on the evidence in the record, period, and not speculate on where it may be going.

MR. GALIPO: I would agree with that response, Your Honor.

MR. ARIAS: We would submit on that response,

Your Honor.

THE COURT: Defense?

MR. PRAET: That's fine, Your Honor.

THE COURT: Okay. One moment.

(Pause.)

THE COURT: Okay. Here's the written response (reading): In response to your note No. 1, you the jury must make your decision based on the evidence in the record and should not speculate on where any damages would go as it relates to Question 13.

MR. GALIPO: Agreeable.

MR. ARIAS: Agreed, Your Honor.

MR. PRAET: Fine, Your Honor.

THE COURT: Okay. We will give this back to them. Please stand by -- or nearby.

MR. GALIPO: Thank you.

UNIDENTIFIED SPEAKER: We will.

THE COURT: Thank you. We're in recess.

(Recess from 3:11 p.m. to 3:52 p.m.)

AFTER RECESS

(Call to Order of the Court.)

(Jury not present.)

THE COURT: All right. So we received another note, and it says (reading): The jury has reached a unanimous

verdict.

Will the parties be asking for the jury to be polled?

MR. GALIPO: Uh.

THE COURT: So I know.

MR. GALIPO: Most likely not on behalf of the plaintiffs.

THE COURT: Okay.

MR. PRAET: I'll reserve, but probably so.

THE COURT: Okay.

All right. If there's no other questions, let's bring in the jury.

(Pause.)

THE BAILIFF: All rise.

(Jury present.)

THE CLERK: Please be seated.

THE COURT: All right. I have received a note stating that the jury has reached a unanimous verdict. Who's the foreperson?

JUROR NO. 1: (Indecipherable.)

THE COURT: All right. Juror No. 1, do you have the verdict form?

JUROR NO. 1: (Inaudible.)

THE COURT: Can you please hand it to Ms. Gomez?

JUROR NO. 1: (Indecipherable.)

(Pause.)

THE COURT: All right. Ms. Gomez, please read the verdict into the record as it will be recorded.

THE CLERK: United States District Court, Central District of California, *Emily Garcia v. City of Tustin*, Case No. SA 22-cv-131. Verdict Form.

We the jury in the above entitled action find the following special verdict on the request presented to us:

Claim 1, Section 1983, Unreasonable Seizure.

Question 1: Have the plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estella Silva made an unreasonable seizure of Luis Garcia? Yes.

Question No. 2: Have the plaintiffs proven by a preponderance of the evidence that the unreasonable seizure by Tustin Police Officer Estella Silva was an actual cause of Luis Garcia's death? Yes.

Question No. 3: Have the defendants proven by a preponderance of the evidence that any reasonable officer with the same knowledge, circumstances, and facts as Officer Silva would have believed that Luis Garcia posted an immediate threat of serious bodily injury or death? No.

Proceeding to Question No. 4.

Claim 2, Bane Act.

Question 4: Have the plaintiffs proven by a

preponderance of the evidence that Tustin Police Officer Estella Silva violated the Bane Act by intending to violate or recklessly disregarding Luis Garcia's constitutional rights to be free from excessive force? Yes.

Question 5: Have the plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was substantial factor in causing Luis Garcia harm? Yes.

Claim 3, Battery.

Question 6: Have the plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estella Silva committed a battery -- committed battery against Luis Garcia? Yes.

Question 7: Have the plaintiffs proven by a preponderance of the evidence that a battery by Tustin Police Officer Estella Silva was a substantial factor in causing Luis Garcia's harm or death? Yes.

8 -- Claim 4, Negligence.

Question 8: Have the plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estella Silva was negligent in her use of deadly force against Luis Garcia? Yes.

Question 9: Have the plaintiffs proven by a preponderance of the evidence that the negligence of Officer Silva was a substantial factor in causing

Luis Garcia's harm and/or death? Yes.

Question 10: Have the defendants proven by a preponderance of the evidence that Luis Garcia was negligent? No.

Question 11 is not answered.

Question 12 is not answered. No.

Damages: If you answered "yes" to any of Questions 2, 5, 7, or 9, you have found defendants liable on the associated claim. If you answered "no" to Questions 2, 5, 7, or 9, or if you answered "no" to Questions 1, 4, 6, or 8, you have found defendants not liable on the associated claim.

Question 13: What are Luis Garcia's damages for his pre-death pain and suffering and loss of life? Pre-death pain and suffering, $5 million. Loss of life, $5 million.

Proceed to Question 14: What wrongful death damages, past and future, do you want -- do you award to the plaintiffs? Emily Garcia, $2 million. Camela (phonetic) Garcia, $2 million. Wendy Galicia, $1 million.
Kevin Galicia, $2 million.

Please sign and return this verdict form.

It's signed by the foreperson, and it's dated 4/21/26.

Ladies and gentlemen of the jury, is this verdict, as presented and read, the verdict of each of you, so say you all?

MULTIPLE SPEAKERS: Yes.

THE COURT: Would either counsel like to have the jury polled?

MR. GALIPO: Not on behalf of the plaintiffs. Thank you.

MR. ARIAS: Not on behalf of the Galicia plaintiffs. Thank you.

MR. PRAET: Yes, Your Honor.

THE COURT: All right.

THE CLERK: Juror No. 1, is this the verdict, as presented and read, your verdict?

JUROR NO. 1: Yes.

THE CLERK: Juror 2?

JUROR NO. 2: Yes.

THE CLERK: Juror -- I'm sorry. Juror 4?

JUROR NO. 4: Yes.

THE CLERK: Juror 5?

JUROR NO. 5: Yes.

THE CLERK: Juror 6?

JUROR NO. 6: Yes.

THE CLERK: Juror 10?

JUROR NO. 10: Yes.

THE CLERK: Juror 12?

JUROR NO. 12: Yes.

THE CLERK: Juror 13?

JUROR NO. 13: Yes.

THE CLERK: Thank you.

THE COURT: All right. The clerk will record the verdict as read.

I have one final instruction for you.

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person. If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity, in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties. Always bear in mind that, if you decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors. Finally, if you would prefer not to discuss the case with anyone but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

Ladies and gentlemen of the jury, thank you so much for the time and the effort that you put into this case.

They were difficult issues, but on behalf of myself and the parties and the attorneys involved, we appreciate your time and effort and the seriousness with which you approached this matter.

You are free to go. Typically, I will go back and discuss with anybody your experience in terms of what we, as the court, could do better so that we are better to other jurors that come after you. You don't have to stay and talk to me. Also, either one of the parties may want to discuss the case with you. You are free to discuss it with them or not. So at this point, unless there's anything further, you are free to go. Thank you.

THE BAILIFF: All rise.

(Jury not present.)

THE COURT: Shall we set a date for next steps, or do we need a date?

MR. GALIPO: The only thing I can think of -- we'll work on a proposed judgment to be submitted to the Court, and then I'll discuss with counsel whether we want to agree on some type of a briefing schedule regarding attorney fee motions, et cetera. If we agree on something, we'll submit it to the Court for your consideration.

THE COURT: All right. For now, then, I won't set another date.

Thanks to you all for the time and effort that you

put into this case and for how you treated each other during these proceedings. I appreciate the work that you put into the case. And we are going to return everything to you at this point, and unless there's anything further?

MR. GALIPO: No. The only thing is, on behalf of all of us, we'd like to thank Your Honor and your staff for all your hard work in this case as well.

THE COURT: Thank you.

MR. ARIAS: Thank you, Your Honor.

THE COURT: All right. Thank you.

MR. PRAET: Your Honor, I don't know, does the jury leave from another room or --

THE COURT: They usually leave from the door that's next to the courtroom.

MR. PRAET: So if we want to talk to them, in the hallway?

THE COURT: Hang out there. All right?

MR. PRAET: And then can we come back and --

THE COURT: You can. I typically don't talk to them very long, if there's anybody back there, they may have left, but I will send them outside as soon as I'm done. All right?

MR. GALIPO: Thank you, Your Honor.

THE COURT: All right. Thank you.

MULTIPLE SPEAKERS: Thank you, Your Honor.

THE CLERK: In the meantime, counsel, I'll gather all the exhibits, and when you're ready to come back, you can retrieve those. Thank you.

(Proceedings adjourned at 4:05 p.m.)

///

///

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Julie Messa
Julie Messa, CET**D-403
Transcriber

June 18, 2026
Date