Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com


Attorneys for Defendants


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUSTIN, ESTELLA SILVA and Does 1 through 10, Inclusive,<br><br>Defendants. | Case No: 8:22-cv-00131- SPG- KES<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br>*Courtroom 5C, 5th Floor*<br><br>**DEFENDANTS' OPPOSITION TO GARCIA PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Date: July 29, 2026<br>Time: 1:30 p.m.<br>Dept.: 5C |

### 1.    PREFATORY STATEMENT.

In the unlikely event that Plaintiffs' verdict is affirmed, Defendants do not take issue with Plaintiffs' right to recover <u>reasonable</u> attorneys' fees. However, the amount of duplicative billing by no less than four attorneys for the Garcia Plaintiffs alone and their self-serving attempt to increase their hourly rates from one case to the next cannot be tolerated.

-1-



## 2.  THE REQUESTED HOURLY RATES ARE UNJUSTLY INFLATED AND NOT REASONABLE.

Whether under 42 USC § 1988 or California's Bane Act, the customary method of Determining the reasonableness of attorneys' fees is the lodestar method.  *Ballen v. City of Redmond, 466 F3d 736, 746 (9ᵗʰ Cir. 2006); Chaudry v. Los Angeles, 751 F3d 1096, 1112 (9ᵗʰ Cir. 2014).*  In its simplest form, this entails multiplying the time reasonably spent by the "reasonable hourly rate" of each attorney involved in the presentation of the case.  *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*  The district court retains the discretion to adjust the lodestar rate upward or downward based on a variety of factors, including whether the fee is contingent and to ensure that fee awards remain reasonable without overcompensating the attorneys.  *Moreno v. Sacramento, 534 F3d 1106, 1111 (9ᵗʰ Cir. 2008).*

Although conveniently not disclosed by Plaintiffs' counsel, it is customary for Attorney Galipo's office to require a retainer agreement in each civil rights case entitling him to forty percent (40%) of any jury award plus reimbursement for costs.  [See: *Medina v. Culver City, 2024 U.S. Dist. LEXIS 143282 (C.D. Cal. 2024); E.S. v. Visalia, 2015 U.S. Dist. LEXIS 149960 (E.D. Cal. 2015)*]  While any agreement between Mr. Galipo's office and Attorney Arias (for Galicia Plaintiffs) is also unknown, even half of the damages awarded to decedent ($10 million) plus the $4 million to the Garcia Plaintiffs equals $9 million.  At 40%, Mr. Galipo's office will presumably receive $3.6 million after he is reimbursed for advanced costs (not to mention separately seeking to recover costs from Defendants).  On top of that windfall contingency recovery, counsel now seeks an additional $2.865 million for a total of $6.465 million or more than 70% of the award.  While 1988 was certainly enacted to provide representation in civil rights cases, 70% is precisely the type of windfall overcompensation which must be avoided.

### A.  Attorney Galipo's Requested Hourly Rate.

Having opposed Dale Galipo in dozens of civil rights cases over the past few decades, there is no question that he is a skilled trial attorney.  In the only other case in which he prevailed at trial against defense counsel, Mr. Galipo was awarded an hourly rate of $400 for

**DEFENDANTS' OPPOSTION TO GARCIA PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**



a jury verdict in a fatal officer-involved shooting in the Eastern District in 2020, despite his skills as a Los Angeles civil rights attorney. [See: *Casillas v. Fresno, 2020 U.S. Dist. LEXIS 31299, *30 (E.D. Cal. 2020).*] Although Mr. Galipo has remarkably been able to persuade a few judges to steadily increase his hourly rate over just the past few years from $1000/hour to twice awarding an astounding $1300/hour in 2025, the purpose of 1988 fees is not to provide counsel with an annual raise of an already incredibly high rate.[1]

Unlike other cases in which Mr. Galipo has even been awarded $1300/hour, the instant case was presented with undisputed BWC video and involved very few officers with no particularly novel issues. Yet, for a relatively straightforward officer-involved shooting case, Mr. Galipo is now asking this Court to increase his hourly rate by almost 15% in less than a year to an astounding $1500/hour (i.e. that's $25/minute).

Contrary to the apparent myth that public entities represent "deep pockets" that can somehow absorb millions of dollars in attorney fee awards, the City of Tustin is a relatively small city with a very limited budget. While Defendants recognize that Mr. Galipo is a skilled civil rights attorney, it is respectfully urged that the Court maintain his most recently accepted hourly rate of $1300/hour.

## B. Attorney Masongsong's Requested Hourly Rate.

Although Attorney Masongsong seems to have done the majority of the motion work and tasks associated with sitting as second chair at trial, it would appear from the limited declaration of Attorney Galipo [Doc. 177.1] that she has no actual experience as lead trial counsel in a civil rights trial. However, in the latest 2025 case in which Mr. Galipo's hourly rate was increased to an astounding $1300/hour, his associate, Hang Le, who is remarkably similar in experience and role as second chair at trial as Ms. Masongsong in the instant case was granted a generous rate of $650/hour, a modest increase from her previous rate of $600/hour. [Doc. 177.12]

[1] Mr. Galipo's extraordinary one time rate of $1400/hour in the *French v. Los Angeles* in 2025 was uncontested by defendants and involved extremely unique circumstances of establishing liability for an off-duty LAPD officer who killed a mentally ill individual in a Costco in Corona. [Doc. 177.10]

**DEFENDANTS' OPPOSITION TO GARCIA PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES**



While Defendants do not intend to seek a substantial reduction in the number of hours billed by Ms. Masongsong, it is respectfully requested that the Court modestly increase her reasonable rate to $650/hour rather than the substantially inflated rate of $900/hour requested by Plaintiffs.

### C. Attorney Carrillo's Requested Hourly Rate.

While it is apparent that the Carrillo law firm quickly brought the Galipo firm into this case at an early stage, it also appears that Attorney Michael Carrillo thereafter continued in a more limited role through trial. However, until joining his father's law firm in 2012, Mr. Carrillo does not appear to have any trial experience or involvement in civil rights litigation. Even after 2012, virtually every case listed is attributed to the father, Luis Carrillo, with ill-defined assistance from Michael. In his own declaration [Doc. 177.47], Mr. Carrillo acknowledges that the current market rate in the Central District for attorneys with similar background and experience ranges from $480-760/hour. Although his experience and participation in this case was substantially less than that of Ms. Masongsong, Defendants respectfully suggest that his hourly rate be generously set at the same $650/hour rather than the unsupported request for $1000/hour.

### D. Attorney Flores' Requested Hourly Rate.

Until he joined the Carrillo law firm in 2020, it would appear that Mr. Flores had no experience in civil rights cases and, other than a non-specific claim to have "worked on" a couple of police cases, there is absolutely no basis to justify his extraordinary claim for a rate of $1000/hour. Having no apparent experience as lead trial counsel in any case, it was frankly unclear why Mr. Flores sat as the fourth attorney for the Garcia Plaintiffs every day of trial. With even less relevant experience than Attorneys Masongsong or Carrillo, Defendants respectfully urge the Court to grant an hourly rate of $500/hour for Mr. Flores.

### E. Requested Hourly Rate for Legal Assistants.

In the most recent case in which Mr. Galipo was awarded $1300/hour, the Court set the rate for his legal assistants at $220/hour. Having been provided with no justification to arbitrarily increase their rate to the requested $250/hour, Defendants respectfully request

- 4 -

that the Court maintain the current rate at $220/hour for all legal assistants in the Galipo law firm.

## F. Adjusted Rates for All.

Based on the foregoing, it is respectfully requested that the following rates be applied:

Dale Galipo - $1,300/hour

Renee Masongsong - $650/hour

Michael Carrillo - $650/hour

Miguel Flores - $500/hour

Legal Assistants - $220/hour.

## 3. THE NUMBER OF HOURS BILLED IS UNREASONABLE AND EXCESSIVE.

Once reasonable hourly rates have been determined, Plaintiffs' counsel bear the burden of submitting detailed time records to justify the number of hours which should have been reasonably billed. *Moreno v. Sacramento, 534 F3d 1106, 1111 (9th Cir. 2008).* In the instant case, records of the four attorneys billing on behalf of the Garcia Plaintiffs reveal multiple examples of duplicative and excessive hours.

### A. Time Spent on the Summary Judgment Motion Was Excessive.

From the outset, it is important to note that counsel for the Defendants took the lead in drafting the core of the Court's required joint summary judgment motion, requiring that Plaintiffs merely insert their respective portions. Yet, while defense counsel billed a total of 57.3 hours to the entire process, Plaintiffs' counsel billed a combined 70.5 hours to just their portion of the joint motion (sans oral argument). [Galipo – 45.9 hours; Masongsong – 22.0 hours; Flores – 2.5 hours; Carrillo – 1.15 hours] Although it should have logically taken Plaintiffs' counsel less time than defense counsel, Defendants respectfully request that the Court deduct at least 13.2 hours from Plaintiffs' requested billing.

### B. Multiple Attorneys at Depositions.

Although most courts generally do not permit billing for two attorneys on behalf of the same party in a deposition [*Marbled Murrelet v. Pacific Lumber, 163 F.R.D. 308, 324*



- 5 -

*(N.D. Cal. 1995)*], some courts have permitted a limit of two attorneys for the same party at a deposition if warranted. *Estate of Aguirre v. Cnty. Of Riverside, 2024 U.S. Dist. LEXIS 242851, \*16 (C.D. Cal. 2024).* In the instant case, however, there were several depositions for which multiple Garcia attorneys billed time without explanation or justification:

**Deposition of Officer Silva** – Galipo (3.8 hrs.); Masongsong (3.7 hrs.); Carrillo (3.7 hrs.)

**Deposition of Officer Frias** – Galipo (4.4 hrs.); Masongsong (1.5 hrs.); Carrillo (1.5 hrs.)

**Deposition of Officer Yuhas** – Galipo (5.5 hrs.); Masongsong (1.1 hrs); Carrillo (1.5 hrs)

**Deposition of Officer Babb** – Galipo (4.7 hrs); Masongsong (1.0 hrs.); Carrillo (1.0 hrs.)

**Deposition of Emily Garcia** – Flores (1.75 hrs.); Masongsong (1.7 hrs.)

**Deposition of Camilla Garcia** – Flores (3.5 hrs.); Masongsong (1.0 hrs.)

**Deposition of Plaintiffs' Expert Scott DeFoe** – Galipo (1.5 hrs.); Masongsong (2.5 hrs.); Flores (2.5 hrs.)

But perhaps the most incredible billing occurred with respect to the deposition of Defendants' police practices expert, Robert Handy, who had been deposed by Mr. Galipo in several previous cases. Yet, Mr. Galipo billed 6.0 hours and Ms. Masongsong 1.8 hours to this deposition process.

Although a deduction of more than 50% should be warranted in those instances where three attorneys were involved in depositions, Defendants respectfully request just a 50% reduction of the total 52.8 hours duplicated above to a more reasonable 26.4 hours.

### C. Vague Block Billing is Not Permitted.

In *Welch v. Metro Life, 480 F3d 942, 945 (9th Cir. 2007)*, the Ninth Circuit imposed a ten percent (10%) reduction for block billing vaguely listed only as "trial preparation". Yet, Mr. Galipo has now twice been similarly penalized with a 10% reduction for improperly block billing time as "trial preparation" despite having footnoted it with a description of the tasks performed. [See: *Frias v. Los Angeles,* Doc. 177.29, p. 6-7] Apparently undaunted by previous reductions, Mr. Galipo has again billed 152.1 hours to "trial preparation" with the identical footnote describing the involved tasks. Consistent with all other courts, Defendants respectfully request that the Court once again impose a 10% reduction (i.e. 15 hours) to



**DEFENDANTS' OPPOSITION TO GARCIA PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

reflect a revised total of 137.1 hours for trial preparation.

### D.  Legal Research.

As the Court noted in *Frias, supra., p. 6,* Mr. Galipo is awarded an extraordinarily high hourly rate because of his exceptional trial skills, and it is therefore improper for him to bill for legal research which should instead be delegated to an associate attorney.  Cf.  *Asset Mktg. Sys. Inc. v. Gagnon, 2009 WL 10720557 (S.D. Cal. 2009).*  Despite the fact that Ms. Masongsong and other associate attorneys more than adequately billed their time for legal research and motion preparation, Mr. Galipo nonetheless billed a total of 22.2 hours of "legal research" [Doc. 177.2].  Once again, consistent with other courts addressing this issue, Defendants respectfully request that 22.2 hours be deducted from Mr. Galipo's time.

### E.  Multiple Attorneys at Trial.

In *Estate of Aguirre, supra., *17,* the Court made it clear that no more than three attorneys should be permitted to sit/bill at trial for Plaintiffs.  In the instant case, that certainly included Mr. Galipo, Ms. Masongsong and arguably even Mr. Carrillo.  However, Attorney Flores has inexplicably billed 30.5 hours for literally sitting at the counsel table.  Given that the interests of the Garcia Plaintiffs were more than adequately addressed at trial by the three aforementioned attorneys, there is simply no way to justify fees on behalf of Attorney Flores as a fourth attorney and these 30.5 hours must be deducted.

### F.  Total Adjusted Hours.

Without requesting any reduction in the hours billed by the three legal assistants, Defendants respectfully submit that the following adjustments are warranted:

Galipo – 567.7 requested hours reduced to 490.9 hrs. at $1300/hr = $638,170

Masongsong – 439.7 requested hours at $650/hour = $285,895

Carillo – 99.15 requested hours reduced to 95.15 hours at $650/hour = $61,847.50

Flores – 63.45 requested hours reduced to 33.0 hours at $500/hour = $16,500

Legal Assistants – 91.65 requested hours at $220/hour = $20,163

Total Adjusted Fees: $1,022,575.50



**DEFENDANTS' OPPOSTION TO GARCIA PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES**

## 4.   <u>NO MULTIPLIER IS WARRANTED.</u>

Although Plaintiffs' arbitrarily ask for a 2.0 multiplier, the Supreme Court has made it clear that the district court may only apply a multiplier to the lodestar rate in a case in which Plaintiffs have established the most rare and exceptional circumstances. *Perdue v. Kenny A., ex rel Winn, 559 U.S. 542, 553 (2010).* Once the Court determines the reasonable lodestar rate, "there is a strong presumption that it is a reasonable fee" without any need for a multiplier. *United Steelworkers v. Phelps Dodge, 896 F2d 403, 406 (9th* Cir. 1990) Factors such as the exceptional skill of the attorney and the challenging nature of the case are already subsumed into the lodestar analysis. *Id.* Mr. Galipo has made it clear that his law firm accepts only cases of alleged police misconduct [Doc. 177.1] and he has identified nothing to differentiate this case from any other. On the contrary, the limited number of involved officers and the fact that the entire incident was captured on BWC served to actually simplify this case.

As counsel notes, even under the Bane Act, the purpose of a multiplier is intended to approximate the fair market value for services rendered. *Graham v. Daimler Chrysler, 34 Cal. 4th 553, 579 (2004).* Here, counsel has already declared that "the top litigators in the top law firms are billing their clients in excess of $1,000 per hour" [Doc. 177.1] A lodestar hourly rate of $1,300/hour already places Mr. Galipo above even the top firms in Los Angeles without the need for a multiplier to bring him on par with the current market.

Combined with a presumed contingency of 40% of the damage award and an exceptional lodestar rate of $1,300/hour, Mr. Galipo will be extremely well compensated for handling a case which falls within the limited area in which he has chosen to practice. There has been no showing and no good cause to increase that compensation with a multiplier.

/ / /

/ / /

/ / /

/ / /

/ / /



- 8 -

## 5.  CONCLUSION.

While Defendants do not contest Plaintiffs' right to reasonable attorneys' fees as the current prevailing, it is respectfully requested that the Court adjust the inflated request to a more reasonable amount of $1,022,575.50.

DATED: July 1, 2026                                                  JONES MAYER

By: /s/ *Bruce D. Praet*
Bruce D. Praet, Attorneys for
Defendants



**DEFENDANTS' OPPOSTION TO GARCIA PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES**