# EXHIBIT K

**FILED**
CLERK, U.S. DISTRICT COURT

4-21-2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PG_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY GARCIA; and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest, <br><br> Plaintiffs, <br> v. <br><br> CITY OF TUSTIN; ESTELLA SILVA; and DOES 1 through 10, inclusive, <br> Defendants. <br><br>──────────────── <br><br> Consolidated with WENDY LORENA GALICIA RAMIREZ, et al. v. CITY OF TUSTIN, et al. | Case No. 8:22-cv-00131-SPG-KES <br><br><br><br> JURY INSTRUCTIONS |

The following are the Court's jury instructions to guide your consideration of the evidence in this case.

Dated: 4/21/2026

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-1-

## JURY INSTRUCTION NO. 1.
### (Duty Of Jury)

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

-2-

# JURY INSTRUCTION NO. 2.

## (Claims and Defenses)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of the fatal officer-involved shooting of Luis Garcia by Tustin police officer Estela Silva, which took place in the City of Tustin on August 9, 2021.

The Plaintiffs are Emily Garcia, C.G., Kevin Galicia and Wendy Galicia. The Plaintiffs claim that Officer Silva used excessive and unreasonable deadly force against Luis Garcia and was negligent. The Plaintiffs are seeking damages as permitted by law.

The Defendants in this case are the City of Tustin and Estela Silva. Defendants contend that the use of force against decedent Luis Garcia was reasonable under the totality of the circumstances and that Luis Garcia was comparatively negligent.

## JURY INSTRUCTION NO. 3.

### (Burden of Proof – Preponderance of the Evidence)

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 4.

## (What Is Evidence)

The evidence you are to consider in deciding what the facts are consists of:

     1.    the sworn testimony of any witness;

     2.    the exhibits which are received into evidence;

     3.    any facts to which the lawyers have agreed; and

     4.    any facts that I have instructed you to accept as proved.

## JURY INSTRUCTION NO. 5.
### (What Is Not Evidence)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

-6-

## JURY INSTRUCTION NO. 6.
### (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## JURY INSTRUCTION NO. 7.
### (Ruling on Objections)

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit may be received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means when you are deciding the case, you must not consider the evidence for any purpose.

# JURY INSTRUCTION NO. 8.

## (Credibility of Witnesses)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how

-9-

much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 9.
## (Conduct of Jury)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

-11-

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

-12-

## JURY INSTRUCTION NO. 10.

### (No Transcript Available To Jury)

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**JURY INSTRUCTION NO. 11.**

**(Taking Notes)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## JURY INSTRUCTION NO. 12.

### (Questions to Witnesses by Jurors)

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

## JURY INSTRUCTION NO. 13.

### (Bench Conferences and Recesses)

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# JURY INSTRUCTION NO. 14.

## (Cautionary Instruction)

<u>At the End of Each Day of the Case:</u>

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

## JURY INSTRUCTION NO. 15.
### (Outline of Trial)

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiffs will then present evidence, and counsel for the Defendants may cross-examine. Then the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. 16.**

**Transcript of Recording in Foreign Language**

You are about to hear and watch a recording that contains Spanish language. The transcript embedded in the video is an English-language translation of the recording.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. The English transcript is the evidence, not the Spanish language spoken in the recording. Therefore, you must accept the translation embedded in the video and disregard any different meaning of the non-English words.

# JURY INSTRUCTION NO. 17.

## Foreign Language Testimony

You are about to hear testimony of a witness who will be testifying in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meanings.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

-20-

# JURY INSTRUCTION NO. 18.

## (Demonstratives)

During the trial, the object referred to as the stick/pole actually possessed by Mr. Garcia will be shown to you as a demonstration.

The stick/pole will not be admitted into evidence. Therefore, you will not be able touch or handle it during your deliberations. Also, the placement of the stick during the demonstration is not evidence. You may, however, consider the testimony given and other evidence, such as body worn camera video showing the stick/pole, in your deliberations. .

## JURY INSTRUCTION NO. 19.
### (Expert Opinion)

You have heard testimony from Scott DeFoe and Robert Handy, who testified about their opinions and the reasons for their opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**JURY INSTRUCTION NO. 20.**

**(Claims and Defenses – Close of Evidence)**

To assist you in your deliberations, this Jury Instruction, similar to Jury Instruction No. 2 that I read at the beginning of the case, provides you with a brief summary of the positions of the parties. Now that you have heard all the evidence, this Jury Instruction describes the nature of Plaintiffs' claims and Defendants' affirmative defense.

Plaintiffs have brought four claims against Defendants:

(1) Claim One under Title 42, United States Code, Section 1983 alleges Defendant Estela Silva violated Plaintiff's Fourth Amendment right to be free from excessive force;

(2) Claim Two under the Bane Civil Rights Act, California Civil Code § 52.1, alleges Defendant Estela Silva violated Luis Garcia's rights secured by the Constitution and/or California law to be free from excessive force.

(3) Claim Three for Battery under California state law alleges Plaintiff was harmed by Defendant Estela Silva's use of unreasonable force; and

(4) Claim Four for Negligence under California state law alleges Defendant Estela Silva was negligent in using unreasonable force against Plaintiff;

Claim One is brought against Defendant Estela Silva individually. Claims Two through Four are brought against Defendant Estela Silva, as well as the City of Tustin under a theory of vicarious liability, as explained in Instruction 25. The elements of Plaintiffs' claims are set forth in the jury instructions that follow.

Defendant Estela Silva denies Claim One, and Defendants Estela Silva and the City of Tustin deny Claims Two through Four, arguing that Officer Silva acted reasonably under the totality of the circumstances. Defendants Estella Silva and the City of Tustin also assert an affirmative defense to Claim Four for Negligence under California law, namely:

(1) Comparative Fault of Luis Garcia.

-23-

The elements of Defendants' affirmative defense are set forth in the jury instructions that follow. Plaintiffs deny Defendants' affirmative defense.

# JURY INSTRUCTION NO. 21.

## (Stipulations of Fact)

The Parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

1. The shooting occurred on August 9, 2021.

2. Mr. Garcia died as result of the shooting.

3. At the time of the incident, Officer Silva was acting under the color of state law.

4. At the time of the incident, Officer Silva was acting in the course and scope of her employment with the City of Tustin.

5. Mr. Garcia is the biological father of Emily Garcia, Camila Garcia or "C.G.," and Kevin Galicia.

## JURY INSTRUCTION NO. 22.

### (Section 1983 Claim – Introductory Instruction)

Plaintiffs bring Claim One under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## JURY INSTRUCTION NO. 23.

### (Section 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof)

To prevail on their § 1983 claim against Officer Silva, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Officer Silva acted under color of state law;

2. Officer Silva deprived Luis Garcia and/or Plaintiffs of their rights under the United States Constitution as explained in later instructions; and

3. Officer Silva's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Officer Silva was acting under color of state law.

Officer Silva's conduct is an actual cause of Plaintiffs' injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find that Plaintiffs have proved each of these elements, and if you find that Plaintiffs have proved all the elements they are required to prove under Instruction 24, your verdict should be for Plaintiffs on Claim One. If, on the other hand, you find that Plaintiffs have failed to prove any one or more of these elements, your verdict should be for Officer Silva on Claim One.

**JURY INSTRUCTION NO. 24.**

**(Fourth Amendment – Unreasonable Seizure of Person – Excessive Force)**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending herself and/or others. Therefore, to establish an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that Officer Silva used excessive force.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to Officer Silva are relevant to your inquiry, Officer Silva's subjective intent or motive is not relevant to your inquiry.

In determining whether Officer Silva used excessive force in this case, consider all of the circumstances known to Officer Silva at the time of the incident, including:

1. The nature of the crime or other circumstances known to Officer Silva at the time the force was applied;

2. Whether Luis Garcia posed an immediate threat of death or serious bodily injury to Officer Silva or to others;

3. Whether Luis Garcia was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time Officer Silva had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5. The relationship between the need for the use of force and the amount of force used;

6. The extent of Luis Garcia's injury;

7. Any effort made by the officer to temper or to limit the amount of force;

-28-

8. The severity of the security problem at issue;

9. The availability of alternative methods to take Luis Garcia into custody;

10. The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;

11. Whether it was practical for Officer Silva to give warning of the imminent use of force, and whether such warning was given;

12. Whether it should have been apparent to Officer Silva that Luis Garcia was emotionally disturbed;

13. Whether a reasonable officer would have or should have accurately perceived a mistaken fact.

**JURY INSTRUCTION NO. 25.**

**Vicarious Liability – Legal Relationship Not Disputed**

In this case, Officer Silva was an employee of the City of Tustin, acting within the scope of her employment when the incident occurred.

If you find that Officer Silva's conduct violated any of the claims under Claim Two (Violation of the Bane Civil Rights Act); Claim Three (Battery); and/or Claim Four (Negligence), then the City of Tustin is responsible for any harm caused by Officer Silva's wrongful conduct. This instruction applies only to those claims.

The parties have stipulated that Officer Silva was acting within the scope of her employment during this incident.

## JURY INSTRUCTION NO. 26.

### Bane Act – Essential Factual Elements (Civ. Code § 52.1)

For Claim Two, Plaintiffs claim that Officer Silva intentionally interfered with Luis Garcia's civil rights by using excessive force against him.

To establish this claim, Plaintiffs must prove:

1.  That Officer Silva used excessive force against Luis Garcia;

2.  That Officer Silva intended to deprive Luis Garcia of his constitutional right to be free from excessive force, which may be demonstrated by a reckless disregard for Mr. Garcia's constitutional right to be free from excessive force;

3.  That Luis Garcia was harmed; and

4.  That Officer Silva's conduct was a substantial factor in causing Luis Garcia's harm.

Officer Silva's conduct was in "reckless disregard" of Luis Garcia's constitutional rights if, under the circumstances, it reflects complete indifference to Luis Garcia's constitutional rights, or Officer Silva acted in the face of a perceived risk that her actions would violate Luis Garcia's constitutional rights.

-31-

**JURY INSTRUCTION NO. 27.**

**(Battery by Peace Officer (Deadly Force) – Essential Factual Elements)**

A peace officer may use deadly force only when necessary in defense of human life. For Claim Three, Plaintiffs claim that Officer Silva committed a battery. To establish this claim, Plaintiffs must prove all of the following:

1. That Officer Silva intentionally shot Luis Garcia;

2. That Officer Silva used deadly force against Luis Garcia;

3. That Officer Silva's use of deadly force was not necessary to defend human life;

4. That Luis Garcia was harmed and/or killed; and

5. That Officer Silva's use of deadly force was a substantial factor in causing Luis Garcia's harm and/or death.

Officer Silva's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Silva at the time, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Silva or to another person.

A person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and

-32-

addressed.

"Totality of the circumstances" means all facts known to the peace officer at the time, including the conduct of Officer Silva and Luis Garcia leading up to the use of deadly force. In determining whether Officer Silva's use of deadly force was necessary in defense of human life, you must consider Officer Silva's tactical conduct and decisions before using deadly force on Luis Garcia and whether Officer Silva used other available resources and techniques as alternatives to deadly force, if it was reasonably safe and feasible to do so. You must also consider whether Officer Silva knew or had reason to know that Luis Garcia was suffering from a physical, mental health, developmental, or intellectual disability that may have affected his ability to understand or comply with commands from the officer.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance. A peace officer does, however, have a duty to use reasonable tactical repositioning or other de-escalation tactics.

-33-

## JURY INSTRUCTION NO. 28.

### (Negligent Use of Deadly Force by Peace Officer – Essential Factual Elements)

A peace officer may use deadly force only when necessary in defense of human life. For Claim Four, Plaintiffs claim that Officer Silva was negligent in using deadly force against Luis Garcia. To establish this claim, Plaintiffs must prove all of the following:

1. That Officer Silva was a peace officer;

2. That Officer Silva used deadly force against Luis Garcia;

3. That Officer Silva's use of deadly force was not necessary to defend human life;

4. That Luis Garcia was harmed and/or killed; and

5. That Officer Silva's use of deadly force was a substantial factor in causing Luis Garcia's harm and/or death.

Officer Silva's use of deadly force was necessary to defend human life only if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Officer Silva at the time of the shooting, that deadly force was necessary to defend against an imminent threat of death or serious bodily injury to Officer Silva or any other person.

A person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

"Deadly force" is force that creates a substantial risk of causing death or serious bodily injury. It is not limited to the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" if, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or to another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

-34-

"Totality of the circumstances" means all facts known to or perceived by Officer Silva at the time of the shooting, including the conduct of Officer Silva and Luis Garcia leading up to the use of deadly force. In determining whether Officer Silva's use of deadly force was necessary in defense of human life, you must consider Officer Silva's tactical conduct and decisions before using deadly force against Luis Garcia and whether Officer Silva used other available resources and techniques as an alternative to deadly force, if it was reasonably safe and feasible to an objectively reasonable officer. You must also consider whether Officer Silva knew or had reason to know that the person against whom she used force was suffering from a physical, mental health, developmental, or intellectual disability that may have affected the person's ability to understand or comply with commands from the officers.

A peace officer who makes or attempts to make an arrest does not have to retreat or stop because the person being arrested is resisting or threatening to resist. Tactical repositioning or other de-escalation tactics are not retreat. A peace officer does not lose the right to self-defense by use of objectively reasonable force to effect the arrest or to prevent escape or to overcome resistance.

**JURY INSTRUCTION NO. 29.**

**(Comparative Fault of Decedent)**

Defendants claim that Luis Garcia's own negligence contributed to his death. To succeed on this claim, Defendants must prove both of the following:

1.  That Luis Garcia was negligent; and,

2.  That Luis Garcia's negligence was a substantial factor in causing his death.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

If Defendants prove the above, Plaintiffs' damages on the negligence claim, Claim Four, are reduced by your determination of the percentage of Luis Garcia's responsibility. I will calculate the actual reduction.

**JURY INSTRUCTION NO. 30.**

**(Causation – Substantial Factor)**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## JURY INSTRUCTION NO. 31.

### (Damages)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and/or Luis Garcia for any injury you find was caused by the Defendants.

You should consider the following as to Luis Garcia's damages:

1. The nature and extent of the injuries;

2. Luis Garcia's loss of life and loss of enjoyment of life; and

3. The mental, physical, and emotional pain and suffering experienced prior to his death.

You should consider the following as to the Plaintiffs' damages:

1. The loss of Luis Garcia's love, companionship, comfort, care, assistance, protection, affection, society, and moral support; and

2. Funeral and burial expenses.

In determining Plaintiffs' loss, do not consider:

1. Plaintiffs' grief, sorrow or mental anguish;

2. The pain and suffering of Luis Garcia;

3. The poverty or wealth of Plaintiffs.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

-38-

## JURY INSTRUCTION NO. 32.

### (Duty of Jury)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# JURY INSTRUCTION NO. 33.
## (Duty to Deliberate)

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 34.

### (Consideration of Evidence – Conduct of the Jury)

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or

the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 35.**

**(Evidence in Electronic Format)**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you have questions about how to operate the computer, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

-43-

## JURY INSTRUCTION NO. 36.
### (Communication with Court)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JURY INSTRUCTION NO. 37.

### (Return of Verdict)

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.