Law Offices of Jesus Eduardo Arias APC
Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA, et al.<br>            Plaintiff(s),<br>vs.<br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>            Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>            Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>            Defendants | Case No: **8:22-cv-00131 SPG KES**<br><br>**GALICIA PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S BILL OF COSTS**<br><br>Declaration of Counsel Jesus Eduardo Arias, and attached exhibits; proposed order *filed concurrently.*<br>Hearing Date:  July 29 2026<br>Time: 1:30 PM<br>*The Honorable Sherilyn Peace Garnett*<br>*Crtrm: 5C* |

**I. INTRODUCTION**

Defendant's asks the court the bill of costs to be reduced to $8,404.46, arguing that some costs are not applicable nor recoverable. Galicia Plaintiffs respectfully request this Court to grant petition of Bill of Costs as presented for the foregoing reasons.

## II. ARGUMENT

**A. The Galicia Plaintiffs' Transcript Costs for Co-Plaintiff's Expert Witness Are Reasonable and Recoverable**

The opposing party objects to the Galicia Plaintiffs' recovery of $741.15 for the deposition transcript of police practices expert Scott DeFoe, arguing that because DeFoe was formally retained by the Garcia Plaintiffs, the cost is duplicative or unrecoverable. This objection lacks legal and practical merit.

Under 28 U.S.C. § 1920(2), fees for printed or electronically recorded transcripts "necessarily obtained for use in the case" are recoverable. In multi-plaintiff litigation, co-plaintiffs often retain separate experts to address distinct theories of liability or damages, yet the testimony of each expert critically impacts the strategy and preparation of all parties on the same side.

**Necessity of the Transcript:** Scott DeFoe's testimony directly concerned the police practices at the core of this litigation. To properly prepare for trial, coordinate trial strategy, and anticipate cross-examination, the Galicia Plaintiffs absolutely required a copy of his deposition transcript & paid for it

- **No Rule Prohibition:** The opposing party points to no statutory provision or binding case law under Section 1920 stating that a party may *only* recover the transcript costs of their own expert. The benchmark is "necessity," not who retains a witness.

- **No Double Recovery:** The Galicia Plaintiffs are seeking reimbursement only for the *copy* of the transcript they were required to purchase for their own independent use, which does not constitute a double recovery or an overlay in any way with the Garcia Plaintiffs' separate Bill of Costs.

Accordingly, the $741.15 cost was necessarily incurred and should be awarded.

**B. Plaintiffs' Request for Appellate Costs Taxable in the District Court is Proper Under FRAP 39(f)**

The opposing party objects to Plaintiffs' recovery of appellate costs. While the Court of Appeals previously entered an order concerning costs taxable before that Court under FRAP 39(e), that order does not divest this District Court of its explicit authority to tax localized appellate expenses under FRAP 39(f).

Federal Rule of Appellate Procedure 39(f) explicitly dictates that certain costs on appeal are taxable in the district court for the benefit of the party entitled to costs. Because Plaintiffs successfully prevailed on appeal, these localized expenses are fully recoverable under the law and should be awarded as documented - incurred.

## CONCLUSION

Galicia Plaintiffs respectfully request this Court to grant the Bill of Costs to reimburse Counsel in all costs

Date 07/15/2026

*/S/ Jesús Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.

---