Law Offices of Jesus Eduardo Arias APC
Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA, et al.
    Plaintiff(s),

vs.

CITY OF TUSTIN, ESTELLA SILVA, et al.

    Defendant(s)

___

Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,
    Plaintiffs,

v.

CITY OF TUSTIN, et al.
    Defendants

___

Case No: **8:22-cv-00131 SPG KES**

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR ATTORNEY FEES**

Hearing Date:  July 29 2026
Time: 1:30 PM
*The Honorable Sherilyn Peace Garnett*
*United States District Court Ct Room 5c*
*Central District of California*

## I. INTRODUCTION

Defendant's  opposition to the Plaintiff's application for attorney fees invites this court to take as  established  the following proposition; *Galicia's Lead  Trial Counsel – Mr. Arias- primarily has practiced in Mexico, and he's so unexperienced to the point that "placing him on par" with Mr. Galipo's co counsels Mr. Carrillo and Miss Masongsong" is essentially a favor to him.*  For all the reasons stated below this Federal Trial Court should decline.

## II. LEGAL STANDARD

Under federal law, the Ninth Circuit calculates reasonable attorney fees using the **lodestar method**, which multiplies the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973 (2008)*; *Hensley v. Eckerhart, 461 U.S. 424 (1983).* A reasonable hourly rate is determined by "the prevailing market rates in the relevant community" for attorneys of **"comparable skill, experience, and reputation."** *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). The lodestar figure is presumptively reasonable. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010).

## III. ARGUMENT

**A. The Lodestar Standard Evaluates a well rounded and comprehensive analysis of the total Skills involved and the Professional Maturity, Not Just the Date of a local Bar Admission.**

Defendant provides no legal authority to support the arbitrary premise that Counsel's extensive litigation experience both after and prior to  California Bar admission is legally worthless. Under federal lodestar analysis, a reasonable hourly rate is determined by the prevailing market rate in the relevant legal community for **"similar services by lawyers of reasonably comparable skill, experience and reputation"** (*Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). The Ninth Circuit has firmly established that the calculation of a reasonable hourly rate looks holistically at the attorney's cumulative background, rather than an artificial, single-jurisdiction timeline (*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir.

2008)). Moreover, counsel for Defendants aims to question the experience of Galicia's counsel based on the date of California Bar Admission when we are talking about an attorney licensed in California since 2013 (almost 13 years ago). No basis sustains Defendant's allegation of reasons to reduce Attorney fee market value of a lead trial counsel related in any way with date of California Bar admission.

Moreover, counsel's concurrent status as an attorney admitted to practice both in Mexico and in the State of California demonstrates a sophisticated command over entirely distinct legal traditions—specifically, civil law and common law systems. This is a *sui generis* characteristic and certainly a helpful one in cross-border binational litigation requiring  exceptionally a high tier of analytical skills,  directly leveraged to achieve the successful outcome in this case. [1]

This specific background represents  elite, specialized market capability that directly benefits these clients and enhances the quality of representation in this type of federal litigation. Federal courts routinely acknowledge that an attorney's overall professional background, including out-of-state or specialized international capabilities, informs the reasonable market rate analysis. While the outside jurisdiction licensure is not categorically a reason to support the motion for fees, neither should be used by opposing counsel as an empty argumentative sword for personal derogatory characterizations.

To penalize an attorney for possessing a diverse, cross-border credential[s] would run directly counter to *Blum  Stenson*, which demands that rates should reflect the actual skills and experience. An attorney's market value is dictated by their collective competence,   the Ninth Circuit routinely considers pre-admission experience and out-of-jurisdiction practice when assessing an advocate's baseline

---

[1] The Court should note that as the record reflects, Defendant at all times up until waiving those issues at Trial date, alleged issues involving  laws of Mexico. *i.e.* paternity, & family law  proceedings, legal standing etc.

capabilities and commanding therefore a reasonable market rate. (See *White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983), *overruled on other grounds*).

**B. The Defendant's claim regarding lead trial counsel's primary legal experience in Mexico rather than in the United States is factually incorrect, unfounded, and borderline to a personal unfortunate disrespectful act of uncivility to colleague trial opposing counsel.**

In a desperate effort to artificially deflate the lodestar figure, the Defendant's counsel falsely alleges that Galicia Plaintiff's lead trial counsel's experience within the United States is "limited." [Dkt. 188 Page 2 Lines 3-4]. As detailed in the Supplemental Declaration under oath filed in the Galicia Plaintiffs' Motion for Attorney Fees [Dkt. 180], along with Exhibit 3 of that same motion [Dkt. 180-4], Defendant's claim is flatly contradicted on the record and multiple dockets of many courts both Federal & State in California.

Counsel has maintained an active, high-volume litigation practice within state of California for a solo practice -small law firm, including multiple cases litigated in this precise federal jurisdiction since 2013.

Counsel has been lead counsel in multiple Federal bench trials. Plaintiff's Counsel U.S. litigation history is therefore documented, mature and commensurate with the requested rate. Defendant's attempt to minimize this track record with empty derogatory statements, associated more to a clear disdain shown to Mr. Arias during the last 5 years of litigation for his Mexican heritage, is not proper basis for Defendants opposition.

Unfortunately this lacks civility towards opposing litigation & trial counsel. To which Galicia's Plaintiff's counsel now simply says; *I am sorry to hear this from my friend in the other side of aisle.*

As this court is aware, the Ninth Circuit Court mandates that the party opposing a fee application cannot rely on conclusory or speculative reductions; rather, the opponent carries the burden to submit specific, evidentiary challenges to the hours or the rates requested (*United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991)). Defendant's unsubstantiated assertions fail to meet this evidentiary threshold. Thus, under long-standing circuit precedent, once the applicant provides declarations documenting their litigation experience, the district court may properly adopt the rate as reflective of the prevailing market (*Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Particularly in absence of any substantiated reason provided by the opposing party to the fee requested, the court should award the requested reasonable fees.

### C. The requested hourly rate aligns with the prevailing market rate for comparable professionals.

When evaluated against prevailing community standards in California, the requested rate perfectly matches what practitioners of similar total career length and dual-competency expect to command. Plaintiff has submitted robust, competent evidence to substantiate the reasonableness of the rate.

The relevant geographic community for determining market rates is the forum in which the district court sits (*Camacho*, 523 F.3d at 979). Within this market, specialized cross-border, bilingual, and dual-system litigation competencies command a distinct premium. Under the *Kerr* factors adopted by the Ninth Circuit, a court evaluating a fee award must explicitly consider **"the novelty and difficulty of the questions involved"** and **"the skill requisite to perform the legal service properly"** (*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

Defendant has failed to produce any competent, rebuttal evidence showing that Galicia's lead trial counsel should be compensated at a rate below the standard baseline for a prevailing lead trial counsel. Defendant provides nothing other than improper argument seeking to reduce the lodestar method analysis of this court. T

The requested hourly rate should be sustained. Defendant has failed to rebut the presumptively reasonableness existent under the law by the federal lodestar standard. (*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)).

## IV. CONCLUSION

An attorney's international personal education, licensure and binationally experience and recognition, are reasonable indicators of heightened professional skills, not justifications for lodestar discount. Because Defendant has failed to provide proper reasons to modify and reduce the presumed reasonable attorney requested, this Court should grant the Motion for Galicia's Plaintiff's Attorney Fees as requested in its entirety.

Date 07/15/2026

By: /S/ *Jesús Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.

Galicia Plaintiff's counsel.

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel of record for the Galicia Plaintiffs, certifies that this brief contains 1,445 words, which complies with the word limit of L.R. 11-6.1.

Date 07/15/2026

/S/ *Jesús Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.