Law Offices of Jesus Eduardo Arias APC
Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors in-interest,<br>Plaintiffs,<br>vs.<br>CITY OF TUSTIN, ESTELA SILVA,<br>Defendants,<br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No: **8:22-cv-00131 SPG KES**<br>**OBJECTION TO THE ENTRY OF AMENDED PROPOSED JUDGMENT LODGED BY GARCIA PLAINTIFFS [ Dkt No. 199-1 ]**<br>FRCP 49, 54, 58.<br>**Assigned to:** Hon. Sherilyn Peace Garnett<br>UNITED STATES DISTRICT JUDGE |

**TO THE HONORABLE COURT, TO ALL PARTIES AND ATTORNEYS OF RECORD.** Please take notice that The Galicia Plaintiffs hereby respectfully object to the entry of the amended proposed judgment as lodged by *The Garcia Plaintiffs* [ Dkt No. 199-1] on the following grounds;

**I. Background**

1. This action involves two sets of co-plaintiffs—[*The Garcia Plaintiffs*, EMILY GARCIA and C.G. a minor]; and [*The Galicia Plaintiffs*]; Wendy Galicia and Kevin Galicia.
2. The matter proceeded to a Jury Trial in this Honorable District Court.
3. On April 21 2026, the Jury reached a Verdict for Plaintiffs. Dkt No. 159.
4. On August 28 2026, after post trial motion's briefings & rulings of Court, the Defendants filed a notice of appeal to the jury's verdict. Dkt No. 201.
5. The Appeal is pending in the Ninth Circuit Court, with Case No. [26-5667]
6. Defendant's Opening Brief is due on **November 20th 2026**.
7. On October 1, 2026, *Galicia's Plaintiffs* counsel had a conference with Defense counsel Mr. Bruce Praet, who advised that Defendants have decided to enter into a settlement agreement but only with the Garcia's Plaintiffs.
8. It is unknown whether their agreement resolves only some or all of the claims between those two parties, given that both the Defendants and the Garcia's plaintiffs so far have declined to disclose the terms of their settlement agreement.
9. The Defendants have decided to continue their appeal only as to the Galicia plaintiffs. Given the circumstances and the parties' respective positions at this stage of post – trial litigation, the proposed judgment comes into question as drafted.
10. The Galicia Plaintiffs have not consented to the form, scope, and entry of this Proposed Judgment as submitted by the now settling *Garcia* Plaintiffs.
11. The Galicia plaintiffs are currently engaged and continue to be in the process of good faith efforts to meet and confer with both settling parties, [LR 7-3], about whether the terms of their undisclosed settlement agreement may affect and infringe upon the rights of the *Galicia* plaintiffs to the *Survival Damages* award that the jury awarded at trial.

12. Meanwhile all of this happening within the action, in the interest of justice and in order to prevent entry of a judgment which may be inconsistent with the Rules of Civil Procedure, i.e. R 54, the *Galicia Plaintiffs* hereby respectfully submit their objection on this Court's record to such proposed judgment.

**II. Objection**

- The Garcia's Proposed Judgment Dkt. No. 199-1 fails to specify the basis for a global award amount inconsistent with the specific jury verdict findings. FRCP 49 54 ( c)

Every final judgment must be clear in the description of the relief to which each party is entitled. Federal Rule of Civil Procedure 54(c). Where multiple parties and claims are submitted for the jury's decision by special verdict, the judgment must rest upon the jury's specific findings on the submitted issues. Federal Rule of Civil Procedure 49(a). Under the Federal Rules of Civil Procedure, a judgment may not rest on Judicial, nor a single litigant party's interpretation of the findings of the jury at trial. FRCP 49 (a) (1).

Here, *the Garcia's* proposed Judgment Dkt No. 199-1 provides a total award amount of $19,589,086 without allocating or identifying the specific amounts to which each Plaintiff is entitled to. Nor it specifies the specific finding of the jury in the Special Verdict form for damages payable to Luis Manuel Garcia Arias' estate which includes; 5 Million for his pre death and suffering, and 5 Million for the loss of his life.

Because Dkt. 199 -1 deviates substantially from the jury findings, moreover given the nature of a now apparently *only partially settled* status of this multi litigants case, the court should decline to enter the judgment in turn [Dkt 199-1].

A judgment that is ambiguous regarding which parties' rights it adjudicates, or that it does not expressly reserve rights and or claims of some parties is inconsistent with the requirements of Rule 54(b). Moreover, it creates the risk of unintended harm with prejudicial consequences during or post appeal process depending on the outcome of the 9th Circuit Court's decision.

Under the "one final judgment rule," a district court generally must resolve all claims as to all parties before a final judgment may be entered. *United States v. King Mt. Tobacco Co*., 899 F.3d 954, *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 28 USCS § 1291.

## III. Relief Requested

Pursuant all of the above, and in interest of justice the Court should not enter the proposed judgment Dkt 199-1. The issuance of an appropriate final judgment in this matter should be preserved pending the resolution of the outstanding procedural issues.

Date 10/02/2026

Respectfully Submitted by

*/S/ Jesus Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.

*Attorney for the Galicia Plaintiffs*