Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
Law Offices of Jesus Eduardo Arias APC
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| (323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA, et al.<br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>Defendants | Case No: **8:22-cv-00131 SPG KES**<br><br>**GALICIA PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE OF POST VERDICT SETTLEMENT. MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Fed. R. Civ. P. 26, 37, 69<br>Declaration of Counsel Jesus Eduardo Arias, and attached exhibits with proposed order *filed concurrently*.<br>Hearing Date: November 11, 2026<br>Time: 1:30 p.m.<br>*The Honorable Sherilyn Peace Garnett*<br>*Crtrm: 5C, United States District Court* |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:** PLEASE TAKE NOTICE that on November 11, 2026, at 1:30 p.m., or on another date and time designated by the Court, in Courtroom 5C of the United States District Court for the Central District of California, located at 650 W 1st St. Los Angeles CA 90012, the Plaintiffs Wendy Lorena Galicia Ramirez and Kevin Josue Galicia Ramirez (the "Galicia Plaintiffs") will move for an order requiring

Defendant City of Tustin and Plaintiffs Emily Garcia and C.G. (the "Garcia Plaintiffs") to disclose and produce the documentation containing the terms of their post-verdict settlement agreement. The Galicia Plaintiffs seek production of the *pre* and or *post* executed agreement and any *pre* or *post* final side agreement or any other document embodying its material terms, including the following;

**1.** The settlement consideration;

**2.** The allocation of that consideration among claims, damages, and the settling parties;

**3.** Any release, covenant not to execute, satisfaction, discharge, waivers, or assignments;

**4.** Any provision concerning a credit, offset, setoff, reduction, or satisfaction of the verdict or judgment, with respect to jury trial award[s] including survival damages.

**5.** Any nonmonetary consideration affecting the verdict, judgment, or rights as asserted by the Galicia Plaintiffs.

In the alternative, the Galicia Plaintiffs request that the Court order submission of the unredacted settlement agreement and documents embodying its final terms for in camera review, followed by disclosure of the material terms to counsel subject to an appropriate protective order, including an attorneys'-eyes-only designation if the Court finds such protection warranted.

This Motion is made under Fed. R. Civ. P. 26(b)(1), 37(a), and 69(a)(2).

Under Federal Law, as provided below, the Court retains authority to preserve the *status quo* and implement or enforce a judgment without altering the matters on the pending appeal. Thus, it is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jesus Eduardo Arias, the pleadings and papers on file, and the argument permitted at the hearing, that this motion is necessary and in the interest of justice the court should grant this request.

**Statement of Compliance with Local Rules of Court Rule 7-3:** This motion is made following the conference[s] of counsel pursuant Local Rule 7-3; which happened on **October 1st, 2026,** with Defendant's counsel Mr. Bruce Praet; and Conference for the Garcia Plaintiff's Mr. Dale Galipo, which occurred on **October 2nd 2026.** This motion is being filed 7 days after the occurrence of such conferences.

Respectfully submitted by

Date 10/09/2026

*/S/ Jesus Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.

*Attorney For Galicia's Plaintiffs*

## TABLE OF CONTENTS

Table of Authorities……………………………………………………………5
Memorandum of Points and Authorities…………………………………………7
Introduction…………………………………………………………………7
Statement of Facts……………………………………………………………8
Jurisdiction-Authority………………………………………………………9
Arguments……………………………………………………………………11
A. The Settlement's Material Terms Are Relevant and Necessary to Determine their Effect on the Verdict, on the Survival Award and the Judgment entered………………...……………………………………...11
B. The Galicia Plaintiffs Seek Final Settlement Terms, Not Privileged Negotiations or Mediation Communications…………………………………………13
C. The Court Retains Authority to Order Disclosure While the Appeal Is Pending………………………………………………14
D. Confidentiality Can Be Protected Without Withholding Material Terms…………………………………………………15
E. In Camera Review Is an Appropriate Alternative…………16
Conclusion and Prayer for Relief……………………………………………..17
Certificate of Compliance………………………………………………........19

## Table of Authorities

### Cases

*BladeRoom Grp. Ltd v. Emerson Elec. Co. (9th Cir. 2021)*
20 F.4th 1231 ........................................ 10

*Burke v. Regalado*,
935 F.3d 960 (2019) ........................................ 7,12

*Cathode Ray Tube Antitrust Litig.*,
281 F.R.D. 531 (2012) ........................................ 15

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ........................................ 14, 15, 16,

*JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*,
936 F.3d 25 ........................................ 11

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*,
686 F.2d 731 (9th Cir. 1982) ........................................ 14

*Phillips ex rel. Ests. of Byrd v. GMC*,
307 F.3d 1206 (9th Cir. 2002) ........................................ 16

*Rains v. Flinn (In re Rains)*,
428 F.3d 893 (2005) ........................................ 8, 9, 10,14

*Stein v. Wood*,
127 F.3d 1187 (1997) ........................................ 12,14

*United States v. Warren*,
2011 U.S. Dist. LEXIS 83314 (2011) ........................................ 11

**Federal Statutes**

42 U.S.C. § 1983 .......... 8

USCS Fed Rules Civ Proc Rule 26 .......... 1, 2, 7, 10, 14,15

USCS Fed Rules Civ Proc Rule 37 .......... 1, 2, 10,11

USCS Fed Rules Civ Proc Rule 69 .......... 1, 2, 11

**Other**

Local Rule 7-3 .......... 3

Local Rules 11-6.1 .......... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After the jury returned a $17,000,000 verdict, which includes a $10,000,000 award for Luis Garcia's pre-death pain and suffering and loss of life, Defendant City of Tustin and the Garcia Plaintiffs reached a post-verdict & post judgment settlement which terms are not being disclosed to the Galicia Plaintiffs. Defendants have decided to continue their Appeal however, but only against Galicia plaintiffs. Without the agreement's material terms, the Galicia Plaintiffs cannot determine whether the settlement concerns only the Garcia Plaintiffs' individual wrongful-death awards, or if also purports to affect the common survival cause of action, and the common $10,000,000 survival award. Thus the information about their settlement becomes substantially necessary to evaluate satisfaction of judgment, and / or any claims by Defense in the future about setoff [s] to the jury verdict and or to ultimate Judgment.

The request made here is narrow. The Galicia Plaintiffs do not ask the Court to modify the verdict, reduce or reallocate the judgment entered on **May 1st 2026.** Dkt. 173. Nor is it Galicia's request for the court to adjudicate the settlement's validity, or to decide any issues presently before the Court of Appeals. The request is succinct as well as necessary. The settlement terms are necessary to determine what claims and interests were settled, and to prevent future unnecessary proceedings in this court with respect to execution of a final judgment.

The requested information is directly relevant and proportional. Federal Rules of Civil Procedure 26(b)(1) permits discovery of nonprivileged information relevant to a party's claim or defense and proportional to the needs of the case. USCS Fed Rules Civ Proc R 26. A settlement agreement is discoverable when its terms and amount are necessary to resolve whether a settlement affects a setoff against a verdict. *Burke v. Regalado,* 935 F.3d 960, 1047 (2019). *See infra*

The pending appeal does not bar the requested relief. Although a notice of appeal generally transfers jurisdiction over matters involved in the appeal, a district court retains authority to preserve the *status quo* and, absent a stay, to implement or enforce its judgment without altering or expanding it. *Rains v. Flinn* (In re Rains), 428 F.3d 893, 904 (2005). Disclosure here would leave the verdict and judgment untouched while permitting Galicia Plaintiffs and the Court to identify the effect, if any, of a post-verdict transaction being only executed between 2 parties which does not conclude the action in its entirety.

Any legitimate confidentiality concerns can be addressed through limited disclosure, a protective order, or in camera review.

## II. STATEMENT OF FACTS

The Garcia Plaintiffs and the Galicia Plaintiffs separately filed lawsuits in this Court. Their action[s] included federal and state claims arising from the August 9, 2021 fatal shooting of Mr. Luis Garcia, by City of Tustin Police Officer Estella Silva. The actions were consolidated on December 16, 2022.

A six-day jury trial was held from April 14 through April 21, 2026. The jury found for the Plaintiffs on all claims, including unreasonable seizure under 42 U.S.C. § 1983, violation of the Bane Act, battery, and negligence.

The jury awarded $5,000,000 for Luis Garcia's pre-death pain and suffering and 5 Million for the loss of life [ Survival Award - 10 Million ]. **See Exhibit 1**

Separately, the jury awarded $2,000,000 in wrongful-death damages to each of Luis Garcia's three children and $1,000,000 in wrongful-death damages to his wife.

On July 29, 2026, the Court denied Defendants' motion for judgment as a matter of law and for a new trial. The Court also granted, in substantial part, the Garcia Plaintiffs' and Galicia Plaintiffs' motions for attorney's fees. Defendants subsequently filed their notice of appeal.

During the pendency of this appeal however, Defendant City of Tustin and the Garcia Plaintiffs—Emily Garcia and C.G.— have reached a settlement. Despite the Galicia Plaintiffs' efforts to obtain disclosure of the settlement terms through telephonic conferences with counsel, the settling parties decline to disclose any information about the settlement's terms **[See Counsel Declaration and Exhibits 2 & 3]**. The Galicia Plaintiffs therefore do not know whether the settlement:

**1.** Is allocated solely to the Garcia Plaintiffs' individual wrongful-death damages;
**2.** Whether it includes value and consideration for Luis Garcia's survival cause of action and the $10,000,000 survival damages award;
**3.** Contains any release, satisfaction, covenant, assignment, or waivers affecting the survival claim, the survival damages or the judgment;
**4.** Provides Defendant with a claimed setoff or credit against any part of the verdict or the final judgment of the matter post appeal, particularly on survival.
**5.** Includes nonmonetary terms affecting the Galicia Plaintiffs' rights. i.e. entitlement to the survival damages, rights of apportionment and rights to the survival damages pursuant California Probate Law.

The amount alone would not answer any of these questions. The relevant provisions therefore should include, the amount[s], the agreement's allocation, releases, satisfaction terms, offsets, assignments, and identification of each of the claim and each of the interests and consideration involved.

## III. JURISDICTION – AUTHORITY

Divestiture of Jurisdiction:

While a timely notice of appeal generally divest a trial court of jurisdiction, a premature appeal - *as filed by Defendant here* – does not transfer the jurisdiction in the absolute to the appellate court. See *Rains v. Flinn* (In re Rains), 428 F.3d 893, 904

(2005). In some instances the trial court retains jurisdiction to enter its final Judgment. Id. i.e. to analyze the effects of a partial settlement in relation to the judgment to be entered by the Jury trial Court.

Here, this Honorable Court entered the currently standing operative judgment on **May 1st 2025** Dkt No. 173, this judgment was entered a few days after the docketing of the Jury Verdict. However, based on the post trial motions and upon court's ruling on those motions, the final judgment of this matter remains within the consideration and jurisdiction of the trial court. Hence, the review and determination of a partial settlement agreement remains within the authority of this court, to establish with clarity and certainty; i.e. to what extent such agreement has an effect on the trial court's judgment, with respect to all rights and all the parties that were involved in this trial.

Based on the above, the court here should exercise its authority and its jurisdiction in the review of the terms of the purported settlement agreement. In so doing, nothing on the record will be modified as to the jury verdict, nor does the fact that the settlement agreement terms is disclosed has an impact procedurally to the pending appeal. The request should be granted and the terms be disclosed.

Pursuant USCS Fed Rules Civ Proc Rule 26 (b) (1) discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case is proper and allowed. Even regarding discovery of settlement terms. *BladeRoom Grp. Ltd v. Emerson Elec. Co.* (9th Cir. 2021) 20 F.4th 1231, 1250. Proportionality turns on the importance of the issues involved, the amount in controversy, the parties' relative access to the information, their resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs the likely benefit. USCS Fed Rules Civ Proc R 26.

USCS Fed Rules Civ Proc Rule 37(a) permits a party, after notice to the affected parties, to move in the court where the action is pending for an order compelling disclosure or production. The motion must certify that the movant

conferred or attempted in good faith to confer with the party withholding the requested information. USCS Fed Rules Civ Proc R 37. Before the filing of this motion, the moving party has reached out and met and confer in good faith giving notice and basis for the requested release of information to the settling parties.

USCS Fed Rules Civ Proc Rule 69(a)(2) permits a judgment creditor, including heirs – successors in interest, to obtain discovery from any person, including the judgment debtor, in aid of a judgment or execution. Post-judgment discovery under the federal rules is directed toward enforcing the judgment through supplemental proceedings. United States v. Warren, 2011 U.S. Dist. LEXIS 83314, 4 (2011). There is a reason under the Federal Rules of procedure to promote and prevent future unnecessary proceedings by discovery of documentation that have effects upon ultimate enforcement of judgments.

Post-judgment discovery under USCS Fed Rules Civ Proc Rule 69 is designed to establish an effective and efficient means of securing the execution of judgments, and its discovery rules are liberally construed. *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*, 936 F.3d 251

## IV. ARGUMENT

### A. The Settlement's Material Terms Are Relevant and Necessary to Determine their Effect on the Verdict, on the Survival Award and the Judgment entered.

The settlement agreement bears directly on whether Defendant will claim to have a credit, a setoff against the jury verdict, whether any portion[s] of the settlement will be allocated to the survival damages award. Whether the agreement purports to release, satisfy, assign, or compromise any interest in the $10,000,000 survival award. Without the information about the terms of this agreement, the Court may not be able to determine and conclude whether any off sets or credits apply. Making the

resolution of this matter lacking of the clarity and finality that the Federal Rules of Civil Procedure mandate.

A 10th Circuit Court decision in *Burke v. Regalado*, 935 F.3d 960, 1047 (2019) although not binding on this court, provides helpful guidance and the reasoning why this court should grant this request. The Ninth Circuit on its part, has likewise recognized that the trial court retains jurisdiction to clarify a judgment, and to supervise the *status quo,* and act in aid of execution of a judgment. *Stein v. Wood,* 127 F.3d 1187, 1189 (1997).

In *Burke* the trial court denied a request for release of terms of a settlement that involved some but not all the litigants. The jury found that pursuant 1983 Civil Rights Federal Law, the Defendant was liable and awarded compensatory damages to the family of the Decedent. The Defendant moved for off set in regards compensatory $10,000, 000 ten million dollars, with the argument that partial payments have been made under undisclosed terms of agreement. The Circuit court affirmed on the merits all the findings as to the Civil Rights actions. But with respect to the offset the appellate court found that the trial court abused discretion and the matter was remanded for the offset only. The reasoning of Burke goes deeper to say that by refusing to order the compel of the terms of the settlement, the court prevented itself of being able to consider later whether the offset apply as requested by Defendant.

Here, the jury has separately awarded $5,000,000 for pre-death pain and suffering and $5,000,000 for loss of Mr. Garcia's life, resulting in a $10,000,000 survival award distinct from the individual wrongful-death awards. This jury award hence belongs in strict application of California Probate Statutory Law, to whoever is determined to be legally entitled as an heir of the Estate of Luis Manuel Garcia Areas. Hence, any term or provision of the undisclosed settlement agreement, that may be interpreted to be considering the $10,000,000 jury award, would be improper.

A settlement that involves value & consideration of the survival damages award in this case, constitutes essentially an infringement upon the rights and interests to whoever may have an interest in the Estate of the decedent, including the Galicia's.

On the other hand, a payment allocated exclusively to the Garcia Plaintiffs' individual wrongful-death claims presents a materially different issue from a payment allocated in whole or in part as to Luis Garcia's survival claims. Therefore, to the extent the undisclosed settlement provides with clear language that the Garcia's are settling only their wrongful death claims, then the settlement may be in order. However, if the undisclosed settlement terms show value and consideration for the survival damages award, then there is a direct and implied contract consideration which is using the value of a survival award, to which other parties may be currently legally entitled under applicable law. Not only Galicia's, i.e. medical, IRS, liens, etc.

Thus, Disclosure is necessary before Galicia Plaintiffs can determine whether this undisclosed agreement affects, alters their asserted interests on the verdict. Discovery is proportional. The settlement documents are in the settling parties' exclusive possession. The amount in controversy includes a $10,000,000 survival award. The request is limited to the pre – or post executed agreement and the pre or post final documents embodying its consideration, allocation, releases, satisfaction provisions, offsets, assignments, waivers, and relevant nonmonetary terms.

In the interest of justice and based in all of the above this motion to disclose the terms of this agreement should be granted.

**B. The Galicia Plaintiffs Seek Final Settlement Terms, Not Privileged Negotiations or Mediation Communications.**

The Galicia Plaintiffs do not seek any settlement negotiations, mediation statements, attorney communications, nor any counsel's mental impressions. They seek the final proposed or executed agreement and any final side agreement or documents embodying the operative settlement terms.

This distinction narrows the request to only the information necessary to determine the legal and practical effect of such settlement to the rights of the parties and to the finalization of this case still subject to final adjudication. It also avoids unnecessary intrusion into any settlement process while permitting review of the terms that may bear on the verdict and judgment.

To the extent any responding party asserts a privilege over a particular provision or document, that objection should be evaluated specifically rather than used to withhold the entire agreement. The Law permits discovery of relevant nonprivileged information, and the party seeking continued protection for particular material must demonstrate specific prejudice or harm rather than rely on broad allegations or absolute refusal without cause. USCS Fed Rules Civ Proc R 26, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

### C. The Court Retains Authority to Order Disclosure While the Appeal Is Pending.

A notice of appeal generally divests the district court of jurisdiction over matters involved in the appeal. *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 735 (9th Cir. 1982). That principle prevents a district court from adjudicating anew the merits or materially altering substantial rights directly involved in the appeal. *McClatchy Newspapers v. Central Valley Typographical Union* No. 46, 686 F.2d 731, 735 (1982).

But the rule is not absolute. A district court retains jurisdiction to preserve the status quo during an appeal and, absent a stay, to implement or enforce its judgment so long as it does not alter or expand that judgment. *Rains v. Flinn* (In re Rains), 428 F.3d 893, 904 (2005). The Ninth Circuit has likewise recognized retained jurisdiction to clarify a judgment, supervise the status quo, and act in aid of execution of an unsuperseded judgment. *Stein v. Wood,* 127 F.3d 1187, 1189 (1997).

The requested order falls within those limits. It would not change the jury's findings, modify any damages award, amend the judgment, or resolve any issue on appeal. It would require disclosure of a post-verdict agreement so that the parties and the Court can determine whether that agreement bears in any way terms or provisions that relate to the satisfaction, allocation, and enforcement of the final judgment of this case. Post-judgment discovery concerning a settlement may proceed despite an appeal when it falls within the district court's continuing authority to protect and administer its judgment. In *In re Cathode Ray Tube Antitrust Litigation*, the district court concluded that an appeal did not preclude a discovery ruling where the court retained jurisdiction to implement and enforce its settlement judgment and to protect the integrity of its judgment. In re : *Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 (2012).

The Galicia Plaintiffs presently request only disclosure. If the agreement later gives rise to a request to modify, credit, satisfy, or enforce the judgment, the Court can address its jurisdiction over that distinct request when and if it is presented. Ordering production now neither prejudges the question nor interferes in any way with appellate jurisdiction. To the contrary it prevents further unnecessary proceedings and future controversies among the parties, about whether any of the survival award of the jury has been already negotiated, affected or even worse paid under undisclosed terms and amounts.

**D. Confidentiality Can Be Protected Without Withholding Material Terms.**

A confidentiality provision does not eliminate the agreement's relevance. Nor does confidentiality alone establish that the entire agreement must be withheld. A party seeking protection under USCS Fed Rules Civ Proc Rule 26(c) must make a particularized showing of specific prejudice or harm as to the material it seeks to protect. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130

(2003).Furthermore, the Defendant in this case is a public entity and the information including a settlement release may be subject to public records release.

The Galicia Plaintiffs here do not seek any public dissemination, however. If the settling parties establish a legitimate need for protection, the Court may order production subject to restrictions on use and disclosure. USCS Fed Rules Civ Proc R ule 26(c) permits a court to prescribe terms for discovery, limit the disclosure to specified persons, require that confidential information be revealed only in a designated manner, etc. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (2003). Similarly, the Court in *Phillips ex rel. Ests. of Byrd v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002), determined that even "confidential settlement information" may be produced under appropriate circumstances.

A tailored order could limit disclosure to the Court, to counsel, and only to persons necessary to advise the parties concerning the matter.

**E. In Camera Review Is an Appropriate Alternative.**

If the Court determines that immediate production of the complete agreement is unwarranted, it should require the settling parties at least to submit the unredacted agreement and documents embodying its final terms for *in camera* review.
The Court can then identify the provisions relevant to:

1. The amount and form of consideration;
2. Allocation among parties, claims, and categories of damages;
3. Any release or purported discharge of the survival cause of action;
4. Any satisfaction, covenant not to execute, setoff, offset, or credit;
5. Any assignment or waiver affecting the judgment or survival award; and
6. Any nonmonetary term affecting the Galicia Plaintiffs' asserted interests.

Following that review, the Court may direct disclosure of the material provisions subject to an appropriate protective order. This approach preserves any demonstrated confidentiality interest while ensuring that any of the contents of this purported agreement affects the jury verdict, the judgment, the appeal or the rights of any one who may have an interest in the Estate of Mr. Luis Manuel Garcia. Including the Galicia Plaintiffs.

## V. CONCLUSION AND PRAYER FOR RELIEF

The Galicia Plaintiffs respectfully request that the Court enter an order:

1. Requiring Defendant City of Tustin and the Garcia Plaintiffs, to abstain from signing and executing the purported settlement agreement until the ruling of the court in regards this motion is entered.
2. Order that Defendant City of Tustin and the Garcia Plaintiffs, provide within 7 days from entry of court order, the pertinent documentation of their agreement, to Galicia's counsel with respect to the following topics:
    a. The complete documentation of their post-verdict settlement agreement;
    b. Any non executed or post executed side agreement, release, covenant, assignment, satisfaction, term sheet, or other final document embodying or modifying the settlement's operative terms;
    c. All provisions reflecting the settlement consideration, allocation, releases, satisfaction terms, credits, offsets, setoffs, assignments, waivers, and nonmonetary consideration affecting the verdict, judgment, including the survival cause of action, and / or related in any way to the $10,000,000 jury award for damages of Luis Manuel Garcia.

3. Alternatively, require submission of those materials to the Court for in camera review and direct disclosure to counsel of all material terms identified by the Court;
4. Authorize the disclosure subject to an appropriate protective order, including an attorneys'-eyes-only restriction if the Court finds that restriction necessary;
5. Provide that the production under the court order does not determine in any way the settlement's validity nor does modify the verdict or the judgment entered on May 1, 2026, in this Court in any way.
6. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

Date 10/09/2026

*By: /S/ Jesus Eduardo Arias*

Jesus Eduardo Arias LL.M. Esq.
Counsel for Galicia Plaintiffs

# L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for the Galicia Plaintiffs, certifies that this brief contains 3419 words, which complies with the word limit of L.R. 11-6.1.

Date 10/09/2026

/S/ Jesus Eduardo Arias
Jesus Eduardo Arias LL.M. Esq.
Attorney For Galicia's Plaintiffs

# EXHIBIT 1

FILED
CLERK, U.S. DISTRICT COURT
4-21-26
CENTRAL DISTRICT OF CALIFORNIA
BY: PG DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA; and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,

Plaintiffs,

v.

CITY OF TUSTIN; ESTELLA SILVA; and DOES 1 through 10, inclusive,

Defendants.

Consolidated with WENDY LORENA GALICIA RAMIREZ, et al. v. CITY OF TUSTIN, et al.

Case No. 8:22-cv-00131-SPG-KES

REDACTED

VERDICT FORM

We, the jury, in the above-entitled action, find the following special verdict on the requests presented to us:

**<u>CLAIM ONE – SECTION 1983, UNREASONABLE SEIZURE</u>**

**<u>QUESTION 1</u>:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva made an unreasonable seizure of Luis Garcia?

___X___ Yes ________ No

*If you answered "Yes" to Question 1, please answer Question 2.*

*If you answered "No" to Question 1, please proceed to Question 4.*

**<u>QUESTION 2</u>:** Have the Plaintiffs proven by a preponderance of the evidence that the unreasonable seizure by Tustin Police Officer Estela Silva was an actual cause of Luis Garcia's death?

___X___ Yes ________ No

*If you answered "Yes" to Question 2, please answer Question 3.*

*If you answered "No" to Question 2, please proceed to Question 4.*

**<u>QUESTION 3</u>:** Have the Defendants proven by a preponderance of the evidence that any reasonable officer with the same knowledge, circumstances, and facts as Officer Silva would have believed that Luis Garcia posed an immediate threat of serious bodily injury or death?

________ Yes          ___X___ No

*Please proceed to Question 4.*

## CLAIM TWO – BANE ACT

**QUESTION 4:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva violated the Bane Act by intending to violate or recklessly disregarding Luis Garcia's constitutional right to be free from excessive force?

___X___ Yes ________ No

*If you answered "Yes" to Question 4, please answer Question 5.*
*If you answered "No" to Question 4, please proceed to Question 6.*

**QUESTION 5:** Have the Plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was a substantial factor in causing Luis Garcia harm?

___X___ Yes ________ No

*Please proceed to Question 6.*

<u>**CLAIM THREE – BATTERY**</u>

<u>**QUESTION 6**</u>**:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva committed a battery against Luis Garcia?

__X__ Yes ________ No

*If you answered "Yes" to Question 6, please answer Question 7.*

*If you answered "No" to Question 6, please proceed to Question 8.*

<u>**QUESTION 7**</u>**:** Have the Plaintiffs proven by a preponderance of the evidence that a battery by Tustin Police Officer Estela Silva was a substantial factor in causing Luis Garcia's harm and/or death?

__X__ Yes ________ No

*Please proceed to Question 8.*

## CLAIM FOUR – NEGLIGENCE

**QUESTION 8:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva was negligent in her use of deadly force against Luis Garcia?

___X___ Yes        ________ No

*If you answered "Yes" to Question 8, please answer Question 9.*
*If you answered "No" to Question 8, please proceed to Question 13.*

**QUESTION 9:** Have the Plaintiffs proven by a preponderance of the evidence that the negligence of Officer Silva was a substantial factor in causing Luis Garcia's harm and/or death?

___X___ Yes        ________ No

*If you answered "Yes" to Question 9, please answer Question 10.*
*If you answered "No" to Question 9, please proceed to Question 13.*

**QUESTION 10:** Have the Defendants proven by a preponderance of the evidence that Luis Garcia was negligent?

________ Yes        ___X___ No

*If you answered "Yes" to Question 10, please answer Question 11.*
*If you answered "No" to Question 10, please proceed to Question 13.*

**QUESTION 11:** Have the Defendants proven by a preponderance of the evidence that the negligence of Luis Garcia was a substantial factor in causing his death?

_________ Yes _________ No

*If you answered "Yes" to Question 11, please answer Question 12.*

*If you answered "No" to Question 11, please proceed to Question 13.*

**QUESTION 12:** What percentage of negligence that was a cause of Luis Garcia's death do you assign to Officer Silva, and what percentage of negligence that was a cause of Luis Garcia's death do you assign to Luis Garcia? (Your total should equal 100%).

Officer Silva _________ %

Luis Garcia _________ %

*Please proceed to Question 13.*

## DAMAGES

If you answered "Yes" to any of Questions 2, 5, 7, or 9, you have found Defendants liable on the associated claim. If you answered "No" to Questions 2, 5, 7, or 9, or if you answered "No" to Questions 1, 4, 6, or 8, you have found Defendants not liable on the associated claim.

**QUESTION 13:** What are Luis Garcia's damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering $ 5,000,000

Loss of Life $ 5,000,000

*Please proceed to Question 14.*

**QUESTION 14:** What wrongful death damages (past and future) do you award to the Plaintiffs?

Emily Garcia: $ 2,000,000

Camila Garcia (C.G.): $ 2,000,000

Wendy Galicia: $ 1,000,000

Kevin Galicia: $ 2,600,000

*Please sign and return this verdict form.*

Signed: [redacted] Dated: 4/21/26

*Jury Foreperson*

"Signature redacted by the Court"

# EXHIBIT 2

Jesus Eduardo Arias, Esq., LL.M.
ATTORNEY AT LAW

October 1, 2026

Bruce D. Praet Esq.
Jones-Mayer
3777 N. Harbor Blvd.
Fullerton, CA 92835
Emails: [redacted]

Dale K. Galipo Esq.
The Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Emails: [redacted]

**Meet and Confer Regarding Proposed Motion for Disclosure of Settlement Agreement**
**Case Name:** Garcia v. City of Tustin
**Case No.** 8:22-cv-00131 SPG KES

Dear Counsel:

This correspondence is per Federal Rules of Civil Procedure 37(a)(1), local rule 37-1, and Fed. R. Civ. P. 26(b)(1). This is a follow up to the conversation via telephone sustained - meet and confer in good faith- between Counsel for Defense Mr. Praet and the undersigned Jesus Arias which happened today October 1st 2026 at 10:00 am. I have also reached out to counsel Mr. Galipo via phone text messages yesterday and today, regarding the urgent need to address the refusal to disclose the terms of post-verdict settlement agreement, between Defense Counsel and counsel for the Garcia Plaintiffs, "Post trial Settlement Agreement".

**Background.** On April 21 2026, the jury in this matter returned a verdict awarding $2,000,000 to each of the three children of the decedent, $1,000,000 to the decedent's wife, and $10,000,000 for the decedent's pain and suffering. [ 5 Million for Pre Death Suffering and 5 Million for Loss of his life]. We understand that following the verdict and at some point before or after the filing a notice of appeal, Defense Counsel and co-plaintiffs' counsel Mr. Galipo – unbeknownst to counsel for Galicia Plaintiffs" entered into private informal conversions and have reached a settlement

agreement resolving some or all of Garcia Plaintiff's claims. However both settling counsel have declined to disclose – produce the terms, amount[s] and scope of that agreement.

**Why Disclosure Is Required.** Our clients — the decedent's wife and one son of Mr. Garcia Areas, "The GALICIA PLAINTIFFS" are non-settling parties whose judgment rights are directly affected, infringed and potentially altered by this undisclosed settlement agreement. The terms of this undisclosed agreement may govern, among other things; (1) any setoff or credit the defense may seek against to the outstanding judgment; (2) the proper allocation of the $10,000,000 survival/pain-and-suffering – loss of life jury verdict award; (3) the scope of any release that may extinguish or limit any particular clients' recovery; and (4) our clients' appellate posture and interests. Including settlement value assessment. Without knowing anything about this undisclosed agreement, we cannot evaluate any legal effects in the procedural life of this matter, and we cannot protect the interest of our clients both at the present moment, or even at post appellate stage.

Any confidentiality provision in a private settlement does not shield it from discovery when it is relevant to a non-settling party's claims and judgment rights. Furthermore, given the Settling Defendant is a public entity, the terms of the agreement are not confidential *per se.* A settlement agreement between a co plaintiff and defendants is not only relevant but necessary when, under applicable law, the non-settling party is entitled to a setoff of amounts from any remaining verdict. *Burke v. Regalado*, 935 F.3d 960, 1048 (2019). *Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1212 (9th Cir. 2002) See also *BladeRoom Grp. Ltd v. Emerson Elec. Co*., 20 F.4th 1231 (2021). In this case, the Galicia Plaintiffs have a real interest and are entitled to the survival remaining and outstanding jury verdict damages under CA Law.

**Requested Immediate Action.** We ask that you please produce the complete proposed release, and or any documentation / communication [s] about this Settlement Agreement, including all exhibits, side letters, and amendments, messages, email communication immediately. You may do so my emailing such to counsel Email address; [redacted] & [redacted]. We ask for this information to be forwarded immediately.

Given the nature and urgency of this situation, and based on meet and confer process, we were told that paperwork has been exchanged and is being reviewed without yet being signed. We ask that you refrain for execute and sign the intended agreement until our request for disclosure is resolved. We thank you in advance for such professional courtesy and consideration.

If we do not receive the requested disclosures, and we do not hear from you by end of business day tomorrow **Friday October 2nd 2026, 5:00 pm.** We will have no choice but to file a motion to compel pursuant to Federal Rule of Civil Procedure 37, asking the court to intervene and hear the basis and the merits of our request for disclosures.

Sincerely,

Jesus Eduardo Arias Esq. LL.M. Counsel for Galicia Plaintiffs

# EXHIBIT 3

Outlook

**MEET & CONFER - in re Disclosure Settlement Agreement Defense - Garcia Plaintiffs**

**From** Jesus Eduardo Arias <[redacted]

**Date** Thu 10/1/2026 12:33

**To** Bruce D. Praet [redacted]; Dawn M. Burneff <[redacted]; Dale Galipo [redacted] Renee Valentine [redacted]

**Cc** Carlo Alcantar <[redacted]

1 attachment (182 KB)

26.10.01.Ltr.MeetConf.inre.Disclosure.Settmt.Terms.pdf;

Mr. Praet, (Counsel for Defendants)
Mr. Galipo ( counsel for Garcia Plaintiffs )

Following up to our telephone conversation this morning with Bruce about this matter, please find attached correspondence that summarizes our position and reasons why we believe disclosure of your agreement is necessary.

If you feel that we need to talk again about this before we ask for the court to hear our request - please get back to me asap. (Before end of business day tomorrow) You have my cell - but here it is again [redacted]

Thank you

Jesus Eduardo Arias Esq. LL.M.
*Law Office of Jesus Eduardo Arias*
1150 Olive Street Floor 6th
Los Angeles California 90015
[redacted]