Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
Law Offices of Jesus Eduardo Arias APC
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA, et al.<br>Plaintiff(s),<br>vs.<br><br>CITY OF TUSTIN, ESTELLA SILVA, et al.<br>Defendant(s) | Case No: **8:22-cv-00131 SPG KES**<br><br>**DECLARATION OF COUNSEL JESUS EDUARDO ARIAS IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF POST VERDICT SETTLEMENT AGREEMENT** |
| Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,<br>Plaintiffs,<br>v.<br>CITY OF TUSTIN, et al.<br>Defendants | Declaration of Counsel Jesus Eduardo Arias, and attached exhibits; proposed order *filed concurrently.*<br>Hearing Date:<br>Time:<br>*The Honorable Sherilyn Peace Garnett*<br>*Crtrm: 5C* |

I, JESUS EDUARDO ARIAS declare as follows:

1. I am an attorney licensed to practice within this Central District Court.
2. I am trial counsel for Plaintiffs Mrs. Wendy Galicia and her son Kevin Galicia. (Wife and son of the Decedent Mr. Luis Manuel Garcia).

**3.** The factual statements set forth herein are personally known to me and if called as a witness, I would completely testify to the truth of it.

**4.** On April 21, 2026, the jury rendered a verdict awarding damages to the decedent's surviving family members. Specifically, the jury awarded $2,000,000 each to the decedent's three children, $1,000,000 to the decedent's wife, and $10,000,000 for the decedent's pain and suffering. This verdict was entered as Dkt No. 159 **(See Exhibit 1).**

**5.** On August 28, 2026, following post-trial motions, Defendants filed a notice of appeal, currently pending before the Ninth Circuit Court under Case No. 26-5667.

**6.** On October 1, 2026, upon learning that the Garcia's Plaintiffs and Defendants have reached an agreement, I conferred by telephone with counsel for the Defense Mr. Bruce Praet. I explained the necessity of our request for disclosure of the material terms of their settlement. Counsel declined to share any information about the settlement indicating that their position is that they are not required.

**7.** On October 2 2026, I had a similar conference by telephone with Garcia's counsel Mr. Dale Galipo, upon explaining our request and the reasons for our concerns regarding the terms of their agreement with the Defense, Mr. Galipo declined to provide the information requested.

**8.** I have also summarized for my colleagues Mr. Praet and Mr. Galipo the reasons of my client's request for disclosure in a letter sent to both by Email **(See Exhibits 2 & 3).**

**9.** Seven days have passed since the last conference and communications I had with counsel and the terms of the settlement agreement between Defendants and the Garcia Plaintiffs have not been disclosed. Notice and opportunity have been duly given to the nonmoving parties as required under LR 7-3, complying with this Court's Local Rules with respect to meet and confer and the timing on the motion.

**10.** Lastly, I am aware that the next available date for a Hearing on the Galicia

Plaintiffs Motion is November 11, 2026, however given the circumstances and nature of this matter, it appears that the settling parties may decide to move forward and execute, finalize and pay their agreement at any time. Thus, the Galicia Plaintiffs, respectfully ask in the interest of justice, for the Court to consider whether advancing the hearing of this motion may be proper in interest of justice.

**11.** I declare under penalty of perjury and under the Laws of the United States that all of the above is true and correct.

Executed on October 09, 2026

Jesus Eduardo Arias LL.M. Esq.
Attorney for Plaintiffs Wendy Galicia and Kevin Galicia

# EXHIBIT 1

FILED
CLERK, U.S. DISTRICT COURT
4-21-26
CENTRAL DISTRICT OF CALIFORNIA
BY: PG DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EMILY GARCIA; and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest,

Plaintiffs,

v.

CITY OF TUSTIN; ESTELLA SILVA; and DOES 1 through 10, inclusive,

Defendants.

Consolidated with WENDY LORENA GALICIA RAMIREZ, et al. v. CITY OF TUSTIN, et al.

Case No. 8:22-cv-00131-SPG-KES

REDACTED

VERDICT FORM

We, the jury, in the above-entitled action, find the following special verdict on the requests presented to us:

## CLAIM ONE – SECTION 1983, UNREASONABLE SEIZURE

**QUESTION 1:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva made an unreasonable seizure of Luis Garcia?

___X___ Yes ________ No

*If you answered "Yes" to Question 1, please answer Question 2.*
*If you answered "No" to Question 1, please proceed to Question 4.*

**QUESTION 2:** Have the Plaintiffs proven by a preponderance of the evidence that the unreasonable seizure by Tustin Police Officer Estela Silva was an actual cause of Luis Garcia's death?

___X___ Yes ________ No

*If you answered "Yes" to Question 2, please answer Question 3.*
*If you answered "No" to Question 2, please proceed to Question 4.*

**QUESTION 3:** Have the Defendants proven by a preponderance of the evidence that any reasonable officer with the same knowledge, circumstances, and facts as Officer Silva would have believed that Luis Garcia posed an immediate threat of serious bodily injury or death?

_______ Yes ___X___ No

*Please proceed to Question 4.*

## CLAIM TWO – BANE ACT

**QUESTION 4:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva violated the Bane Act by intending to violate or recklessly disregarding Luis Garcia's constitutional right to be free from excessive force?

__X__ Yes ______ No

*If you answered "Yes" to Question 4, please answer Question 5.*

*If you answered "No" to Question 4, please proceed to Question 6.*

**QUESTION 5:** Have the Plaintiffs proven by a preponderance of the evidence that a violation of the Bane Act was a substantial factor in causing Luis Garcia harm?

__X__ Yes ______ No

*Please proceed to Question 6.*

**<u>CLAIM THREE – BATTERY</u>**

**<u>QUESTION 6</u>:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva committed a battery against Luis Garcia?

__X__ Yes      ______ No

*If you answered "Yes" to Question 6, please answer Question 7.*
*If you answered "No" to Question 6, please proceed to Question 8.*

**<u>QUESTION 7</u>:** Have the Plaintiffs proven by a preponderance of the evidence that a battery by Tustin Police Officer Estela Silva was a substantial factor in causing Luis Garcia's harm and/or death?

__X__ Yes      ______ No

*Please proceed to Question 8.*

## CLAIM FOUR – NEGLIGENCE

**QUESTION 8:** Have the Plaintiffs proven by a preponderance of the evidence that Tustin Police Officer Estela Silva was negligent in her use of deadly force against Luis Garcia?

___X___ Yes ________ No

*If you answered "Yes" to Question 8, please answer Question 9.*

*If you answered "No" to Question 8, please proceed to Question 13.*

**QUESTION 9:** Have the Plaintiffs proven by a preponderance of the evidence that the negligence of Officer Silva was a substantial factor in causing Luis Garcia's harm and/or death?

___X___ Yes ________ No

*If you answered "Yes" to Question 9, please answer Question 10.*

*If you answered "No" to Question 9, please proceed to Question 13.*

**QUESTION 10:** Have the Defendants proven by a preponderance of the evidence that Luis Garcia was negligent?

________ Yes ___X___ No

*If you answered "Yes" to Question 10, please answer Question 11.*

*If you answered "No" to Question 10, please proceed to Question 13.*

**QUESTION 11:** Have the Defendants proven by a preponderance of the evidence that the negligence of Luis Garcia was a substantial factor in causing his death?

________ Yes ________ No

*If you answered "Yes" to Question 11, please answer Question 12.*
*If you answered "No" to Question 11, please proceed to Question 13.*

**QUESTION 12:** What percentage of negligence that was a cause of Luis Garcia's death do you assign to Officer Silva, and what percentage of negligence that was a cause of Luis Garcia's death do you assign to Luis Garcia? (Your total should equal 100%).

Officer Silva ________ %

Luis Garcia ________ %

*Please proceed to Question 13.*

# DAMAGES

If you answered "Yes" to any of Questions 2, 5, 7, or 9, you have found Defendants liable on the associated claim. If you answered "No" to Questions 2, 5, 7, or 9, or if you answered "No" to Questions 1, 4, 6, or 8, you have found Defendants not liable on the associated claim.

**<u>QUESTION 13</u>:** What are Luis Garcia's damages for his pre-death pain and suffering and loss of life?

Pre-death pain and suffering $ 5,000,000

Loss of Life $ 5,000,000

*Please proceed to Question 14.*

**<u>QUESTION 14</u>:** What wrongful death damages (past and future) do you award to the Plaintiffs?

Emily Garcia: $ 2,000,000

Camila Garcia (C.G.): $ 2,000,000

Wendy Galicia: $ 1,000,000

Kevin Galicia: $ 2,600,000

*Please sign and return this verdict form.*

Signed: [redacted] Dated: ~~4/20~~ 4/21/26

*Jury Foreperson*
"Signature redacted by the Court"

# EXHIBIT 2

Jesus Eduardo Arias, Esq., LL.M.
ATTORNEY AT LAW

October 1, 2026

Bruce D. Praet Esq.
Jones-Mayer
3777 N. Harbor Blvd.
Fullerton, CA 92835
Emails: [redacted]

Dale K. Galipo Esq.
The Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Emails: [redacted]

**Meet and Confer Regarding Proposed Motion for Disclosure of Settlement Agreement**
**Case Name:** Garcia v. City of Tustin
**Case No.** 8:22-cv-00131 SPG KES

Dear Counsel:

This correspondence is per Federal Rules of Civil Procedure 37(a)(1), local rule 37-1, and Fed. R. Civ. P. 26(b)(1). This is a follow up to the conversation via telephone sustained - meet and confer in good faith- between Counsel for Defense Mr. Praet and the undersigned Jesus Arias which happened today October 1st 2026 at 10:00 am. I have also reached out to counsel Mr. Galipo via phone text messages yesterday and today, regarding the urgent need to address the refusal to disclose the terms of post-verdict settlement agreement, between Defense Counsel and counsel for the Garcia Plaintiffs, "Post trial Settlement Agreement".

**Background.** On April 21 2026, the jury in this matter returned a verdict awarding $2,000,000 to each of the three children of the decedent, $1,000,000 to the decedent's wife, and $10,000,000 for the decedent's pain and suffering. [ 5 Million for Pre Death Suffering and 5 Million for Loss of his life]. We understand that following the verdict and at some point before or after the filing a notice of appeal, Defense Counsel and co-plaintiffs' counsel Mr. Galipo – unbeknownst to counsel for Galicia Plaintiffs" entered into private informal conversions and have reached a settlement

agreement resolving some or all of Garcia Plaintiff's claims. However both settling counsel have declined to disclose – produce the terms, amount[s] and scope of that agreement.

**Why Disclosure Is Required.** Our clients — the decedent's wife and one son of Mr. Garcia Areas, "The GALICIA PLAINTIFFS" are non-settling parties whose judgment rights are directly affected, infringed and potentially altered by this undisclosed settlement agreement. The terms of this undisclosed agreement may govern, among other things; (1) any setoff or credit the defense may seek against to the outstanding judgment; (2) the proper allocation of the $10,000,000 survival/pain-and-suffering – loss of life jury verdict award; (3) the scope of any release that may extinguish or limit any particular clients' recovery; and (4) our clients' appellate posture and interests. Including settlement value assessment. Without knowing anything about this undisclosed agreement, we cannot evaluate any legal effects in the procedural life of this matter, and we cannot protect the interest of our clients both at the present moment, or even at post appellate stage.

Any confidentiality provision in a private settlement does not shield it from discovery when it is relevant to a non-settling party's claims and judgment rights. Furthermore, given the Settling Defendant is a public entity, the terms of the agreement are not confidential *per se.* A settlement agreement between a co plaintiff and defendants is not only relevant but necessary when, under applicable law, the non-settling party is entitled to a setoff of amounts from any remaining verdict. *Burke v. Regalado*, 935 F.3d 960, 1048 (2019). *Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1212 (9th Cir. 2002) See also *BladeRoom Grp. Ltd v. Emerson Elec. Co*., 20 F.4th 1231 (2021). In this case, the Galicia Plaintiffs have a real interest and are entitled to the survival remaining and outstanding jury verdict damages under CA Law.

**Requested Immediate Action.** We ask that you please produce the complete proposed release, and or any documentation / communication [s] about this Settlement Agreement, including all exhibits, side letters, and amendments, messages, email communication immediately. You may do so my emailing such to counsel Email address; [redacted] & [redacted]. We ask for this information to be forwarded immediately.

Given the nature and urgency of this situation, and based on meet and confer process, we were told that paperwork has been exchanged and is being reviewed without yet being signed. We ask that you refrain for execute and sign the intended agreement until our request for disclosure is resolved. We thank you in advance for such professional courtesy and consideration.

If we do not receive the requested disclosures, and we do not hear from you by end of business day tomorrow **Friday October 2nd 2026, 5:00 pm.** We will have no choice but to file a motion to compel pursuant to Federal Rule of Civil Procedure 37, asking the court to intervene and hear the basis and the merits of our request for disclosures.

Sincerely,



Jesus Eduardo Arias Esq. LL.M. Counsel for Galicia Plaintiffs

# EXHIBIT 3

Outlook

**MEET & CONFER - in re Disclosure Settlement Agreement Defense - Garcia Plaintiffs**

**From** Jesus Eduardo Arias <[redacted]
**Date** Thu 10/1/2026 12:33
**To** Bruce D. Praet [redacted]; Dawn M. Burneff <[redacted]; Dale Galipo [redacted] Renee Valentine [redacted]
**Cc** Carlo Alcantar <[redacted]

1 attachment (182 KB)
26.10.01.Ltr.MeetConf.inre.Disclosure.Settmt.Terms.pdf;

Mr. Praet, (Counsel for Defendants)
Mr. Galipo ( counsel for Garcia Plaintiffs )

Following up to our telephone conversation this morning with Bruce about this matter, please find attached correspondence that summarizes our position and reasons why we believe disclosure of your agreement is necessary.

If you feel that we need to talk again about this before we ask for the court to hear our request - please get back to me asap. (Before end of business day tomorrow) You have my cell - but here it is again [redacted]

Thank you

Jesus Eduardo Arias Esq. LL.M.
*Law Office of Jesus Eduardo Arias*
1150 Olive Street Floor 6th
Los Angeles California 90015
[redacted]