Bruce D. Praet, SBN 119430
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosala Becerra, individually and as successors-in-interest; WENDY LOREN GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Wife) and KEVIN JOSUE GALICIA RAMIREZ, Individually and as Successor in Interest (Decedent's Son),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUSTIN, ESTELLA SILVA, and Does 1 through 10, Inclusive,<br><br>Defendants. | Case No: 8:22-cv-00131-SPG-KES (Consolidated with Case No. 8:22-cv-01619-SPG-KES)<br><br>Assigned to:<br>*Honorable Sherilyn Peace Garnett*<br>*Magistrate Karen E. Scott*<br><br>**DEFENDANTS' OPPOSITION TO GALICIA PLAINTIFFS' MOTION TO COMPEL; DECLARATION OF BRUCE D. PRAET**<br><br>**DATE: November 18, 2026**<br>**TIME: 1:30 P.M.**<br>**CTRM: 5C**<br><br>**TRIAL DATE: April 14, 2026** |

## 1. PREFATORY STATEMENT.

Notwithstanding the complete lack of merit to Plaintiffs' motion, it is facially defective for a complete failure to comply with the rules of this Court. This Court has made it clear that "All discovery matters are referred to the assigned magistrate judge". All discovery documents must include the words "DISCOVERY MATTER in the caption to ensure proper routing." Not only is Plaintiffs' motion not labeled as

a "DISCOVERY MATTER" or properly brought before the assigned Magistrate Judge, but it further fails to comply with the requirement of Local Rule 37-2 to file a joint stipulation. As such, Local Rule 37-2.4 dictates that the Court will not consider this motion.

Thus, unless or until Plaintiffs comply with the rules of this Court, their facially defective motion must be denied.

**2. PROCEDURAL SUMMARY.**

Plaintiffs correctly note that Defendants filed a timely notice of appeal to the Ninth Circuit on August 28, 2026, effectively divesting this Court of most, if not all, jurisdiction during the pendency of the appeal. As a routine aspect of the appellate process, all parties were invited to participate in the Ninth Circuit's voluntary mediation process to explore the prospect of settling any or all of the issues on appeal. During this process, counsel for Defendants and the Garcia Plaintiffs have negotiated a tentative, but not yet finalized or completed, resolution of only those claims brought by the Garcia Plaintiffs.

Pursuant to the jury verdict, each of the two Garcia Plaintiffs were awarded $2 million and survival damages for decedent's loss of life and pain and suffering totaled $10 million. Counsel for both sets of Plaintiffs have agreed that a pre-trial agreement established that any survival damages would be divided equally between the two sets of Plaintiffs (i.e. $5 million to Garcia Plaintiffs and $5 million to Galicia Plaintiffs). As such, the Garcia Plaintiffs were awarded a total of $9 million (plus fees and costs) and the Galicia Plaintiffs were awarded $8 million (plus fees and costs).

While the terms and completion of any tentative settlement between Defendants and the Garcia Plaintiffs are not yet final, it has been made clear to counsel for the Galicia Plaintiffs that such terms will not affect the interests of the Galicia Plaintiffs in any manner. Moreover, Defendants have assured the Galicia Plaintiffs that no aspect of any pending settlement with the Garcia Plaintiffs will be sought as an offset to damages for the Galicia Plaintiffs. Despite these reassurances, the Galicia Plaintiffs

have continued to refuse to participate in the mediation process.

Finally, whether the Galicia Plaintiffs are even entitled to post-judgment discovery during the pending appeal, Plaintiffs have never served any formal discovery request from which a motion to compel could be filed.

**3. PLAINTIFFS' MOTION TO COMPEL IS IMPROPER.**

As noted above, Plaintiffs' current motion is facially defective for a complete failure to comply with the local rules of this Court and must therefore be denied. Beyond that, however, Plaintiffs cannot bring any motion to compel under F.R.Civ.P., Rule 37 except to compel either:

(a)(3)(A) – a required disclosure under Rule 26(a), or

(a)(3)(B) – discovery responses under Rules 30-34.

Since it is clear that incomplete post-judgment settlement terms are nowhere required by Rule 26(a), Plaintiffs could only bring a Rule 37 motion to compel responses to properly served discovery. Even assuming, *arguendo,* that F.R.Civ.P., Rule 69 might permit some limited discovery for the enforcement of a judgment, it would still require a formal discovery request under federal or state discovery rules. Here, it is undisputed that Plaintiffs have served no such formal discovery request and therefore have no matter which could be subject to a motion to compel even if the Court retained any limited jurisdiction.

Moreover, the district court is effectively divested of jurisdiction during the pendency of the appeal except for the limited purpose of maintaining the status quo as long as it would not change the issues before the appellate court. *McClatchy Newspapers v. Central Valley Typo Union*, 686 F2d 731, 734-735 (9th Cir. 1982). In the instant case, the incomplete terms of any tentative settlement between the Garcia Plaintiffs and Defendants are completely independent from and irrelevant to any issues related to the Galicia Plaintiffs. Once settled, the issues remaining on appeal will be strictly limited to the Galicia Plaintiffs and any interference at this stage could be reversed or impacted on appeal.

Plaintiffs' citation to the Tenth Circuit decision in *Burke v. Regaldo*, 935 F3d 960 (10th Cir. 2019) for the proposition that settlement agreements may ultimately be discoverable is inapposite for several reasons. First, unlike the current circumstances, the settlement agreement in *Burke* was a completed and final pre-trial settlement between plaintiffs and one defendant. The Court determined that it was ultimately discoverable solely because one defendant sought to apply its terms as an offset to any damages awarded to plaintiff. As noted above, Defendants in the instant case do not seek any offset of damages awarded to the Galicia Plaintiffs.

**4. <u>CONCLUSION.</u>**

For all of the above-stated reasons, it is respectfully submitted that Plaintiffs' motion to compel must be denied as facially defective, premature and without merit.

Dated: October 27, 2026

JONES MAYER

By: *  /s/Bruce D. Praet*
Bruce D. Praet
Attorneys for Defendants

**DECLARATION OF BRUCE D. PRAET**

I, Bruce D. Praet, declare and say:

1. I am an attorney duly licensed to practice before this and all courts in the state of California and that I am defense counsel for the Defendants in this matter. Except where expressly stated to the contrary, I make this declaration from personal knowledge and would testify in conformity herewith if called as a witness.

2. Following Defendants' timely notice of appeal on August 28, 2026, all parties were invited to participate in the Ninth Circuit's voluntary mediation process. Since there were two distinct parties in this case represented by separate counsel, counsel for the Garcia Plaintiffs, Dale Galipo, and I began to engage in negotiations in an attempt to informally resolve only those claims exclusively limited to the Garcia Plaintiffs. As of the date of this declaration, any prospective terms of independently resolving claims between the Garcia Plaintiffs and Defendants are not yet final and remain incomplete.

3. During informal telephone conversations with Attorney Arias for the Galicia Plaintiffs, Mr. Arias acknowledged his pre-trial agreement with Dale Galipo, counsel for the Garcia Plaintiffs, that survival damages, if any, would be divided equally (i.e. 50/50) between the two sets of Plaintiffs. During my conversations with Mr. Galipo as counsel for the Garcia Plaintiffs, Mr. Galipo has confirmed this pre-trial agreement.

4. Although the tentative terms of any potential settlement between Defendants and the Garcia Plaintiffs remain incomplete, Mr. Galipo and I have insured that only those damages awarded to the Garcia Plaintiffs (i.e. $9 million) plus attorneys' fees and costs would be affected. None of the damages awarded to the Galicia Plaintiffs (or their attorneys) would be affected by any settlement between Defendants and the Garcia Plaintiffs.

5. Defendants have informed the Ninth Circuit mediator of a desire to continue participation in the mediation process, but the Galicia Plaintiffs refuse to participate

and have not served any formal discovery request for any of the materials or information sought.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed by me on October 27, 2026, at Fullerton, California.

*/s/Bruce D. Praet*
Bruce D. Praet