Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

Luis A. Carrillo, Esq. (SBN 70398)
*Lac4justice@gmail.com*
Michael S. Carrillo, Esq. (SBN 258878)
*mc@carrillofirm.com*
**CARRILLO LAW FIRM, LLP**
1499 Huntington Dr., Ste. 402
South Pasadena, CA 91030
Tel: (626) 799-9375 / Fax: (626) 799-9380

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMILY GARCIA and C.G., by and through her guardian ad litem, Rosalia Becerra, individually and as successors-in-interest,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF TUSTIN, ESTELA SILVA and DOES 1 through 10, Inclusive,<br>Defendant(s)<br><br>Consolidated with WENDY LORENA GALICIA RAMIREZ, et al v. City of Tustin, et al. | Case No. 8:22-cv-00131-SPG-KES (consolidated with Case No. 8:22-cv-01619-SPG-KES)<br><br>Assigned to:<br>*District Judge Sherilyn Peace Garnett*<br>*Magistrate Judge Karen E. Scott*<br><br>**GARCIA PLAINTIFFS' OPPOSITION TO GALICIA PLAINTIFFS' MOTION TO COMPEL DISCLOSURE OF POST-VERDICT SETTLEMENT** |

## Table of Contents


MEMORANDUM OF POINTS AND AUTHORITIES .... 1

I. INTRODUCTION .... 1

II. RELEVANT BACKGROUND .... 2

III. ARGUMENT .... 3

A. The Galicia Plaintiffs' Motion Is Procedurally Defective. Discovery is Closed, and Even if it Were Not, the Motion Disregards the Local Rules and this Court's Standing Order Governing Discovery Motions. .... 3

B. The Pending Appeal Divests This Court of Jurisdiction to Order New Discovery or to Restrain the Settlement. .... 4

C. Rule 26 Does Not Authorize the Requested Discovery Because There Is No Live Claim or Defense in Front of the District Court, and the Galicia Plaintiffs' Setoff Theory Is Speculative. .... 6

D. Rule 69(a)(2) Does Not Apply Because the Galicia Plaintiffs Are Not Judgment Creditors Executing Against the Settling Parties. .... 7

E. The Settlement's Confidentiality is Entitled to Protection. .... 8

F. There Is No Basis to Enjoin the Garcia Plaintiffs and Defendants from Executing the Settlement Agreement, Which Has Already Been Signed. .... 9

IV. CONCLUSION .... 11

# **Table of Authorities**

Cases

*Bennett v. Gemmill* (*In re Combined Metals Reduction Co.*)
557 F.2d 179 (9th Cir. 1977)....................................................................5

*Burke v. Regalado*
935 F.3d 960 (10th Cir. 2019)....................................................................6

*E&R Venture Partners, LLC v. Park Cent. Plaza 32, LLC*
No. 216CV02959RFBGWF, 2017 WL 1734023 (D. Nev. May 2, 2017)........9

*Evans v. Calise*
No. 92 CIV 8430 (PKL), 1994 WL 185696 (S.D.N.Y. May 12, 1994) ...........8

*Foltz v. State Farm Mut. Auto. Ins.* Co.
331 F.3d 1122 (9th Cir. 2003)....................................................................9

*Harmon v. City of Santa Clara*
323 F.R.D. 617 (N.D. Cal. 2018) ................................................................9

*Hasbrouck v. BankAmerica Housing Serv.*
187 F.R.D. 453 (N.D.N.Y. 1999)...............................................................9

*Hoffman v. Beer Drivers*
536 F.2d 1268 (9th Cir. 1976)................................................................5, 6

*In re Padilla*
222 F.3d 1184 (9th Cir. 2000)..............................................................5, 10

*In re Rains*
428 F.3d 893 (9th Cir. 2005)......................................................................5

*In re Thorp*
655 F.2d 997 (9th Cir. 1981)......................................................................5

*JW Gaming Dev., LLC v. James*
544 F. Supp. 3d 903 (N.D. Cal. 2021) ........................................................8

*Kalinauskas v. Wong*
151 F.R.D. 363 (D. Nev. 1993)...................................................................9

*Kern Oil & Refining Co. v. Tenneco Oil Co.*
840 F.2d 730 (9th Cir. 1988)......................................................................4

*Marrese v. American Academy of Ortho. Surgeons*
470 U.S. 373 (1985) ....................................................................................4

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*
686 F.2d 731 (9th Cir. 1982)...............................................................5, 6, 10

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*.
307 F.3d 1206 (9th Cir. 2002)....................................................................9

*Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*
No. C 06-3219 JWRS, 2009 WL 5114077 (N.D. Cal. Dec. 18, 2009)............8

*Sierrapine v. Refiner Prods. Mfg., Inc.*
275 F.R.D. 604 (E.D. Cal. 2011)............6

*Stein v. Wood*
127 F.3d 1187 (9th Cir. 1997)............4, 5

*Superior Commc'ns v. Earhugger, Inc.*
257 F.R.D. 215 (C.D. Cal. 2009)............4

*Tri-Valley CAREs v. U.S. Dep't of Energy*
671 F.3d 1113 (9th Cir. 2012)............4

## Statutes

Cal. Gov. Code § 54957.1(a)(3)............9

California Code of Civil Procedure, Section 373............7

Code. Civ. P. Section 366.2............7

## Rules

Fed. R. Civ. P. 69............8

Federal Rules of Civil Procedure, Rule 69(a)(2)............8

Rule 26(c)............9

Rule 59(e)............6

Rule 62(c)............5

USCS Fed. Rules Civ. P., Rule 26............6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After a jury trial returned a $17,000,000 verdict in Plaintiffs' favor and this Court denied Defendants' post-trial motion, Defendants filed a notice of appeal with the Ninth Circuit, and the Garcia Plaintiffs settled their claims with Defendant City of Tustin. As part of the settlement, the Garcia Plaintiffs, through their counsel, agreed that the terms of the settlement would be kept confidential. Having resolved the case with the Garcia Plaintiffs, Defendants have an active Ninth Circuit appeal involving the Galicia Plaintiffs only. Now, the Galicia Plaintiffs ask this Court to force the Garcia Plaintiffs and Defendants to hand over the terms of the confidential post-verdict settlement and, extraordinarily, to bar the settling parties from executing their own agreement. The Galicia Plaintiffs' Motion ("Galicia MTC" or "Motion") should be denied for the following independent reasons, any one of which is sufficient.

First, discovery is closed. This case has already proceeded to trial and is now on appeal. A notice of appeal divests the district court of jurisdiction over matters involved in the appeal, and the narrow exceptions to that rule do not authorize new, merits-adjacent discovery or an order restraining the Garcia Plaintiffs' settlement.

Second, the Galicia Plaintiffs' Motion ignores the Central District's procedures on discovery motions, as well as this Court's Standing Order directing that "[a]ll discovery motions are referred to the assigned United States Magistrate Judge." [Dkt. 22 at 9:6-7]. Rather than complying with Central District LR 37-2, which requires a written joint stipulation, the Galicia Plaintiffs filed a regularly noticed motion before the district court judge. On that basis alone, this Court should decline to consider the Galicia Plaintiffs' Motion.

Third, even on the merits, Rule 26(b)(1) reaches only discovery relevant to a pending "claim or defense." Trial is over, judgment has been entered, and no setoff or credit has been requested. The Galicia Plaintiffs' demand rests entirely on the speculative possibility that Defendants might someday assert a setoff against the survival award. To the contrary, nothing in the settlement agreement affects the Galicia Plaintiffs' recovery.

Fourth, Rule 69(a)(2), on which the Galicia Plaintiffs rely, applies only to a judgment creditor seeking the judgment debtor's assets to satisfy its own money judgment. The Galicia Plaintiffs are neither executing a judgment against the Garcia Plaintiffs nor pursuing Defendant City of Tustin's assets.

Fifth, confidentiality was a term of the settlement, and federal courts protect that interest. The Garcia Plaintiffs' counsel informed the Galicia Plaintiffs' counsel during a phone call that as part of the settlement, the Garcia Plaintiffs agreed not to reveal the terms of the settlement, including the amount of the settlement. Defendant City of Tustin's status as a public entity does not strip away the parties' confidentiality interest, particularly here, where the settlement has not been fully consummated.

## II. RELEVANT BACKGROUND

This consolidated action arises from the August 9, 2021, fatal shooting of Luis Garcia by City of Tustin police officer Estela Silva. The Garcia and Galicia actions were consolidated on December 16, 2022. Following a six-day trial, on April 21, 2026, the jury returned a verdict for the plaintiffs on all claims and awarded a total of $17,000,000. On the survival claim, the jury awarded $5,000,000 for Luis Garcia's pre-death pain and suffering and $5,000,000 for his loss of life (a combined $10,000,000 survival award). Separately, the jury awarded wrongful death damages to the individual family members as follows: $2,000,000 to Emily Garcia;

$2,000,000 to C.G.; $1,000,000 to Wendy Galicia; and $2,000,000 to Kevin Galicia. [Dkt. 159].

On July 29, 2026, this Court denied Defendants' post-verdict motion for judgment as a matter of law and for a new trial and awarded statutory attorneys' fees to the Garcia Plaintiffs' counsel in the amount of $2,140,880. [Dkt. 198]. On August 28, 2026, Defendants filed a notice of appeal. [Dkt. 201]. Defendants' appeal against the Galicia Plaintiffs only is currently pending. On September 8, 2026, the clerk taxed costs in the Garcia Plaintiffs' favor in the amounts of $4,406.74 (Galipo Firm) and $1,395.24 (Carrillo Firm). [Dkt. 203, 205]. In late September or early October, the Garcia Plaintiffs and their attorneys settled their claims with the City of Tustin and subsequently executed the settlement agreement.

## III. ARGUMENT

### A. The Galicia Plaintiffs' Motion Is Procedurally Defective. Discovery is Closed, and Even if it Were Not, the Motion Disregards the Local Rules and this Court's Standing Order Governing Discovery Motions.

A motion to compel like the Galicia Plaintiffs' instant motion is a discovery motion, and in the Central District, discovery motions follow a specific procedure. Local Rule ("LR") 37-2 instructs that on a discovery dispute, the parties "must formulate a written stipulation," and that joint stipulation "must be filed and served with the notice of motion." The joint stipulation must be a single document signed by both counsel, setting forth every disputed issue and each party's contentions. LR 37-2; *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). The consequence of ignoring this rule is explicit: "The Court will not consider any discovery motion in the absence of a joint stipulation" unless the moving party submits a declaration establishing that opposing counsel failed to confer, failed to provide its portion, or refused to sign. LR 37-2. Compliance is not optional — "[n]othing in Rule 37-2.2 provides counsel the option of refusing to comply with its requirements," because leaving counsel that discretion "would

undermine the purpose of that rule." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 216–17 (C.D. Cal. 2009).

Rather than complying with LR 37-2, the Galicia Plaintiffs filed a regularly noticed motion citing LR 7-3, with no joint stipulation and no qualifying declaration. Meeting and conferring under LR 7-3 does not satisfy LR 37-1's requirements, and it does not excuse the Galicia Plaintiffs' failure to prepare a joint stipulation under LR 37-2. Here, the Galicia Plaintiffs never provided the opposing parties with the Galicia Plaintiffs' portions of the joint stipulation as contemplated by LR 37. Denial of the Galicia Plaintiffs' instant Motion for failure to comply with the Local Rules is well within this Court's discretion. *See, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (citing *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).

Additionally, this Court should decline to hear the Galicia Plaintiffs' instant Motion because discovery motions in this district are heard and decided by the assigned Magistrate Judge. This Court's Standing Order specifically directs that "[a]ll discovery motions are referred to the assigned United States Magistrate Judge." [Dkt. 22 at 9:6-7]. The Galicia Plaintiffs improperly noticed their motion for hearing before the District Judge, Judge Sherilyn Peace Garnett.

**B. The Pending Appeal Divests This Court of Jurisdiction to Order New Discovery or to Restrain the Settlement.**

"[T]he filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997); *see Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 379 (1985). This rule exists to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Stein*, 127 F.3d at 1189 (citing *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988)). The exceptions the Galicia Plaintiffs invoke are narrow and inapplicable to this case. A district court may correct clerical errors, "supervise the

status quo during the pendency of an appeal," or act "in aid of execution of a judgment that has not been superseded." *Stein*, 127 F.3d at 1189; *Hoffman v. Beer Drivers,* 536 F.2d 1268, 1276 (9th Cir. 1976); *In re Thorp,* 655 F.2d 997, 998 (9th Cir. 1981). "[T]he . . . [district] court . . . retains jurisdiction to implement or enforce the judgment . . . but may not alter or expand upon the judgment," and in no event "may . . . finally adjudicate substantial rights directly involved in the appeal." *In re Padilla*, 222 F.3d 1184, 1189–1190 (9th Cir. 2000) (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734-35 (9th Cir. 1982); *see Bennett v. Gemmill* (*In re Combined Metals Reduction Co.*), 557 F.2d 179, 190 (9th Cir. 1977). The status-quo exception is "narrowly limited" and "does not restore jurisdiction to the district court to adjudicate anew the merits of the case." *McClatchy Newspapers*, 686 F.2d at 734 (concluding that the district court's amended judgment that "required a change from the status quo" and adjudicated "substantial rights of the parties not decided in [the district court's] original disposition of the case" did not fall within the authority of Rule 62(c)).

The Galicia Plaintiffs' request—that this Court order the production of a confidential settlement and enjoin its execution—is neither implementation nor enforcement of the existing judgment. Rather, it is new process that would change the parties' positions while the appeal proceeds, precisely what the divestiture rule forbids. The Galicia Plaintiffs' own authority confirms the distinction. In *In re Rains*, the court could enter judgment during an appeal only because it "merely effectuated the express terms of the settlement agreement, and did not alter or expand upon the order approving the settlement agreement," and so "did not change the status quo or materially alter the issues on appeal." *In re Rains*, 428 F.3d 893, 904 (9th Cir. 2005). *Rains* dealt with enforcement of an already-approved settlement, the opposite of what the Galicia Plaintiffs seek, which is fresh discovery into a confidential settlement and an order halting it. Nor does the "continuing

supervision" exception apply; it is confined to a court's "continuing duty to maintain the status quo" over "a continuing course of conduct," such as enforcing an existing injunction, not ordering new discovery. *McClatchy Newspapers*, 686 F.2d at 735; *see Hoffman ex rel. NLRB*, 536 F.2d at 1276.

**C. Rule 26 Does Not Authorize the Requested Discovery Because There Is No Live Claim or Defense in Front of the District Court, and the Galicia Plaintiffs' Setoff Theory Is Speculative.**

Even if this Court were to excuse the procedural defects addressed above, the Galicia Plaintiffs' Motion must be denied. Rule 26(b)(1) permits discovery only of matter "relevant to any party's claim or defense," and the Advisory Committee directs "the parties and the court [to] focus on the actual claims and defenses involved in the action." Fed. Rules Civ. Proc., Rule 26, 28 U.S.C.A.; *see Sierrapine v. Refiner Prods. Mfg., Inc.*, 275 F.R.D. 604, 608–609 (E.D. Cal. 2011). Discovery that instead targets a party's ability to satisfy a potential judgment "does not seek information and materials that are relevant to any of the claims or defenses at issue." *Sierrapine*, 275 F.R.D. at 605. Here, the trial is over, judgment has been entered (Dkt. 173), and the Galicia Plaintiffs identify no pending claim or defense to which the settlement's terms could be relevant. Their stated purpose—to evaluate a hypothetical future "setoff," "satisfaction," or "credit"—is not relevant to a live issue.

The Galicia Plaintiffs' reliance on *Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019), does not establish entitlement to wholesale production of the confidential settlement agreement and all related documents. In *Burke*, the non-settling defendants had expressly preserved their setoff position in the pretrial order, sought disclosure of the settlement agreement, and moved under Rule 59(e) to reduce the judgment by the settlement amount. The Tenth Circuit held that the district court abused its discretion by rejecting the setoff without examining the agreement's terms and amount. *Id*. at 1045–48. The *Burke* court did not hold that every

confidential settlement agreement is automatically discoverable whenever a party speculates as to a possible future setoff dispute. Here, despite the Galicia Plaintiffs' speculations, there is no setoff or credit. As the Garcia Plaintiffs' counsel has already informed the Galicia Plaintiffs' counsel, the settlement agreement between the Garcia Plaintiffs and Defendants does not impact the Galicia Plaintiffs' award.

With respect to the Galicia Plaintiffs' left-field argument that persons other than the named plaintiffs may be entitled to a portion of the $10,000,000 survival damage award, the Garcia Plaintiffs respond that no "[e]state of the decedent" exists. [Galicia MTC at 13:3]. All Plaintiffs previously executed declarations pursuant to California Code of Civil Procedure, Section 373, attesting that no estate of the decedent exists, and no persons other than the named plaintiffs have any superior right to commence the survival action. [Dkt. 70, 71-2, 72, 73]. Specifically, Plaintiff Wendy Garcia declared that "[n]o proceeding is now pending . . . for the administration of the decedent's state [sic]" and that the decedent "left no assets which may be subject to any Probate Proceedings [sic]. . . No probate proceedings will be initiated upon his Death [sic]." [Dkt. 72]. The Galicia Plaintiffs' suggestion that undisclosed heirs who are not plaintiffs to this action could potentially be entitled to a portion of the survival damages is thus disingenuous and unrealistic, particularly after over four years of litigation in this matter and testimony from family members at depositions and trial. [Galicia MTC at 12:23]. With respect to the Galicia Plaintiffs' suggestion that liens may be asserted against the survival damages award, the Garcia Plaintiffs respond that a general claim against a deceased person (such as a creditor's claim) is barred one year after the date of death. Code. Civ. P. Section 366.2. Further, there are no known liens asserted against this action.

**D. Rule 69(a)(2) Does Not Apply Because the Galicia Plaintiffs Are Not Judgment Creditors Executing Against the Settling Parties.**

Federal Rules of Civil Procedure, Rule 69(a)(2), permits "the judgment creditor or a successor in interest whose interest appears of record" to obtain

discovery "[i]n aid of the judgment or execution." The scope of post-judgment discovery is "to determine what assets the judgment debtor has and how they may be collected upon." *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021); *see also Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JWRS, 2009 WL 5114077 at *4 (N.D. Cal. Dec. 18, 2009) ("As several federal courts have noted, Rule 69 discovery can indeed resemble the proverbial fishing expedition, but a judgment creditor is entitled to fish for assets of the judgment debtor." (internal quotation marks and citations omitted) (collecting authorities)). The "necessary predicate" for Rule 69 is a judgment in the court where execution is sought, which the creditor is enforcing. Fed. R. Civ. P. 69.

The Galicia Plaintiffs satisfy none of this. They are not executing a money judgment against the Garcia Plaintiffs, and they do not seek the City's assets to satisfy their own award; rather, they seek the terms and amount of a confidential settlement between two other parties in order to scrutinize its terms. Rule 69 does not reach that. A party who "is not a judgment creditor" may not invoke Rule 69 to obtain discovery. *Evans v. Calise*, No. 92 CIV 8430 (PKL), 1994 WL 185696 (S.D.N.Y. May 12, 1994).

**E. The Settlement's Confidentiality is Entitled to Protection.**

As part of the settlement, counsel for the Garcia Plaintiffs agreed not to share the terms of the settlement. Even if the Galicia Plaintiffs had cleared the hurdles discussed above, confidentiality independently weighs against disclosure. "[P]ublic policy generally favors confidential settlements," and "[t]he secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection." *E&R Venture Partners, LLC v. Park Cent. Plaza 32, LLC*, No. 216CV02959RFBGWF, 2017 WL 1734023 (D. Nev. May 2, 2017) (quoting *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993)). Although the court in *Kalinauskas* refused to enforce the confidentiality clause because it "prohibited a

former plaintiff in a sex discrimination lawsuit from giving relevant testimony in a similar lawsuit" here, the Galicia Plaintiffs only seek disclosure for their own personal agenda. The Ninth Circuit has recognized that, among the interests Rule 26(c) protects, "[m]ost significantly, courts have granted protective orders to protect confidential settlement agreements." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211–12 (9th Cir. 2002); *see Hasbrouck v. BankAmerica Housing Serv*., 187 F.R.D. 453, 455 (N.D.N.Y. 1999). The reliance parties place on confidentiality is a "central concern," because protective arrangements "that cannot be relied upon will not foster cooperation." *Foltz v. State Farm Mut. Auto. Ins.* Co., 331 F.3d 1122, 1137 (9th Cir. 2003).

Defendant City of Tustin's status as a public entity does not change the result. Public-entity status may "diminish[]" a privacy interest, but it does not eliminate it; the court still balances particularized harm against any public interest. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 625 (N.D. Cal. 2018). The public-reporting obligation the Galicia Plaintiffs point to requires disclosure only of "the substance" of a settlement to the public, not wholesale production of the confidential agreement to a co-plaintiff for use in this litigation. Cal. Gov. Code § 54957.1(a)(3); *Id.* The Galicia Plaintiffs have identified no particularized need—only speculation—that would overcome the Garcia Plaintiffs' and Defendants' agreement as to confidentiality.

**F. There Is No Basis to Enjoin the Garcia Plaintiffs and Defendants from Executing the Settlement Agreement, Which Has Already Been Signed.**

The Galicia Plaintiffs also ask this Court to order the settling Garcia Plaintiffs and Defendant City of Tustin "to abstain from signing and executing" their settlement until the motion is decided. [Galicia MTC at 17:11.] That request is extraordinary and unsupported by any adequate showing warranting injunctive relief. The settlement has already been fully executed. The Galicia Plaintiffs

therefore seek to restrain the Garcia Plaintiffs and Defendants from proceeding with an agreement they have already executed, without establishing a sufficient legal basis for that intervention. The Galicia Plaintiffs' speculation that the settlement's material terms may bear on the survival award does not, by itself, establish a right to prevent the settling parties from carrying out their agreement. Any legitimate concern regarding the settlement's effect on those matters can be addressed through appropriate procedures without automatically enjoining the parties from implementing their agreement.

Moreover, as discussed above, appellate jurisdiction has already attached, such that this Court's retained authority is limited to orders appropriate to preserve the "status quo"; it does not authorize the Court to adjudicate anew substantial rights directly involved in the appeal. *See McClatchy Newspapers*, 686 F.2d at 734; *In re Padilla*, 222 F.3d at 1190. The Galicia Plaintiffs have not established that restraining further performance of an already-signed settlement agreement would preserve the status quo or otherwise fall within that limited authority. Therefore, this Court should deny the Galicia Plaintiffs' request to halt the Garcia Plaintiffs' settlement with the City of Tustin.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the foregoing reasons, the Garcia Plaintiffs respectfully request that the Court deny the Galicia Plaintiffs' motion to compel in its entirety, including the request for an order restraining execution of the settlement and their alternative requests for in camera review or for disclosure under a protective order.

DATED: October 28, 2026

**CARRILLO LAW FIRM, LLP**

By: */s/ Michael S. Carrillo*
Luis A. Carrillo
Michael S. Carrillo
*Attorneys for Plaintiffs* Emily Garcia and C.G.

DATED: October 28, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Renee V. Masongsong*[1]
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs* Emily Garcia and C.G.

---

[1] Pursuant to LR 5-4.3.4(a)(2)(i), as the filer of this document, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.