Jesus Eduardo Arias, Esq. LL.M. | SBN 293983
Law Offices of Jesus Eduardo Arias APC
1150 S. Olive St. Floor 6th, Los Angeles CA 90015
E| jearias@jesuseduardoarias.com
Tel| (323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Galicia and Kevin Galicia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EMILY GARCIA, et al.
Plaintiff(s),
vs.

CITY OF TUSTIN, ESTELLA SILVA, et al.
Defendant(s)

Consolidated with WENDY LORENA GALICIA RAMIREZ, et al.,
Plaintiffs,
v.
CITY OF TUSTIN, et al.
Defendants

**Case No:** 8:22-cv-00131 SPG KES

**GALICIA'S REPLY TO OPPOSITION IN RE: MOTION TO COMPEL DISCLOSURE OF TERMS OF SETTLEMENT AGREEMENT.**

Hearing Date: November 18, 2026
Time: 1:30 p.m.
*The Honorable Sherilyn Peace Garnett*
*Crtrm: 5C, United States District Court*

## REPLY

### I. INTRODUCTION

The opposition confirms—not eliminates—the need for disclosure. The Garcia Plaintiffs state that the settlement has been "*signed*" and executed, while Defendants state that the terms remain "*tentative*" and incomplete.

These conflicting statement representations cannot substitute for the agreement itself. Only disclosure will provide the true nature and extent of the settlement terms in question. The circumstances sustain the finding of this court in favor of transparency to the proceedings, and to the interest of justice. Particularly when the record shows that the oppositions' statements rest upon several incorrect factual premises.

The Defense statement that the jury awarded $9 million dollars to the Garcia Plaintiffs is plainly incorrect. [See Opp. Dkt. 210 P. 2 Line 21]. Instead, the verdict attributes clearly the survival damages to the decedent and not to either Garcia plaintiffs or Galicia Plaintiffs; ($10 Million). Hence, the statement alone confirms that survival damages are being considered, and the Defense is willingly set to pay the jury verdict, including survival damages but only to Garcia Plaintiffs.

Contrary to Defense Statement[s], Galicia plaintiffs do not have and never had any **Pretrial Agreement[s]** with Garcia's Counsel Mr. Dale Galipo. There has never been any ***pretrial*** agreements among counsel for both sets of plaintiff's; such as any financial agreements, referral agreements, co-counsel agreements, etc. Counsel for Galicia plaintiffs and Mr. Galipo always worked independently their own case[s]. They did speak telephonically- ***after trial*** **-** about the possibility of a global settlement with Defense in order to avoid appeal [s] and the need of probate proceedings. However, even if equal division of survival damages was discussed by a phone call between counsels for plaintiffs, there was never a formal agreement. Defendant's counsel and the Garcia's counsel instead, decided to engage in their private negotiations without Galicia's knowledge or participation.

Lastly, contrary to Defendants' counsel assertions, Galicia Plaintiffs participated in the 9th. Circ. Ct. mediation process. [Mediator Mrs. Kay Suk]. The process started on September 30th, 2026, and concluded on October 21, 2026. As stated above and as acknowledged the Defendants settled only with the Garcia Plaintiffs and have expressly opted to pursue their appeal only against the Galicia Plaintiffs.

The Galicia Plaintiffs do not seek negotiations, privileged communications, or any public dissemination of the requested terms. They seek access to the operative terms which are necessary to determine whether the settlement allocates consideration to, releases, satisfies, assigns, or otherwise affects the $10 million survival award attributed to the Decedent.

Given the circumstances, and the present post-verdict posture, the survival award should no longer be administered through undisclosed agreements among self-selected successors. Only the opening of the *Estate of Luis Manuel Garcia Areas*, followed by appointment of a personal representative, will adequately protect the interests of all heirs in the survival damages awarded to the decedent.

**II. STATEMENT OF FACTS**

The jury awarded $10 million for Luis Garcia's pre-death pain and suffering and loss of life, separately from the wrongful-death awards made to each individual family member and plaintiff.

After trial verdict and during the appeal, the City and the Garcia Plaintiffs entered into a settlement. The Garcia Plaintiffs represent that the agreement has been executed, whereas Defendants represent that the terms remain tentative and incomplete. Defendants further assert that a pretrial agreement divided the survival damages equally between the two plaintiff groups and that the Garcia settlement encompasses the Garcia Plaintiffs' asserted $5 million share of those damages.

Nevertheless, neither settling party has disclosed the agreement's consideration, allocation, releases, satisfaction provisions, or other operative terms. And no agreement has ever been signed between Garcia's and Galicia's plaintiffs with respect to share or a purported apportionment of the jury verdict survival damages award.

## III. CALIFORNIA PROBATE LEGAL STANDARD[S]

A decedent's cause of action survives death and passes to the decedent's successor in interest, subject to California probate law. It may be maintained by the decedent's personal representative or, if none exists, by a successor in interest. Cal Code Civ Proc § 377.30.

A person has no authority to administer an estate until appointed as personal representative and issued letters. Cal Prob Code § 8400. Once appointed, the personal representative has the right and duty to take possession or control of estate property and collect debts owed to the decedent or estate. Cal Prob Code § 9650. California law also places the compromise or settlement of claims belonging to the estate within the authority of the personal representative. Cal Prob Code § 9830.

## IV. ARGUMENT

### A. The Oppositions Confirm that the Settlement Reaches the Survival Award.

Defendants' own opposition states that the contemplated settlement includes the Garcia Plaintiffs' asserted $5 million share of the survival damages. That admission defeats the claim that the agreement concerns only individual wrongful-death awards.

Counsel's assurance that the settlement will not affect the Galicia Plaintiffs' individual award is inadequate justification to their intended disposition of the survival damages. The agreement's actual terms—not counsel's characterization—will determine whether consideration was allocated to the survival damages award and whether any release, satisfaction, assignment, credit, or waiver purports to reach that award improperly.

The inconsistency concerning whether the agreement is executed or whether it remains incomplete further demonstrates why the review is necessary. The Court should compel the production of the operative settlement documents or, at a minimum, require their submission for in camera review.

### B. Opening of the *Estate of Luis Manuel Garcia Areas* is now the adequate means to Protect the Heirs' Interests in this matter.

The Garcia Plaintiffs rely on earlier successor-in-interest declarations stating that no probate proceeding was pending and that no estate had

been opened. Those declarations were validly and truthfully signed at that time. [Filing of the Complaint - 2022]. They preceded the $10 million jury award attributable to the Decedent now. The present attempt to settle an asserted portion of that survival award without disclosure to all interested successors is inherently prejudicial, and inapposite to the interest of California Probate Law. California law permits a successor in interest to prosecute a survival claim when no personal representative exists. Cal Code Civ Proc § 377.30. But the present issue is no longer merely who may prosecute the claim. The case has been tried, a substantial survival award has been returned, competing successors claim interests in the survival award, and the now self-selected successors (*Garcia plaintiffs*) have entered a confidential post-verdict settlement that Defendants acknowledge includes asserted share of the survival damages. This is inappropriate.

Under these circumstances, only a duly appointed personal representative—acting under authority issued in probate—can provide an orderly and accountable process for protecting the heirs' interests in the survival award. A personal representative's authority does not arise until letters issue. Cal Prob Code § 8400. Once appointed, that representative must and will take possession or control of estate property or interest - *if any*- and collect any amounts owed to the decedent's Estate. Cal Prob Code § 9650.

Opening the Estate of Luis Manuel Garcia Areas now becomes necessary and inevitable due to the settling parties post-trial posture[s]. This, in order to safeguard against piecemeal, undisclosed disposition of the survival award damages that belong at this time to nobody in particular other than the decedent.

**C.** Confidentiality can be preserved without concealing the operative terms

The Galicia Plaintiffs do not seek public disclosure. If confidentiality remains a concern, the Court may require submission of the agreement for in camera review and limit any resulting disclosure to counsel under an appropriate protective order.

That alternative protects the settling parties' asserted confidentiality interest while allowing the Court to determine whether the agreement reaches the survival award. Complete nondisclosure is neither supported by law nor precedent, and is not appropriate where Defendants concede that the settlement includes an asserted portion of the survival award damages.

**D.** The Procedural Objections do not resolve the underlying dispute

The oppositions' procedural objections concern the manner in which the dispute was presented, not whether the operative settlement terms affect the survival award. If the Court determines that the matter must proceed before the assigned Magistrate Judge or through a joint stipulation, the Galicia Plaintiffs respectfully request a referral or appropriate re-setting rather than denial.

The central issue remains unchanged: the settling parties should not be permitted to invoke confidentiality while offering conflicting descriptions of an agreement that Defendants concede includes an asserted share of the $10 million survival award.

## V. CONCLUSION AND PRAYER FOR RELIEF

Given the inconsistent statements provided by the opposition[s], the court should consider that the risk of prejudice and procedural effect[s] to the jury verdict outweighs the opposing parties' stated interest to keep the terms confidential.

Therefore, the Galicia Plaintiffs respectfully request that the Court should order the production of the settlement agreement terms, and all final documents embodying its operative terms, including consideration, allocation, releases, satisfaction provisions, credits, offsets, assignments, and waivers related to this matter.

Alternatively, the Galicia Plaintiffs request that the Court order submission of those documents for *in camera review*, under any applicable appropriate protective order[s] as the Court may deem appropriate.

Respectfully submitted,

Dated: November 4, 2026

*By: /S/ Jesus Eduardo Arias*

Jesus Eduardo Arias Esq. LL.M.
Counsel for Galicia Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, I electronically filed the foregoing GALICIA PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF POST-VERDICT SETTLEMENT using the Court's electronic filing system, which served all counsel of record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

Dated: November 4, 2026

*By: /S/ Jesus Eduardo Arias*

Jesus Eduardo Arias Esq. LL.M.

Counsel for Galicia Plaintiffs